


1700 G Street NW, Washington, DC 20552

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

**ERIC T. SCHNEIDERMAN**
**ATTORNEY GENERAL**

120 BROADWAY, NEW YORK, NY 10271

March 13, 2017

**VIA FAX & ECF**

Hon. Loretta A. Preska
United States District Court Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007

   Re: Consumer Financial Protection Bureau and the People of the State of New York by Eric T. Schneiderman, Attorney General of the State of New York v. RD Legal Funding, LLC, RD Legal Finance, LLC, RD Legal Funding Partners, LP and Roni Dersovitz
     Case No. 1:17-cv-00890

Dear Judge Preska:

  Pursuant to your Individual Practices Rule 2.A., this letter is in response to the letter dated March 7, 2017 and received by New York State on March 9, 2017, from Barasch & McGary, P.C., d/b/a McGarry Salzman & Pension ("Barasch Law Firm") seeking a pre-motion conference to discuss a motion it intends to file pursuant to F.R.C.P. 24(b), F.R.C.P. 22, F.R.C.P. 67 and Local Rule 67.1.[1]  The People of the State of New York and the Consumer Financial Protection Bureau ("CFPB") would oppose any such motion and believe that no pre-motion conference is necessary.

  As explained in its letter, the Barasch Law Firm intends to file a motion seeking: a) to intervene in the above-captioned action; b) to file a complaint in interpleader; c) leave to deposit disputed funds with the Court; and d) to enjoin, pursuant to 28 U.S.C. § 2361, RD Legal Funding Partners, LP from prosecuting any action relating to the subject matter of the above-captioned action until it has been concluded.

  As the Court is aware, the above-captioned case is a government enforcement action brought by New York State and the CFPB.  Our enforcement action potentially seeks redress for a broad group of consumers, including the client of the Barasch Law Firm referenced in its letter

---

[1] The CFPB has yet to receive the letter from the Barasch Law Firm.

to the Court.  Intervention by a private party would distract from the agencies' enforcement goals as the interests of the Barasch Law Firm may not align with the interests of New York State and the CFPB.  In addition, the claims raised by the Barasch Law Firm would not necessarily overlap with the claims raised by New York State and the CFPB and could unduly delay determination of the action and muddle the proceedings. Accordingly, the Barasch Law Firm's motion should be denied.

      Thank you for your consideration of this matter.

Very truly yours,

Eric T. Schneiderman
Attorney General of the State of New York

By: *Jane M. Azia*
      Jane M. Azia

_____
Benjamin Konop
Enforcement Attorney
Consumer Financial Protection Bureau

cc: **Via Certified Mail**

    Tyler Jay Lory
    Clausen Miller P.C.
    28 Liberty Street, 39th Floor
    New York, NY 10005