# Caldwell Leslie

Caldwell Leslie & Proctor, PC
725 South Figueroa Street, 31st Floor  Los Angeles, CA  90017-5524   Tel 213.629.9040   Fax 213.629.9022   www.caldwell-leslie.com

**VIA FACSIMILE AND ECF**

**MICHAEL D. ROTH**
roth@caldwell-leslie.com

March 15, 2017

The Honorable Loretta A. Preska
United States District Court Judge
United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007
Facsimile: (212) 805-7941

Re:   *Consumer Financial Protection Bureau, et al. v. RD Legal Funding, LLC, et al.*,
       Case No. 17-cv-890

Dear Judge Preska:

I write on behalf of Defendants RD Legal Funding, LLC, RD Legal Finance, LLC, RD Legal Funding Partners, LP, and Roni Dersovitz (collectively, "RD Legal"), pursuant to the Court's Individual Practices Rule 2.A, in response to the letter dated March 7, 2017, submitted by Barasch & McGarry, P.C. d/b/a McGarry Salzman & Pension (the "Barasch Law Firm"). As explained below, RD Legal would oppose the Barasch Law Firm's motion to intervene in this action, complaint in interpleader, and request for an order enjoining RD Legal from prosecuting any action relating to the funds, and believes that no pre-motion conference is necessary.

As the Barasch Law Firm acknowledges, its motion to intervene does not concern its own claims or defenses against RD Legal, but rather the claims or defenses of its client, non-party Elmer Santiago. In June 2014, Mr. Santiago received an award from the September 11 Victim Compensation Fund ("VCF"). Mr. Santiago entered a series of four transactions in 2014 and 2015 with RD Legal Funding Partners, whereby Mr. Santiago assigned and sold to RD Legal Funding Partners his right to a portion of his VCF award.

Although Mr. Santiago expressly agreed to notify RD Legal Funding Partners if he received any portion of the VCF Award and to pay RD Legal Funding Partners the amount to which it is entitled under the sale agreement, and although the Barasch Law

The Honorable Loretta A. Preska
March 15, 2017
Page 2

Firm expressly agreed to hold the proceeds of the VCF award in escrow account for benefit of and disbursement to RD Legal Funding Partners, the Barasch Law Firm has refused to release the funds to RD Legal Funding Partners. As the Barasch Law Firm indicated in its letter, RD Legal Funding filed a lawsuit in New York state court against the Barasch Law Firm and Mr. Santiago, seeking to recover the funds that have been wrongfully withheld—a total amount of $508,636.36. The New York action has since been dismissed without prejudice, and RD Legal Funding Partners intends to file a similar lawsuit in New Jersey state court.

Regarding the Barasch Law Firm's intended motion to intervene, RD Legal in principle is not opposed to the Barasch Law Firm interpleading the disputed funds. Indeed, immediately prior to the Barasch Law Firm submitting its letter to the Court, RD Legal was in discussions with the law firm about interpleading the funds in the New Jersey action that RD Legal Funding Partners intends to file.

The Court should not, however, permit the Barasch Law Firm to intervene in this matter and interplead the funds for the primary reason that doing so would require that Mr. Santiago be made a party to this government enforcement action and result in the Barasch Law Firm being dismissed from the case. In an interpleader action, the holder of the disputed funds names the adverse claimants (*i.e.*, Mr. Santiago and RD Legal Funding Partners) as parties. *See* Fed. R. Civ. P. 22. "[O]nce an interpleader plaintiff has satisfied the jurisdictional requirements of an interpleader claim, the Court will discharge the plaintiff from liability and dismiss him from the case." *Marcus v. Dufour*, 796 F.Supp.2d 386, 390 (E.D.N.Y. 2011). The Barasch Law Firm should not be permitted to use Rule 24(b) for the ultimate purpose of joining a *different* party—one who has not sought to intervene—to this lawsuit.

Other factors also weigh against permitting the Barasch Law Firm to intervene and ultimately join Mr. Santiago as a party. *See H.L. Hayden Co. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir.1986) (discussing factors for permissive joinder). For example, joining Mr. Santiago as a party will complicate this lawsuit significantly, as RD Legal Funding Partners would be forced to litigate its claims against Mr. Santiago—including claims for conversion and fraud—in this action.

Intervention should also be denied because there is no question that the interests of the Barasch Law Firm and Mr. Santiago are adequately represented by the CFPB and the Attorney General for the State of New York. *Id.* "Courts are reluctant to allow private parties to intervene in government enforcement actions," *U.S. Commodity Futures Trading Comm'n v. Efrosman*, No. 05 CIV 8422, 2012 WL 2510338, at *4 (S.D.N.Y. June 26, 2012), not only because government entities are presumed to adequately represent the interests of non-parties, *id.*, but also because the intervention of a private plaintiff can complicate the government's enforcement objectives. *See Sec. & Exch. Comm'n v. Caledonian Bank*

The Honorable Loretta A. Preska
March 15, 2017
Page 3

*Ltd.*, 317 F.R.D. 358, 368 (S.D.N.Y. 2016) (denying motion to intervene because intervention would complicate efforts to obtain consent decree).

The Barasch Law Firm's proposed motion to intervene is a backdoor and improper attempt to join a different party that the Court should reject. RD Legal respectfully submits that a motion to intervene would be futile and a pre-motion conference is unnecessary.

Sincerely,

*[signature]*

MICHAEL D. ROTH


cc:    ***Via Fax and E-mail***
       Tyler Jay Lory
       Serena A. Skala
       28 Liberty Street, 39th Floor
       New York, NY 10005
       Fax: (212)805-3939

       ***Via ECF***
       Benjamin Zachary Konop
       Hai Binh Thi Nguyen
       Consumer Financial Protection Bureau
       1700 G Street NW
       Washington, DC 20552

       ***Via ECF***
       Jane M. Azia
       Melvin L. Goldberg
       State of New York, Office of the Attorney General
       120 Broadway, 3rd Fl.
       New York, NY 10271