

JAN 2 6 2015

**THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER ~~THE~~ SUPERVISION OF AN ATTORNEY**

## ASSIGNMENT AND SALE AGREEMENT

This Assignment and Sale Agreement (the "Agreement") is amended and restated on January 21, 2015 and replaces the previous agreement dated January 07, 2015, between Francis T. McBride ("you"), with a residence address located at        REDACTED        , Taylor, PA 18517 and RD Legal Funding Partners, LP ("RD", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626 (each a "Party", and together the "Parties"). If more than one individual is named above, "you" shall mean each and every such individual.

**YOUR ATTENTION IS DRAWN TO THE DISPUTE RESOLUTION PROVISION IN SECTION 8. IF A DISPUTE ARISES BETWEEN US, YOU OR WE MAY REQUIRE THAT IT BE RESOLVED THROUGH BINDING ARBITRATION, RATHER THAN BY JURY TRIAL.**

**WHEREAS**, you are the client of Parker Waichman LLP, the law firm that represented you and other plaintiff(s), with reference to the September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0018370 (the "Case"), and you have an interest in the Case;

**WHEREAS**, as of January 02, 2011, the September 11th Victim Compensation Fund, overseen by Special Master Sheila Birnbaum, has been set-up for claimants who are deemed to have proved eligible loss based on the requirements of the Zadroga Act in the total amount of $2,775,000,000.00 (the "Judgment"), including an Award to you in the amount of $927,509.01 (the "Award") as determined by a claims evaluator per the Award letter dated November 10, 2014.

**WHEREAS**, you own all right, title and interest in the Award;

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award to RD; and

NOW, THEREFORE, you and we agree as follows:

1. **Assignments and Consideration**

   (a)   You hereby sell and assign to RD your interest in $667,806.49 (Six Hundred Sixty Seven Thousand Eight Hundred Six Dollars and 49 Cents) of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held *or obtained* by third parties ("Adverse Interests").

   (b)   In return for the Property, RD will pay to you the sum of $267,122.59 (Two Hundred Sixty Seven Thousand One Hundred Twenty Two Dollars and 59 Cents) (the "Purchase Price").

193293v2 9/19/13(01/06/14)

    (c)    **This transaction is a true sale and assignment of the Property to RD and provides RD with the full risks and benefits of ownership of the Property.** However, you retain all obligations, liabilities and expenses under or in respect of the Award.

    (d)    Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

        You grant to RD a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

## 2.    Procedure for Paying Property Amount to RD

    The entire Property Amount will be paid to RD from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

## 4.    Representations, Warranties and Assignments:  You represent and warrant to RD that:

    (a)    Parker Waichman LLP are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any offset or defense.

    (b)    You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RD. You have not previously sold or assigned the Property, in whole or in part, to any other party. Upon RD's payment to you of the Purchase Price, RD will own the Property free and clear of any Adverse Interests.

    (c)    You have the legal capacity to execute and perform this Agreement.

    (d)    You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

    (e)    The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

<div align="center">- 2 -</div>

193293v2 9/19/13(01/06/14)

(f)     There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets. You are not the subject of any legal proceeding. The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)     All of the information that you have provided to RD is true and complete in all respects. You understand that RD has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)     You have not engaged in any acts or conduct or made any omissions that will potentially result in RD receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)     You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment. There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)     This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(k)     You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

5.     **Covenants.** You covenant to RD that:

(a)     If before payment of the full Purchase Price RD discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), RD may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse RD for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to RD the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

(b)     When requested, you will promptly execute any additional documents and take whatever further actions RD reasonably determines are necessary or desirable to perfect the assignment of the Property to RD or to carry out the terms of this Agreement.

(c)     You will immediately advise RD if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is

- 3 -                           US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

less, to RD in accordance with RD's instructions.  If you fail to do so, you will be in breach of the Agreement.

(d)  At RD's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and RD may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to RD instead of (and not to) you.

(e)  You understand that you are giving up all of your interest in the Property.

(f)  You will notify RD in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

    I.  A Breach occurs;

    II.  You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

    III.  Any other event which could potentially encumber the Property; or

    IV.  A change in the information that RD may use to contact you (including, but not limited to a change of address, telephone number, etc.).

       The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

**(PLEASE DO NOT SEND CONTRACT PAPERWORK TO THE CALIFORNIA OFFICE)**

With a copy to **General Counsel:**
RD LEGAL COMPANIES
7344 Magnolia Avenue, Suite 110
Riverside, CA  92504
Attn:  Irena Leigh Norton, Esq.
Phone:  (951) 359-3205
Fax:  (951) 637-0627
Email:  inorton@legalfunding.com

  US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-1

193293v2 9/19/13(01/06/14)

or to such other address or addresses that RD may otherwise provide.  The notice required by this provision shall be considered to have been given by you when it is received by RD.

6.     **Other Agreements**

   (a)   Excess Payment to RD.  If RD receives payment with respect to the Case in an amount that exceeds the Property Amount, RD will promptly pay the excess amount to you.

   (b)   Best Evidence.  In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

   (c)   Equitable Relief.  Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

   (d)   Entire Agreement.  This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

   (e)   Enforcement.  The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party. Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

   (f)   Assignment.  RD may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person.  RD may also pledge or grant a security interest in the Property.  This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

   (g)   Third-Party Beneficiary.  This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of RD.

   (h)   No Recourse.  RD is purchasing all of your interest in the Property without recourse against you (other than for a Breach).  This means that, in the event RD for any reason (other than your Breach of this Agreement) does not receive all of

- 5 -

US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

> the Property Amount, you will have no obligation to pay RD any portion of the Purchase Price that RD paid to you.

(i)     Severability. If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

**7.     Governing Law; Exclusive Jurisdiction:** This Agreement is governed by and construed in accordance with the laws of the State of New Jersey. If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey. The Parties waive any objection that they may have, now or later, to the venue of any lawsuit or proceeding or that any such lawsuit or proceeding is brought in an inconvenient court.

**8.     DISPUTE RESOLUTION**

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY. THIS SECTION CONTAINS IMPORTANT INFORMATION REGARDING HOW DISPUTES UNDER THIS AGREEMENT WILL BE RESOLVED. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY DISPUTES BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, THE DISPUTE IS SUBMITTED TO A NEUTRAL PARTY, AN ARBITRATOR, INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT.**

**Agreement to Arbitrate Disputes.** Either you or we may elect, without the other's consent, to require that any dispute between us relating to this Agreement be resolved by binding arbitration.

**Disputes Covered by Arbitration.** Any claim or dispute relating to or arising out of this Agreement, or our relationship will be subject to arbitration. All disputes are subject to arbitration, no matter on what legal theory they are based or what remedy (damages, or injunctive or declaratory relief) they seek. Disputes include any unresolved claims concerning payments made or due under the terms of this Agreement, any Breach of this Agreement or of any of the representations, warranties or covenants agreed to under this Agreement.

Disputes include not only claims made directly by you, but also made by anyone connected with you or claiming through you, such as a parent, child, guardian, representative, agent, heir, or trustee in bankruptcy. Disputes also include not only claims that relate directly to RD, but also its parent, affiliates, successors, assignees, employees, and agents and claims for which we may be directly or indirectly liable, even if we are not properly named at the time the claim is made. Disputes include claims based on any theory of law, contract, statute, regulation,

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-1

193293v2 9/19/13(01/06/14)

tort (including fraud or any intentional tort), or any other legal or equitable ground, and include claims made as counterclaims, cross-claims, third party claims, interpleaders or otherwise.

A Party who initiates a proceeding in court may elect arbitration with respect to any dispute advanced in that proceeding by any other party. Disputes include claims made as part of a class action or other representative action, it being expressly understood and agreed to that the arbitration of such claims must proceed on an individual (non-class, non-representative) basis. Disputes also include claims relating to the enforceability or interpretation of any of these arbitration provisions. Any questions about whether disputes are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

**Commencing an Arbitration.** The Party filing an arbitration must choose one of the following neutral arbitration forums and follow its rules and procedures for initiating and pursuing an arbitration: American Arbitration Association or JAMS. If you initiate the arbitration, you must notify us in writing at RD Legal Funding Partners, LP, 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, Attn: Roni Dersovitz. If we initiate the arbitration, we will notify you in writing at your last known address on file. You may obtain a copy of the arbitration rules for these forums, as well as additional information about initiating an arbitration by contacting these arbitration forums:

| American Arbitration Association | JAMS |
|---|---|
| 1-800-778-7879 (toll-free) | 1-800-352-5267 (toll-free) |
| Website: www.adr.org | Website: www.jamsadr.com. |

The arbitration shall be conducted in the same city as the U.S. District Court closest to your home address, unless the parties agree to a different location in writing.

**Administration of Arbitration.** The arbitration will be decided by a single, neutral arbitrator. The arbitrator will be either a lawyer with at least ten years experience or a retired or former judge, selected in accordance with the rules of the arbitration forum. The arbitrator shall follow procedures and rules of the arbitration forum in effect on the date the arbitration is filed unless those rules and procedures are inconsistent with this arbitration provision, in which case this arbitration provision will prevail. Those procedures and rules may limit the discovery available to you or us. The arbitrator will take reasonable steps to protect personal information and other confidential information if requested to do so by you or us. The arbitrator shall decide the dispute in accordance with applicable substantive law consistent with the Federal Arbitration Act and applicable statutes of limitations, will honor claims of privilege recognized at law, and will be empowered to award any damages or other relief provided for under applicable law. The arbitrator will not have the power to award relief to, or against, any person who is not a party to the arbitration.

An award in arbitration shall determine the rights and obligations between the named parties only, and only in respect of the claims in arbitration, and shall not have any bearing on the rights and obligations of any other person, or on the resolution of any other dispute. You or we may choose to have a hearing and be represented by counsel. The decision rendered by the

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-1

193293v2 9/19/13(01/06/14)

arbitrator shall be in writing; however, the arbitrator need not provide a statement of his reasons unless one is requested by you or us.

**Costs.** The Party initiating the arbitration shall pay the initial filing fee. If you file the arbitration and an award is rendered in your favor, we will reimburse you for your filing fee. If there is a hearing, we will pay the fees and costs for the first day of that hearing. All other fees and costs will be allocated in accordance with the rules of the arbitration forum. However, we will advance or reimburse filing and other fees if the arbitrator rules that you cannot afford to pay them or finds other good cause for requiring us to do so, or if you ask us and we determine there is good reason for doing so. Each party shall bear the expense of their respective attorneys, experts, and witnesses and other expenses, regardless of who prevails, but a party may recover any or all expenses from another party if the arbitrator, applying applicable law, so determines.

**No Class Action or Joinder of Parties.** You and we agree that no class action, private attorney general or other representative claims may be pursued in arbitration, nor may such action be pursued in court if either you or we elect arbitration. Unless mutually agreed to by you and us, claims of two or more persons may not be joined, consolidated, or otherwise brought together in the same arbitration (unless those persons are parties to a single transaction or related transaction); this is so whether or not the claim may have been assigned.

**Right to Resort to Provisional Remedies Preserved.** Nothing in this section shall be deemed to limit or constrain our right to resort to self-help remedies, such as the right of setoff or the right to exercise any security interest or lien we may hold on property, or to comply with legal process, or to obtain provisional remedies such as injunctive relief, attachment, or garnishment by a court having appropriate jurisdiction; provided, however, that you or we may elect to arbitrate any dispute related to such provisional remedies.

**Arbitration Award.** The arbitrator's award shall be final and binding unless a party appeals it in writing to the arbitration forum within fifteen days of notice of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators selected in accordance with the rules of the same arbitration forum. The panel will consider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Costs will be allocated in the same way they are allocated before a single arbitrator. An award by a panel is final and binding on the parties after fifteen (15) days have passed. A final and binding award is subject to judicial intervention or review only to the extent allowed under the Federal Arbitration Act. A Party may seek to have a final and binding award entered as a judgment in any court having jurisdiction.

**Governing Law.** You and we agree that our relationship includes transactions involving interstate commerce and that these arbitration provisions are governed by, and enforceable under, the Federal Arbitration Act.

**Severability, Survival.** These arbitration provisions shall survive: (i) termination of this Agreement; (ii) the bankruptcy of any Party; and (iii) the transfer or assignment of this Agreement. If any portion of this arbitration provision is deemed invalid or unenforceable, the

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-1

193293v2 9/19/13(01/06/14)

entire arbitration provision shall not remain in force. No provision of this arbitration provision may be amended, severed or waived absent a written agreement between you and us.

WAIVER OF TRIAL BY JURY.

EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.

## RIGHT TO CANCEL

**CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.**

**For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation. All checks intended to cancel the transaction should be mailed to: RD Legal Funding Partners, LP, PO Box 12428, Newark, NJ 07101-3528.**

IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

**IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY. DEPENDING ON THE CIRCUMSTANCES, YOU MAY WANT TO CONSULT A TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL PROFESSIONAL. YOU ACKNOWLEDGE THAT YOUR ATTORNEY IN THE CIVIL ACTION OR**

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-1

193293v2 9/19/13(01/06/14)

**CLAIM HAS PROVIDED NO TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL ADVICE REGARDING THIS TRANSACTION.**

**10.     Date of Execution:** This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to RD at its offices (all containing original signatures), (ii) RD receives from Parker Waichman LLP or "you" the Notice of Assignment to Parker Waichman LLP and the letter addressed to RD from Parker Waichman LLP acknowledging RD's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RD.

**11.     Wire Instructions:** *Please send or transmit payment subject to this Agreement to RD Legal Funding Partners, LP at:*

> Bank:  BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL  60603
> Account Title:  RD Legal Funding Partners, LP
> Account Number:  REDACTED
> ABA Number:  071000288

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-1

193293v2 9/19/13(01/06/14)

## IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The Parties have executed this Agreement as of the date first written above.

_____
Signature of Individual

Francis McBride
Printed Name of Individual

RD LEGAL FUNDING PARTNERS, LP

By: _____     POA   Roni Dersovitz

Joseph R Genovesi
Printed Name

President
Title

- 11 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-1

193293v2 9/19/13(01/06/14)

## Limited Irrevocable Power of Attorney

I, Francis T. McBride, appoint Roni Dersovitz or any other managers, members or officers of RD Legal Funding Partners, LP ("RD"), whose principal place of business is located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, as my true and lawful attorney for the following purposes:

(A) To endorse and deposit any and all checks payable to me with respect to my Award in the matter entitled September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0018370 (the "Checks"), a portion of which I assigned to RD as evidenced by the attached Agreement.

I understand that by executing this Power of Attorney, I am giving up the right to endorse and deposit the Checks, except as otherwise authorized by RD. This Power of Attorney may not be revoked or changed except upon written agreement of RD.

BY: _____          Date: 1 · 23 - 15
    Francis T. McBride

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-1

193293v2 9/19/13(01/06/14)

## ACKNOWLEDGMENT

STATE OF PENNSYLVANIA    }

SS:

COUNTY OF LACKAWANNA}

**BE IT REMEMBERED** that on date before me personally appeared Francis T. McBride, who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KHARA A. BEAUVAIS, Notary Public
Moosic Boro., Lackawanna County
My Commission Expires June 4, 2018

- 13 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-1

193293v2 9/19/13(01/06/14)

## CERTIFICATION OF TRUTHFULNESS

I, Francis T. McBride, hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Funding Partners, LP, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit-Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.

By: _____

Francis T. McBride

1 - 23 - 15

Date

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-1

193293v2 9/19/13(01/06/14)

## Spousal Acknowledgment

I, Sharon M. McBride hereby acknowledge the following:

(1) I am the spouse of Francis T. McBride, who is a Party to this Agreement;

(2) I have read and understood the terms of, and been provided with, a copy of the Agreement;

(3) By virtue of this Agreement, my spouse has assigned $667,806.49 (Six Hundred Sixty Seven Thousand Eight Hundred Six Dollars and 49 Cents) of his interest in the case regarding September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0018370 (the "Property") to RD Legal Funding Partners, LP ("RD"); and

(4) To the best of my knowledge, my spouse (a) is not involved in any bankruptcy, insolvency or other legal proceedings that could affect his/her assets, (b) has paid or made adequate provision for payment of all federal, state and local taxes that are due, (c) has no tax or other governmental liens against him/her or his/her interest in the judgment, (d) is not indebted to me or any former spouse for support, maintenance or similar obligations, or to any child or the child's guardian for any child support or similar payments, and (e) has not transferred or assigned, and has no plans to transfer or assign, any portion of his/her interest in the judgment to any other party or person.

The undersigned has executed this Acknowledgment as of ⟶JAN  23 ⟵, 20 I5.

_Sharon M McBride_
Signature

_SHAfoN M. MCBRIDE_
Printed Name

## ACKNOWLEDGMENT

STATE OF PENNSYLVANIA  }

SS:

COUNTY OF LACKAWANNA}

I certify that on this 23rd day of January, 2015, Sharon M McBride personally came before me and acknowledged under oath, to my satisfaction, that this person is the person named in and who personally signed this Acknowledgment and signed, sealed and delivered such Acknowledgment as his or her own act and deed.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KHARA A. BEAUVAIS, Notary Public
Moosic Boro., Lackawanna County
My Commission Expires June 4, 2018

NOTARY PUBLIC

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-1

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:     September 11 Victim Compensation Fund
        Claims Processing Center
        1100 L. Street, N.W. – Suite 3000
        Washington, DC 20005

RE:     September 11th Victim Compensation Fund - Zadroga Act
        Francis T. McBride – Claim No. VCF0018370

        You are hereby notified that on January 21, 2015, Francis T. McBride ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0018370 that is assigned to RD is the amount of $667,806.49 (Six Hundred Sixty Seven Thousand Eight Hundred Six Dollars and 49 Cents) (the "Property Amount"). You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No. REDACTED
    PO Box 12428
    Newark, NJ 07101-3528

By: _____                                      Date: ___1/2c/15____
        Authorized Representative

Assignor: _____

By: _FRANCIS McBRIDE_                                               Date: __1 - 23 - 15__
    *[Printed name of individual signing]*

-16-                                                       US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-1

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:     Parker Waichman LLP
        6 Harbor Park Drive
        Port Washington, NY 11050
        Attn: Matthew McCauley, Esq.

RE:     September 11th Victim Compensation Fund - Zadroga Act
        Francis T. McBride – Claim No. VCF0018370

        You are hereby notified that on January 21, 2015, Francis T. McBride ("Assignor"), transferred
and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the
September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September
11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's
interest in Claim No. VCF0018370 that is assigned to RD is the amount of $667,806.49 (Six Hundred
Sixty Seven Thousand Eight Hundred Six Dollars and 49 Cents) (the "Property Amount"). You are
hereby instructed that, promptly following receipt of funds representing Assignor's interest in the
Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property
Amount pursuant to the Agreement between the parties. You are further instructed that any distribution
of the Property Amount to any person other than RD shall be in violation of the Agreement and shall
result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by
RD hereunder.

RD: RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No. REDACTED
    PO Box 12428
    Newark, NJ 07101-3528

By: _____                                       Date: __1/_26/_2015__
        Authorized Representative

Assignor: _____

By: __Francis McBride__                                             Date: __1-23-15__
    *[Printed name of individual signing]*

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-1

193293v2 9/19/13(01/06/14)

**Parker Waichman LLP**
**6 Harbor Park Drive,**
**Port Washington, NY 11050**

January 21, 2015

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:   September 11th Victim Compensation Fund - Zadroga Act
      Francis T. McBride – Claim No. VCF0018370

Dear Mr. Dersovitz:

        This will acknowledge that our client, Francis T. McBride, (Assignor), has assigned
$667,806.49 (Six Hundred Sixty Seven Thousand Eight Hundred Six Dollars and 49 Cents) of
his interest in the judgment proceeds of the referenced case to RD Legal Funding Partners, LP
("RD") pursuant to the Assignment and Sale Agreement(s) dated January 21, 2015, a copy of
which is attached to and made a part of this communication. We acknowledge receipt of the
Notice of assignment duly executed by our client, Francis T. McBride.

        Parker Waichman LLP, by the signature below of Matthew McCauley, advises you that
as of the above date, it is not in written receipt of any past lien upon the judgment proceeds
which may be received by the Assignor.

        We further acknowledge RD's lien on Assignor's interest in the subject judgment
proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment
received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at
P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale
Agreement(s) dated January 21, 2015.

        This letter may be executed in counterparts and a copy delivered via electronic mail or
facsimile. Each such executed copy shall be deemed an original for all purposes.

Matthew McCauley, Individually and for Parker Waichman LLP.

_____

                                    - 18 -                    US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

**Parker Waichman LLP**
**6 Harbor Park Drive,**
**Port Washington, NY 11050**

January 21, 2015

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:    September 11th Victim Compensation Fund - Zadroga Act
       Francis T. McBride – Claim No. VCF0018370

Dear Mr. Dersovitz:

        This will acknowledge that our client, Francis T. McBride, (Assignor), has assigned
$667,806.49 (Six Hundred Sixty Seven Thousand Eight Hundred Six Dollars and 49 Cents) of
his interest in the judgment proceeds of the referenced case to RD Legal Funding Partners, LP
("RD") pursuant to the Assignment and Sale Agreement(s) dated January 21, 2015, a copy of
which is attached to and made a part of this communication. We acknowledge receipt of the
Notice of assignment duly executed by our client, Francis T. McBride.

        Parker Waichman LLP, by the signature below of Matthew McCauley, advises you that
as of the above date, it is not in written receipt of any past lien upon the judgment proceeds
which may be received by the Assignor.

        We further acknowledge RD's lien on Assignor's interest in the subject judgment
proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment
received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at
P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale
Agreement(s) dated January 21, 2015.

        This letter may be executed in counterparts and a copy delivered via electronic mail or
facsimile.  Each such executed copy shall be deemed an original for all purposes.

Matthew McCauley, Individually and for Parker Waichman LLP.

- 18 -                                           US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-1

JAN 07 2014

**THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE SUPERVISION OF AN ATTORNEY**

**ASSIGNMENT AND SALE AGREEMENT**

This Assignment and Sale Agreement (the "Agreement") is made on January 06, 2014, between John E. Feal ("you"), with a residence address located at REDACTED Nesconset, NY 11767 and RD Legal Funding Partners, LP ("RD", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626 (each a "Party", and together the "Parties"). If more than one individual is named above, "you" shall mean each and every such individual.

**YOUR ATTENTION IS DRAWN TO THE DISPUTE RESOLUTION PROVISION IN SECTION 8. IF A DISPUTE ARISES BETWEEN US, YOU OR WE MAY REQUIRE THAT IT BE RESOLVED THROUGH BINDING ARBITRATION, RATHER THAN BY JURY TRIAL.**

**WHEREAS**, you are the client of Andrea & Towsky, Esqs., the law firm that represented you and other plaintiff(s), with reference to the September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0016487 (the "Case"), and you have an interest in the Case;

**WHEREAS**, as of January 02, 2011, the September 11th Victim Compensation Fund, overseen by Special Master Sheila Birnbaum, has been set-up for claimants who are deemed to have proved eligible loss based on the requirements of the Zadroga Act in the total amount of $2,775,000,000.00 (the "Judgment"), including an Award to you in the amount of $288,113.06 (the "Award") as determined by a claims evaluator per the Award letter dated December17, 2013.

**WHEREAS**, you own all right, title and interest in the Award;

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award to RD; and

NOW, THEREFORE, you and we agree as follows:

**1. Assignments and Consideration**

(a) You hereby sell and assign to RD your interest in $230,490.45 (Two Hundred Thirty Thousand Four Hundred Ninety Dollars and 45 Cents) of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests").

(b) In return for the Property, RD will pay to you the sum of 112,793.20 (One Hundred Twelve Thousand Seven Hundred Ninety Three Dollars and 20 Cents) (the "Purchase Price").

193293v2 9/19/13(01/06/14)

(c) **This transaction is a true sale and assignment of the Property to RD and provides RD with the full risks and benefits of ownership of the Property.** However, you retain all obligations, liabilities and expenses under or in respect of the Award.

(d) Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

You grant to RD a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

2. **Procedure for Paying Property Amount to RD**

The entire Property Amount will be paid to RD from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

4. **Representations, Warranties and Assignments:** You represent and warrant to RD that:

(a) Andrea & Towsky, Esqs. are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any offset or defense.

(b) You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RD. You have not previously sold or assigned the Property, in whole or in part, to any other party. Upon RD's payment to you of the Purchase Price, RD will own the Property free and clear of any Adverse Interests.

(c) You have the legal capacity to execute and perform this Agreement.

(d) You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e) The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

- 2 -

EXHIBIT A-2

193293v2 9/19/13(01/06/14)

(f)     There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets. You are not the subject of any legal proceeding. The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)     All of the information that you have provided to RD is true and complete in all respects. You understand that RD has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)     You have not engaged in any acts or conduct or made any omissions that will potentially result in RD receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)     You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment. There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)     This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(k)     You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

5.     **Covenants.** You covenant to RD that:

(a)     If before payment of the full Purchase Price RD discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), RD may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse RD for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to RD the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

(b)     When requested, you will promptly execute any additional documents and take whatever further actions RD reasonably determines are necessary or desirable to perfect the assignment of the Property to RD or to carry out the terms of this Agreement.

(c)     You will immediately advise RD if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is

- 3 -                                    US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-2

193293v2 9/19/13(01/06/14)

less, to RD in accordance with RD's instructions. If you fail to do so, you will be in breach of the Agreement.

(d)     At RD's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and RD may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to RD instead of (and not to) you.

(e)     You understand that you are giving up all of your interest in the Property.

(f)     You will notify RD in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

   I.     A Breach occurs;

   II.    You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

   III.   Any other event which could potentially encumber the Property; or

   IV.    A change in the information that RD may use to contact you (including, but not limited to a change of address, telephone number, etc.).

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

**(PLEASE DO NOT SEND CONTRACT PAPERWORK TO THE CALIFORNIA OFFICE)**

With a copy to **General Counsel:**
RD LEGAL COMPANIES
7344 Magnolia Avenue, Suite 110
Riverside, CA  92504
Attn: Irena Leigh Norton, Esq.
Phone: (951) 359-3205
Fax: (951) 637-0627
Email: inorton@legalfunding.com

- 4 -

EXHIBIT A-2

193293v2 9/19/13(01/06/14)

or to such other address or addresses that RD may otherwise provide.  The notice required by this provision shall be considered to have been given by you when it is received by RD.

6.    **Other Agreements**

    (a)    Excess Payment to RD.  If RD receives payment with respect to the Case in an amount that exceeds the Property Amount, RD will promptly pay the excess amount to you.

    (b)    Best Evidence.  In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

    (c)    Equitable Relief.  Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

    (d)    Entire Agreement.  This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

    (e)    Enforcement.  The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party.  Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

    (f)    Assignment.  RD may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person.  RD may also pledge or grant a security interest in the Property.  This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

    (g)    Third-Party Beneficiary.  This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of RD.

    (h)    No Recourse.  RD is purchasing all of your interest in the Property without recourse against you (other than for a Breach).  This means that, in the event RD for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay RD any portion of the Purchase Price that RD paid to you.

- 5 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-2

193293v2 9/19/13(01/06/14)

(i)   Severability.  If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

**7.   Governing Law; Exclusive Jurisdiction:** This Agreement is governed by and construed in accordance with the laws of the State of New York. If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New York

## 8.   DISPUTE RESOLUTION

PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.  THIS SECTION CONTAINS IMPORTANT INFORMATION REGARDING HOW DISPUTES UNDER THIS AGREEMENT WILL BE RESOLVED. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY DISPUTES BE RESOLVED BY BINDING ARBITRATION.  ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING.  IN ARBITRATION, THE DISPUTE IS SUBMITTED TO A NEUTRAL PARTY, AN ARBITRATOR, INSTEAD OF A JUDGE OR JURY.  ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT.

**Agreement to Arbitrate Disputes.** Either you or we may elect, without the other's consent, to require that any dispute between us relating to this Agreement be resolved by binding arbitration.

**Disputes Covered by Arbitration.** Any claim or dispute relating to or arising out of this Agreement, or our relationship will be subject to arbitration. All disputes are subject to arbitration, no matter on what legal theory they are based or what remedy (damages, or injunctive or declaratory relief) they seek. Disputes include any unresolved claims concerning payments made or due under the terms of this Agreement, any Breach of this Agreement or of any of the representations, warranties or covenants agreed to under this Agreement.

Disputes include not only claims made directly by you, but also made by anyone connected with you or claiming through you, such as a parent, child, guardian, representative, agent, heir, or trustee in bankruptcy. Disputes also include not only claims that relate directly to RD, but also its parent, affiliates, successors, assignees, employees, and agents and claims for which we may be directly or indirectly liable, even if we are not properly named at the time the claim is made. Disputes include claims based on any theory of law, contract, statute, regulation, tort (including fraud or any intentional tort), or any other legal or equitable ground, and include claims made as counterclaims, cross-claims, third party claims, interpleaders or otherwise.

A Party who initiates a proceeding in court may elect arbitration with respect to any dispute advanced in that proceeding by any other party. Disputes include claims made as part of a class action or other representative action, it being expressly understood and agreed to that the arbitration of such claims must proceed on an individual (non-class, non-representative) basis. Disputes also include claims relating to the enforceability or interpretation of any of these

- 6 -

EXHIBIT A-2

193293v2 9/19/13(01/06/14)

arbitration provisions. Any questions about whether disputes are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

**Commencing an Arbitration.** The Party filing an arbitration must choose one of the following neutral arbitration forums and follow its rules and procedures for initiating and pursuing an arbitration: American Arbitration Association or JAMS. If you initiate the arbitration, you must notify us in writing at RD Legal Funding Partners, LP, 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, Attn: Roni Dersovitz. If we initiate the arbitration, we will notify you in writing at your last known address on file. You may obtain a copy of the arbitration rules for these forums, as well as additional information about initiating an arbitration by contacting these arbitration forums:

| | |
|---|---|
| American Arbitration Association | JAMS |
| 1-800-778-7879 (toll-free) | 1-800-352-5267 (toll-free) |
| Website: www.adr.org | Website: www.jamsadr.com. |

The arbitration shall be conducted in the same city as the U.S. District Court closest to your home address, unless the parties agree to a different location in writing.

**Administration of Arbitration.** The arbitration will be decided by a single, neutral arbitrator. The arbitrator will be either a lawyer with at least ten years experience or a retired or former judge, selected in accordance with the rules of the arbitration forum. The arbitrator shall follow procedures and rules of the arbitration forum in effect on the date the arbitration is filed unless those rules and procedures are inconsistent with this arbitration provision, in which case this arbitration provision will prevail. Those procedures and rules may limit the discovery available to you or us. The arbitrator will take reasonable steps to protect personal information and other confidential information if requested to do so by you or us. The arbitrator shall decide the dispute in accordance with applicable substantive law consistent with the Federal Arbitration Act and applicable statutes of limitations, will honor claims of privilege recognized at law, and will be empowered to award any damages or other relief provided for under applicable law. The arbitrator will not have the power to award relief to, or against, any person who is not a party to the arbitration.

An award in arbitration shall determine the rights and obligations between the named parties only, and only in respect of the claims in arbitration, and shall not have any bearing on the rights and obligations of any other person, or on the resolution of any other dispute. You or we may choose to have a hearing and be represented by counsel. The decision rendered by the arbitrator shall be in writing; however, the arbitrator need not provide a statement of his reasons unless one is requested by you or us.

**Costs.** The Party initiating the arbitration shall pay the initial filing fee. If you file the arbitration and an award is rendered in your favor, we will reimburse you for your filing fee. If there is a hearing, we will pay the fees and costs for the first day of that hearing. All other fees and costs will be allocated in accordance with the rules of the arbitration forum. However, we will advance or reimburse filing and other fees if the arbitrator rules that you cannot afford to

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-2

193293v2 9/19/13(01/06/14)

pay them or finds other good cause for requiring us to do so, or if you ask us and we determine there is good reason for doing so. Each party shall bear the expense of their respective attorneys, experts, and witnesses and other expenses, regardless of who prevails, but a party may recover any or all expenses from another party if the arbitrator, applying applicable law, so determines.

**No Class Action or Joinder of Parties.** You and we agree that no class action, private attorney general or other representative claims may be pursued in arbitration, nor may such action be pursued in court if either you or we elect arbitration. Unless mutually agreed to by you and us, claims of two or more persons may not be joined, consolidated, or otherwise brought together in the same arbitration (unless those persons are parties to a single transaction or related transaction); this is so whether or not the claim may have been assigned.

**Right to Resort to Provisional Remedies Preserved.** Nothing in this section shall be deemed to limit or constrain our right to resort to self-help remedies, such as the right of setoff or the right to exercise any security interest or lien we may hold on property, or to comply with legal process, or to obtain provisional remedies such as injunctive relief, attachment, or garnishment by a court having appropriate jurisdiction; provided, however, that you or we may elect to arbitrate any dispute related to such provisional remedies.

**Arbitration Award.** The arbitrator's award shall be final and binding unless a party appeals it in writing to the arbitration forum within fifteen days of notice of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators selected in accordance with the rules of the same arbitration forum. The panel will consider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Costs will be allocated in the same way they are allocated before a single arbitrator. An award by a panel is final and binding on the parties after fifteen (15) days have passed. A final and binding award is subject to judicial intervention or review only to the extent allowed under the Federal Arbitration Act. A Party may seek to have a final and binding award entered as a judgment in any court having jurisdiction.

**Governing Law.** You and we agree that our relationship includes transactions involving interstate commerce and that these arbitration provisions are governed by, and enforceable under, the Federal Arbitration Act.

**Severability, Survival.** These arbitration provisions shall survive: (i) termination of this Agreement; (ii) the bankruptcy of any Party; and (iii) the transfer or assignment of this Agreement. If any portion of this arbitration provision is deemed invalid or unenforceable, the entire arbitration provision shall not remain in force. No provision of this arbitration provision may be amended, severed or waived absent a written agreement between you and us.

**9.     Additional Purchase Price**: If no Breach has occurred and RD receives payment of the full Property Amount by any of the following dates, RD will pay to you the following additional consideration in the form of an increase in the Purchase Price:

> (A)   If Assignee receives a wire transfer on or before January 31, 2014,

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-2

193293v2 9/19/13(01/06/14)

Assignor shall be entitled to an Additional Purchase Price of $116,334.79

(B)   If Assignee receives a wire transfer between February 01, 2014 and February 28, 2014
Assignor shall be entitled to an Additional Purchase Price of $114,622.45

(C)   If Assignee receives a wire transfer between March 01, 2014 and March 31, 2014
Assignor shall be entitled to an Additional Purchase Price of $112,884.43

(D)   If Assignee receives a wire transfer between April 01, 2014 and April 30, 2014
Assignor shall be entitled to an Additional Purchase Price of $111,120.34

(E)   If Assignee receives a wire transfer between May 01, 2014 and May 31, 2014
Assignor shall be entitled to an Additional Purchase Price of $109,329.79

(F)   If Assignee receives a wire transfer between June 01, 2014 and June 30, 2014
Assignor shall be entitled to an Additional Purchase Price of $107,512.38

(G)   If Assignee receives a wire transfer between July 01, 2014 and July 31, 2014
Assignor shall be entitled to an Additional Purchase Price of $105,667.71

(H)   If Assignee receives a wire transfer between August 01, 2014 and August 31, 2014
Assignor shall be entitled to an Additional Purchase Price of $103,795.37

(I)   If Assignee receives a wire transfer between September 01, 2014 and September 30, 2014
Assignor shall be entitled to an Additional Purchase Price of $101,894.94

(J)   If Assignee receives a wire transfer between October 01, 2014 and October 31, 2014
Assignor shall be entitled to an Additional Purchase Price of $99,966.01

(K)   If Assignee receives a wire transfer between November 01, 2014 and November 30, 2014
Assignor shall be entitled to an Additional Purchase Price of $98,008.14

(L)   If Assignee receives a wire transfer between December 01, 2014 and December 31, 2014
Assignor shall be entitled to an Additional Purchase Price of $96,020.91

(M)   If Assignee receives a wire transfer between January 01, 2015 and January 31, 2015
Assignor shall be entitled to an Additional Purchase Price of $94,003.87

(N)   If Assignee receives a wire transfer between February 01, 2015 and February 28, 2015
Assignor shall be entitled to an Additional Purchase Price of $91,956.57

(O)   If Assignee receives a wire transfer between March 01, 2015 and March 31, 2015
Assignor shall be entitled to an Additional Purchase Price of $89,878.56

(P)   If Assignee receives a wire transfer between April 01, 2015 and April 30, 2015
Assignor shall be entitled to an Additional Purchase Price of $87,769.38

(Q)   If Assignee receives a wire transfer between May 01, 2015 and May 31, 2015
Assignor shall be entitled to an Additional Purchase Price of $85,628.56

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-2

193293v2 9/19/13(01/06/14)

   (R)   If Assignee receives a wire transfer between June 01, 2015 and June 30, 2015
Assignor shall be entitled to an Additional Purchase Price of $83,455.64

   (S)   If Assignee receives a wire transfer between July 01, 2015 and July 31, 2015
Assignor shall be entitled to an Additional Purchase Price of $81,250.11

   (T)   If Assignee receives a wire transfer between August 01, 2015 and August 31, 2015
Assignor shall be entitled to an Additional Purchase Price of $79,011.51

   (U)   If Assignee receives a wire transfer between September 01, 2015 and September 30, 2015
Assignor shall be entitled to an Additional Purchase Price of $76,739.32

   (V)   If Assignee receives a wire transfer between October 01, 2015 and October 31, 2015
Assignor shall be entitled to an Additional Purchase Price of $74,433.06

   (W)   If Assignee receives a wire transfer between November 01, 2015 and November 30, 2015
Assignor shall be entitled to an Additional Purchase Price of $72,092.20

   (X)   If Assignee receives a wire transfer between December 01, 2015 and December 31, 2015
Assignor shall be entitled to an Additional Purchase Price of $69,716.22

   (Y)   If Assignee receives a wire transfer between January 01, 2016 and January 31, 2016
Assignor shall be entitled to an Additional Purchase Price of $67,304.61

   (Z)   If Assignee receives a wire transfer between February 01, 2016 and February 29, 2016
Assignor shall be entitled to an Additional Purchase Price of $64,856.82

   (AA)   If Assignee receives a wire transfer between March 01, 2016 and March 31, 2016
Assignor shall be entitled to an Additional Purchase Price of $62,372.32

   (BB)   If Assignee receives a wire transfer between April 01, 2016 and April 30, 2016
Assignor shall be entitled to an Additional Purchase Price of $59,850.55

   (CC)   If Assignee receives a wire transfer between May 01, 2016 and May 31, 2016
Assignor shall be entitled to an Additional Purchase Price of $57,290.95

   (DD)   If Assignee receives a wire transfer between June 01, 2016 and June 30, 2016
Assignor shall be entitled to an Additional Purchase Price of $54,692.95

   (EE)   If Assignee receives a wire transfer between July 01, 2016 and July 31, 2016
Assignor shall be entitled to an Additional Purchase Price of $52,055.99

   (FF)   If Assignee receives a wire transfer between August 01, 2016 and August 31, 2016
Assignor shall be entitled to an Additional Purchase Price of $49,379.48

   (GG)   If Assignee receives a wire transfer between September 01, 2016 and September 30, 2016
Assignor shall be entitled to an Additional Purchase Price of $46,662.81

   (HH)   If Assignee receives a wire transfer between October 01, 2016 and October 31, 2016

- 10 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-2

193293v2 9/19/13(01/06/14)

Assignor shall be entitled to an Additional Purchase Price of $43,905.40

(II)  If Assignee receives a wire transfer between November 01, 2016 and November 30, 2016 Assignor shall be entitled to an Additional Purchase Price of $41,106.62

(JJ)  If Assignee receives a wire transfer between December 01, 2016 and December 31, 2016 Assignor shall be entitled to an Additional Purchase Price of $38,265.86

(KK)  If Assignee receives a wire transfer between January 01, 2017 and January 31, 2017 Assignor shall be entitled to an Additional Purchase Price of $35,382.49

(LL)  If Assignee receives a wire transfer between February 01, 2017 and February 28, 2017 Assignor shall be entitled to an Additional Purchase Price of $32,455.87

(MM)  If Assignee receives a wire transfer between March 01, 2017 and March 31, 2017 Assignor shall be entitled to an Additional Purchase Price of $29,485.36

(NN)  If Assignee receives a wire transfer between April 01, 2017 and April 30, 2017 Assignor shall be entitled to an Additional Purchase Price of $26,470.28

(OO)  If Assignee receives a wire transfer between May 01, 2017 and May 31, 2017 Assignor shall be entitled to an Additional Purchase Price of $23,409.98

(PP)  If Assignee receives a wire transfer between June 01, 2017 and June 30, 2017 Assignor shall be entitled to an Additional Purchase Price of $20,303.77

(QQ)  If Assignee receives a wire transfer between July 01, 2017 and July 31, 2017 Assignor shall be entitled to an Additional Purchase Price of $17,150.97

(RR)  If Assignee receives a wire transfer between August 01, 2017 and August 31, 2017 Assignor shall be entitled to an Additional Purchase Price of $13,950.88

(SS)  If Assignee receives a wire transfer between September 01, 2017 and September 30, 2017 Assignor shall be entitled to an Additional Purchase Price of $10,702.78

(TT)  If Assignee receives a wire transfer between October 01, 2017 and October 31, 2017 Assignor shall be entitled to an Additional Purchase Price of $7,405.97

(UU)  If Assignee receives a wire transfer between November 01, 2017 and November 30, 2017 Assignor shall be entitled to an Additional Purchase Price of $4,059.70

**10.    Date of Execution:** This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to RD at its offices (all containing original signatures), (ii) RD receives from Andrea & Towsky, Esqs. or "you" the Notice of Assignment to Andrea & Towsky, Esqs. and the letter addressed to RD from Andrea & Towsky, Esqs. acknowledging RD's lien on

- 11 -

193293v2 9/19/13(01/06/14)

your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RD.

**11.    Wire Instructions:** *Please send or transmit payment subject to this Agreement to RD Legal Funding Partners, LP at:*

> Bank:  BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL  60603
> Account Title:  RD Legal Funding Partners, LP
> Account Number:REDACTED
> ABA Number:  071000288

- 12 -                                    US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-2

193293v2 9/19/13(01/06/14)

## IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The Parties have executed this Agreement as of the date first written above.

_____
Signature of Individual (John E. Feal)

_____
Printed Name of Individual (John E. Feal)

RD LEGAL FUNDING PARTNERS, LP

By: _____

_____
Printed Name

_____
Title

- 13 -                    US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-2

193293v2 9/19/13(01/06/14)

## Limited Irrevocable Power of Attorney

I, John E. Feal, appoint Roni Dersovitz or any other managers, members or officers of RD Legal Funding Partners, LP ("RD"), whose principal place of business is located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, as my true and lawful attorney for the following purposes:

(A) To endorse and deposit any and all checks payable to me with respect to my Award in the matter entitled <u>September 11th Victim Compensation Fund - Zadroga Act</u>, Claim No. VCF0016487 (the "Checks"), a portion of which I assigned to RD as evidenced by the attached Agreement.

I understand that by executing this Power of Attorney, I am giving up the right to endorse and deposit the Checks, except as otherwise authorized by RD. This Power of Attorney may not be revoked or changed except upon written agreement of RD.

BY: _____         Date: _____
        John E. Feal

- 14 -                    US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-2

193293v2 9/19/13(01/06/14)

### ACKNOWLEDGMENT

STATE OF NEW YORK }

       NASSAU          SS:

COUNTY OF ~~SUFFOLK~~ }

      **BE IT REMEMBERED** that on date before me personally appeared John E. Feal, who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.

                                              NOTARY PUBLIC

DEIRDRE A. McPEAKE
Notary Public, State of New York
NO. 01MC4918891
Qualified in Nassau County
Commission Expires Feb. 1, 2014

US_ACTIVE-110091304-RMJAWORS

**EXHIBIT A-2**

193293v2 9/19/13(01/06/14)

## CERTIFICATION OF TRUTHFULNESS

I, John E. Feal, hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Funding Partners, LP, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit-Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.

By: _____

John E. Feal

_____
Date

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-2

193293v2 9/19/13(01/06/14)

## Spousal Acknowledgment

I, Marzena E. Feal hereby acknowledge the following:

(1) I am the spouse of John E. Feal, who is a Party to this Agreement;

(2) I have read and understood the terms of, and been provided with, a copy of the Agreement;

(3) By virtue of this Agreement, my spouse has assigned $230,490.45 (Two Hundred Thirty Thousand Four Hundred Ninety Dollars and 45 Cents) of his interest in the case regarding September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0016487 (the "Property") to RD Legal Funding Partners, LP ("RD"); and

(4) To the best of my knowledge, my spouse (a) is not involved in any bankruptcy, insolvency or other legal proceedings that could affect his/her assets, (b) has paid or made adequate provision for payment of all federal, state and local taxes that are due, (c) has no tax or other governmental liens against him/her or his/her interest in the judgment, (d) is not indebted to me or any former spouse for support, maintenance or similar obligations, or to any child or the child's guardian for any child support or similar payments, and (e) has not transferred or assigned, and has no plans to transfer or assign, any portion of his/her interest in the judgment to any other party or person.

The undersigned has executed this Acknowledgment as of _____1. OC. 2014_____, 2014.

_Marzena Feal_
Signature

_MARZENA FEAL_
Printed Name

## ACKNOWLEDGMENT

STATE OF NEW YORK }

                                        SS:

COUNTY OF ~~SUFFOLK~~ Nassau }

    I certify that on this 6th day of January, 2014, MARZENA FEAL personally came before me and acknowledged under oath, to my satisfaction, that this person is the person named in and who personally signed this Acknowledgment and signed, sealed and delivered such Acknowledgment as his or her own act and deed.

_Deidre A McPeake_
NOTARY PUBLIC

- 17 -

DEIRDRE A. McPEAKE
Notary Public, State of New York
NO. 01MC4918891
Qualified in Nassau County
Commission Expires Feb. 1, 2014

EXHIBIT A-2

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:   September 11 Victim Compensation Fund
      Claims Processing Center
      1100 L. Street, N.W. – Suite 3000
      Washington, DC  20005

RE:   September 11th Victim Compensation Fund - Zadroga Act
      John E. Feal – Claim No. VCF0016487

You are hereby notified that on January 06, 2014, John E. Feal ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0016487 that is assigned to RD is the amount of $230,490.45 (Two Hundred Thirty Thousand Four Hundred Ninety Dollars and 45 Cents) (the "Property Amount").  You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No. REDACTED
    PO Box 12428
    Newark, NJ  07101-3528

By: _____
        Authorized Representative                    Date: January 06, 2014

Assignor: _MArneusFeal_

By: _MARZENA   FEAL_                               Date: _1.06 2014_
    *[Printed name of individual signing]*

- 18 -                                    US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-2

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:   Andrea & Towsky, Esqs.
      320 Old Country Road
      Suite 202
      Garden City, NY 11530

      Attn: Matthew J. Duell, Esq.


RE:   September 11th Victim Compensation Fund - Zadroga Act
      John E. Feal -- Claim No. VCF0016487

     You are hereby notified that on January 06, 2014, John E Feal ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0016487 that is assigned to RD is the amount of $230,490.45 (Two Hundred Thirty Thousand Four Hundred Ninety Dollars and 45 Cents) (the "Property Amount"). You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Funding Partners, LP *(Payment address only)*     Tax I.D.   REDACTED
     PO Box 12428
     Newark, NJ 07101-3528

By: _____
     Authorized Representative          Date: January 06, 2014


Assignor: _____

By: _____     Date: 1\6\14
     [Printed name of individual signing]

- 19 -

EXHIBIT A-2

193293v2 9/19/13(01/06/14)

**Andrea & Towsky, Esqs.**
**320 Old Country Road, Suite 202**
**Garden City, NY 11530**


January 06, 2014


RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:     September 11th Victim Compensation Fund - Zadroga Act
        John E. Feal – Claim No. VCF0016487

Dear Mr. Dersovitz:

    This will acknowledge that our client, John E. Feal, (Assignor), has assigned $230,490.45 (Two Hundred Thirty Thousand Four Hundred Ninety Dollars and 45 Cents) of his interest in the judgment proceeds of the referenced case to RD Legal Funding Partners, LP ("RD") pursuant to the Assignment and Sale Agreement(s) dated January 06, 2014, a copy of which is attached to and made a part of this communication. We acknowledge receipt of the Notice of assignment duly executed by our client, John E. Feal.

    *Robert L. Towsky. E-39*

    Andrea & Towsky, Esqs., by the signature below of ~~Matthew J. Duell~~, Esq., advises you that as of the above date, it is not in written receipt of any past lien upon the judgment proceeds which may be received by the Assignor.

    We further acknowledge RD's lien on Assignor's interest in the subject judgment proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s) dated January 06, 2014.

    This letter may be executed in counterparts and a copy delivered via electronic mail or facsimile. Each such executed copy shall be deemed an original for all purposes.

    *Robert L. Towsky, E-39*
    ~~Matthew J. Duell, Esq., Individually~~
    ~~and~~ for Andrea & Towsky, Esqs.

    _____
    ~~Matthew J. Duell~~, Esq.
    *Robert L. Towsky, E-39.*


- 20 -                                  US_ACTIVE-110091304-RMJAWORS


EXHIBIT A-2

RECEIVED
JUN 2 4 2014

**THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE SUPERVISION OF AN ATTORNEY**

### ASSIGNMENT AND SALE AGREEMENT No. 2

This Assignment and Sale Agreement (the "Agreement") is amended and restated on June 20, 2014, between John E. Feal ("you"), with a residence address located at
REDACTED          Nesconset, NY 11767 and RD Legal Funding Partners, LP ("RD", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626 (each a "Party", and together the "Parties"). If more than one individual is named above, "you" shall mean each and every such individual.

**YOUR ATTENTION IS DRAWN TO THE DISPUTE RESOLUTION PROVISION IN SECTION 8. IF A DISPUTE ARISES BETWEEN US, YOU OR WE MAY REQUIRE THAT IT BE RESOLVED THROUGH BINDING ARBITRATION, RATHER THAN BY JURY TRIAL.**

**WHEREAS**, you are the client of Andrea & Towsky, Esqs., the law firm that represented you and other plaintiff(s), with reference to the September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0016487 (the "Case"), and you have an interest in the Case;

**WHEREAS**, as of January 02, 2011, the September 11th Victim Compensation Fund, overseen by Special Master Sheila Birnbaum, has been set-up for claimants who are deemed to have proved eligible loss based on the requirements of the Zadroga Act in the total amount of $2,775,000,000.00 (the "Judgment"), including an Award to you in the amount of $699,509.06 (the "Award") as determined by a claims evaluator per the Award letter dated May 15, 2014.

**WHEREAS**, you own all right, title and interest in the Award;

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award to RD; and

NOW, THEREFORE, you and we agree as follows:

### 1.   Assignments and Consideration

(a)   You hereby sell and assign to RD your interest in $470,734.85 (Four Hundred Seventy Thousand Seven Hundred Thirty Four Dollars and 85 Cents) of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests").

(b)   In return for the Property, RD will pay to you the sum of $230,359.60 (Two Hundred Thirty Thousand Three Hundred Fifty Nine Dollars and 60 Cents) (the "Purchase Price"). You consent to have withheld from the Purchase Price the amount of $94,166.76 to be applied to pay-off the current outstanding

193293v2 9/19/13(01/06/14)

lien/judgment with reference to Assignment and Sale Agreement No. 1 dated January 06, 2014.

(c)     This transaction is a true sale and assignment of the Property to RD and provides RD with the full risks and benefits of ownership of the Property. However, you retain all obligations, liabilities and expenses under or in respect of the Award.

(d)     Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

You grant to RD a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

## 2.     Procedure for Paying Property Amount to RD

The entire Property Amount will be paid to RD from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

## 4.     Representations, Warranties and Assignments: You represent and warrant to RD that:

(a)     Andrea & Towsky, Esqs. are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any offset or defense.

(b)     You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RD. You have not previously sold or assigned the Property, in whole or in part, to any other party. Upon RD's payment to you of the Purchase Price, RD will own the Property free and clear of any Adverse Interests.

(c)     You have the legal capacity to execute and perform this Agreement.

(d)     You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e)     The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not

-2-                                                              US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-3

193293v2 9/19/13(01/06/14)

violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)    There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets. You are not the subject of any legal proceeding. The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)    All of the information that you have provided to RD is true and complete in all respects. You understand that RD has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)    You have not engaged in any acts or conduct or made any omissions that will potentially result in RD receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)    You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment. There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)    This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(k)    You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

5.    **Covenants.** You covenant to RD that:

(a)    If before payment of the full Purchase Price RD discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), RD may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse RD for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to RD the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

(b)    When requested, you will promptly execute any additional documents and take whatever further actions RD reasonably determines are necessary or desirable to perfect the assignment of the Property to RD or to carry out the terms of this Agreement.

US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

(c)     You will immediately advise RD if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to RD in accordance with RD's instructions.  If you fail to do so, you will be in breach of the Agreement.

(d)     At RD's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and RD may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to RD instead of (and not to) you.

(e)     You understand that you are giving up all of your interest in the Property.

(f)     You will notify RD in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

   I.      A Breach occurs;

   II.     You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

   III.    Any other event which could potentially encumber the Property; or

   IV.     A change in the information that RD may use to contact you (including, but not limited to a change of address, telephone number, etc.).

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

**(PLEASE DO NOT SEND CONTRACT PAPERWORK TO THE CALIFORNIA OFFICE)**

With a copy to **General Counsel:**
RD LEGAL COMPANIES
7344 Magnolia Avenue, Suite 110
Riverside, CA  92504
Attn:  Irena Leigh Norton, Esq.
Phone:  (951) 359-3205

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-3

193293v2 9/19/13(01/06/14)

Fax: (951) 637-0627
Email: inorton@legalfunding.com

or to such other address or addresses that RD may otherwise provide. The notice required by this provision shall be considered to have been given by you when it is received by RD.

6. **Other Agreements**

   (a)  <u>Excess Payment to RD</u>. If RD receives payment with respect to the Case in an amount that exceeds the Property Amount, RD will promptly pay the excess amount to you.

   (b)  <u>Best Evidence</u>. In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

   (c)  <u>Equitable Relief</u>. Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

   (d)  <u>Entire Agreement</u>. This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

   (e)  <u>Enforcement</u>. The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party. Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

   (f)  <u>Assignment</u>. RD may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person. RD may also pledge or grant a security interest in the Property. This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

   (g)  <u>Third-Party Beneficiary.</u> This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of RD.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-3

193293v2 9/19/13(01/06/14)

(h)  No Recourse.  RD is purchasing all of your interest in the Property without recourse against you (other than for a Breach).  This means that, in the event RD for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay RD any portion of the Purchase Price that RD paid to you.

(i)  Severability.  If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

**7.  Governing Law; Exclusive Jurisdiction:** This Agreement is governed by and construed in accordance with the laws of the State of New York.  If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New York

## 8.  DISPUTE RESOLUTION

PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.  THIS SECTION CONTAINS IMPORTANT INFORMATION REGARDING HOW DISPUTES UNDER THIS AGREEMENT WILL BE RESOLVED.  IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY DISPUTES BE RESOLVED BY BINDING ARBITRATION.  ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING.  IN ARBITRATION, THE DISPUTE IS SUBMITTED TO A NEUTRAL PARTY, AN ARBITRATOR, INSTEAD OF A JUDGE OR JURY.  ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT.

**Agreement to Arbitrate Disputes.**  Either you or we may elect, without the other's consent, to require that any dispute between us relating to this Agreement be resolved by binding arbitration.

**Disputes Covered by Arbitration.**  Any claim or dispute relating to or arising out of this Agreement, or our relationship will be subject to arbitration.  All disputes are subject to arbitration, no matter on what legal theory they are based or what remedy (damages, or injunctive or declaratory relief) they seek. Disputes include any unresolved claims concerning payments made or due under the terms of this Agreement, any Breach of this Agreement or of any of the representations, warranties or covenants agreed to under this Agreement.

Disputes include not only claims made directly by you, but also made by anyone connected with you or claiming through you, such as a parent, child, guardian, representative, agent, heir, or trustee in bankruptcy. Disputes also include not only claims that relate directly to RD, but also its parent, affiliates, successors, assignees, employees, and agents and claims for which we may be directly or indirectly liable, even if we are not properly named at the time the claim is made. Disputes include claims based on any theory of law, contract, statute, regulation, tort (including fraud or any intentional tort), or any other legal or equitable ground, and include claims made as counterclaims, cross-claims, third party claims, interpleaders or otherwise.

-6-

193293v2 9/19/13(01/06/14)

A Party who initiates a proceeding in court may elect arbitration with respect to any dispute advanced in that proceeding by any other party. Disputes include claims made as part of a class action or other representative action, it being expressly understood and agreed to that the arbitration of such claims must proceed on an individual (non-class, non-representative) basis. Disputes also include claims relating to the enforceability or interpretation of any of these arbitration provisions. Any questions about whether disputes are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

**Commencing an Arbitration.** The Party filing an arbitration must choose one of the following neutral arbitration forums and follow its rules and procedures for initiating and pursuing an arbitration: American Arbitration Association or JAMS.   If you initiate the arbitration, you must notify us in writing at RD Legal Funding Partners, LP, 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, Attn: Roni Dersovitz. If we initiate the arbitration, we will notify you in writing at your last known address on file. You may obtain a copy of the arbitration rules for these forums, as well as additional information about initiating an arbitration by contacting these arbitration forums:

| | |
|---|---|
| American Arbitration Association | JAMS |
| 1-800-778-7879 (toll-free) | 1-800-352-5267 (toll-free) |
| Website: www.adr.org | Website: www.jamsadr.com. |

The arbitration shall be conducted in the same city as the U.S. District Court closest to your home address, unless the parties agree to a different location in writing.

**Administration of Arbitration.** The arbitration will be decided by a single, neutral arbitrator. The arbitrator will be either a lawyer with at least ten years experience or a retired or former judge, selected in accordance with the rules of the arbitration forum. The arbitrator shall follow procedures and rules of the arbitration forum in effect on the date the arbitration is filed unless those rules and procedures are inconsistent with this arbitration provision, in which case this arbitration provision will prevail. Those procedures and rules may limit the discovery available to you or us. The arbitrator will take reasonable steps to protect personal information and other confidential information if requested to do so by you or us. The arbitrator shall decide the dispute in accordance with applicable substantive law consistent with the Federal Arbitration Act and applicable statutes of limitations, will honor claims of privilege recognized at law, and will be empowered to award any damages or other relief provided for under applicable law. The arbitrator will not have the power to award relief to, or against, any person who is not a party to the arbitration.

An award in arbitration shall determine the rights and obligations between the named parties only, and only in respect of the claims in arbitration, and shall not have any bearing on the rights and obligations of any other person, or on the resolution of any other dispute. You or we may choose to have a hearing and be represented by counsel. The decision rendered by the arbitrator shall be in writing; however, the arbitrator need not provide a statement of his reasons unless one is requested by you or us.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-3

193293v2 9/19/13(01/06/14)

**Costs.** The Party initiating the arbitration shall pay the initial filing fee. If you file the arbitration and an award is rendered in your favor, we will reimburse you for your filing fee. If there is a hearing, we will pay the fees and costs for the first day of that hearing. All other fees and costs will be allocated in accordance with the rules of the arbitration forum. However, we will advance or reimburse filing and other fees if the arbitrator rules that you cannot afford to pay them or finds other good cause for requiring us to do so, or if you ask us and we determine there is good reason for doing so. Each party shall bear the expense of their respective attorneys, experts, and witnesses and other expenses, regardless of who prevails, but a party may recover any or all expenses from another party if the arbitrator, applying applicable law, so determines.

**No Class Action or Joinder of Parties.** You and we agree that no class action, private attorney general or other representative claims may be pursued in arbitration, nor may such action be pursued in court if either you or we elect arbitration. Unless mutually agreed to by you and us, claims of two or more persons may not be joined, consolidated, or otherwise brought together in the same arbitration (unless those persons are parties to a single transaction or related transaction); this is so whether or not the claim may have been assigned.

**Right to Resort to Provisional Remedies Preserved.** Nothing in this section shall be deemed to limit or constrain our right to resort to self-help remedies, such as the right of setoff or the right to exercise any security interest or lien we may hold on property, or to comply with legal process, or to obtain provisional remedies such as injunctive relief, attachment, or garnishment by a court having appropriate jurisdiction; provided, however, that you or we may elect to arbitrate any dispute related to such provisional remedies.

**Arbitration Award.** The arbitrator's award shall be final and binding unless a party appeals it in writing to the arbitration forum within fifteen days of notice of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators selected in accordance with the rules of the same arbitration forum. The panel will consider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Costs will be allocated in the same way they are allocated before a single arbitrator. An award by a panel is final and binding on the parties after fifteen (15) days have passed. A final and binding award is subject to judicial intervention or review only to the extent allowed under the Federal Arbitration Act. A Party may seek to have a final and binding award entered as a judgment in any court having jurisdiction.

**Governing Law.** You and we agree that our relationship includes transactions involving interstate commerce and that these arbitration provisions are governed by, and enforceable under, the Federal Arbitration Act.

**Severability, Survival.** These arbitration provisions shall survive: (i) termination of this Agreement; (ii) the bankruptcy of any Party; and (iii) the transfer or assignment of this Agreement. If any portion of this arbitration provision is deemed invalid or unenforceable, the entire arbitration provision shall not remain in force. No provision of this arbitration provision may be amended, severed or waived absent a written agreement between you and us.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-3

193293v2 9/19/13(01/06/14)

**9.    Additional Purchase Price:** If no Breach has occurred and RD receives payment of the full Property Amount by any of the following dates, RD will pay to you the following additional consideration in the form of an increase in the Purchase Price:

(A)  If Assignee receives a wire transfer on or before June 30, 2014,
      Assignor shall be entitled to an Additional Purchase Price of $239,229.16

(B)  If Assignee receives a wire transfer between July 01, 2014 and July 31, 2014
      Assignor shall be entitled to an Additional Purchase Price of $235,756.57

(C)  If Assignee receives a wire transfer between August 01, 2014 and August 31, 2014
      Assignor shall be entitled to an Additional Purchase Price of $232,231.90

(D)  If Assignee receives a wire transfer between September 01, 2014 and September 30, 2014
      Assignor shall be entitled to an Additional Purchase Price of $228,654.36

(E)  If Assignee receives a wire transfer between October 01, 2014 and October 31, 2014
      Assignor shall be entitled to an Additional Purchase Price of $225,023.15

(F)  If Assignee receives a wire transfer between November 01, 2014 and November 30, 2014
      Assignor shall be entitled to an Additional Purchase Price of $221,337.47

(G)  If Assignee receives a wire transfer between December 01, 2014 and December 31, 2014
      Assignor shall be entitled to an Additional Purchase Price of $217,596.51

(H)  If Assignee receives a wire transfer between January 01, 2015 and January 31, 2015
      Assignor shall be entitled to an Additional Purchase Price of $213,799.44

(I)  If Assignee receives a wire transfer between February 01, 2015 and February 28, 2015
      Assignor shall be entitled to an Additional Purchase Price of $209,945.41

(J)  If Assignee receives a wire transfer between March 01, 2015 and March 31, 2015
      Assignor shall be entitled to an Additional Purchase Price of $206,033.56

(K)  If Assignee receives a wire transfer between April 01, 2015 and April 30, 2015
      Assignor shall be entitled to an Additional Purchase Price of $202,063.04

(L)  If Assignee receives a wire transfer between May 01, 2015 and May 31, 2015
      Assignor shall be entitled to an Additional Purchase Price of $198,032.97

(M)  If Assignee receives a wire transfer between June 01, 2015 and June 30, 2015
      Assignor shall be entitled to an Additional Purchase Price of $193,942.44

(N)  If Assignee receives a wire transfer between July 01, 2015 and July 31, 2015
      Assignor shall be entitled to an Additional Purchase Price of $189,790.55

(O)  If Assignee receives a wire transfer between August 01, 2015 and August 31, 2015
      Assignor shall be entitled to an Additional Purchase Price of $185,576.39

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-3

193293v2 9/19/13(01/06/14)

(P)   If Assignee receives a wire transfer between September 01, 2015 and September 30, 2015 Assignor shall be entitled to an Additional Purchase Price of $181,299.01

(Q)   If Assignee receives a wire transfer between October 01, 2015 and October 31, 2015 Assignor shall be entitled to an Additional Purchase Price of $176,957.47

(R)   If Assignee receives a wire transfer between November 01, 2015 and November 30, 2015 Assignor shall be entitled to an Additional Purchase Price of $172,550.81

(S)   If Assignee receives a wire transfer between December 01, 2015 and December 31, 2015 Assignor shall be entitled to an Additional Purchase Price of $168,078.05

(T)   If Assignee receives a wire transfer between January 01, 2016 and January 31, 2016 Assignor shall be entitled to an Additional Purchase Price of $163,538.20

(U)   If Assignee receives a wire transfer between February 01, 2016 and February 29, 2016 Assignor shall be entitled to an Additional Purchase Price of $158,930.25

(V)   If Assignee receives a wire transfer between March 01, 2016 and March 31, 2016 Assignor shall be entitled to an Additional Purchase Price of $154,253.18

(W)   If Assignee receives a wire transfer between April 01, 2016 and April 30, 2016 Assignor shall be entitled to an Additional Purchase Price of $149,505.96

(X)   If Assignee receives a wire transfer between May 01, 2016 and May 31, 2016 Assignor shall be entitled to an Additional Purchase Price of $144,687.52

(Y)   If Assignee receives a wire transfer between June 01, 2016 and June 30, 2016 Assignor shall be entitled to an Additional Purchase Price of $139,796.81

(Z)   If Assignee receives a wire transfer between July 01, 2016 and July 31, 2016 Assignor shall be entitled to an Additional Purchase Price of $134,832.74

(AA)   If Assignee receives a wire transfer between August 01, 2016 and August 31, 2016 Assignor shall be entitled to an Additional Purchase Price of $129,794.21

(BB)   If Assignee receives a wire transfer between September 01, 2016 and September 30, 2016 Assignor shall be entitled to an Additional Purchase Price of $124,680.10

(CC)   If Assignee receives a wire transfer between October 01, 2016 and October 31, 2016 Assignor shall be entitled to an Additional Purchase Price of $119,489.28

(DD)   If Assignee receives a wire transfer between November 01, 2016 and November 30, 2016 Assignor shall be entitled to an Additional Purchase Price of $114,220.60

(EE)   If Assignee receives a wire transfer between December 01, 2016 and December 31, 2016 Assignor shall be entitled to an Additional Purchase Price of $108,872.88

(FF)   If Assignee receives a wire transfer between January 01, 2017 and January 31, 2017

- 10 -

EXHIBIT A-3

193293v2 9/19/13(01/06/14)

Assignor shall be entitled to an Additional Purchase Price of $103,444.95

(GG)  If Assignee receives a wire transfer between February 01, 2017 and February 28, 2017 Assignor shall be entitled to an Additional Purchase Price of $97,935.61

(HH)  If Assignee receives a wire transfer between March 01, 2017 and March 31, 2017 Assignor shall be entitled to an Additional Purchase Price of $92,343.62

(II)  If Assignee receives a wire transfer between April 01, 2017 and April 30, 2017 Assignor shall be entitled to an Additional Purchase Price of $86,667.75

(JJ)  If Assignee receives a wire transfer between May 01, 2017 and May 31, 2017 Assignor shall be entitled to an Additional Purchase Price of $80,906.74

(KK)  If Assignee receives a wire transfer between June 01, 2017 and June 30, 2017 Assignor shall be entitled to an Additional Purchase Price of $75,059.32

(LL)  If Assignee receives a wire transfer between July 01, 2017 and July 31, 2017 Assignor shall be entitled to an Additional Purchase Price of $69,124.19

(MM)  If Assignee receives a wire transfer between August 01, 2017 and August 31, 2017 Assignor shall be entitled to an Additional Purchase Price of $63,100.03

(NN)  If Assignee receives a wire transfer between September 01, 2017 and September 30, 2017 Assignor shall be entitled to an Additional Purchase Price of $56,985.51

(OO)  If Assignee receives a wire transfer between October 01, 2017 and October 31, 2017 Assignor shall be entitled to an Additional Purchase Price of $50,779.27

(PP)  If Assignee receives a wire transfer between November 01, 2017 and November 30, 2017 Assignor shall be entitled to an Additional Purchase Price of $44,479.93

(QQ)  If Assignee receives a wire transfer between December 01, 2017 and December 31, 2017 Assignor shall be entitled to an Additional Purchase Price of $38,086.11

(RR)  If Assignee receives a wire transfer between January 01, 2018 and January 31, 2018 Assignor shall be entitled to an Additional Purchase Price of $31,596.38

(SS)  If Assignee receives a wire transfer between February 01, 2018 and February 28, 2018 Assignor shall be entitled to an Additional Purchase Price of $25,009.30

(TT)  If Assignee receives a wire transfer between March 01, 2018 and March 31, 2018 Assignor shall be entitled to an Additional Purchase Price of $18,323.42

(UU)  If Assignee receives a wire transfer between April 01, 2018 and April 30, 2018 Assignor shall be entitled to an Additional Purchase Price of $11,537.24

(VV)  If Assignee receives a wire transfer between May 01, 2018 and May 31, 2018 Assignor shall be entitled to an Additional Purchase Price of $4,649.28

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-3

193293v2 9/19/13(01/06/14)

**10.      Date of Execution:**  This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to RD at its offices (all containing original signatures), (ii) RD receives from Andrea & Towsky, Esqs. or "you" the Notice of Assignment to Andrea & Towsky, Esqs. and the letter addressed to RD from Andrea & Towsky, Esqs. acknowledging RD's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RD.

**11.      Wire Instructions:**  *Please send or transmit payment subject to this Agreement to RD Legal Funding Partners, LP at:*

> Bank: BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL  60603
> Account Title: RD Legal Funding REDACTED
> REDACTED
> ABA Number: 071000288

- 12 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-3

193293v2 9/19/13(01/06/14)

## IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The Parties have executed this Agreement as of the date first written above.

_____
Signature of Individual (John E. Feal)

_____
Printed Name of Individual (John E. Feal)

RD LEGAL FUNDING PARTNERS, LP

By: _____

_____
Printed Name

_____
Title

- 13 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-3

193293v2 9/19/13(01/06/14)

## Limited Irrevocable Power of Attorney

I, John E. Feal, appoint Roni Dersovitz or any other managers, members or officers of RD Legal Funding Partners, LP ("RD"), whose principal place of business is located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, as my true and lawful attorney for the following purposes:

(A) To endorse and deposit any and all checks payable to me with respect to my Award in the matter entitled September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0016487 (the "Checks"), a portion of which I assigned to RD as evidenced by the attached Agreement.

I understand that by executing this Power of Attorney, I am giving up the right to endorse and deposit the Checks, except as otherwise authorized by RD. This Power of Attorney may not be revoked or changed except upon written agreement of RD.

BY: _____     Date: 6|23|14
John E. Feal

- 14 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-3

193293v2 9/19/13(01/06/14)

## ACKNOWLEDGMENT

STATE OF NEW YORK }

SS:

COUNTY OF SUFFOLK}

**BE IT REMEMBERED** that on date before me personally appeared John E. Feal, who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.

_____
NOTARY PUBLIC

DEIRDRE A. AMORIELLO
Notary Public, State of New York
No. 01AM4918891
Qualified in Nassau County 20 18
Commission Expires Feb. 1, ____

- 15 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-3

193293v2 9/19/13(01/06/14)

## CERTIFICATION OF TRUTHFULNESS

I, John E. Feal, hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Funding Partners, LP, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit-Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.

By: _____
John E. Feal

$\frac{\angle /23/14}{\text{Date}}$

- 16 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-3

193293v2 9/19/13(01/06/14)

<center>Spousal Acknowledgment</center>

I, Marzena E. Feal hereby acknowledge the following:

(1) I am the spouse of John E. Feal, who is a Party to this Agreement;

(2) I have read and understood the terms of, and been provided with, a copy of the Agreement;

(3) By virtue of this Agreement, my spouse has assigned $470,734.85 (Four Hundred Seventy Thousand Seven Hundred Thirty Four Dollars and 85 Cents) of his interest in the case regarding September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0016487 (the "Property") to RD Legal Funding Partners, LP ("RD"); and

(4) To the best of my knowledge, my spouse (a) is not involved in any bankruptcy, insolvency or other legal proceedings that could affect his/her assets, (b) has paid or made adequate provision for payment of all federal, state and local taxes that are due, (c) has no tax or other governmental liens against him/her or his/her interest in the judgment, (d) is not indebted to me or any former spouse for support, maintenance or similar obligations, or to any child or the child's guardian for any child support or similar payments, and (e) has not transferred or assigned, and has no plans to transfer or assign, any portion of his/her interest in the judgment to any other party or person.

The undersigned has executed this Acknowledgment as of ___June 23___, 2014.

_Marzena Feal_
Signature

_MARZENA E. FEAL_
Printed Name

<center>ACKNOWLEDGMENT</center>

STATE OF NEW YORK }

<center>SS:</center>

COUNTY OF SUFFOLK}

    I certify that on this 23d day of ___June___, 201f, _Marzena E. Feal_ **personally came before me and acknowledged under oath, to my satisfaction, that this person is the person named in and who personally signed this Acknowledgment and signed, sealed and delivered such Acknowledgment as his or her own act and deed.**

_Deidre A. Amoriello_
NOTARY PUBLIC

<center>- 17 -</center>

DEIRDRE A. AMORIELLO
Notary Public, State of New York
No. 01AM4918891
Qualified in Nassau County
Commission Expires Feb. 1, 2018

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-3

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:     September 11 Victim Compensation Fund
        Claims Processing Center
        1100 L. Street, N.W. – Suite 3000
        Washington, DC  20005

RE:     September 11th Victim Compensation Fund - Zadroga Act
        John E. Feal – Claim No. VCF0016487

        You are hereby notified that on June 20, 2014, John E. Feal ("Assignor"), transferred and
assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the
September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September
11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's
interest in Claim No. VCF0016487 that is assigned to RD is the amount of $470,734.85 (Four Hundred
Seventy Thousand Seven Hundred Thirty Four Dollars and 85 Cents) (the "Property Amount").  You are
hereby instructed that, promptly following receipt of funds representing Assignor's interest in the
Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property
Amount pursuant to the Agreement between the parties. You are further instructed that any distribution
of the Property Amount to any person other than RD shall be in violation of the Agreement and shall
result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by
RD hereunder.

RD:  RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No. REDACTED
         PO Box 2428
         Newark NJ 07101-3528

By: _____                                    Date:  June 20, 2014
        Authorized Representative

Assignor: _____

By: _____                                    Date: 6/23/14
        *[Printed name of individual signing]*

                                        - 18 -                    US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

**NOTICE OF ASSIGNMENT**

TO:     Andrea & Towsky, Esqs.
        320 Old Country Road
        Suite 202
        Garden City, NY 11530

        Attn: Frank A. Andrea, III, Esq.

RE:     September 11th Victim Compensation Fund - Zadroga Act
        John E. Feal – Claim No. VCF0016487

        You are hereby notified that on June 20, 2014, John E Feal ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0016487 that is assigned to RD is the amount of $470,734.85 (Four Hundred Seventy Thousand Seven Hundred Thirty Four Dollars and 85 Cents) (the "Property Amount"). You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No. REDACTED
        PO Box 12428
        Newark, NJ 07101-3528

By:     _____
        Authorized Representative                                   Date: June 20, 2014

Assignor: _____

By:     _____                                    Date: 6/23/14
        [Printed name of individual signing]

                                    - 19 -                        US_ACTIVE-110091304-RMJAWORS

                                                                 EXHIBIT A-3

193293v2 9/19/13(01/06/14)

**Andrea & Towsky, Esqs.**
**320 Old Country Road, Suite 202**
**Garden City, NY  11530**

June 20, 2014

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:     September 11th Victim Compensation Fund - Zadroga Act
        John E. Feal – Claim No. VCF0016487

Dear Mr. Dersovitz:

This will acknowledge that our client, John E. Feal, (Assignor), has assigned $470,734.85 (Four Hundred Seventy Thousand Seven Hundred Thirty Four Dollars and 85 Cents) of his interest in the judgment proceeds of the referenced case to RD Legal Funding Partners, LP ("RD") pursuant to the Assignment and Sale Agreement(s) dated June 20, 2014, a copy of which is attached to and made a part of this communication.  We acknowledge receipt of the Notice of assignment duly executed by our client, John E. Feal.

Andrea & Towsky, Esqs., by the signature below of Frank A. Andrea, III, Esq., advises you that as of the above date, it is not in written receipt of any past lien upon the judgment proceeds which may be received by the Assignor, except the prior lien issued by RD Legal Funding Partners, LP.

We further acknowledge RD's lien on Assignor's interest in the subject judgment proceeds.  By signing below, we agree to hold any funds constituting proceeds of the judgment received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s) dated June 20, 2014.

This letter may be executed in counterparts and a copy delivered via electronic mail or facsimile.   Each such executed copy shall be deemed an original for all purposes.

Frank A. Andrea, III, Esq.,
for Andrea & Towsky, Esqs,

Frank A. Andrea, III, Esq.

- 20 -

EXHIBIT A-3

ANDREA & TOWSKY
ATTORNEYS AND COUNSELORS AT LAW
320 OLD COUNTRY ROAD
GARDEN CITY, NEW YORK 11530
_____

(516) 739-0081
TELEFAX (516) 739-0088
WWW.ANDREAANDTOWSKY.COM

FRANK A. ANDREA, III
ROBERT L. TOWSKY

_____

LESLIE LOPEZ
MATTHEW J. DUELL

OF COUNSEL

ALBERT J. FIORELLA (1927-2009)
THOMAS H. HANNA, JR.
DOMINIC T. D'ASCOLI

June 23, 2014

RD Legal Funding, LLC
45 Legion Drive
Cresskill, NJ 07626

Attn: Ms. Arielle Walter

Re:   John Feal - Claim No.:  VCF0016487
      September 11th Victim Compensation
      Fund - Zadroga Act

Dear Ms. Walter:

Enclosed please find the original duly executed Assignment & Sale Agreement, Limited
Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment, Notice
of Assignment and the acknowledgement of assignment letter which has been executed by me.

Please forwarded the proceeds of this funding to Mr. Feal as previously directed by Mr. Feal.

Thank you for your anticipated courtesy and cooperation and please do not hesitate to contact our
office if you have any questions.

Very truly yours,

ANDREA & TOWSKY, ESQS.

FRANK A. ANDREA, III

FAA/daa
Enclosures

EXHIBIT A-3



FEB 2 0 2015

**THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE SUPERVISION OF AN ATTORNEY**

## ASSIGNMENT AND SALE AGREEMENT

This Assignment and Sale Agreement (the "Agreement") is made on February 13, 2015, between John E. Feal ("you"), with a residence address located at          REDACTED Nesconset, NY  11767 and RD Legal Funding Partners, LP ("RD", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ  07626 (each a "Party", and together the "Parties").  If more than one individual is named above, "you" shall mean each and every such individual.

## DISCLOSURE STATEMENT

| | | | |
|---|---|---|---|
| 1. | **Total amount to be advanced to consumer under this contract:** | | **$38,561.30** |
| 2. | **Itemized Fees:** | | |
| | Application | $ -0- | |
| | Processing | $ -0- | |
| | Attorney Review | $ -0- | |
| | Broker | $ -0- | |
| | Other (_____) | $ -0- | |
| | Total Fees: | $ -0- | |
| 3. | **Annual percentage fee (rate of return)** | | |
| | **on advance, compounded monthly:** | | **18%** |
| 4. | **Total amount to be repaid by consumer:** | | |

| | |
|---|---|
| if at 6 months: | $28,076.77 |
| if at 12 months: | $24,163.92 |
| if at 18 months: | $19,885.43 |
| if at 24 months: | $15,207.15 |
| if at 30 months: | $10,091.72 |
| if at 36 months: | $ 5,465.56 |

**WHEREAS**, you are the client of Andrea & Towsky,  Esqs., the law firm that represented you and other plaintiff(s), with reference to the September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0016487 (the "Case"), and you have an interest in the Case;

**WHEREAS**, as of January 02, 2011, the September 11th Victim Compensation Fund, overseen by Special Master Sheila Birnbaum, has been set-up for claimants who are deemed to have proved eligible loss based on the requirements of the Zadroga Act in the total amount of $2,775,000,000.00 (the "Judgment"), including an Award to you in the amount of $699,509.06 (the "Award") as determined by a claims evaluator per the Award letter dated May 15, 2014.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-4

193293v2 9/19/13(01/06/14)

**WHEREAS**, you own all right, title and interest in the Award;

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award to RD; and

NOW, THEREFORE, you and we agree as follows:

### 1.   Assignments and Consideration

(a)   You hereby sell and assign to RD your interest in $69,950.90 (Sixty Nine Thousand Nine Hundred Fifty Dollars and 90 Cents) of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests").

(b)   In return for the Property, RD will pay to you the sum of $38,561.30 (Thirty Eight Thousand Five Hundred Sixty One Dollars and 30 Cents) (the "Purchase Price").

(c)   **This transaction is a true sale and assignment of the Property to RD and provides RD with the full risks and benefits of ownership of the Property.** However, you retain all obligations, liabilities and expenses under or in respect of the Award.

(d)   Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement.  This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

You grant to RD a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

### 2.   Procedure for Paying Property Amount to RD

The entire Property Amount will be paid to RD from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

### 4.   Representations, Warranties and Assignments: You represent and warrant to RD that:

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-4

193293v2 9/19/13(01/06/14)

(a)     Andrea & Towsky, Esqs. are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any offset or defense.

(b)     You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RD. You have not previously sold or assigned the Property, in whole or in part, to any other party. Upon RD's payment to you of the Purchase Price, RD will own the Property free and clear of any Adverse Interests.

(c)     You have the legal capacity to execute and perform this Agreement.

(d)     You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e)     The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)     There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets. You are not the subject of any legal proceeding. The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)     All of the information that you have provided to RD is true and complete in all respects. You understand that RD has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)     You have not engaged in any acts or conduct or made any omissions that will potentially result in RD receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)     You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment. There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)     This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(k)     You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

EXHIBIT A-4

193293v2 9/19/13(01/06/14)

**5.** **Covenants.** You covenant to RD that:

(a)     If before payment of the full Purchase Price RD discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), RD may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse RD for *the costs of* doing so; (ii) terminate its obligations under this Agreement at which time you will return to RD the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

(b)     When requested, you will promptly execute any additional documents and take whatever further actions RD reasonably determines are necessary or desirable to perfect the assignment of the Property to RD or to carry out the terms of this Agreement.

(c)     You will immediately advise RD if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to RD in accordance with RD's instructions.  If you fail to do so, you will be in breach of the Agreement.

(d)     At RD's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and RD may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to RD instead of (and not to) you.

(e)     You understand that you are giving up all of your interest in the Property.

(f)     You will notify RD in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

I.     A Breach occurs;

II.     You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

III.     Any other event which could potentially encumber the Property; or

IV.     A change in the information that RD may use to contact you (including, but not limited to a change of address, telephone number, etc.).

US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

**(PLEASE DO NOT SEND CONTRACT PAPERWORK TO THE CALIFORNIA OFFICE)**

With a copy to **General Counsel:**
RD LEGAL COMPANIES
7344 Magnolia Avenue, Suite 110
Riverside, CA 92504
Attn: Irena Leigh Norton, Esq.
Phone: (951) 359-3205
Fax: (951) 637-0627
Email: inorton@legalfunding.com

or to such other address or addresses that RD may otherwise provide. The notice required by this provision shall be considered to have been given by you when it is received by RD.

6.    **Other Agreements**

(a)    <u>Excess Payment to RD</u>.  If RD receives payment with respect to the Case in an amount that exceeds the Property Amount, RD will promptly pay the excess amount to you.

(b)    <u>Best Evidence</u>.  In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

(c)    <u>Equitable Relief</u>.  Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

(d)    <u>Entire Agreement</u>.  This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-4

193293v2 9/19/13(01/06/14)

(e)   Enforcement.  The prevailing Party in any action or other proceeding involving
the interpretation, defense, or enforcement of this Agreement will be entitled to
recover its reasonable attorney's fees and expenses from the unsuccessful Party.
Reasonable attorney's fees and expenses will be presumed to be the product of the
number of hours spent on the matter by the prevailing Party's attorney and the
hourly billing rate charged to the prevailing Party by its attorney in similar
matters (subject to rebuttal only by the introduction of competent *evidence to the*
contrary).

(f)   Assignment.  RD may, and you may not, assign this Agreement or any of the
rights, interests or obligations under this Agreement to any other person.  RD
may also pledge or grant a security interest in the Property.  This Agreement is
binding on the Parties' successors [heirs] and permitted assignees.

(g)   Third-Party Beneficiary.  This Agreement does not create, and shall not be
construed to create, any rights enforceable by any person that is not a Party to this
Agreement, other than a permitted assignee of RD.

(h)   No Recourse.  RD is purchasing all of your interest in the Property without
recourse against you (other than for a Breach).  This means that, in the event RD
for any reason (other than your Breach of this Agreement) does not receive all of
the Property Amount, you will have no obligation to pay RD any portion of the
Purchase Price that RD paid to you.

(i)   Severability.  If any portion of this Agreement is determined by a court of
competent jurisdiction to be unenforceable, the remainder of the Agreement will
continue in full force and effect unless a failure of consideration would result.

**7.   Governing Law; Exclusive Jurisdiction:**  This Agreement is governed by and construed
in accordance with the laws of the State of New Jersey.  If a lawsuit or other proceeding arises
out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal
Courts of the State of New Jersey.

**9.   Additional Purchase Price:**  If no Breach has occurred and RD receives payment of the
full Property Amount by any of the following dates, RD will pay to you the following additional
consideration in the form of an increase in the Purchase Price:

(A)   If Assignee receives a wire transfer on or before February 28, 2015,
Assignor shall be entitled to an Additional Purchase Price of $31,080.81

(B)   If Assignee receives a wire transfer between March 01, 2015 and March 31, 2015
Assignor shall be entitled to an Additional Purchase Price of $30,497.76

(C)   If Assignee receives a wire transfer between April 01, 2015 and April 30, 2015
Assignor shall be entitled to an Additional Purchase Price of $29,905.96

(D)   If Assignee receives a wire transfer between May 01, 2015 and May 31, 2015
Assignor shall be entitled to an Additional Purchase Price of $29,305.29

- 6 -                                     US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-4

193293v2 9/19/13(01/06/14)

(E) If Assignee receives a wire transfer between June 01, 2015 and June 30, 2015
Assignor shall be entitled to an Additional Purchase Price of $28,695.60

(F) If Assignee receives a wire transfer between July 01, 2015 and July 31, 2015
Assignor shall be entitled to an Additional Purchase Price of $28,076.77

(G) If Assignee receives a wire transfer between August 01, 2015 and August 31, 2015
Assignor shall be entitled to an Additional Purchase Price of $27,448.66

(H) If Assignee receives a wire transfer between September 01, 2015 and September 30, 2015
Assignor shall be entitled to an Additional Purchase Price of $26,811.13

(I) If Assignee receives a wire transfer between October 01, 2015 and October 31, 2015
Assignor shall be entitled to an Additional Purchase Price of $26,164.03

(J) If Assignee receives a wire transfer between November 01, 2015 and November 30, 2015
Assignor shall be entitled to an Additional Purchase Price of $25,507.23

(K) If Assignee receives a wire transfer between December 01, 2015 and December 31, 2015
Assignor shall be entitled to an Additional Purchase Price of $24,840.57

(L) If Assignee receives a wire transfer between January 01, 2016 and January 31, 2016
Assignor shall be entitled to an Additional Purchase Price of $24,163.92

(M) If Assignee receives a wire transfer between February 01, 2016 and February 29, 2016
Assignor shall be entitled to an Additional Purchase Price of $23,477.11

(N) If Assignee receives a wire transfer between March 01, 2016 and March 31, 2016
Assignor shall be entitled to an Additional Purchase Price of $22,780.00

(O) If Assignee receives a wire transfer between April 01, 2016 and April 30, 2016
Assignor shall be entitled to an Additional Purchase Price of $22,072.44

(P) If Assignee receives a wire transfer between May 01, 2016 and May 31, 2016
Assignor shall be entitled to an Additional Purchase Price of $21,354.26

(Q) If Assignee receives a wire transfer between June 01, 2016 and June 30, 2016
Assignor shall be entitled to an Additional Purchase Price of $20,625.32

(R) If Assignee receives a wire transfer between July 01, 2016 and July 31, 2016
Assignor shall be entitled to an Additional Purchase Price of $19,885.43

(S) If Assignee receives a wire transfer between August 01, 2016 and August 31, 2016
Assignor shall be entitled to an Additional Purchase Price of $19,134.45

(T) If Assignee receives a wire transfer between September 01, 2016 and September 30, 2016
Assignor shall be entitled to an Additional Purchase Price of $18,372.20

(U) If Assignee receives a wire transfer between October 01, 2016 and October 31, 2016

- 7 -                                                US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-4

193293v2 9/19/13(01/06/14)

Assignor shall be entitled to an Additional Purchase Price of $17,598.52

(V)   If Assignee receives a wire transfer between November 01, 2016 and November 30, 2016
Assignor shall be entitled to an Additional Purchase Price of $16,813.24

(W)   If Assignee receives a wire transfer between December 01, 2016 and December 31, 2016
Assignor shall be entitled to an Additional Purchase Price of $16,016.17

(X)   If Assignee receives a wire transfer between January 01, 2017 and January 31, 2017
Assignor shall be entitled to an Additional Purchase Price of $15,207.15

(Y)   If Assignee receives a wire transfer between February 01, 2017 and February 28, 2017
Assignor shall be entitled to an Additional Purchase Price of $14,385.99

(Z)   If Assignee receives a wire transfer between March 01, 2017 and March 31, 2017
Assignor shall be entitled to an Additional Purchase Price of $13,552.52

(AA)   If Assignee receives a wire transfer between April 01, 2017 and April 30, 2017
Assignor shall be entitled to an Additional Purchase Price of $12,706.55

(BB)   If Assignee receives a wire transfer between May 01, 2017 and May 31, 2017
Assignor shall be entitled to an Additional Purchase Price of $11,847.88

(CC)   If Assignee receives a wire transfer between June 01, 2017 and June 30, 2017
Assignor shall be entitled to an Additional Purchase Price of $10,976.33

(DD)   If Assignee receives a wire transfer between July 01, 2017 and July 31, 2017
Assignor shall be entitled to an Additional Purchase Price of $10,091.72

(EE)   If Assignee receives a wire transfer between August 01, 2017 and August 31, 2017
Assignor shall be entitled to an Additional Purchase Price of $9,193.83

(FF)   If Assignee receives a wire transfer between September 01, 2017 and September 30, 2017
Assignor shall be entitled to an Additional Purchase Price of $8,282.47

(GG)   If Assignee receives a wire transfer between October 01, 2017 and October 31, 2017
Assignor shall be entitled to an Additional Purchase Price of $7,357.45

(HH)   If Assignee receives a wire transfer between November 01, 2017 and November 30, 2017
Assignor shall be entitled to an Additional Purchase Price of $6,418.54

(II)   If Assignee receives a wire transfer between December 01, 2017 and December 31, 2017
Assignor shall be entitled to an Additional Purchase Price of $5,465.56

(JJ)   If Assignee receives a wire transfer between January 01, 2018 and January 31, 2018
Assignor shall be entitled to an Additional Purchase Price of $4,498.28

(KK)   If Assignee receives a wire transfer between February 01, 2018 and February 28, 2018
Assignor shall be entitled to an Additional Purchase Price of $3,516.49

EXHIBIT A-4

193293v2 9/19/13(01/06/14)

     (LL)   If Assignee receives a wire transfer between March 01, 2018 and March 31, 2018 Assignor shall be entitled to an Additional Purchase Price of $2,519.97

     (MM)   If Assignee receives a wire transfer between April 01, 2018 and April 30, 2018 Assignor shall be entitled to an Additional Purchase Price of $1,508.51

WAIVER OF TRIAL BY JURY.

     EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.

## NEW YORK CONSUMER'S RIGHT TO CANCELLATION

     YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.

     For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation. All checks intended to cancel the transaction should be mailed to: RD Legal Funding Partners, LP, PO Box 12428, Newark, NJ 07101-3528.

### IMPORTANT NOTICE

     This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.

     DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACE. BEFORE YOU SIGNTHIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF YOUR ATTORNEY. YOU ARE ENTITLED TO

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-4

193293v2 9/19/13(01/06/14)

**A COMPLETELY FILLED IN COPY OF THIS CONTRACT.**

**10.     Date of Execution:**  This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to RD at its offices (all containing original signatures), (ii) RD receives from Andrea & Towsky,  Esqs. or "you" the Notice of Assignment to Andrea & Towsky,  Esqs. and the letter addressed to RD from Andrea & Towsky,  Esqs. acknowledging RD's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RD.

**11.     Wire Instructions:**  *Please send or transmit payment subject to this Agreement to RD Legal Funding Partners, LP at:*

> Bank:  BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL  60603
> Account Title:  RD Legal Funding Partners, LP
> Account Number:REDACTED
> ABA Number:  071000288

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-4

193293v2 9/19/13(01/06/14)

## IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The Parties have executed this Agreement as of the date first written above.

_____
Signature of Individual

_____
Printed Name of Individual

RD LEGAL FUNDING PARTNERS, LP

By: _____

_____
Printed Name

_____
Title

- 11 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-4

193293v2 9/19/13(01/06/14)

## Limited Irrevocable Power of Attorney

I, John E. Feal, appoint Roni Dersovitz or any other managers, members or officers of RD Legal Funding Partners, LP ("RD"), whose principal place of business is located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, as my true and lawful attorney for the following purposes:

(A) To endorse and deposit any and all checks payable to me with respect to my Award in the matter entitled September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0016487 (the "Checks"), a portion of which I assigned to RD as evidenced by the attached Agreement.

I understand that by executing this Power of Attorney, I am giving up the right to endorse and deposit the Checks, except as otherwise authorized by RD. This Power of Attorney may not be revoked or changed except upon written agreement of RD.

BY: _____     Date: 2 | 17 / 15
    John E. Feal

- 12 -                                              US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-4

193293v2 9/19/13(01/06/14)

## ACKNOWLEDGMENT

STATE OF NEW YORK}

                         SS:

*Nassau*

COUNTY OF ~~SUFFOLK~~}

     **BE IT REMEMBERED** that on date before me personally appeared John E. Feal, who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.

NOTARY PUBLIC

DEIRDRE A. AMORIELLO
Notary Public, State of New York
No. 01AM4918891
Qualified in Nassau County
Commission Expires Feb. 1, 2018

- 13 -

EXHIBIT A-4

193293v2 9/19/13(01/06/14)

## CERTIFICATION OF TRUTHFULNESS

I, John E. Feal, hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Funding Partners, LP, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit-Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.

By: _____
John E. Feal

$\underline{2|17|15}$
Date

- 14 -                                     US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-4

193293v2 9/19/13(01/06/14)

## Spousal Acknowledgment

I, Marzena E. Feal hereby acknowledge the following:

(1) I am the spouse of John E. Feal, who is a Party to this Agreement;

(2) I have read and understood the terms of, and been provided with, a copy of the Agreement;

(3) By virtue of this Agreement, my spouse has assigned $69,950.90 (Sixty Nine Thousand Nine Hundred Fifty Dollars and 90 Cents) of his interest in the case regarding September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0016487 (the "Property") to RD Legal Funding Partners, LP ("RD"); and

(4) To the best of my knowledge, my spouse (a) is not involved in any bankruptcy, insolvency or other legal proceedings that could affect his/her assets, (b) has paid or made adequate provision for payment of all federal, state and local taxes that are due, (c) has no tax or other governmental liens against him/her or his/her interest in the judgment, (d) is not indebted to me or any former spouse for support, maintenance or similar obligations, or to any child or the child's guardian for any child support or similar payments, and (e) has not transferred or assigned, and has no plans to transfer or assign, any portion of his/her interest in the judgment to any other party or person.

The undersigned has executed this Acknowledgment as of __February  17__ , 20_15_.

__Marzena Feal__
Signature

__MARZENA FEAL__
Printed Name

### ACKNOWLEDGMENT

STATE OF NEW YORK}

SS:

COUNTY OF ~~QUEENS~~ Nassau

I certify that on this _17th_ day of _February_ , 20_15_, __MARZENA FEAL__ personally came before me and acknowledged under oath, to my satisfaction, that this person is the person named in and who personally signed this Acknowledgment and signed, sealed and delivered such Acknowledgment as his or her own act and deed.

__Deidre A. Amoriello__
NOTARY PUBLIC

- 15 -                                    US_ACTIVE-110091304-RMJAWORS

DEIRDRE A. AMORIELLO
Notary Public, State of New York
No. 01AM4918891
Qualified in Nassau County
Commission Expires Feb. 1, 20

EXHIBIT A-4

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:     September 11 Victim Compensation Fund
        Claims Processing Center
        1100 L. Street, N.W. – Suite 3000
        Washington, DC 20005

RE:     September 11th Victim Compensation Fund - Zadroga Act
        John E. Feal – Claim No. VCF0016487

        You are hereby notified that on February 13, 2015, John E. Feal ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0016487 that is assigned to RD is the amount of $69,950.90 (Sixty Nine Thousand Nine Hundred Fifty Dollars and 90 Cents) (the "Property Amount"). You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No. REDACTED
        PO Box 12428
        Newark, NJ 07101-3528

By: _____                      Date: __2/20/15__
        Authorized Representative

Assignor: _____
By: _____                      Date: __2/17/15__
        *[Printed name of individual signing]*

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-4

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:     Andrea & Towsky, Esqs.
        320 Old Country Road
        Suite 202
        Garden City, NY 11530

        Attn: Frank A. Andrea, III, Esq.

RE:     September 11th Victim Compensation Fund - Zadroga Act
        John E. Feal – Claim No. VCF0016487

        You are hereby notified that on February 13, 2015, John E. Feal ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0016487 that is assigned to RD is the amount of $69,950.90 (Sixty Nine Thousand Nine Hundred Fifty Dollars and 90 Cents) (the "Property Amount").  You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties.  You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Funding Partners, LP *(Payment address only)*                Tax I.D. No. REDACTED
    PO Box 12428
    Newark, NJ 07101-3528

By: _____                          Date: __2/20/15__
        Authorized Representative

Assignor: _____

By: _____                          Date: 2/17/15
    *[Printed name of individual signing]*

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-4

193293v2 9/19/13(01/06/14)

**Andrea & Towsky, Esqs.**
**320 Old Country Road, Suite 202**
**Garden City, NY 11530**

February 13, 2015

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:     September 11th Victim Compensation Fund - Zadroga Act
        John E. Feal – Claim No. VCF0016487

Dear Mr. Dersovitz:

        This will acknowledge that our client, John E. Feal, (Assignor), has assigned $69,950.90
(Sixty Nine Thousand Nine Hundred Fifty Dollars and 90 Cents) of his interest in the judgment
proceeds of the referenced case to RD Legal Funding Partners, LP ("RD") pursuant to the
Assignment and Sale Agreement(s) dated February 13, 2015, a copy of which is attached to and
made a part of this communication. We acknowledge receipt of the Notice of assignment duly
executed by our client, John E. Feal.

        Andrea & Towsky, Esqs., by the signature below of Frank A. Andrea, III, Esq., advises
you that as of the above date, it is not in written receipt of any past lien upon the judgment
proceeds which may be received by the Assignor.

        We further acknowledge RD's lien on Assignor's interest in the subject judgment
proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment
received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at
P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale
Agreement(s) dated February 13, 2015.

        This letter may be executed in counterparts and a copy delivered via electronic mail or
facsimile. Each such executed copy shall be deemed an original for all purposes.

Frank A. Andrea, III, Esq.,
for Andrea & Towsky, Esqs.,

- 18 -                              US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-4



JAN 1 4 2014

## THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE SUPERVISION OF AN ATTORNEY

### ASSIGNMENT AND SALE AGREEMENT

This Assignment and Sale Agreement (the "Agreement") is made on January 10, 2014, between Colin M. Acosta, III ("you"), with a residence address located at REDACTED REDACTED Hempstead, NY 11552 and RD Legal Funding Partners, LP ("RD", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626 (each a "Party", and together the "Parties"). If more than one individual is named above, "you" shall mean each and every such individual.

## YOUR ATTENTION IS DRAWN TO THE DISPUTE RESOLUTION PROVISION IN SECTION 8. IF A DISPUTE ARISES BETWEEN US, YOU OR WE MAY REQUIRE THAT IT BE RESOLVED THROUGH BINDING ARBITRATION, RATHER THAN BY JURY TRIAL.

**WHEREAS**, you are the client of Andrea & Towsky, Esqs., the law firm that represented you and other plaintiff(s), with reference to the September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0016487 (the "Case"), and you have an interest in the Case;

**WHEREAS**, as of January 02, 2011, the September 11th Victim Compensation Fund, overseen by Special Master Sheila Birnbaum, has been set-up for claimants who are deemed to have proved eligible loss based on the requirements of the Zadroga Act in the total amount of $2,775,000,000.00 (the "Judgment"), including an Award to you in the amount of $665,954.61 (the "Award") as determined by a claims evaluator per the Award letter dated October 15, 2013.

**WHEREAS**, you own all right, title and interest in the Award;

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award to RD; and

NOW, THEREFORE, you and we agree as follows:

### 1.    Assignments and Consideration

(a)    You hereby sell and assign to RD your interest in $186,349.60 (One Hundred Eighty Six Thousand Three Hundred Forty Nine Dollars and 60 Cents) of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests").

(b)    In return for the Property, RD will pay to you the sum of $76,272.14 (Seventy Six Thousand Two Hundred Seventy Two Dollars and 14 Cents) (the "Purchase

193293v2 9/19/13(01/06/14)

Price"). Assignor expressly consents to have withheld from the Purchase Price the amount of $1,146.27 to be applied to pay Andrea & Towsky, Esqs. legal fee.

(c)     **This transaction is a true sale and assignment of the Property to RD and provides RD with the full risks and benefits of ownership of the Property.** However, you retain all obligations, liabilities and expenses under or in respect of the Award.

(d)     Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

You grant to RD a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

## 2.     **Procedure for Paying Property Amount to RD**

The entire Property Amount will be paid to RD from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

## 4.     **Representations, Warranties and Assignments:** You represent and warrant to RD that:

(a)     Andrea & Towsky, Esqs. are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any offset or defense.

(b)     You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RD. You have not previously sold or assigned the Property, in whole or in part, to any other party. Upon RD's payment to you of the Purchase Price, RD will own the Property free and clear of any Adverse Interests.

(c)     You have the legal capacity to execute and perform this Agreement.

(d)     You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-5

193293v2 9/19/13(01/06/14)

(e)     The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)     There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets. You are not the subject of any legal proceeding. The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)     All of the information that you have provided to RD is true and complete in all respects. You understand that RD has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)     You have not engaged in any acts or conduct or made any omissions that will potentially result in RD receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)     You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment. There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)     This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(k)     You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

5.     **Covenants.**  You covenant to RD that:

(a)     If before payment of the full Purchase Price RD discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), RD may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse RD for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to RD the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

(b)     When requested, you will promptly execute any additional documents and take whatever further actions RD reasonably determines are necessary or desirable to

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-5

193293v2 9/19/13(01/06/14)

        perfect the assignment of the Property to RD or to carry out the terms of this Agreement.

(c)    You will immediately advise RD if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to RD in accordance with RD's instructions. If you fail to do so, you will be in breach of the Agreement.

(d)    At RD's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and RD may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to RD instead of (and not to) you.

(e)    You understand that you are giving up all of your interest in the Property.

(f)    You will notify RD in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

    I.    A Breach occurs;

    II.    You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

    III.    Any other event which could potentially encumber the Property; or

    IV.    A change in the information that RD may use to contact you (including, but not limited to a change of address, telephone number, etc.).

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

**(PLEASE DO NOT SEND CONTRACT PAPERWORK TO THE CALIFORNIA OFFICE)**

With a copy to **General Counsel:**
RD LEGAL COMPANIES
7344 Magnolia Avenue, Suite 110

- 4 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-5

193293v2 9/19/13(01/06/14)

Riverside, CA 92504
Attn: Irena Leigh Norton, Esq.
Phone: (951) 359-3205
Fax: (951) 637-0627
Email: inorton@legalfunding.com

or to such other address or addresses that RD may otherwise provide. The notice required by this
provision shall be considered to have been given by you when it is received by RD.

## 6.    Other Agreements

(a)     Excess Payment to RD.  If RD receives payment with respect to the Case in an
        amount that exceeds the Property Amount, RD will promptly pay the excess
        amount to you.

(b)     Best Evidence.  In any proceeding involving this Agreement or any other
        document related to this Agreement, a photocopy or digital copy of this
        Agreement will be irrefutable proof and constitute the best evidence of the
        Agreement and neither you nor we will object to it.

(c)     Equitable Relief.  Each of the Parties will be irreparably harmed if any of the
        provisions of this Agreement is not performed in accordance with its terms or is
        breached, and will thereby be entitled to the remedy of specific performance or
        injunctive or similar equitable relief, in addition to any other remedy available at
        law or in equity.

(d)     Entire Agreement.  This Agreement contains the entire agreement between the
        Parties, supersedes all previous oral or written agreements with regard to the same
        subject matter, and may be modified only by a written instrument duly executed
        by both Parties.

(e)     Enforcement.  The prevailing Party in any action or other proceeding involving
        the interpretation, defense, or enforcement of this Agreement will be entitled to
        recover its reasonable attorney's fees and expenses from the unsuccessful Party.
        Reasonable attorney's fees and expenses will be presumed to be the product of the
        number of hours spent on the matter by the prevailing Party's attorney and the
        hourly billing rate charged to the prevailing Party by its attorney in similar
        matters (subject to rebuttal only by the introduction of competent evidence to the
        contrary).

(f)     Assignment.  RD may, and you may not, assign this Agreement or any of the
        rights, interests or obligations under this Agreement to any other person.  RD
        may also pledge or grant a security interest in the Property.  This Agreement is
        binding on the Parties' successors [heirs] and permitted assignees.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-5

193293v2 9/19/13(01/06/14)

(g) Third-Party Beneficiary. This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of RD.

(h) No Recourse. RD is purchasing all of your interest in the Property without recourse against you (other than for a Breach). This means that, in the event RD for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay RD any portion of the Purchase Price that RD paid to you.

(i) Severability. If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

**7. Governing Law; Exclusive Jurisdiction:** This Agreement is governed by and construed in accordance with the laws of the State of New York. If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New York

## 8. DISPUTE RESOLUTION

PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY. THIS SECTION CONTAINS IMPORTANT INFORMATION REGARDING HOW DISPUTES UNDER THIS AGREEMENT WILL BE RESOLVED. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY DISPUTES BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, THE DISPUTE IS SUBMITTED TO A NEUTRAL PARTY, AN ARBITRATOR, INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT.

**Agreement to Arbitrate Disputes.** Either you or we may elect, without the other's consent, to require that any dispute between us relating to this Agreement be resolved by binding arbitration.

**Disputes Covered by Arbitration.** Any claim or dispute relating to or arising out of this Agreement, or our relationship will be subject to arbitration. All disputes are subject to arbitration, no matter on what legal theory they are based or what remedy (damages, or injunctive or declaratory relief) they seek. Disputes include any unresolved claims concerning payments made or due under the terms of this Agreement, any Breach of this Agreement or of any of the representations, warranties or covenants agreed to under this Agreement.

Disputes include not only claims made directly by you, but also made by anyone connected with you or claiming through you, such as a parent, child, guardian, representative, agent, heir, or trustee in bankruptcy. Disputes also include not only claims that relate directly to RD, but also its parent, affiliates, successors, assignees, employees, and agents and claims for

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-5

193293v2 9/19/13(01/06/14)

which we may be directly or indirectly liable, even if we are not properly named at the time the claim is made. Disputes include claims based on any theory of law, contract, statute, regulation, tort (including fraud or any intentional tort), or any other legal or equitable ground, and include claims made as counterclaims, cross-claims, third party claims, interpleaders or otherwise.

A Party who initiates a proceeding in court may elect arbitration with respect to any dispute advanced in that proceeding by any other party. Disputes include claims made as part of a class action or other representative action, it being expressly understood and agreed to that the arbitration of such claims must proceed on an individual (non-class, non-representative) basis. Disputes also include claims relating to the enforceability or interpretation of any of these arbitration provisions. Any questions about whether disputes are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

**Commencing an Arbitration.** The Party filing an arbitration must choose one of the following neutral arbitration forums and follow its rules and procedures for initiating and pursuing an arbitration: American Arbitration Association or JAMS. If you initiate the arbitration, you must notify us in writing at RD Legal Funding Partners, LP, 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, Attn: Roni Dersovitz. If we initiate the arbitration, we will notify you in writing at your last known address on file. You may obtain a copy of the arbitration rules for these forums, as well as additional information about initiating an arbitration by contacting these arbitration forums:

| | |
|---|---|
| American Arbitration Association | JAMS |
| 1-800-778-7879 (toll-free) | 1-800-352-5267 (toll-free) |
| Website: www.adr.org | Website: www.jamsadr.com. |

The arbitration shall be conducted in the same city as the U.S. District Court closest to your home address, unless the parties agree to a different location in writing.

**Administration of Arbitration.** The arbitration will be decided by a single, neutral arbitrator. The arbitrator will be either a lawyer with at least ten years experience or a retired or former judge, selected in accordance with the rules of the arbitration forum. The arbitrator shall follow procedures and rules of the arbitration forum in effect on the date the arbitration is filed unless those rules and procedures are inconsistent with this arbitration provision, in which case this arbitration provision will prevail. Those procedures and rules may limit the discovery available to you or us. The arbitrator will take reasonable steps to protect personal information and other confidential information if requested to do so by you or us. The arbitrator shall decide the dispute in accordance with applicable substantive law consistent with the Federal Arbitration Act and applicable statutes of limitations, will honor claims of privilege recognized at law, and will be empowered to award any damages or other relief provided for under applicable law. The arbitrator will not have the power to award relief to, or against, any person who is not a party to the arbitration.

An award in arbitration shall determine the rights and obligations between the named parties only, and only in respect of the claims in arbitration, and shall not have any bearing on

- 7 -

193293v2 9/19/13(01/06/14)

the rights and obligations of any other person, or on the resolution of any other dispute. You or we may choose to have a hearing and be represented by counsel. The decision rendered by the arbitrator shall be in writing; however, the arbitrator need not provide a statement of his reasons unless one is requested by you or us.

**Costs.** The Party initiating the arbitration shall pay the initial filing fee. If you file the arbitration and an award is rendered in your favor, we will reimburse you for your filing fee. If there is a hearing, we will pay the fees and costs for the first day of that hearing. All other fees and costs will be allocated in accordance with the rules of the arbitration forum. However, we will advance or reimburse filing and other fees if the arbitrator rules that you cannot afford to pay them or finds other good cause for requiring us to do so, or if you ask us and we determine there is good reason for doing so. Each party shall bear the expense of their respective attorneys, experts, and witnesses and other expenses, regardless of who prevails, but a party may recover any or all expenses from another party if the arbitrator, applying applicable law, so determines.

**No Class Action or Joinder of Parties.** You and we agree that no class action, private attorney general or other representative claims may be pursued in arbitration, nor may such action be pursued in court if either you or we elect arbitration. Unless mutually agreed to by you and us, claims of two or more persons may not be joined, consolidated, or otherwise brought together in the same arbitration (unless those persons are parties to a single transaction or related transaction); this is so whether or not the claim may have been assigned.

**Right to Resort to Provisional Remedies Preserved.** Nothing in this section shall be deemed to limit or constrain our right to resort to self-help remedies, such as the right of setoff or the right to exercise any security interest or lien we may hold on property, or to comply with legal process, or to obtain provisional remedies such as injunctive relief, attachment, or garnishment by a court having appropriate jurisdiction; provided, however, that you or we may elect to arbitrate any dispute related to such provisional remedies.

**Arbitration Award.** The arbitrator's award shall be final and binding unless a party appeals it in writing to the arbitration forum within fifteen days of notice of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators selected in accordance with the rules of the same arbitration forum. The panel will consider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Costs will be allocated in the same way they are allocated before a single arbitrator. An award by a panel is final and binding on the parties after fifteen (15) days have passed. A final and binding award is subject to judicial intervention or review only to the extent allowed under the Federal Arbitration Act. A Party may seek to have a final and binding award entered as a judgment in any court having jurisdiction.

**Governing Law.** You and we agree that our relationship includes transactions involving interstate commerce and that these arbitration provisions are governed by, and enforceable under, the Federal Arbitration Act.

**Severability, Survival.** These arbitration provisions shall survive: (i) termination of this Agreement; (ii) the bankruptcy of any Party; and (iii) the transfer or assignment of this

EXHIBIT A-5

193293v2 9/19/13(01/06/14)

Agreement. If any portion of this arbitration provision is deemed invalid or unenforceable, the entire arbitration provision shall not remain in force. No provision of this arbitration provision may be amended, severed or waived absent a written agreement between you and us.

**9.     Additional Purchase Price**: If no Breach has occurred and RD receives payment of the full Property Amount by any of the following dates, RD will pay to you the following additional consideration in the form of an increase in the Purchase Price:

(A)   If Assignee receives a wire transfer on or before January 31, 2014,
      Assignor shall be entitled to an Additional Purchase Price of $109,304.30

(B)   If Assignee receives a wire transfer between February 01, 2014 and February 28, 2014
      Assignor shall be entitled to an Additional Purchase Price of $108,148.62

(C)   If Assignee receives a wire transfer between March 01, 2014 and March 31, 2014
      Assignor shall be entitled to an Additional Purchase Price of $106,975.61

(D)   If Assignee receives a wire transfer between April 01, 2014 and April 30, 2014
      Assignor shall be entitled to an Additional Purchase Price of $105,785.00

(E)   If Assignee receives a wire transfer between May 01, 2014 and May 31, 2014
      Assignor shall be entitled to an Additional Purchase Price of $104,576.53

(F)   If Assignee receives a wire transfer between June 01, 2014 and June 30, 2014
      Assignor shall be entitled to an Additional Purchase Price of $103,349.93

(G)   If Assignee receives a wire transfer between July 01, 2014 and July 31, 2014
      Assignor shall be entitled to an Additional Purchase Price of $102,104.94

(H)   If Assignee receives a wire transfer between August 01, 2014 and August 31, 2014
      Assignor shall be entitled to an Additional Purchase Price of $100,841.27

(I)   If Assignee receives a wire transfer between September 01, 2014 and September 30, 2014
      Assignor shall be entitled to an Additional Purchase Price of $99,558.64

(J)   If Assignee receives a wire transfer between October 01, 2014 and October 31, 2014
      Assignor shall be entitled to an Additional Purchase Price of $98,256.78

(K)   If Assignee receives a wire transfer between November 01, 2014 and November 30, 2014
      Assignor shall be entitled to an Additional Purchase Price of $96,935.38

(L)   If Assignee receives a wire transfer between December 01, 2014 and December 31, 2014
      Assignor shall be entitled to an Additional Purchase Price of $95,594.17

(M)   If Assignee receives a wire transfer between January 01, 2015 and January 31, 2015
      Assignor shall be entitled to an Additional Purchase Price of $94,232.84

(N)   If Assignee receives a wire transfer between February 01, 2015 and February 28, 2015

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-5

193293v2 9/19/13(01/06/14)

Assignor shall be entitled to an Additional Purchase Price of $92,851.09

(O)   If Assignee receives a wire transfer between March 01, 2015 and March 31, 2015
      Assignor shall be entitled to an Additional Purchase Price of $91,448.61

(P)   If Assignee receives a wire transfer between April 01, 2015 and April 30, 2015
      Assignor shall be entitled to an Additional Purchase Price of $90,025.10

(Q)   If Assignee receives a wire transfer between May 01, 2015 and May 31, 2015
      Assignor shall be entitled to an Additional Purchase Price of $88,580.23

(R)   If Assignee receives a wire transfer between June 01, 2015 and June 30, 2015
      Assignor shall be entitled to an Additional Purchase Price of $87,113.69

(S)   If Assignee receives a wire transfer between July 01, 2015 and July 31, 2015
      Assignor shall be entitled to an Additional Purchase Price of $85,625.15

(T)   If Assignee receives a wire transfer between August 01, 2015 and August 31, 2015
      Assignor shall be entitled to an Additional Purchase Price of $84,114.28

(U)   If Assignee receives a wire transfer between September 01, 2015 and September 30, 2015
      Assignor shall be entitled to an Additional Purchase Price of $82,580.75

(V)   If Assignee receives a wire transfer between October 01, 2015 and October 31, 2015
      Assignor shall be entitled to an Additional Purchase Price of $81,024.22

(W)   If Assignee receives a wire transfer between November 01, 2015 and November 30, 2015
      Assignor shall be entitled to an Additional Purchase Price of $79,444.34

(X)   If Assignee receives a wire transfer between December 01, 2015 and December 31, 2015
      Assignor shall be entitled to an Additional Purchase Price of $77,840.76

(Y)   If Assignee receives a wire transfer between January 01, 2016 and January 31, 2016
      Assignor shall be entitled to an Additional Purchase Price of $76,213.13

(Z)   If Assignee receives a wire transfer between February 01, 2016 and February 29, 2016
      Assignor shall be entitled to an Additional Purchase Price of $74,561.08

(AA)  If Assignee receives a wire transfer between March 01, 2016 and March 31, 2016
      Assignor shall be entitled to an Additional Purchase Price of $72,884.25

(BB)  If Assignee receives a wire transfer between April 01, 2016 and April 30, 2016
      Assignor shall be entitled to an Additional Purchase Price of $71,182.27

(CC)  If Assignee receives a wire transfer between May 01, 2016 and May 31, 2016
      Assignor shall be entitled to an Additional Purchase Price of $69,454.76

(DD)  If Assignee receives a wire transfer between June 01, 2016 and June 30, 2016
      Assignor shall be entitled to an Additional Purchase Price of $67,701.34

- 10 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-5

193293v2 9/19/13(01/06/14)

(EE)  If Assignee receives a wire transfer between July 01, 2016 and July 31, 2016
Assignor shall be entitled to an Additional Purchase Price of $65,921.62

(FF)  If Assignee receives a wire transfer between August 01, 2016 and August 31, 2016
Assignor shall be entitled to an Additional Purchase Price of $64,115.20

(GG)  If Assignee receives a wire transfer between September 01, 2016 and September 30, 2016
Assignor shall be entitled to an Additional Purchase Price of $62,281.68

(HH)  If Assignee receives a wire transfer between October 01, 2016 and October 31, 2016
Assignor shall be entitled to an Additional Purchase Price of $60,420.66

(II)  If Assignee receives a wire transfer between November 01, 2016 and November 30, 2016
Assignor shall be entitled to an Additional Purchase Price of $58,531.73

(JJ)  If Assignee receives a wire transfer between December 01, 2016 and December 31, 2016
Assignor shall be entitled to an Additional Purchase Price of $56,614.46

(KK)  If Assignee receives a wire transfer between January 01, 2017 and January 31, 2017
Assignor shall be entitled to an Additional Purchase Price of $54,668.43

(LL)  If Assignee receives a wire transfer between February 01, 2017 and February 28, 2017
Assignor shall be entitled to an Additional Purchase Price of $52,693.21

(MM)  If Assignee receives a wire transfer between March 01, 2017 and March 31, 2017
Assignor shall be entitled to an Additional Purchase Price of $50,688.37

(NN)  If Assignee receives a wire transfer between April 01, 2017 and April 30, 2017
Assignor shall be entitled to an Additional Purchase Price of $48,653.45

(OO)  If Assignee receives a wire transfer between May 01, 2017 and May 31, 2017
Assignor shall be entitled to an Additional Purchase Price of $46,588.01

(PP)  If Assignee receives a wire transfer between June 01, 2017 and June 30, 2017
Assignor shall be entitled to an Additional Purchase Price of $44,491.58

(QQ)  If Assignee receives a wire transfer between July 01, 2017 and July 31, 2017
Assignor shall be entitled to an Additional Purchase Price of $42,363.71

(RR)  If Assignee receives a wire transfer between August 01, 2017 and August 31, 2017
Assignor shall be entitled to an Additional Purchase Price of $40,203.92

(SS)  If Assignee receives a wire transfer between September 01, 2017 and September 30, 2017
Assignor shall be entitled to an Additional Purchase Price of $38,011.74

(TT)  If Assignee receives a wire transfer between October 01, 2017 and October 31, 2017
Assignor shall be entitled to an Additional Purchase Price of $35,786.67

(UU)  If Assignee receives a wire transfer between November 01, 2017 and November 30, 2017

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-5

193293v2 9/19/13(01/06/14)

Assignor shall be entitled to an Additional Purchase Price of $33,528.23

(VV)   If Assignee receives a wire transfer between December 01, 2017 and December 31, 2017 Assignor shall be entitled to an Additional Purchase Price of $31,235.91

(WW)   If Assignee receives a wire transfer between January 01, 2018 and January 31, 2018 Assignor shall be entitled to an Additional Purchase Price of $28,909.20

(XX)   If Assignee receives a wire transfer between February 01, 2018 and February 28, 2018 Assignor shall be entitled to an Additional Purchase Price of $26,547.60

(YY)   If Assignee receives a wire transfer between March 01, 2018 and March 31, 2018 Assignor shall be entitled to an Additional Purchase Price of $24,150.57

(ZZ)   If Assignee receives a wire transfer between April 01, 2018 and April 30, 2018 Assignor shall be entitled to an Additional Purchase Price of $21,717.58

(AAA)   If Assignee receives a wire transfer between May 01, 2018 and May 31, 2018 Assignor shall be entitled to an Additional Purchase Price of $19,248.10

(BBB)   If Assignee receives a wire transfer between June 01, 2018 and June 30, 2018 Assignor shall be entitled to an Additional Purchase Price of $16,741.58

(CCC)   If Assignee receives a wire transfer between July 01, 2018 and July 31, 2018 Assignor shall be entitled to an Additional Purchase Price of $14,197.46

(DDD)   If Assignee receives a wire transfer between August 01, 2018 and August 31, 2018 Assignor shall be entitled to an Additional Purchase Price of $11,615.17

(EEE)   If Assignee receives a wire transfer between September 01, 2018 and September 30, 2018 Assignor shall be entitled to an Additional Purchase Price of $8,994.16

(FFF)   If Assignee receives a wire transfer between October 01, 2018 and October 31, 2018 Assignor shall be entitled to an Additional Purchase Price of $6,333.83

(GGG)   If Assignee receives a wire transfer between November 01, 2018 and November 30, 2018 Assignor shall be entitled to an Additional Purchase Price of $3,633.59

**10.    Date of Execution:**  This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to RD at its offices (all containing original signatures), (ii) RD receives from Andrea & Towsky, Esqs. or "you" the Notice of Assignment to Andrea & Towsky, Esqs. and the letter addressed to RD from Andrea & Towsky, Esqs. acknowledging RD's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RD.

EXHIBIT A-5

193293v2 9/19/13(01/06/14)

**11.     Wire Instructions:** *Please send or transmit payment subject to this Agreement to RD Legal Funding Partners, LP at:*

Bank:  BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL  60603
Account Title:  RD Legal Funding Partners, LP
Account Number:REDACTED
ABA Number:  071000288

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-5

193293v2 9/19/13(01/06/14)

## IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The Parties have executed this Agreement as of the date first written above.

_____
Signature of Individual (Colin M. Acosta, III)

_____
Printed Name of Individual (Colin M. Acosta, III)

RD LEGAL FUNDING PARTNERS, LP

By: _____

_____
Printed Name

_____
Title

- 14 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-5

193293v2 9/19/13(01/06/14)

## Limited Irrevocable Power of Attorney

I, Colin M. Acosta, III, appoint Roni Dersovitz or any other managers, members or officers of RD Legal Funding Partners, LP ("RD"), whose principal place of business is located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, as my true and lawful attorney for the following purposes:

(A) To endorse and deposit any and all checks payable to me with respect to my Award in the matter entitled September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0016487 (the "Checks"), a portion of which I assigned to RD as evidenced by the attached Agreement.

I understand that by executing this Power of Attorney, I am giving up the right to endorse and deposit the Checks, except as otherwise authorized by RD. This Power of Attorney may not be revoked or changed except upon written agreement of RD.

BY: _____     Date: 1/13/14
Colin M. Acosta, III

- 15 -                                         US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-5

193293v2 9/19/13(01/06/14)

## ACKNOWLEDGMENT

STATE OF NEW YORK }

SS:

COUNTY OF SUFFOLK}

**BE IT REMEMBERED** that on date before me personally appeared Colin M. Acosta, III, who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.

**FRANK A. ANDREA, III**
**Notary Public, State of New York**
No.02AN4769624
**Qualified in Suffolk County**
**Commission Expires Nov. 30, 20/4**

NOTARY PUBLIC

- 16 -

EXHIBIT A-5

193293v2 9/19/13(01/06/14)

## CERTIFICATION OF TRUTHFULNESS

I, Colin M. Acosta, III, hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Funding Partners, LP, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit-Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.

By: _____
Colin M. Acosta, III

_____1/13/14_____
Date

- 17 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-5

193293v2 9/19/13(01/06/14)

## Spousal Acknowledgment

I, Stephanie A. Acosta hereby acknowledge the following:

(1) I am the spouse of Colin M. Acosta, III, who is a Party to this Agreement;

(2) I have read and understood the terms of, and been provided with, a copy of the Agreement;

(3) By virtue of this Agreement, my spouse has assigned $186,349.60 (One Hundred Eighty Six Thousand Three Hundred Forty Nine Dollars and 60 Cents) of his interest in the case regarding September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0016487 (the "Property") to RD Legal Funding Partners, LP ("RD"); and

(4) To the best of my knowledge, my spouse (a) is not involved in any bankruptcy, insolvency or other legal proceedings that could affect his/her assets, (b) has paid or made adequate provision for payment of all federal, state and local taxes that are due, (c) has no tax or other governmental liens against him/her or his/her interest in the judgment, (d) is not indebted to me or any former spouse for support, maintenance or similar obligations, or to any child or the child's guardian for any child support or similar payments, and (e) has not transferred or assigned, and has no plans to transfer or assign, any portion of his/her interest in the judgment to any other party or person.

The undersigned has executed this Acknowledgment as of _January 13_, 2014.

_____
Signature

_STEPhanie A. AcoSTa_
Printed Name

## ACKNOWLEDGMENT

STATE OF NEW YORK }

SS:

COUNTY OF SUFFOLK}

I certify that on this _13th_ day of _January_, 2014, _Stephanie A. Acosta_ personally came before me and acknowledged under oath, to my satisfaction, that this person is the person named in and who personally signed this Acknowledgment and signed, sealed and delivered such Acknowledgment as his or her own act and deed.

FRANK A. ANDREA, III
Notary Public, State of New York
No.02AN4769624
Qualified in Suffolk County
Commission Expires Nov. 30, 2014

_____
NOTARY PUBLIC

- 18 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-5

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:     September 11 Victim Compensation Fund
        Claims Processing Center
        1100 L. Street, N.W. – Suite 3000
        Washington, DC  20005

RE:     September 11th Victim Compensation Fund - Zadroga Act
        Colin M. Acosta, III – Claim No. VCF0016487

        You are hereby notified that on January 10, 2014, Colin M. Acosta, III ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0016487that is assigned to RD is the amount of $186,349.60 (One Hundred Eighty Six Thousand Three Hundred Forty Nine Dollars and 60 Cents) (the "Property Amount").  You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties.  You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD:  RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. NoREDACTED
        PO Box 12428
        Newark, NJ 07101-3528

By:   _____
        Authorized Representative                                              Date:  January 10, 2014

Assignor: _____

By:   _____                                Date: _1/13/14_
        *[Printed name of individual signing]*

          US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-5

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:     Andrea & Towsky, Esqs.
        320 Old Country Road
        Suite 202
        Garden City, NY 11530

        Attn: Frank A. Andrea, Esq.

RE:     September 11th Victim Compensation Fund - Zadroga Act
        Colin M. Acosta, III – Claim No. VCF0016487

        You are hereby notified that on January 10, 2014, Colin M. Acosta, III ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0016487 that is assigned to RD is the amount of $186,349.60 (One Hundred Eighty Six Thousand Three Hundred Forty Nine Dollars and 60 Cents) (the "Property Amount"). You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No.REDACTED
        PO Box 12428
        Newark, NJ 07101-3528

By: _____
        Authorized Representative                                   Date: January 10, 2014

Assignor: _____

By: _____                                         Date: 1/14/14
        [Printed name of individual signing]

          US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-5

193293v2 9/19/13(01/06/14)

**Andrea & Towsky, Esqs.**
**320 Old Country Road, Suite 202**
**Garden City, NY 11530**

January 10, 2014

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:     September 11th Victim Compensation Fund - Zadroga Act
        Colin M. Acosta, III – Claim No. VCF0016487

Dear Mr. Dersovitz:

        This will acknowledge that our client, Colin M. Acosta, III, (Assignor), has assigned
$186,349.60 (One Hundred Eighty Six Thousand Three Hundred Forty Nine Dollars and 60
Cents) of his interest in the judgment proceeds of the referenced case to RD Legal Funding
Partners, LP ("RD") pursuant to the Assignment and Sale Agreement(s) dated January 10, 2014,
a copy of which is attached to and made a part of this communication. We acknowledge receipt
of the Notice of assignment duly executed by our client, Colin M. Acosta, III.

        Andrea & Towsky, Esqs., by the signature below of Frank A. Andrea,Esq., advises you
that as of the above date, it is not in written receipt of any past lien upon the judgment proceeds
which may be received by the Assignor.

        We further acknowledge RD's lien on Assignor's interest in the subject judgment
proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment
received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at
P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale
Agreement(s) dated January 10, 2014.

        This letter may be executed in counterparts and a copy delivered via electronic mail or
facsimile. Each such executed copy shall be deemed an original for all purposes.

Frank A. Andrea, Individually
and for Andrea & Towsky, Esqs..

Frank A. Andrea, Esq.

- 21 -                                              US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-5

# ANDREA & TOWSKY

### ATTORNEYS AND COUNSELORS AT LAW
#### 320 OLD COUNTRY ROAD
#### GARDEN CITY, NEW YORK 11530

———————

(516) 739-0081
TELEFAX (516) 739-0088
WWW.ANDREAANDTOWSKY.COM

FRANK A. ANDREA, III
ROBERT L. TOWSKY

———————

LESLIE LOPEZ

OF COUNSEL

ALBERT J. FIORELLA (1927-2009)
MATTHEW J. DUELL
THOMAS H. HANNA, JR.
DOMINIC T. D'ASCOLI

January 13, 2014

Via Federal Express

RD Legal Funding Partners, LP
45 Legion Drive, 2nd floor
Cresskill, New Jersey 07626

Attn: Roni Dersovitz

RE: Colin M. Acosta

Dear Ms. Dersovitz:

Enclosed please find the following:

- Assignment and Sale Agreement;
- Spousal Acknowledgment;;
- Notices of Assignment; and
- Attorney letter.

Please process the funding as soon as possible.

Very truly yours,

ANDREA & TOWSKY, ESQS.

FRANK A. ANDREA, III

FAA/ee
Encl.

cc:   Colin M. Acosta
      225 Windsor Lane
      West Hempstead, NY 11552

EXHIBIT A-5

RECEIVED

AUG 1 8 2014

## THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE SUPERVISION OF AN ATTORNEY

### ASSIGNMENT AND SALE AGREEMENT
*(Amended and restated #2)*

This Assignment and Sale Agreement (the "Agreement") is amended and restated on August 15, 2014 replacing pages one and two of the previous Assignment and Sale Agreement dated August 13, 2014, between Colin M. Acosta, III ("you"), with a residence address located at REDACTED        West Hempstead, NY 11552 and RD Legal Funding Partners, LP ("RD", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626 (each a "Party", and together the "Parties"). If more than one individual is named above, "you" shall mean each and every such individual.

### DISCLOSURE STATEMENT

| 1. | **Total amount to be advanced to consumer under this contract:** | | $200,000.00 |
|----|----|----|----|

2. **Itemized Fees:**

| | | |
|----|----|----|
| Application | $ -0- | |
| Processing | $ -0- | |
| Attorney Review | $ -0- | |
| Broker | $ -0- | |
| Other (_____) | $ -0- | |
| **Total Fees:** | $ -0- | |

3. **Annual percentage fee (rate of return)**
   **on advance, compounded monthly:**                Not Applicable*

4. **Total amount to be repaid by consumer:**

| | |
|----|----|
| if at 6 months: | Not Applicable |
| if at 12 months: | Not Applicable |
| if at 18 months: | Not Applicable |
| if at 24 months: | Not Applicable |
| if at 30 months: | Not Applicable |
| if at 36 months: | Not Applicable |

**WHEREAS**, you are the client of Andrea & Towsky, Esqs., the law firm that represented you and other plaintiff(s), with reference to the September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0000454 (the "Case"), and you have an interest in the Case;

**WHEREAS**, as of January 02, 2011, the September 11th Victim Compensation Fund, overseen by Special Master Sheila Birnbaum, has been set-up for claimants who are deemed to have proved eligible loss based on the requirements of the Zadroga Act in the total amount of $2,775,000,000.00 (the "Judgment"), including an Award to you in the amount of $665,954.61 (the "Award") as determined by a claims evaluator per the Award letter dated October 15, 2013.

*This section is not applicable because the transaction is a purchase and not a loan

US_ACTIVE-11000*304-RMJAWORS
Initial _____

EXHIBIT A-6

193293v2 9/19/13(01/06/14)

WHEREAS, you own all right, title and interest in the Award;

WHEREAS, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award to RD; and

NOW, THEREFORE, you and we agree as follows:

1.    **Assignments and Consideration**

   (a)    You hereby sell and assign to RD your interest in $500,000.00 (Five Hundred Thousand Dollars and No Cents) of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests").

   (b)    In return for the Property, RD will pay to you the sum of $200,000.00 (Two Hundred Thousand Dollars and No Cents) (the "Purchase Price"). You consent to have withheld from the Purchase Price the portion of the Award previously purchased pursuant to Assignment and Sale Agreement dated January 15, 2014 in the amount $85,672.19, provided funding occurs on or before August 31, 2014, or $86,957.27, provided funding occurs on or before September 30, 2014). You consent to have withheld from the Purchase Price the amount of $3,000.00, to be applied to pay Andrea & Towsky, Esqs. Legal fee.

   (c)    This transaction is a true sale and assignment of the Property to RD and provides RD with the full risks and benefits of ownership of the Property. However, you retain all obligations, liabilities and expenses under or in respect of the Award.

   (d)    Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

   You grant to RD a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

2.    **Procedure for Paying Property Amount to RD**

   The entire Property Amount will be paid to RD from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

- 2 -



US_ACTIVE-110091304-RMJAWORS
Initial _____

EXHIBIT A-6

193293v2 9/19/13(01/06/14)

(a)     Andrea & Towsky, Esqs. are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any offset or defense.

(b)     You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RD. You have not previously sold or assigned the Property, in whole or in part, to any other party. Upon RD's payment to you of the Purchase Price, RD will own the Property free and clear of any Adverse Interests.

(c)     You have the legal capacity to execute and perform this Agreement.

(d)     You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e)     The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)     There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets. You are not the subject of any legal proceeding. The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)     All of the information that you have provided to RD is true and complete in all respects. You understand that RD has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)     You have not engaged in any acts or conduct or made any omissions that will potentially result in RD receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)     You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment. There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)     This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(k)     You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

- 3 -                           US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-6

193293v2 9/19/13(01/06/14)

5.    **Covenants.** You covenant to RD that:

(a)    If before payment of the full Purchase Price RD discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), RD may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse RD for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to RD the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

(b)    When requested, you will promptly execute any additional documents and take whatever further actions RD reasonably determines are necessary or desirable to perfect the assignment of the Property to RD or to carry out the terms of this Agreement.

(c)    You will immediately advise RD if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to RD in accordance with RD's instructions. If you fail to do so, you will be in breach of the Agreement.

(d)    At RD's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and RD may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to RD instead of (and not to) you.

(e)    You understand that you are giving up all of your interest in the Property.

(f)    You will notify RD in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

   I.    A Breach occurs;

   II.    You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

   III.    Any other event which could potentially encumber the Property; or

   IV.    A change in the information that RD may use to contact you (including, but not limited to a change of address, telephone number, etc.).

    US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-6

193293v2 9/19/13(01/06/14)

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

**(PLEASE DO NOT SEND CONTRACT PAPERWORK TO THE CALIFORNIA OFFICE)**

With a copy to **General Counsel:**
RD LEGAL COMPANIES
7344 Magnolia Avenue, Suite 110
Riverside, CA 92504
Attn: Irena Leigh Norton, Esq.
Phone: (951) 359-3205
Fax: (951) 637-0627
Email: inorton@legalfunding.com

or to such other address or addresses that RD may otherwise provide. The notice required by this provision shall be considered to have been given by you when it is received by RD.

## 6. Other Agreements

(a)   Excess Payment to RD. If RD receives payment with respect to the Case in an amount that exceeds the Property Amount, RD will promptly pay the excess amount to you.

(b)   Best Evidence. In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

(c)   Equitable Relief. Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

(d)   Entire Agreement. This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

- 5 -                                US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-6

193293v2 9/19/13(01/06/14)

(e)   Enforcement.  The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party. Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

(f)   Assignment.  RD may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person.  RD may also pledge or grant a security interest in the Property.  This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

(g)   Third-Party Beneficiary.  This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of RD.

(h)   No Recourse.  RD is purchasing all of your interest in the Property without recourse against you (other than for a Breach).  This means that, in the event RD for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay RD any portion of the Purchase Price that RD paid to you.

(i)   Severability.  If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

7.   **Governing Law; Exclusive Jurisdiction:**  This Agreement is governed by and construed in accordance with the laws of the State of New Jersey.  If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey.  The Parties waive any objection that they may have, now or later, to the venue of any lawsuit or proceeding or that any such lawsuit or proceeding is brought in an inconvenient court.

WAIVER OF TRIAL BY JURY.

EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.

- 6 -                    US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-6

193293v2 9/19/13(01/06/14)

### NEW YORK CONSUMER'S RIGHT TO CANCELLATION

**YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.**

**For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation. All checks intended to cancel the transaction should be mailed to RD Legal Funding Partners, LP, PO Box 12428, Newark, NJ 07101-3528.**

#### IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACE. BEFORE YOU SIGNTHIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF YOUR ATTORNEY. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT.**

**10.    Date of Execution:** This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to RD at its offices (all containing original signatures), (ii) RD receives from Andrea & Towsky, Esqs. or "you" the Notice of Assignment to Andrea & Towsky, Esqs. and the letter addressed to RD from Andrea & Towsky, Esqs. acknowledging RD's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RD.

**11.    Wire Instructions:** *Please send or transmit payment subject to this Agreement to RD Legal Funding Partners, LP at:*

Bank:  BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL  60603
Account Title:  RD Legal Funding Partners, LP
Account Number:  REDACTED
ABA Number:  071000288

- 7 -

EXHIBIT A-6

193293v2 9/19/13(01/06/14)

### IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The Parties have executed this Agreement as of the date first written above.

_Colin M. Acosta_
Signature of Individual

_Colin M Acosta_
Printed Name of Individual

RD LEGAL FUNDING PARTNERS, LP

By: _Joseph R Amacci_

_Joseph R Genoveli_
Printed Name

_President_
Title

- 8 -

193293v2 9/19/13(01/06/14)

## Limited Irrevocable Power of Attorney

I, Colin M. Acosta, III, appoint Roni Dersovitz or any other managers, members or officers of RD Legal Funding Partners, LP ("RD"), whose principal place of business is located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, as my true and lawful attorney for the following purposes:

(A) To endorse and deposit any and all checks payable to me with respect to my Award in the matter entitled September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0000454 (the "Checks"), a portion of which I assigned to RD as evidenced by the attached Agreement.

I understand that by executing this Power of Attorney, I am giving up the right to endorse and deposit the Checks, except as otherwise authorized by RD. This Power of Attorney may not be revoked or changed except upon written agreement of RD.

BY: _____    Date: 8/15/14

Colin M. Acosta, III

- 9 -                              US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-6

193293v2 9/19/13(01/06/14)

ACKNOWLEDGMENT

STATE OF NEW YORK}

SS:

COUNTY OF NASSAU}

**BE IT REMEMBERED** that on date before me personally appeared Colin M. Acosta, III, who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.

NOTARY PUBLIC

DEIRDRE A. AMORIELLO
Notary Public, State of New York
No. 01AM4918891
Qualified in Nassau County
Commission Expires Feb. 1, 2018

- 10 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-6

193293v2 9/19/13(01/06/14)

## CERTIFICATION OF TRUTHFULNESS

I, Colin M. Acosta, III, hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Funding Partners, LP, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit-Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.

By: _Colin M. Acosta_          _8/15/14_
    Colin M. Acosta, III          Date

- 11 -

EXHIBIT A-6

193293v2 9/19/13(01/06/14)

## Spousal Acknowledgment

I, Stephanie A. Acosta hereby acknowledge the following:

(1) I am the spouse of Colin M. Acosta, III, who is a Party to this Agreement;

(2) I have read and understood the terms of, and been provided with, a copy of the Agreement;

(3) By virtue of this Agreement, my spouse has assigned $500,000.00 (Five Hundred Thousand Dollars and No Cents) of his interest in the case regarding September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0000454 (the "Property") to RD Legal Funding Partners, LP ("RD"); and

(4) To the best of my knowledge, my spouse (a) is not involved in any bankruptcy, insolvency or other legal proceedings that could affect his/her assets, (b) has paid or made adequate provision for payment of all federal, state and local taxes that are due, (c) has no tax or other governmental liens against him/her or *his/her* interest in the judgment, (d) is not indebted to me or any former spouse for support, maintenance or similar obligations, or to any child or the child's guardian for any child support or similar payments, and (e) has not transferred or assigned, and has no plans to transfer or assign, any portion of his/her interest in the judgment to any other party or person.

The undersigned has executed this Acknowledgment as of _August 15_, 20_14_.

_Stephanie Acosta_
Signature

_Stephanie Acosta_
Printed Name

### ACKNOWLEDGMENT

STATE OF NEW YORK}

SS:

COUNTY OF NASSAU}

I certify that on this _15th_ day of _August_, 20_14_, _Stephanie Acosta_ personally came before me and acknowledged under oath, to my satisfaction, that this person is the person named in and who personally signed this Acknowledgment and signed, sealed and delivered such Acknowledgment as his or her own act and deed.

DEIRDRE A. AMORIELLO
Notary Public, State of New York
No. 01AM4918891
Qualified in Nassau County
Commission Expires Feb. 1, 2018

_Deidre G. Amoriello_
NOTARY PUBLIC

- 12 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-6

193293v2 9/19/13(01/06/14)

**NOTICE OF ASSIGNMENT**

TO:     September 11 Victim Compensation Fund
        Claims Processing Center
        1100 L. Street, N.W. – Suite 3000
        Washington, DC 20005

RE:     September 11th Victim Compensation Fund - Zadroga Act
        Colin M. Acosta, III – Claim No. VCF0000454

You are hereby notified that on , Colin M. Acosta, III ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th *Victim Compensation Fund* in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0000454 that is assigned to RD is the amount of $500,000.00 (Five Hundred Thousand Dollars and No Cents) (the "Property Amount"). You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No. REDACTED
        PO Box 12428
        Newark, NJ 07101-3528

By: _Joseph R Denore_                                    Date: _5/19/2014_
        Authorized Representative

Assignor: _Colin M. Acosta_
By: _Colin M. Acosta_                                    Date: _8/15/14_
        *[Printed name of individual signing]*

- 13 -                                              US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:     Andrea & Towsky, Esqs.
        320 Old Country Road
        Suite 202
        Garden City, NY 11530

        Attn: Frank A. Andrea, Esq.

RE:     September 11th Victim Compensation Fund - Zadroga Act
        Colin M. Acosta, III – Claim No. VCF0000454

        You are hereby notified that on , Colin M. Acosta, III ("Assignor"), transferred and assigned to *the undersigned* ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0000454 that is assigned to RD is the amount of $500,000.00 (Five Hundred Thousand Dollars and No Cents) (the "Property Amount"). You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between *the parties.* You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No. REDACTED
    PO Box 12428
    Newark, NJ 07101-3528

By: _____                                         Date: __8/19/2014__
    Authorized Representative

Assignor: _Colin M. Acosta_
By: _Colin M. Acosta_                                               Date: _8/15/14_
    *[Printed name of individual signing]*

                                    - 14 -                           US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

**Andrea & Towsky, Esqs.**
**320 Old Country Road, Suite 202**
**Garden City, NY 11530**

August 13, 2014

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

*Attn: Roni Dersovitz*

Re:     September 11th Victim Compensation Fund - Zadroga Act
        Colin M. Acosta, III – Claim No. VCF0000454

Dear Mr. Dersovitz:

        This will acknowledge that our client, Colin M. Acosta, III, (Assignor), has assigned
$500,000.00 (Five Hundred Thousand Dollars and No Cents) of his interest in the judgment
proceeds of the referenced case to RD Legal Funding Partners, LP ("RD") pursuant to the
Assignment and Sale Agreement(s) dated August 13, 2014, a copy of which is attached to and
made a part of this communication. We acknowledge receipt of the Notice of assignment duly
executed by our client, Colin M. Acosta, III.

        Andrea & Towsky, Esqs., by the signature below of Frank A. Andrea, advises you that
as of the above date, it is not in written receipt of any past lien upon the judgment proceeds
which may be received by the Assignor.

        We further acknowledge RD's lien on Assignor's interest in the subject judgment
proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment
received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at
P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale
Agreement(s) dated August 13, 2014.

        This letter may be executed in counterparts and a copy delivered via electronic mail or
facsimile. Each such executed copy shall be deemed an original for all purposes.

**Frank A. Andrea, ~~Individually and~~ for Andrea & Towsky, Esqs.**

- 15 -                                           US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-6

ANDREA & TOWSKY

ATTORNEYS AND COUNSELORS AT LAW

320 OLD COUNTRY ROAD

GARDEN CITY, NEW YORK 11530

——————

(516) 739-0081

TELEFAX (516) 739-0088

FRANK A. ANDREA, III        ·        WWW.ANDREAANDTOWSKY.COM

ROBERT L. TOWSKY

August 15, 2014

OF COUNSEL

ALBERT J. FIORELLA (1927-2009)

THOMAS H. HANNA, JR.

DOMINIC T. D'ASCOLI

LESLIE LOPEZ

VALERIA CALLOWAY

RD Legal Funding Partners, LP
45 Legion Drive, 2nd floor
Cresskill, New Jersey 07626

Attn: Joe Genovesi

Re: Colin M. Acosta

Dear Ms. Genovese:

Enclosed please find the new funding Agreement regarding Colin Acosta.  Please process and forward the funding at your earliest opportunity.

Thank you for your anticipated courtesy and cooperation and please do not hesitate to contact our office if you have any questions.

Very truly yours,

ANDREA & TOWSKY, ESQS.

FRANK A. ANDREA, III

FAA/daa
Enclosure

EXHIBIT A-6



RECEIVED AUG 1 9 2014



*smarter money for growth*

August 15, 2014

Dear Mr. Acosta,

Please review the amended first two pages of your Assignment and Sale Agreement. They have been revised to reflect the pay-off to Andrea & Towsky, Esqs in the amount of $3,000.00 per your retainer agreement.  Please initial where indicated and sign below to indicate your acknowledgment and agreement with this change.

Please return the initialed pages and this cover letter via fax (1-201-568-9307) and US Mail.

Sincerely,

RD Legal Funding, LLC

*Signature of Individual*

8/15/14

*Date*

EXHIBIT A-6



**THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE
SUPERVISION OF AN ATTORNEY**

**ASSIGNMENT AND SALE AGREEMENT**
*(Amended and restated #2)*

This Assignment and Sale Agreement (the "Agreement") is amended and restated on
August 15, 2014 replacing pages one and two of the previous Assignment and Sale Agreement
dated August 13, 2014, between Colin M. Acosta, III ("you"), with a residence address located at
    REDACTED    West Hempstead, NY 11552 and RD Legal Funding Partners, LP ("RD",
"we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626 (each a
"Party", and together the "Parties"). If more than one individual is named above, "you" shall
mean each and every such individual.

**DISCLOSURE STATEMENT**

| | | | |
|---|---|---|---|
| 1. | **Total amount to be advanced to consumer under this contract:** | | $200,000.00 |
| 2. | **Itemized Fees:** | | |
| | Application | $ -0- | |
| | Processing | $ -0- | |
| | Attorney Review | $ -0- | |
| | Broker | $ -0- | |
| | Other (_____) | $ -0- | |
| | **Total Fees:** | $ -0- | |
| 3. | Annual percentage fee (rate of return) | | |
| | on advance, compounded monthly: | | **Not Applicable\*** |
| 4. | Total amount to be repaid by consumer: | | |

| | |
|---|---|
| if at 6 months: | **Not Applicable** |
| if at 12 months: | **Not Applicable** |
| if at 18 months: | **Not Applicable** |
| if at 24 months: | **Not Applicable** |
| if at 30 months: | **Not Applicable** |
| if at 36 months: | **Not Applicable** |

**WHEREAS**, you are the client of Andrea & Towsky, Esqs., the law firm that
represented you and other plaintiff(s), with reference to the September 11th Victim
Compensation Fund - Zadroga Act, Claim No. VCF0000454 (the "Case"), and you have an
interest in the Case;

**WHEREAS**, as of January 02, 2011, the September 11th Victim Compensation Fund,
overseen by Special Master Sheila Birnbaum, has been set-up for claimants who are deemed to
have proved eligible loss based on the requirements of the Zadroga Act in the total amount of
$2,775,000,000.00 (the "Judgment"), including an Award to you in the amount of $665,954.6(
(the "Award") as determined by a claims evaluator per the Award letter dated *October 15, 2013.*

\*This section is not applicable because the transaction is a purchase and not a loan

US_ACTIVE-110091304-RMJAWORS
Initial ____

EXHIBIT A-6

193293v2 9/19/13(01/06/14)

**WHEREAS**, you own all right, title and interest in the Award;

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award to RD; and

NOW, THEREFORE, you and we agree as follows:

1.    **Assignments and Consideration**

(a)    You hereby sell and assign to RD your interest in $500,000.00 (Five Hundred Thousand Dollars and No Cents) of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests").

(b)    In return for the Property, RD will pay to you the sum of $200,000.00 (Two Hundred Thousand Dollars and No Cents) (the "Purchase Price"). You consent to have withheld from the Purchase Price the portion of the Award previously purchased pursuant to Assignment and Sale Agreement dated January 15, 2014 in the amount $85,672.19, provided funding occurs on or before August 31, 2014, or $86,957.27, provided funding occurs on or before September 30, 2014). You consent to have withheld from the Purchase Price the amount of $3,000.00, to be applied to pay Andrea & Towsky, Esqs. Legal fee.

(c)    This transaction is a true sale and assignment of the Property to RD and provides RD with the full risks and benefits of ownership of the Property. However, you retain all obligations, liabilities and expenses under or in respect of the Award.

(d)    Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

You grant to RD a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

2.    **Procedure for Paying Property Amount to RD**

The entire Property Amount will be paid to RD from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

- 2 -

US_ACTIVE-110091304-RMJAWORS
Initial

RECEIVED

MAY 1 3 2015

**THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE SUPERVISION OF AN ATTORNEY**

**ASSIGNMENT AND SALE AGREEMENT No. 3**

      This Assignment and Sale Agreement (the "Agreement") is made on May 12, 2015, between Colin M. Acosta, III ("you"), with a residence address located at   REDACTED   , West Hempstead, NY 11552 and RD Legal Funding Partners, LP ("RD", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626 (each a "Party", and together the "Parties"). If more than one individual is named above, "you" shall mean each and every such individual.

**DISCLOSURE STATEMENT**

| | | | |
|---|---|---|---|
| 1. | **Total amount to be advanced to consumer under this contract:** | | **$15,769.29** |
| 2. | **Itemized Fees:** | | |

| | | |
|---|---|---|
| Application | $ -0- | |
| Processing | $ -0- | |
| Attorney Review | $ -0- | |
| Broker | $ -0- | |
| Other (_____) | $ -0- | |
| **Total Fees:** | **$ -0-** | |

3.     **Annual percentage fee (rate of return) on advance, compounded monthly:**       Not Applicable*

4.     **Total amount to be repaid by consumer:**

| | |
|---|---|
| if at 6 months: | $39,423.24 |
| if at 12 months: | $39,423.24 |
| if at 18 months: | $39,423.24 |
| if at 24 months: | $39,423.24 |
| if at 30 months: | $39,423.24 |
| if at 36 months: | $39,423.24 |

      **WHEREAS**, you are the client of Andrea & Towsky, Esqs., the law firm that represented you and other plaintiff(s), with reference to the September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0000454 (the "Case"), and you have an interest in the Case;

      **WHEREAS**, as of January 02, 2011, the September 11th Victim Compensation Fund, overseen by Special Master Sheila Birnbaum, has been set-up for claimants who are deemed to have proved eligible loss based on the requirements of the Zadroga Act in the total amount of $2,775,000,000.00 (the "Judgment"), including an Award to you in the amount of $665,954.61 (the "Award") as determined by a claims evaluator per the Award letter dated October 15, 2013.

      **WHEREAS**, you own all right, title and interest in the Award;

*This section is not applicable because the transaction is a purchase and not a loan.    US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-7

193293v2 9/19/13(01/06/14)

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award to RD; and

NOW, THEREFORE, you and we agree as follows:

## 1.   Assignments and Consideration

(a)   You hereby sell and assign to RD your interest in $39,423.24 (Thirty Nine Thousand Four Hundred Twenty Three Dollars and 24 Cents) of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests"). For the sake of clarity, the earlier Assignment and Sale Agreement(s) dated August 15, 2014 remains in full force and effect and the amount due to the Purchaser shall be the sum total of the Property from this agreement and each previous agreement whereby you assigned any portion of your award (together, the "Property Amount").

(b)   In return for the Property, RD will pay to you the sum of $15,769.29 (Fifteen Thousand Seven Hundred Sixty Nine Dollars and 29 Cents) (the "Purchase Price"). You consent to have withheld from the Purchase Price the amount of $236.54, to be applied to pay Andrea & Towsky, Esqs. legal fee.

(c)   **This transaction is a true sale and assignment of the Property to RD and provides RD with the full risks and benefits of ownership of the Property.** However, you retain all obligations, liabilities and expenses under or in respect of the Award.

(d)   Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

You grant to RD a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

## 2.   Procedure for Paying Property Amount to RD

The entire Property Amount will be paid to RD from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

EXHIBIT A-7

193293v2 9/19/13(01/06/14)

4.  **Representations, Warranties and Assignments:**  You represent and warrant to RD that:

(a)  Andrea & Towsky, Esqs. are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any offset or defense.

(b)  You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RD.  You have not previously sold or assigned the Property, in whole or in part, to any other party.  Upon RD's payment to you of the Purchase Price, RD will own the Property free and clear of any Adverse Interests.

(c)  You have the legal capacity to execute and perform this Agreement.

(d)  You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e)  The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)  There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets.  You are not the subject of any legal proceeding.  The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)  All of the information that you have provided to RD is true and complete in all respects.  You understand that RD has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)  You have not engaged in any acts or conduct or made any omissions that will potentially result in RD receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)  You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment.  There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)  This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-7

193293v2 9/19/13(01/06/14)

(k)     You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

5.      **Covenants.** You covenant to RD that:

(a)     If before payment of the full Purchase Price RD discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), RD may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse RD for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to RD the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

(b)     When requested, you will promptly execute any additional documents and take whatever further actions RD reasonably determines are necessary or desirable to perfect the assignment of the Property to RD or to carry out the terms of this Agreement.

(c)     You will immediately advise RD if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to RD in accordance with RD's instructions. If you fail to do so, you will be in breach of the Agreement.

(d)     At RD's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and RD may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to RD instead of (and not to) you.

(e)     You understand that you are giving up all of your interest in the Property.

(f)     You will notify RD in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

I.      A Breach occurs;

II.     You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

III.    Any other event which could potentially encumber the Property; or

    US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-7

193293v2 9/19/13(01/06/14)

      IV.     A change in the information that RD may use to contact you (including, but not limited to a change of address, telephone number, etc.).

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

**(PLEASE DO NOT SEND CONTRACT PAPERWORK TO THE CALIFORNIA OFFICE)**

With a copy to **General Counsel:**
RD LEGAL COMPANIES
7344 Magnolia Avenue, Suite 110
Riverside, CA 92504
Attn: Irena Leigh Norton, Esq.
Phone: (951) 359-3205
Fax: (951) 637-0627
Email: inorton@legalfunding.com

or to such other address or addresses that RD may otherwise provide. The notice required by this provision shall be considered to have been given by you when it is received by RD.

**6.    Other Agreements**

    (a)    Excess Payment to RD. If RD receives payment with respect to the Case in an amount that exceeds the Property Amount, RD will promptly pay the excess amount to you.

    (b)    Best Evidence. In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

    (c)    Equitable Relief. Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

    (d)    Entire Agreement. This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-7

193293v2 9/19/13(01/06/14)

subject matter, and may be modified only by a written instrument duly executed by both Parties.

(e)    Enforcement. The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party. Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

(f)    Assignment. RD may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person. RD may also pledge or grant a security interest in the Property. This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

(g)    Third-Party Beneficiary. This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of RD.

(h)    No Recourse. RD is purchasing all of your interest in the Property without recourse against you (other than for a Breach). This means that, in the event RD for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay RD any portion of the Purchase Price that RD paid to you.

(i)    Severability. If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

7.    **Governing Law; Exclusive Jurisdiction:** This Agreement is governed by and construed in accordance with the laws of the State of New Jersey. If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey. The Parties waive any objection that they may have, now or later, to the venue of any lawsuit or proceeding or that any such lawsuit or proceeding is brought in an inconvenient court.

WAIVER OF TRIAL BY JURY.

**EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.**

EXHIBIT A-7

193293v2 9/19/13(01/06/14)

## NEW YORK CONSUMER'S RIGHT TO CANCELLATION

**YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.**

**For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation. All checks intended to cancel the transaction should be mailed to: RD Legal Funding Partners, LP, PO Box 12428, Newark, NJ 07101-3528.**

### IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACE. BEFORE YOU SIGNTHIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF YOUR ATTORNEY. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT.**

**10.     Date of Execution:** This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to RD at its offices (all containing original signatures), (ii) RD receives from Andrea & Towsky, Esqs. or "you" the Notice of Assignment to Andrea & Towsky, Esqs. and the letter addressed to RD from Andrea & Towsky, Esqs. acknowledging RD's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RD.

**11.     Wire Instructions:** *Please send or transmit payment subject to this Agreement to RD Legal Funding Partners, LP at:*

> Bank: BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL 60603
> Account Title: RD Legal Funding Partners, LP
> Account Number: REDACTED
> ABA Number: 071000288

- 7 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-7

193293v2 9/19/13(01/06/14)

## IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The Parties have executed this Agreement as of the date first written above.

_Colin M Acosta_
_____
Signature of Individual

_Colin M. Acosta_
_____
Printed Name of Individual

RD LEGAL FUNDING PARTNERS, LP

By: _Joseph R Genovesi_
_____
_Joseph R Genovesi_
_____
Printed Name

_President_
_____
Title

- 8 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-7

193293v2 9/19/13(01/06/14)

## Limited Irrevocable Power of Attorney

I, Colin M. Acosta, III, appoint Roni Dersovitz or any other managers, members or officers of RD Legal Funding Partners, LP ("RD"), whose principal place of business is located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, as my true and lawful attorney for the following purposes:

(A) To endorse and deposit any and all checks payable to me with respect to my Award in the matter entitled September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0000454 (the "Checks"), a portion of which I assigned to RD as evidenced by the attached Agreement.

I understand that by executing this Power of Attorney, I am giving up the right to endorse and deposit the Checks, except as otherwise authorized by RD. This Power of Attorney may not be revoked or changed except upon written agreement of RD.

BY: _____       Date: 05/12/15

Colin M. Acosta, III

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-7

193293v2 9/19/13(01/06/14)

ACKNOWLEDGMENT

STATE OF NEW YORK}

SS:

COUNTY OF NASSAU}

**BE IT REMEMBERED** that on date before me personally appeared Colin M. Acosta, III, who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.

Alexander Mackenzie Scherer
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF210401
Expires 3/16/2019

NOTARY PUBLIC

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-7

193293v2 9/19/13(01/06/14)

## CERTIFICATION OF TRUTHFULNESS

I, Colin M. Acosta, III, hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Funding Partners, LP, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit-Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.

By: _____    _05/12/15_
Colin M. Acosta, III                              Date

- 11 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-7

193293v2 9/19/13(01/06/14)

## Spousal Acknowledgment

I, Stephanie A. Acosta hereby acknowledge the following:

(1) I am the spouse of Colin M. Acosta, III, who is a Party to this Agreement;

(2) I have read and understood the terms of, and been provided with, a copy of the Agreement;

(3) By virtue of this Agreement, my spouse has assigned $39,423.24 of his interest in the case regarding September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0000454 (the "Property") to RD Legal Funding Partners, LP ("RD"). For the sake of clarity, the earlier Assignment and Sale Agreement(s) dated August 15, 2014 remains in full force and effect and the amount due to the Purchaser shall be the sum total of the Property Amount from this agreement and each previous agreement, and

(4) To the best of my knowledge, my spouse (a) is not involved in any bankruptcy, insolvency or other legal proceedings that could affect his/her assets, (b) has paid or made adequate provision for payment of all federal, state and local taxes that are due, (c) has no tax or other governmental liens against him/her or his/her interest in the judgment, (d) is not indebted to me or any former spouse for support, maintenance or similar obligations, or to any child or the child's guardian for any child support or similar payments, and (e) has not transferred or assigned, and has no plans to transfer or assign, any portion of his/her interest in the judgment to any other party or person.

The undersigned has executed this Acknowledgment as of ___May   12___, 20 15.


_____
Signature

_____
Printed Name

### ACKNOWLEDGMENT

STATE OF NEW YORK}

                                        SS:

COUNTY OF NASSAU}


        I certify that on this _12_ day of _May_, 2015 , _Stephanie Acosta_ personally came before me and acknowledged under oath, to my satisfaction, that this person is the person named in and who personally signed this Acknowledgment and signed, sealed and delivered such Acknowledgment as his or her own act and deed.


Alexander Mackenzie Scherer
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF210401
Expires 3/16/2019

_____
NOTARY PUBLIC

- 12 -                                    US_ACTIVE-110091304-RMJAWORS

## NOTICE OF ASSIGNMENT

TO:     September 11 Victim Compensation Fund
        Claims Processing Center
        1100 L. Street, N.W. – Suite 3000
        Washington, DC  20005

RE:     September 11th Victim Compensation Fund - Zadroga Act
        Colin M. Acosta, III – Claim No. VCF0000454

        You are hereby notified that on May 12, 2015, Colin M. Acosta, III ("Assignor"),
transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and
interest regarding the September 11th Victim Compensation Fund in the amount of
$2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the
"Judgment"), and that the portion of Assignor's interest in Claim No. VCF0000454 that is
assigned to RD is the amount of $39,423.24 (Thirty Nine Thousand Four Hundred Twenty Three
Dollars and 24 Cents) (the "Property Amount").  For the sake of clarity, the earlier Assignment
and Sale Agreement(s) dated August 15, 2014 remains in full force and effect and the dollar
amount due to the Purchaser shall be the sum total of the Property Amount from this agreement
and each previous agreement, equaling $539,423.24. You are hereby instructed that, promptly
following receipt of funds representing Assignor's interest in the Judgment, you are to issue a
check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the
Agreement between the parties.  You are further instructed that any distribution of the Property
Amount to any person other than RD shall be in violation of the Agreement and shall result in
Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by
RD hereunder.

RD: RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No. REDACTED
        PO Box 12428
        Newark, NJ  07101-3528

By: _____                              Date: 5/18/15
        Authorized Representative
        Joseph R. Genovesi

Assignor: _____

By: _____                              Date: 05/12/15
_____
        *[Printed name of individual signing]*

- 13 -                                                          US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-7

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:   Andrea & Towsky, Esqs.
      320 Old Country Road
      Suite 202
      Garden City, NY 11530
      Attn: Frank A. Andrea, Esq.

RE:   September 11th Victim Compensation Fund - Zadroga Act
      Colin M. Acosta, III – Claim No. VCF0000454

You are hereby notified that on May 12, 2015, Colin M. Acosta, III ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0000454 that is assigned to RD is the amount of $39,423.24 (Thirty Nine Thousand Four Hundred Twenty Three Dollars and 24 Cents) (the "Property Amount"). For the sake of clarity, the earlier Assignment and Sale Agreement(s) dated August 15, 2014 remains in full force and effect and the dollar amount due to the Purchaser shall be the sum total of the Property Amount from this agreement and each previous agreement, equaling $539,423.24. You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Funding Partners, LP *(Payment address only)*      Tax I.D. No. REDACTED
    PO Box 12428
    Newark, NJ 07101-3528

By: _____
            Authorized Representative

Date: __5/18/15__

Assignor: _____
By: _____
    *[Printed name of individual signing]*

Date: __05/12/15__

- 14 -                                          US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-7

193293v2 9/19/13(01/06/14)

**Andrea & Towsky,  Esqs.**
**320 Old Country Road, Suite 202**
**Garden City, NY  11530**

May 12, 2015

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:    September 11th Victim Compensation Fund - Zadroga Act
       Colin M. Acosta, III – Claim No. VCF0000454

Dear Mr. Dersovitz:

This will acknowledge that our client, Colin M. Acosta, III, (Assignor), has assigned
$39,423.24 (Thirty Nine Thousand Four Hundred Twenty Three Dollars and 24 Cents) of his
interest in the judgment proceeds of the referenced case to RD Legal Funding Partners, LP
("RD") pursuant to the Assignment and Sale Agreement(s) dated May 12, 2015, a copy of which
is attached to and made a part of this communication.  We acknowledge receipt of the Notice of
assignment duly executed by our client, Colin M. Acosta, III.  For the sake of clarity, the earlier
Assignment and Sale Agreement(s) dated August 15, 2014 remains in full force and effect and
the dollar amount due to the Purchaser shall be the sum total of the Property Amount from this
agreement and each previous agreement, equaling $539,423.24.

Andrea & Towsky,  Esqs., by the signature below of Frank A. Andrea, advises you that
as of the above date, it is not in written receipt of any past lien upon the judgment proceeds
which may be received by the Assignor.

We further acknowledge RD's lien on Assignor's interest in the subject judgment
proceeds.  By signing below, we agree to hold any funds constituting proceeds of the judgment
received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at
P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale
Agreement(s) dated May 12, 2015.

This letter may be executed in counterparts and a copy delivered via electronic mail or
facsimile.  Each such executed copy shall be deemed an original for all purposes.

Frank A. Andrea, Individually and for Andrea & Towsky,  Esqs.

-----

- 15 -                                US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-7

## ANDREA & TOWSKY, ESQS.
### ATTORNEYS AND COUNSELORS AT LAW
320 Old Country Road
Garden City, New York 11530
(516) 739-0081
Telefax (516) 739-0088
WWW.ANDREAANDTOWSKY.COM

FRANK A. ANDREA, III
ROBERT L. TOWSKY

OF COUNSEL

ALBERT J. FIORELLA (1927-2009)
THOMAS H. HANNA, JR.
DOMINIC T. D'ASCOLI

LESLIE LOPEZ
VALERIA CALLOWAY

## FAX TRANSMISSION SHEET

DATE: 5/18/15

PLEASE DELIVER THE FOLLOWING PAGES TO:

NAME: Arielle Walter / Joseph Genovese

FAX NO.: 201-568-9307

FROM: F. A. ANDREA

REFERENCE: Colin Acosta

NUMBER OF PAGES (INCLUDING COVER SHEET): 2

1- Executed Notice of assignment.
2- Please make sure that 1 1/2% or #591.35 is wired into our IOLA Account as our fee on this portion of the claim.

The documents accompanying this fax transmission contain information which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this faxed information is strictly prohibited, and that the documents should be returned to this firm immediately. In this regard, if you have received this fax in error, please notify us by telephone so that we can arrange for the return of the documents.

Operator: _____

EXHIBIT A-7

193293v2 9/19/13(01/06/14)

**Andrea & Towsky, Esqs.**
**320 Old Country Road, Suite 202**
**Garden City, NY 11530**

May 12, 2015

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:     September 11th Victim Compensation Fund - Zadroga Act
        Colin M. Acosta, III – Claim No. VCF0000454

Dear Mr. Dersovitz:

    This will acknowledge that our client, Colin M. Acosta, III, (Assignor), has assigned $39,423.24 (Thirty Nine Thousand Four Hundred Twenty Three Dollars and 24 Cents) of his interest in the judgment proceeds of the referenced case to RD Legal Funding Partners, LP ("RD") pursuant to the Assignment and Sale Agreement(s) dated May 12, 2015, a copy of which is attached to and made a part of this communication. We acknowledge receipt of the Notice of assignment duly executed by our client, Colin M. Acosta, III. For the sake of clarity, the earlier Assignment and Sale Agreement(s) dated August 15, 2014 remains in full force and effect and the dollar amount due to the Purchaser shall be the sum total of the Property Amount from this agreement and each previous agreement, equaling $539,423.24.

    Andrea & Towsky, Esqs., by the signature below of Frank A. Andrea, advises you that as of the above date, it is not in written receipt of any past lien upon the judgment proceeds which may be received by the Assignor.

    We further acknowledge RD's lien on Assignor's interest in the subject judgment proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s) dated May 12, 2015.

    This letter may be executed in counterparts and a copy delivered via electronic mail or facsimile. Each such executed copy shall be deemed an original for all purposes.

Frank A. Andrea, ~~individually and~~ for Andrea & Towsky, Esqs.

- 15 -                                    US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-7

*[handwritten:]* TO WHOM IT MAY CONCERN,
I, PAUL T. WEWE HAVE SOLD MY OWN PORTION OF MY
NON-ECONOMIC AWARD ($100,000) WITH THE VCF FOR CLAIM
VCF #0007221 TO THE COMPANY BELOW FOR $80,000.

*[stamped:]* RECEIVED AUG 19 2014

**THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE
SUPERVISION OF AN ATTORNEY**

## ASSIGNMENT AND SALE AGREEMENT

This Assignment and Sale Agreement (the "Agreement") is made on August 15, 2014, between Paul T. Wewe ("you"), with a residence address located at        REDACTED
Brooklyn, NY 11233 and RD Legal Funding Partners, LP ("RD", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626 (each a "Party", and together the "Parties"). If more than one individual is named above, "you" shall mean each and every such individual.

## DISCLOSURE STATEMENT

| | | | |
|---|---|---|---|
| 1. | Total amount to be advanced to consumer under this contract: | | $80,000.00 |
| 2. | **Itemized Fees:** | | |
| | Application | $ -0- | |
| | Processing | $ -0- | |
| | Attorney Review | $ -0- | |
| | Broker | $ -0- | |
| | Other (_____) | $ -0- | |
| | **Total Fees:** | $ -0- | |
| 3. | Annual percentage fee (rate of return) on advance, compounded monthly: | | Not Applicable* |
| 4. | Total amount to be repaid by consumer: | | |

|  |  |
|---|---|
| if at 6 months: | Not Applicable |
| if at 12 months: | Not Applicable |
| if at 18 months: | Not Applicable |
| if at 24 months: | Not Applicable |
| if at 30 months: | Not Applicable |
| if at 36 months: | Not Applicable |

**WHEREAS**, you are the client of Napoli Bern Ripka Shkolnik, LLP, the law firm that represented you and other plaintiff(s), with reference to the September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0007221 (the "Case"), and you have an interest in the Case;

**WHEREAS**, as of January 02, 2011, the September 11th Victim Compensation Fund, overseen by Special Master Sheila Birnbaum, has been set-up for claimants who are deemed to have proved eligible loss based on the requirements of the Zadroga Act in the total amount of $2,775,000,000.00 (the "Judgment"), including an Award to you in the amount of $250,000.00 (the "Award") as determined by a claims evaluator per the Award letter dated April 24, 2014.

**WHEREAS**, you own all right, title and interest in the Award;

EXHIBIT A-8

193293v2 9/19/13(01/06/14)

**WHEREAS,** you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award to RD; and

NOW, THEREFORE, you and we agree as follows:

## 1. Assignments and Consideration

(a)     You hereby sell and assign to RD your interest in $200,000.00 (Two Hundred Thousand Dollars and No Cents) of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests").

In return for the Property, RD will pay to you the sum of $80,000.00 (Eighty Thousand Dollars and No Cents) (the "Purchase Price").

(b)     This transaction is a true sale and assignment of the Property to RD and provides RD with the full risks and benefits of ownership of the Property. However, you retain all obligations, liabilities and expenses under or in respect of the Award.

(c)     Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

You grant to RD a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

## 2. Procedure for Paying Property Amount to RD

The entire Property Amount will be paid to RD from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

## 4. Representations, Warranties and Assignments: You represent and warrant to RD that:

(a)     Napoli Bern Ripka Shkolnik, LLP are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any offset or defense.

(b)     You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RD. You have not previously sold or

- 2 -                                    US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-8

193293v2 9/19/13(01/06/14)

assigned the Property, in whole or in part, to any other party. Upon RD's payment to you of the Purchase Price, RD will own the Property free and clear of any Adverse Interests.

(c)     You have the legal capacity to execute and perform this Agreement.

(d)     You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e)     The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)     There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets. You are not the subject of any legal proceeding. The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)     All of the information that you have provided to RD is true and complete in all respects. You understand that RD has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)     You have not engaged in any acts or conduct or made any omissions that will potentially result in RD receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)     You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment. There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)     This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(k)     You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

5.     **Covenants.** You covenant to RD that:

(a)     If before payment of the full Purchase Price RD discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), RD may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation,

- 3 -

EXHIBIT A-8

193293v2 9/19/13(01/06/14)

> to satisfy and remove any Adverse Interests and reimburse RD for the costs of
> doing so; (ii) terminate its obligations under this Agreement at which time you
> will return to RD the Purchase Price, plus interest calculated at 19.562 percent per
> annum , or the maximum rate permitted by law in the jurisdiction in which you
> resides, whichever is less, calculated from the date of payment of the Purchase
> Price to the date of repayment.

(b)     When requested, you will promptly execute any additional documents and take
        whatever further actions RD reasonably determines are necessary or desirable to
        perfect the assignment of the Property to RD or to carry out the terms of this
        Agreement.

(c)     You will immediately advise RD if you receive any portion of the Award and,
        within five Business Days (defined as every day except Sundays and federal
        holidays) thereafter, will pay that portion or the Property Amount, whichever is
        less, to RD in accordance with RD's instructions. If you fail to do so, you will be
        in breach of the Agreement.

(d)     At RD's request, you will notify the accounting firm or attorney responsible for
        distribution of the funds to satisfy the Award (and RD may also notify that person
        or firm) of the terms of this Agreement and will direct that person or firm to pay
        the Property Amount to RD instead of (and not to) you.

(e)     You understand that you are giving up all of your interest in the Property.

(f)     You will notify RD in writing of any of the following events as soon as possible
        but no later than five Business Days after you discover that the event has occurred
        (unless another timeframe is indicated):

        I.      A Breach occurs;

        II.     You file for bankruptcy, become the subject of a tax lien or other lien,
                become indebted to any present or former spouse for support, maintenance
                or similar obligations, or become indebted to any child or to a guardian of
                any child for any child support or similar payments;

        III.    Any other event which could potentially encumber the Property; or

        IV.     A change in the information that RD may use to contact you (including,
                but not limited to a change of address, telephone number, etc.).

        The required written notice will be (i) sent by overnight courier or registered mail,
postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a
similar mailed writing, to the following address:

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

- 4 -                                   US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-8

193293v2 9/19/13(01/06/14)

Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

## (PLEASE DO NOT SEND CONTRACT PAPERWORK TO THE CALIFORNIA OFFICE)

With a copy to **General Counsel:**
RD LEGAL COMPANIES
7344 Magnolia Avenue, Suite 110
Riverside, CA  92504
Attn:  Irena Leigh Norton, Esq.
Phone:  (951) 359-3205
Fax:  (951) 637-0627
Email:  inorton@legalfunding.com

or to such other address or addresses that RD may otherwise provide.  The notice required by this
provision shall be considered to have been given by you when it is received by RD.

## 6.     Other Agreements

(a)     Excess Payment to RD.  If RD receives payment with respect to the Case in an
amount that exceeds the Property Amount, RD will promptly pay the excess
amount to you.

(b)     Best Evidence.  In any proceeding involving this Agreement or any other
document related to this Agreement, a photocopy or digital copy of this
Agreement will be irrefutable proof and constitute the best evidence of the
Agreement and neither you nor we will object to it.

(c)     Equitable Relief.  Each of the Parties will be irreparably harmed if any of the
provisions of this Agreement is not performed in accordance with its terms or is
breached, and will thereby be entitled to the remedy of specific performance or
injunctive or similar equitable relief, in addition to any other remedy available at
law or in equity.

(d)     Entire Agreement.  This Agreement contains the entire agreement between the
Parties, supersedes all previous oral or written agreements with regard to the same
subject matter, and may be modified only by a written instrument duly executed
by both Parties.

(e)     Enforcement.  The prevailing Party in any action or other proceeding involving
the interpretation, defense, or enforcement of this Agreement will be entitled to
recover its reasonable attorney's fees and expenses from the unsuccessful Party.
Reasonable attorney's fees and expenses will be presumed to be the product of the
number of hours spent on the matter by the prevailing Party's attorney and the
hourly billing rate charged to the prevailing Party by its attorney in similar

- 5 -

EXHIBIT A-8

193293v2 9/19/13(01/06/14)

matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

(f)     Assignment.  RD may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person.  RD may also pledge or grant a security interest in the Property.  This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

(g)     Third-Party Beneficiary.  This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of RD.

(h)     No Recourse.  RD is purchasing all of your interest in the Property without recourse against you (other than for a Breach).  This means that, in the event RD for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay RD any portion of the Purchase Price that RD paid to you.

(i)     Severability.  If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

7.     **Governing Law; Exclusive Jurisdiction:**  This Agreement is governed by and construed in accordance with the laws of the State of New Jersey.  If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey.  The Parties waive any objection that they may have, now or later, to the venue of any lawsuit or proceeding or that any such lawsuit or proceeding is brought in an inconvenient court.

WAIVER OF TRIAL BY JURY.

**EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.**

## NEW YORK CONSUMER'S RIGHT TO CANCELLATION

**YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.**

**For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in**

193293v2 9/19/13(01/06/14)

that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation. All checks intended to cancel the transaction should be mailed to RD Legal Funding Partners, LP, PO Box 12428, Newark, NJ 07101-3528:

<div align="center">IMPORTANT NOTICE</div>

This is a complex financial transaction.  By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning.  You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.

DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACE. BEFORE YOU SIGNTHIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF YOUR ATTORNEY.  YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT.

**10.    Date of Execution:**  This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to RD at its offices (all containing original signatures), (ii) RD receives from Napoli Bern Ripka Shkolnik, LLP or "you" the Notice of Assignment to Napoli Bern Ripka Shkolnik, LLP and the letter addressed to RD from Napoli Bern Ripka Shkolnik, LLP acknowledging RD's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RD.

**11.    Wire Instructions:**  *Please send or transmit payment subject to this Agreement to RD Legal Funding Partners, LP at:*

<div align="center">Bank: BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL  60603<br>Account Title:  RD Legal Funding Partners, LP<br>Account Number: REDACTED<br>ABA Number:  071000288</div>

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-8

193293v2 9/19/13(01/06/14)

## IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The Parties have executed this Agreement as of the date first written above.

PAUL TSAFACK WEWE          *Prulweve*
Signature of Individual

*Paul WEWE* = PAUL TSAFACK WEWE
Printed Name of Individual


RD LEGAL FUNDING PARTNERS, LP

By: *Joseph R Simons*

Joseph R Genovesi
Printed Name

President
Title

Sworn to before me
this 18th Day of August 2014

JAMES B. FIELDS
Notary Public, State of New York
No. 01FI-24-4904304
Qualified in Kings County
Commission Expires 08/31 2017

- 8 -

EXHIBIT A-8

193293v2 9/19/13(01/06/14)

## Limited Irrevocable Power of Attorney

I, Paul T. Wewe, appoint Roni Dersovitz or any other managers, members or officers of RD Legal Funding Partners, LP ("RD"), whose principal place of business is located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, as my true and lawful attorney for the following purposes:

(A) To endorse and deposit any and all checks payable to me with respect to my Award in the matter entitled September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0007221 (the "Checks"), a portion of which I assigned to RD as evidenced by the attached Agreement.

I understand that by executing this Power of Attorney, I am giving up the right to endorse and deposit the Checks, except as otherwise authorized by RD. This Power of Attorney may not be revoked or changed except upon written agreement of RD.

BY: _____
Paul T. Wewe

Date: _08/18/2014_

Sworn to before me
this 18th Day of August 2014

JAMES B. FIELDS
Notary Public, State of New York
No. 01FI-24-4904304
Qualified in Kings County
Commission Expires 08/31 _2017_

- 9 -

EXHIBIT A-8

193293v2 9/19/13(01/06/14)

## ACKNOWLEDGMENT

STATE OF NEW YORK}

SS:

COUNTY OF KINGS   }

**BE IT REMEMBERED** that on date before me personally appeared Paul T. Wewe, who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.

NOTARY PUBLIC

JAMES B. FIELDS
Notary Public, State of New York
No. 01FI-24-4904304
Qualified in Kings County
Commission Expires 08/31 2017

- 10 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-8

Case 1:17-cv-00890-LAP   Document 41-1   Filed 06/29/17   Page 147 of 186

193293v2 9/19/13(01/06/14)

## CERTIFICATION OF TRUTHFULNESS

I, Paul T. Wewe, hereby certify that all of my statements in the Agreement and the
ancillary documents that I have provided to RD Legal Funding Partners, LP, including but not
limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit-
Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any
of those statements are willfully false.

By: _____          08/18/2014
Paul T. Wewe                            Date

Sworn to before me
this 18th Day of August 2014

JAMES B. FIELDS
Notary Public, State of New York
No. 01FI-24-4904304
Qualified in Kings County
Commission Expires 08/31 2017

- 11 -                                   US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-8

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:     September 11 Victim Compensation Fund
        Claims Processing Center
        1100 L. Street, N.W. – Suite 3000
        Washington, DC 20005

RE:     September 11th Victim Compensation Fund - Zadroga Act
        Paul T. Wewe – Claim No. VCF0007221

You are hereby notified that on , Paul T. Wewe ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0007221 that is assigned to RD is the amount of $200,000.00 (Two Hundred Thousand Dollars and No Cents) (the "Property Amount"). You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Funding Partners, LP *(Payment address only)*                Tax I.D. No. REDACTED
        PO Box 12428
        Newark, NJ 07101-3528

(CLAIMANT)
By: _____
        Authorized Representative                                Date: 08/18/2014

Assignor: _____                    JAMIE B. FIELDS
                                                      Notary Public, State of New York
                                                      No. 01FI-24-4904304
                                                      Qualified in Kings County
                                                      Commission Expires 08/31 2017

By: _____                          Date: _____
    *[Printed name of individual signing]*

- 12 -                                          US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-8

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:     Napoli Bern Ripka Shkolnik, LLP
        3500 Sunrise Highway
        Suite 207
        Great River, NY 11739

        Attn: Christopher LoPalo, Esq.


RE:     September 11th Victim Compensation Fund - Zadroga Act
        Paul T. Wewe – Claim No. VCF0007221

        You are hereby notified that on , Paul T. Wewe ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0007221 that is assigned to RD is the amount of $200,000.00 (Two Hundred Thousand Dollars and No Cents) (the "Property Amount"). You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No. REDACTED
    PO Box 12428
    Newark, NJ 07101-3528

By: CLAIMANT: PAUL WEWE (Poulwewe)          Date: 08/18/2014
        Authorized Representative

                                                              JAMES B. FIELDS
                                                              Notary Public, State of New York
                                                              No. 01F1-24 4904304
                                                              Qualified in Kings County
Assignor: _____                                     Commission Expires 08/31 2017

By: _____          Date: _____
    *[Printed name of individual signing]*

- 13 -                                    US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-8

193293v2 9/19/13(01/06/14)

**Napoli Bern Ripka Shkolnik, LLP**
**3500 Sunrise Highway, Suite 207**
**Great River, NY  11739**

August 15, 2014

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:     September 11th Victim Compensation Fund - Zadroga Act
        Paul T. Wewe – Claim No. VCF0007221

Dear Mr. Dersovitz:

        This will acknowledge that our client, Paul T. Wewe, (Assignor), has assigned
$200,000.00 (Two Hundred Thousand Dollars and No Cents) of his interest in the judgment
proceeds of the referenced case to RD Legal Funding Partners, LP ("RD") pursuant to the
Assignment and Sale Agreement(s) dated August 15, 2014, a copy of which is attached to and
made a part of this communication.  We acknowledge receipt of the Notice of assignment duly
executed by our client, Paul T. Wewe.

        Napoli Bern Ripka Shkolnik, LLP, by the signature below of Christopher LoPalo, advises
you that as of the above date, it is not in written receipt of any past lien upon the judgment
proceeds which may be received by the Assignor.

        We further acknowledge RD's lien on Assignor's interest in the subject judgment
proceeds.  By signing below, we agree to hold any funds constituting proceeds of the judgment
received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at
P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale
Agreement(s) dated August 15, 2014.

        This letter may be executed in counterparts and a copy delivered via electronic mail or
facsimile.  Each such executed copy shall be deemed an original for all purposes.

Christopher LoPalo, Individually and for Napoli Bern Ripka Shkolnik, LLP.

_____

- 14 -                           US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-8

## ARE YOU FEELING OVERWHELMED WITH DEBT?

You are not alone. Every day, GreenPath Debt Solutions assists people, just like you. We can help:

- Reduce your interest payments
- Stop collection calls
- Eliminate late and over limit fees
- Stop foreclosure, repossession, legal action and shut-offs
- Develop a plan for achieving your financial goals
- Provide you with knowledge and skills to make solid financial decisions

# 855-400-3716
*www.greenpath.org*



Search *greenpathdebt*   

  
MEMBER

 **home**ownership

NOTICE: The services of GreenPath Debt Solutions are financed through a combination of fees from our clients, grants and voluntary contributions from creditors who participate in Debt Management Plans (DMPs). Since creditors have a financial interest in being paid, most are willing to make a contribution to help fund our organization. These contributions are usually calculated as a percentage of the payment you make through your DMP — and average about 5%. However, your accounts with your creditors will always be credited with 100 percent of the amount you pay through us and we will work with all of your creditors, regardless of whether they contribute to our organization. Revised 2012.



CONCERNED ABOUT DEBT?
**CALL THE EXPERTS.**


GreenPath®
*debt solutions*

## WHO ARE WE?

GreenPath has been helping consumers since 1961. We're a non-profit company that partners with you to ease financial pressures, through healthy money management.

GreenPath works with you to understand and analyze the size and nature of your debt, and creates a plan to reduce that debt over a period of time. When appropriate, we may suggest a debt management program that lowers credit card interest rates, stops collection calls, and waives late and over-limit fees.

Our team of more than 500 caring associates are college educated, certified by the National Foundation for Credit Counseling, and dedicated to providing you with confidential, personal service.

Our core purpose:

**_Through financial knowledge and expertise, we enable people to enjoy a better quality of life._**



## WHAT DOES GREENPATH OFFER?

**Financial Counseling** – We start with a free, confidential 60-90 minute consultation. We discuss your financial situation, learn about your goals, and begin to put together a plan. The session is conducted in person or over the phone.

**Debt Management Programs** – This program helps consumers pay off their debt faster by bringing accounts current, lowering interest rates and waiving late or over-limit fees. This means more of your payment goes toward reducing your debt.

**Housing Counseling** – GreenPath is a HUD-approved housing counseling agency and a partner of the Homeownership Preservation Foundation. Our counselors deliver the highest quality assistance with homeownership and rental counseling.

**Bankruptcy Counseling** – GreenPath is approved to provide bankruptcy counseling and education services, as required by law.

**Education** – We conduct workshops in person and on the web. Our e-learning website, GreenPath University at _www.greenpath.org/university_ is full of free articles, videos, games, e-courses, calculators and other resources to help you learn to manage your money.

## NOTICE OF ASSIGNMENT

TO:  Bern Ripka LLP
60 E. 42nd Street
Suite 950
New York, NY 10165

Attn: Edward L. C. Marcowitz, Esq.

RE:  September 11th Victim Compensation Fund - Zadroga Act
Paul T. Wewe – Claim No. VCF0007221

You are hereby notified that on November 04, 2015, Paul T. Wewe ("Assignor"), transferred and assigned to the undersigned ("RD"), an additional portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the additional portion of Assignor's interest in Claim No. VCF0007221 that is assigned to RD is the amount of $90,909.09 (the "Property Amount"). For the sake of clarity, the earlier Assignment and Sale Agreement(s) dated August 15, 2014 remains in full force and effect and the dollar amount due to the Purchaser (RD) shall be the sum total of the Property Amount from this Agreement plus each previous Agreement, equaling $290,909.09 (the "Combined Property Amount"). The plaintiff attorney firm initially retained (Napoli Bern Ripka Shkolnik, LLP; Napoli Shkolnik PLLC) has since been replaced by Bern Ripka LLP.

You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Finance, LLC) in the sum of $290,909.09, the Combined Property Amount, pursuant to the Agreement(s) between the parties. You are further instructed that any distribution of the Combined Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Finance, LLC *(Payment address only)*
PO Box 12428
Newark, NJ 07102-3528

By: _____
Authorized Representative

Tax I.D. No. REDACTED

Date: 11/19/15

Assignor: PAUL TSAFACH WEWE
By: _____
*[Printed name of individual signing]*

Date: 11/18/2015

193293v2 9/19/13(08/04/15.iel)

**Bern Ripka LLP**
**60 E. 42nd Street, Suite 950**
**New York, NY  10165**

November 18, 2015

RD Legal Finance, LLC   Fax  201-568-9307
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:    September 11th Victim Compensation Fund - Zadroga Act
       Paul T. Wewe – Claim No. VCF0007221

Dear Mr. Dersovitz:

        This will acknowledge that our client, Paul T. Wewe, (Assignor), has assigned an additional
$90,909.09, which brings the currently combined assigned total to $290,909.09 of his interest in the
judgment proceeds of the referenced case to RD Legal Finance, LLC ("RD") pursuant to the Assignment
and Sale Agreement(s) dated November 04, 2015, a copy of which is attached to and made a part of this
communication. We acknowledge receipt of the Notice of assignment duly executed by our client, Paul
T. Wewe. For the sake of clarity, the earlier Assignment and Sale Agreement(s) dated August 15, 2014
remains in full force and effect and the dollar amount due to the Purchaser (RD) shall be the sum total of
the Property Amount from this Agreement and each previous Agreement, equaling $290,909.09 (the
"Combined Property Amount"). The plaintiff attorney firm initially retained (Napoli Bern Ripka
Shkolnik, LLP; Napoli Shkolnik PLLC) has since been replaced by Bern Ripka LLP.

        Bern Ripka LLP, by the signature below of Edward L. C. Marcowitz, advises you that as of the
above date, it is not in written receipt of any past lien upon the judgment proceeds which may be received
by the Assignor.

        We further acknowledge RD's lien on Assignor's interest in the subject judgment proceeds. By
signing below, we agree to hold any funds constituting proceeds of the judgment received on behalf of the
Assignor in an appropriate escrow account for disbursement to RD at P.O. Box 12428, Newark, NJ
07101-5328, in accordance with the Assignment and Sale Agreement(s) dated November 04, 2015.

        This letter may be executed in counterparts and a copy delivered via electronic mail or
facsimile.  Each such executed copy shall be deemed an original for all purposes.

Edward L. C. Marcowitz, Esq.
for Bern Ripka LLP

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-8

RECEIVED
NOV 0 6 2015

**THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE SUPERVISION OF AN ATTORNEY**

**ASSIGNMENT AND SALE AGREEMENT No. 2**

This Assignment and Sale Agreement (the "Agreement") is made on November 04, 2015, between Paul T. Wewe ("you"), with a residence address located at          REDACTED Brooklyn, NY 11233 and RD Legal Finance, LLC ("RD", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626 (each a "Party", and together the "Parties"). *If more than one individual is named above, "you" shall mean each and every such individual.*

**DISCLOSURE STATEMENT**

| | | | |
|---|---|---|---|
| 1. | **Total amount to be advanced to consumer under this contract:** | | $50,000.00 |
| 2. | **Itemized Fees:** | | |
| | Application | $ -0- | |
| | Processing | $ -0- | |
| | Attorney Review | $ -0- | |
| | Broker | $ -0- | |
| | Other (_____) | $ -0- | |
| | **Total Fees:** | $ -0- | |
| 3. | **Annual percentage fee (rate of return) on advance, compounded monthly:** | | **Not Applicable*** |
| 4. | **Total amount to be repaid by consumer:** | | |
| | if at 6 months: | | **Not Applicable** |
| | if at 12 months: | | **Not Applicable** |
| | if at 18 months: | | **Not Applicable** |
| | if at 24 months: | | **Not Applicable** |
| | if at 30 months: | | **Not Applicable** |
| | if at 36 months: | | **Not Applicable** |

**WHEREAS,** you are the client of Napoli Shkolnik PLLC, the law firm that represented you and other plaintiff(s), with reference to the September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0007221 (the "Case"), and you have an interest in the Case;

**WHEREAS,** as of January 02, 2011, the September 11th Victim Compensation Fund, overseen by Special Master Sheila Birnbaum, has been set-up for claimants who are deemed to have proved eligible loss based on the requirements of the Zadroga Act in the total amount of $2,775,000,000.00 (the "Judgment"), including an Award to you in the amount of $671,266.00, which may be subject to increase upon appeal (the "Award") as determined by a claims evaluator per the Award letter dated March 26, 2015.

**WHEREAS,** you own all right, title and interest in the Award;

EXHIBIT A-9

193293v2 9/19/13(08/04/15.iel)

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award, which may be subject to increase upon appeal, to RD; and

NOW, THEREFORE, you and we agree as follows:

1. **Assignments and Consideration**

   (a)   You hereby sell and assign to RD your interest in $90,909.09 of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests").

   (b)   In return for the Property, RD will pay to you the sum of $50,000.00 (the "Purchase Price").

   (c)   **This transaction is a true sale and assignment of the Property to RD and provides RD with the full risks and benefits of ownership of the Property.** However, you retain all obligations, liabilities and expenses under or in respect of the Award.

   (d)   Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

   You grant to RD a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

2. **Procedure for Paying Property Amount to RD**

   The entire Property Amount will be paid to RD from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

4. **Representations, Warranties and Assignments:** You represent and warrant to RD that:

   (a)   Napoli Shkolnik PLLC are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any offset or defense.

- 2 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-9

193293v2 9/19/13(08/04/15.iel)

(b)     You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RD. You have not previously sold or assigned the Property, in whole or in part, to any other party. Upon RD's payment to you of the Purchase Price, RD will own the Property free and clear of any Adverse Interests.

(c)     You have the legal capacity to execute and perform this Agreement.

(d)     You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e)     The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)     There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets. You are not the subject of any legal proceeding. The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)     All of the information that you have provided to RD is true and complete in all respects. You understand that RD has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)     You have not engaged in any acts or conduct or made any omissions that will potentially result in RD receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)     You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment. There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)     This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(k)     You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

5.     **Covenants.** You covenant to RD that:

(a)     If before payment of the full Purchase Price RD discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a

- 3 -                              US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-9

193293v2 9/19/13(08/04/15.iel)

"Breach"), RD may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse RD for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to RD the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

(b)     When requested, you will promptly execute any additional documents and take whatever further actions RD reasonably determines are necessary or desirable to perfect the assignment of the Property to RD or to carry out the terms of this Agreement.

(c)     You will immediately advise RD if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to RD in accordance with RD's instructions.  If you fail to do so, you will be in breach of the Agreement.

(d)     At RD's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and RD may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to RD instead of (and not to) you.

(e)     You understand that you are giving up all of your interest in the Property.

(f)     You will notify RD in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

    I.      A Breach occurs;

    II.     You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

    III.    Any other event which could potentially encumber the Property; or

    IV.     A change in the information that RD may use to contact you (including, but not limited to a change of address, telephone number, etc.).

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-9

193293v2 9/19/13(08/04/15.iel)

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

With a copy to **General Counsel:**
RD LEGAL COMPANIES
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Bruce Glassberg, Esq.
Phone: (201) 568-9007
Fax: (201) 568-9307
Email: bglassberg@legalfunding.com

or to such other address or addresses that RD may otherwise provide. The notice required by this provision shall be considered to have been given by you when it is received by RD.

**6.    Other Agreements**

   (a)    Excess Payment to RD. If RD receives payment with respect to the Case in an amount that exceeds the Property Amount, RD will promptly pay the excess amount to you.

   (b)    Best Evidence. In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

   (c)    Equitable Relief. Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

   (d)    Entire Agreement. This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

   (e)    Enforcement. The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-9

193293v2 9/19/13(08/04/15.iel)

recover its reasonable attorney's fees and expenses from the unsuccessful Party. Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

(f)     Assignment.  RD may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person.  RD may also pledge or grant a security interest in the Property.  This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

(g)     Third-Party Beneficiary.  This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of RD.

(h)     No Recourse.  RD is purchasing all of your interest in the Property without recourse against you (other than for a Breach).  This means that, in the event RD for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay RD any portion of the Purchase Price that RD paid to you.

(i)     Severability.  If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

**7.     Governing Law; Exclusive Jurisdiction:**  This Agreement is governed by and construed in accordance with the laws of the State of New Jersey.  If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey.  The Parties waive any objection that they may have, now or later, to the venue of any lawsuit or proceeding or that any such lawsuit or proceeding is brought in an inconvenient court.

**WAIVER OF TRIAL BY JURY.**

**EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.**

## NEW YORK CONSUMER'S RIGHT TO CANCELLATION

**YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.**

     US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-9

193293v2 9/19/13(08/04/15.iel)

**For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation. All checks intended to cancel the transaction should be mailed to: RD Legal Finance, LLC, PO Box 12428, Newark, NJ 07101-3528.**

<div align="center">IMPORTANT NOTICE</div>

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACE. BEFORE YOU SIGNTHIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF YOUR ATTORNEY. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT.**

**8.    Date of Execution:** This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness and Notice of Assignment) are signed by you before a Notary Public and returned to RD at its offices (all containing original signatures), (ii) RD receives from Napoli Shkolnik PLLC or "you" the Notice of Assignment to Napoli Shkolnik PLLC and the letter addressed to RD from Napoli Shkolnik PLLC acknowledging RD's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RD.

**9.    Wire Instructions:** *Please send or transmit payment subject to this Agreement to RD Legal Finance, LLC at:*

<div align="center">
Bank: BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL 60603<br>
Account Title: RD Legal Finance, LLC<br>
Account Number: REDACTED<br>
ABA Number: 071000288
</div>

US_ACTIVE-110091304-RMJAWORS

<div align="right">EXHIBIT A-9</div>

193293v2 9/19/13(08/04/15.iel)

## IMPORTANT NOTICE

**This is a complex financial transaction.  By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case.  In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning.  You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The Parties have executed this Agreement as of the date first written above.

_____
Signature of Individual

PAUL   WEWE
_____
Printed Name of Individual

RD LEGAL FINANCE, LLC

By: _____

LEO J. ZATTA
_____
Printed Name

CFO
_____
Title

- 8 -

EXHIBIT A-9

193293v2 9/19/13(08/04/15.iel)

## Limited Irrevocable Power of Attorney

I, Paul T. Wewe, appoint Roni Dersovitz or any other managers, members or officers of RD Legal Finance, LLC ("RD"), whose principal place of business is located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, as my true and lawful attorney for the following purposes:

(A) To endorse and deposit any and all checks payable to me with respect to my Award in the matter entitled September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0007221 (the "Checks"), a portion of which I assigned to RD as evidenced by the attached Agreement.

I understand that by executing this Power of Attorney, I am giving up the right to endorse and deposit the Checks, except as otherwise authorized by RD. This Power of Attorney may not be revoked or changed except upon written agreement of RD.

BY: _____          Date: _11/04/ 2015_
    Paul T. Wewe

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-9

193293v2 9/19/13(08/04/15.iel)

ACKNOWLEDGMENT

STATE OF NEW YORK}

SS:

COUNTY OF KINGS    }

**BE IT REMEMBERED** that on date before me personally appeared Paul T. Wewe, who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.

NOTARY PUBLIC

AHMED ADIO OPETUBO
Notary Public, State of New York
No.01OP6128452
Qualified in Kings County
Commission Expires June 13, 20 17

- 10 -

EXHIBIT A-9

193293v2 9/19/13(08/04/15.iel)

## CERTIFICATION OF TRUTHFULNESS

I, Paul T. Wewe, hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Finance, LLC, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit- Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.

By: _____          11/04/2015
    Paul T. Wewe                        Date

- 11 -

EXHIBIT A-9

193293v2 9/19/13(08/04/15.iel)

**NOTICE OF ASSIGNMENT**

TO:     September 11 Victim Compensation Fund
        Claims Processing Center
        1100 L. Street, N.W. – Suite 3000
        Washington, DC  20005

RE:     September 11th Victim Compensation Fund - Zadroga Act
        Paul T. Wewe – Claim No. VCF0007221

        You are hereby notified that on November 04, 2015, Paul T. Wewe ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0007221 that is assigned to RD is the amount of $90,909.09 (the "Property Amount").  For the sake of clarity, the earlier Assignment and Sale Agreement(s) dated August 15, 2014 remains in full force and effect and the dollar amount due to the Purchaser (RD) shall be the sum total of the property Amount from this Agreement and each previous Agreement, equaling $290,909.09 (the "Combined Property Amount").

        You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Finance, LLC) in the sum of $290,909.09, the Combined Property Amount, pursuant to the Agreement(s) between the parties.  You are further instructed that any distribution of the Combined Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD:  RD Legal Finance, LLC *(Payment address only)*          Tax I.D. No. REDACTED
     PO Box 12428
     Newark, NJ  07101-3528

By: _Paul Wewe_ (Assignor)                    Date: _11/04/2015_
     Authorized Representative
     Paul Wewe

Assignor: _____                   

By: _____                          Date: _11/06/2015_
     *[Printed name of individual signing]*

\* NOTE: Signatures have been reversed on designated space above  -12- (PLf signed in wrong space inadvertantly) PLf signature was notarized.

US-ACTIVE-110091304-RMJAWORS

EXHIBIT A-9

193293v2 9/19/13(08/04/15.iel)

## NOTICE OF ASSIGNMENT

TO:     Napoli Shkolnik PLLC
        1301 Avenue of the Americas
        10th Floor
        New York, NY 10019

        Attn: Christopher R. LoPalo, Esq.

RE:     September 11th Victim Compensation Fund - Zadroga Act
        Paul T. Wewe – Claim No. VCF0007221

You are hereby notified that on November 04, 2015, Paul T. Wewe ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0007221 that is assigned to RD is the amount of $90,909.09 (the "Property Amount"). For the sake of clarity, the earlier Assignment and Sale Agreement(s) dated August 15, 2014 remains in full force and effect and the dollar amount due to the Purchaser (RD) shall be the sum total of the property Amount from this Agreement and each previous Agreement, equaling $290,909.09 (the "Combined Property Amount").

You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Finance, LLC) in the sum of $290,909.09, the Combined Property Amount, pursuant to the Agreement(s) between the parties. You are further instructed that any distribution of the Combined Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Finance, LLC *(Payment address only)*          Tax I.D. No. REDACTED
    PO Box 12428
    Newark, NJ 07101-3528

By: _____ (Assignor)          Date: 11/04/2015
    Authorized Representative
    Paul Wewe

By: _____                     Date: 11/06/2015
    *[Printed name of individual signing]*

**NOTE:** Signatures have been reversed on designated space above (Plf signed in wrong space inadvertently) Plf signature was notarized.

- 13 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-9

193293v2 9/19/13(08/04/15.iel)

**Napoli Shkolnik PLLC**
**1301 Avenue of the Americas, 10th Floor**
**New York, NY 10019**

November 04, 2015

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:    September 11th Victim Compensation Fund - Zadroga Act
       Paul T. Wewe – Claim No. VCF0007221

Dear Mr. Dersovitz:

        This will acknowledge that our client, Paul T. Wewe, (Assignor), has assigned $90,909.09 of
his interest in the judgment proceeds of the referenced case to RD Legal Finance, LLC ("RD")
pursuant to the Assignment and Sale Agreement(s) dated November 04, 2015, a copy of which is
attached to and made a part of this communication. We acknowledge receipt of the Notice of
assignment duly executed by our client, Paul T. Wewe. For the sake of clarity, the earlier Assignment
and Sale Agreement(s) dated August 15, 2014 remains in full force and effect and the dollar amount
due to the Purchaser (RD) shall be the sum total of the property Amount from this Agreement and
each previous Agreement, equaling $290,909.09 (the "Combined Property Amount").

        Napoli Shkolnik PLLC, by the signature below of Christopher R. LoPalo, advises you that as
of the above date, it is not in written receipt of any past lien upon the judgment proceeds which may
be received by the Assignor.

        We further acknowledge RD's lien on Assignor's interest in the subject judgment proceeds.
By signing below, we agree to hold any funds constituting proceeds of the judgment received on
behalf of the Assignor in an appropriate escrow account for disbursement to RD at P.O. Box 12428,
Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s) dated
November 04, 2015.

        This letter may be executed in counterparts and a copy delivered via electronic mail or
facsimile. Each such executed copy shall be deemed an original for all purposes.

Christopher R. LoPalo, Esq.
for Napoli Shkolnik PLLC.

_____

- 14 -

EXHIBIT A-9

## NOTICE OF ASSIGNMENT

TO:   Bern Ripka LLP
        60 E. 42nd Street
        Suite 950
        New York, NY  10165

        Attn:  Edward L. C. Marcowitz, Esq.

RE:    September 11th Victim Compensation Fund - Zadroga Act
        Paul T. Wewe – Claim No. VCF0007221

        You are hereby notified that on November 04, 2015, Paul T. Wewe ("Assignor"), transferred and assigned to the undersigned ("RD"), an additional portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the additional portion of Assignor's interest in Claim No. VCF0007221 that is assigned to RD is the amount of $90,909.09 (the "Property Amount").  For the sake of clarity, the earlier Assignment and Sale Agreement(s) dated August 15, 2014 remains in full force and effect and the dollar amount due to the Purchaser (RD) shall be the sum total of the Property Amount from this Agreement plus each previous Agreement, equaling $290,909.09 (the "Combined Property Amount"). The plaintiff attorney firm initially retained (Napoli Bern Ripka Shkolnik, LLP; Napoli Shkolnik PLLC) has since been replaced by Bern Ripka LLP.

        You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Finance, LLC) in the sum of $290,909.09, the Combined Property Amount, pursuant to the Agreement(s) between the parties.  You are further instructed that any distribution of the Combined Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Finance, LLC *(Payment address only)*          Tax I.D. No. REDACTED
        PO Box 12428
        Newark, NJ  07101-3528

By: _____
        Authorized Representative                                    Date: _____

Assignor: PAUL TSAFACK WEWE
By: _____                          Date: 11|18|2015
        *[Printed name of individual signing]*

EXHIBIT A-9



November 24, 2015

Napoli Shkolnik PLLC
1301 Avenue of The Americas
10th Floor
New York, NY 10019
Attn: Paul J. Napoli, Esq.

***Sent via Email and USPS Certified Mail***

    Re:    September 11th Victim Compensation Fund – Zadroga Act
           Paul T. Wewe – Claim No. VCF0007221

Dear Mr. Napoli,

It is our understanding that Napoli Bern Ripka Shkolnik, LLP has dissolved, which has resulted in the formation of two new Firms. Please be advised that the enclosed lien notification acknowledgment letter regarding your former client Paul T. Wewe was executed by Edward L.C. Marcowitz, Esq. on behalf of Bern Ripka, LLP.

The purpose of this letter is to notify you of the enclosed notice of assignment as well as the above-referenced lien notification acknowledgment letter.

Sincerely,

Bruce Glassberg, Esq.
Associate General Counsel

Enclosures: As stated.

EXHIBIT A-9

## NOTICE OF ASSIGNMENT

TO:   Bern Ripka LLP
      60 E. 42nd Street
      Suite 950
      New York, NY 10165

      Attn: Edward L. C. Marcowitz, Esq.

RE:   September 11th Victim Compensation Fund - Zadroga Act
      Paul T. Wewe – Claim No. VCF0007221

You are hereby notified that on November 04, 2015, Paul T. Wewe ("Assignor"), transferred and assigned to the undersigned ("RD"), an additional portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the additional portion of Assignor's interest in Claim No. VCF0007221 that is assigned to RD is the amount of $90,909.09 (the "Property Amount"). For the sake of clarity, the earlier Assignment and Sale Agreement(s) dated August 15, 2014 remains in full force and effect and the dollar amount due to the Purchaser (RD) shall be the sum total of the Property Amount from this Agreement plus each previous Agreement, equaling $290,909.09 (the "Combined Property Amount"). The plaintiff attorney firm initially retained (Napoli Bern Ripka Shkolnik, LLP; Napoli Shkolnik PLLC) has since been replaced by Bern Ripka LLP.

You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Finance, LLC) in the sum of $290,909.09, the Combined Property Amount, pursuant to the Agreement(s) between the parties. You are further instructed that any distribution of the Combined Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Finance, LLC *(Payment address only)*          Tax I.D. No. REDACTED
    PO Box 12428
    Newark, NJ 07102-3528

By: _____                    Date: 11/19/15
        Authorized Representative

Assignor: PALL TSAFACH WEWE
By: _____                    Date: 11/18/2015
    *[Printed name of individual signing]*

EXHIBIT A-9

193293v2 9/19/13(08/04/15.iel)

**Bern Ripka LLP**
**60 E. 42nd Street, Suite 950**
**New York, NY 10165**

November 18, 2015

RD Legal Finance, LLC   Fax 201-568-9307
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:    September 11th Victim Compensation Fund - Zadroga Act
       Paul T. Wewe – Claim No. VCF0007221

Dear Mr. Dersovitz:

        This will acknowledge that our client, Paul T. Wewe, (Assignor), has assigned an additional $90,909.09, which brings the currently combined assigned total to $290,909.09 of his interest in the judgment proceeds of the referenced case to RD Legal Finance, LLC ("RD") pursuant to the Assignment and Sale Agreement(s) dated November 04, 2015, a copy of which is attached to and made a part of this communication. We acknowledge receipt of the Notice of assignment duly executed by our client, Paul T. Wewe. For the sake of clarity, the earlier Assignment and Sale Agreement(s) dated August 15, 2014 remains in full force and effect and the dollar amount due to the Purchaser (RD) shall be the sum total of the Property Amount from this Agreement and each previous Agreement, equaling $290,909.09 (the "Combined Property Amount"). The plaintiff attorney firm initially retained (Napoli Bern Ripka Shkolnik, LLP; Napoli Shkolnik PLLC) has since been replaced by Bern Ripka LLP.

        Bern Ripka LLP, by the signature below of Edward L. C. Marcowitz, advises you that as of the above date, it is not in written receipt of any past lien upon the judgment proceeds which may be received by the Assignor.

        We further acknowledge RD's lien on Assignor's interest in the subject judgment proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s) dated November 04, 2015.

        This letter may be executed in counterparts and a copy delivered via electronic mail or facsimile. Each such executed copy shall be deemed an original for all purposes.

Edward L. C. Marcowitz, Esq.
for Bern Ripka LLP

EXHIBIT A-9



AUG 1 8 2014

**THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE SUPERVISION OF AN ATTORNEY**

## ASSIGNMENT AND SALE AGREEMENT

This Assignment and Sale Agreement (the "Agreement") is made on August 13, 2014, between Vincent J. Fittipaldi ("you"), with a residence address located at   REDACTED  , Centereach, NY  11720 and RD Legal Funding Partners, LP ("RD", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ  07626 (each a "Party", and together the "Parties").  If more than one individual is named above, "you" shall mean each and every such individual.

### DISCLOSURE STATEMENT

1.  **Total amount to be advanced to consumer under this contract:**          $200,000.00
2.  **Itemized Fees:**

| | | |
|---|---|---|
| Application | $ -0- | |
| Processing | $ -0- | |
| Attorney Review | $ -0- | |
| Broker | $ -0- | |
| Other (_____) | $ -0- | |
| **Total Fees:** | $ -0- | |

3.  **Annual percentage fee (rate of return)
    on advance, compounded monthly:**                    **Not Applicable\***
4.  **Total amount to be repaid by consumer:**

| | |
|---|---|
| if at 6 months: | **Not Applicable** |
| if at 12 months: | **Not Applicable** |
| if at 18 months: | **Not Applicable** |
| if at 24 months: | **Not Applicable** |
| if at 30 months: | **Not Applicable** |
| if at 36 months: | **Not Applicable** |

**WHEREAS**, you are the client of Napoli Bern Ripka Shkolnik, LLP, the law firm that represented you and other plaintiff(s), with reference to the September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0006587 (the "Case"), and you have an interest in the Case;

**WHEREAS**, as of January 02, 2011, the September 11th Victim Compensation Fund, overseen by Special Master Sheila Birnbaum, has been set-up for claimants who are deemed to have proved eligible loss based on the requirements of the Zadroga Act in the total amount of $2,775,000,000.00 (the "Judgment"), including an Award to you in the amount of $1,207,680.35 (the "Award") as determined by a claims evaluator per the Award letter dated February 05, 2014.

**WHEREAS**, you own all right, title and interest in the Award;

*This section is not applicable because the transaction is a purchase and not a loan.          US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-10

193293v2 9/19/13(01/06/14)

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award to RD; and

NOW, THEREFORE, you and we agree as follows:

**1.    Assignments and Consideration**

(a)    You hereby sell and assign to RD your interest in $500,000.00 (Five Hundred Thousand Dollars and No Cents) of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests").

In return for the Property, RD will pay to you the sum of $200,000.00 (Two Hundred Thousand Dollars and No Cents) (the "Purchase Price").

(b)    This transaction is a true sale and assignment of the Property to RD and provides RD with the full risks and benefits of ownership of the Property. However, you retain all obligations, liabilities and expenses under or in respect of the Award.

(c)    Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

You grant to RD a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

**2.    Procedure for Paying Property Amount to RD**

The entire Property Amount will be paid to RD from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

**4.    Representations, Warranties and Assignments:**  You represent and warrant to RD that:

(a)    Napoli Bern Ripka Shkolnik, LLP are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any offset or defense.

(b)    You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RD. You have not previously sold or

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-10

193293v2 9/19/13(01/06/14)

assigned the Property, in whole or in part, to any other party.  Upon RD's payment to you of the Purchase Price, RD will own the Property free and clear of any Adverse Interests.

(c)    You have the legal capacity to execute and perform this Agreement.

(d)    You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e)    The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)    There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets.  You are not the subject of any legal proceeding.  The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)    All of the information that you have provided to RD is true and complete in all respects.  You understand that RD has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)    You have not engaged in any acts or conduct or made any omissions that will potentially result in RD receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)    You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment.  There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)    This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(k)    You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

5.    **Covenants.**  You covenant to RD that:

(a)    If before payment of the full Purchase Price RD discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), RD may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation,

-3-

EXHIBIT A-10

193293v2 9/19/13(01/06/14)

to satisfy and remove any Adverse Interests and reimburse RD for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to RD the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

(b)     When requested, you will promptly execute any additional documents and take whatever further actions RD reasonably determines are necessary or desirable to perfect the assignment of the Property to RD or to carry out the terms of this Agreement.

(c)     You will immediately advise RD if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to RD in accordance with RD's instructions.  If you fail to do so, you will be in breach of the Agreement.

(d)     At RD's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and RD may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to RD instead of (and not to) you.

(e)     You understand that you are giving up all of your interest in the Property.

(f)     You will notify RD in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

  I.     A Breach occurs;

  II.    You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

  III.   Any other event which could potentially encumber the Property; or

  IV.    A change in the information that RD may use to contact you (including, but not limited to a change of address, telephone number, etc.).

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

- 4 -

193293v2 9/19/13(01/06/14)

Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

**(PLEASE DO NOT SEND CONTRACT PAPERWORK TO THE CALIFORNIA OFFICE)**

With a copy to **General Counsel:**
RD LEGAL COMPANIES
7344 Magnolia Avenue, Suite 110
Riverside, CA  92504
Attn:  Irena Leigh Norton, Esq.
Phone:  (951) 359-3205
Fax:  (951) 637-0627
Email:  inorton@legalfunding.com

or to such other address or addresses that RD may otherwise provide.  The notice required by this provision shall be considered to have been given by you when it is received by RD.

## 6.    Other Agreements

(a)    Excess Payment to RD.  If RD receives payment with respect to the Case in an amount that exceeds the Property Amount, RD will promptly pay the excess amount to you.

(b)    Best Evidence.  In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

(c)    Equitable Relief.  Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

(d)    Entire Agreement.  This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

(e)    Enforcement.  The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party. Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar

193293v2 9/19/13(01/06/14)

matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

(f) <u>Assignment</u>. RD may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person. RD may also pledge or grant a security interest in the Property. This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

(g) <u>Third-Party Beneficiary.</u> This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of RD.

(h) <u>No Recourse</u>. RD is purchasing all of your interest in the Property without recourse against you (other than for a Breach). This means that, in the event RD for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay RD any portion of the Purchase Price that RD paid to you.

(i) <u>Severability</u>. If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

**7.    Governing Law; Exclusive Jurisdiction:** This Agreement is governed by and construed in accordance with the laws of the State of New Jersey. If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey. The Parties waive any objection that they may have, now or later, to the venue of any lawsuit or proceeding or that any such lawsuit or proceeding is brought in an inconvenient court.

WAIVER OF TRIAL BY JURY.

**EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.**

## NEW YORK CONSUMER'S RIGHT TO CANCELLATION

**YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.**

**For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in**

US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation. All checks intended to cancel the transaction should be mailed to RD Legal Funding Partners, LP, PO Box 12428, Newark, NJ 07101-3528:

<center>IMPORTANT NOTICE</center>

This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.

DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACE. BEFORE YOU SIGNTHIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF YOUR ATTORNEY. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT.

**10.     Date of Execution:** This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to RD at its offices (all containing original signatures), (ii) RD receives from Napoli Bern Ripka Shkolnik, LLP or "you" the Notice of Assignment to Napoli Bern Ripka Shkolnik, LLP and the letter addressed to RD from Napoli Bern Ripka Shkolnik, LLP acknowledging RD's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RD.

**11.     Wire Instructions:** *Please send or transmit payment subject to this Agreement to RD Legal Funding Partners, LP at:*

<center>Bank: BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL 60603
Account Title: RD Legal Funding Partners, LP
Account Number: REDACTED
ABA Number: 071000288</center>

<center>- 7 -</center>

EXHIBIT A-10

193293v2 9/19/13(01/06/14)

## IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The Parties have executed this Agreement as of the date first written above.

_____
Signature of Individual

_____
Printed Name of Individual

Vincent J. Fittipaldi

RD LEGAL FUNDING PARTNERS, LP

By: _____

_____
Printed Name

Joseph R. Genovesi

_____
Title

President

- 8 -

US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

## Limited Irrevocable Power of Attorney

I, Vincent J. Fittipaldi, appoint Roni Dersovitz or any other managers, members or officers of RD Legal Funding Partners, LP ("RD"), whose principal place of business is located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, as my true and lawful attorney for the following purposes:

(A) To endorse and deposit any and all checks payable to me with respect to my Award in the matter entitled September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0006587 (the "Checks"), a portion of which I assigned to RD as evidenced by the attached Agreement.

I understand that by executing this Power of Attorney, I am giving up the right to endorse and deposit the Checks, except as otherwise authorized by RD. This Power of Attorney may not be revoked or changed except upon written agreement of RD.

BY: _____

Vincent J. Fittipaldi

Date: 08/14/14

US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

## Spousal Acknowledgment

I, Helena Fittipaldi hereby acknowledge the following:

(1) I am the spouse of Vincent J. Fittipaldi, who is a Party to this Agreement;

(2) I have read and understood the terms of, and been provided with, a copy of the Agreement;

(3) By virtue of this Agreement, my spouse has assigned $500,000.00 (Five Hundred Thousand Dollars and No Cents) of his interest in the case regarding September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0006587 (the "Property") to RD Legal Funding Partners, LP ("RD"); and

(4) To the best of my knowledge, my spouse (a) is not involved in any bankruptcy, insolvency or other legal proceedings that could affect his/her assets, (b) has paid or made adequate provision for payment of all federal, state and local taxes that are due, (c) has no tax or other governmental liens against him/her or his/her interest in the judgment, (d) is not indebted to me or any former spouse for support, maintenance or similar obligations, or to any child or the child's guardian for any child support or similar payments, and (e) has not transferred or assigned, and has no plans to transfer or assign, any portion of his/her interest in the judgment to any other party or person.

The undersigned has executed this Acknowledgment as of _____ *August 14* ____, 20 *14*.

_Helena Fittipaldi_
Signature

_Helena Fittipaldi_
Printed Name

## ACKNOWLEDGMENT

STATE OF NEW YORK}

SS:

COUNTY OF ~~SUFFOLK~~ *NASSAU*}

I certify that on this *14th* day of *AUGUST*, 20 *14*, *Helena Fittipaldi* personally came before me and acknowledged under oath, to my satisfaction, that this person is the person named in and who personally signed this Acknowledgment and signed, sealed and delivered such Acknowledgment as his or her own act and deed.

NOTARY PUBLIC

EDWARD T. BYRNES
Notary Public, State of New York
Registration #01BY4833570-RMJAWORS
Qualified in Nassau County
Commission Expires Jan. 31, 2015

- 12 -

EXHIBIT A-10

**NOTICE OF ASSIGNMENT**


TO:     September 11 Victim Compensation Fund
        Claims Processing Center
        1100 L. Street, N.W. – Suite 3000
        Washington, DC  20005


RE:     September 11th Victim Compensation Fund - Zadroga Act
        Vincent J. Fittipaldi – Claim No. VCF0006587

        You are hereby notified that on , Vincent J. Fittipaldi ("Assignor"), transferred and assigned to
the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th
Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim
Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim
No. VCF0006587 that is assigned to RD is the amount of $500,000.00 (Five Hundred Thousand Dollars
and No Cents) (the "Property Amount").  You are hereby instructed that, promptly following receipt of
funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal
Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties.
You are further instructed that any distribution of the Property Amount to any person other than RD shall
be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and
attorneys' fees for any loss suffered by RD hereunder.

RD:  RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No. REDACTED
        PO Box 12428
        Newark, NJ  07101-3528

By: _____                        Date: __8/19/2014__
        Authorized Representative

Assignor: _____
By: ___Vincent J. Fithpald___                      Date: __08/14/14__
        *[Printed name of individual signing]*

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-10

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:     Napoli Bern Ripka Shkolnik, LLP
        3500 Sunrise Highway
        Suite 207
        Great River, NY  11739

        Attn:  Christopher LoPalo, Esq.

RE:     September 11th Victim Compensation Fund - Zadroga Act
        Vincent J. Fittipaldi – Claim No. VCF0006587

        You are hereby notified that on , Vincent J. Fittipaldi ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0006587 that is assigned to RD is the amount of $500,000.00 (Five Hundred Thousand Dollars and No Cents) (the "Property Amount").  You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD:  RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No.REDACTED
     PO Box 12428
     Newark, NJ  07101-3528

By:  _____                                       Date:  _8/19/204___
         Authorized Representative

Assignor: _____
By:  _Vincent J. Fittipaldi_                                         Date:  _08/14/14_
     *[Printed name of individual signing]*

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-10

193293v2 9/19/13(01/06/14)

**Napoli Bern Ripka Shkolnik, LLP**
**3500 Sunrise Highway, Suite 207**
**Great River, NY 11739**

August 13, 2014

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:     September 11th Victim Compensation Fund - Zadroga Act
        Vincent J. Fittipaldi – Claim No. VCF0006587

Dear Mr. Dersovitz:

        This will acknowledge that our client, Vincent J. Fittipaldi, (Assignor), has assigned $500,000.00 (Five Hundred Thousand Dollars and No Cents) of his interest in the judgment proceeds of the referenced case to RD Legal Funding Partners, LP ("RD") pursuant to the Assignment and Sale Agreement(s) dated August 13, 2014, a copy of which is attached to and made a part of this communication. We acknowledge receipt of the Notice of assignment duly executed by our client, Vincent J. Fittipaldi.

        Napoli Bern Ripka Shkolnik, LLP, by the signature below of Christopher LoPalo, advises you that as of the above date, it is not in written receipt of any past lien upon the judgment proceeds which may be received by the Assignor.

        We further acknowledge RD's lien on Assignor's interest in the subject judgment proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s) dated August 13, 2014.

        This letter may be executed in counterparts and a copy delivered via electronic mail or facsimile. Each such executed copy shall be deemed an original for all purposes.

Christopher LoPalo, Individually and for Napoli Bern Ripka Shkolnik, LLP.

_____

- 15 -                                          US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-10

Chase Bank

2102 Middle Country Rd.

Centereach, NY 11720

(631)588-3044

Routing/ABA # 021 000 021

Vincent J Fittipaldi

Account # REDACTED

Greenpath Client ID # REDACTED