RECEIVED

AUG 27 2014

## THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE SUPERVISION OF AN ATTORNEY

### ASSIGNMENT AND SALE AGREEMENT

This Assignment and Sale Agreement (the "Agreement") is made on August 22, 2014, between Elmer G. Santiago ("you"), with a residence address located at       REDACTED
Bronx, NY 10451 and RD Legal Funding Partners, LP ("RD", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626 (each a "Party", and together the "Parties"). If more than one individual is named above, "you" shall mean each and every such individual.

### DISCLOSURE STATEMENT

1. **Total amount to be advanced to consumer under this contract:**       **$250,000.00**
2. **Itemized Fees:**

| | | |
|---|---|---|
| Application | $ -0- | |
| Processing | $ -0- | |
| Attorney Review | $ -0- | |
| Broker | $ -0- | |
| Other (_____) | $ -0- | |
| **Total Fees:** | $ -0- | |

3. **Annual percentage fee (rate of return) on advance, compounded monthly:**       Not Applicable*
4. **Total amount to be repaid by consumer:**

| | |
|---|---|
| if at 6 months: | Not Applicable |
| if at 12 months: | Not Applicable |
| if at 18 months: | Not Applicable |
| if at 24 months: | Not Applicable |
| if at 30 months: | Not Applicable |
| if at 36 months: | Not Applicable |

**WHEREAS**, you are the client of Barasch & McGarry, P.C., the law firm that represented you and other plaintiff(s), with reference to the September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0001227 (the "Case"), and you have an interest in the Case;

**WHEREAS**, as of January 02, 2011, the September 11th Victim Compensation Fund, overseen by Special Master Sheila Birnbaum, has been set-up for claimants who are deemed to have proved eligible loss based on the requirements of the Zadroga Act in the total amount of $2,775,000,000.00 (the "Judgment"), including an Award to you in the amount of $3,920,351.48 (the "Award") as determined by a claims evaluator per the Award letter dated June 17, 2014.

*This section is not applicable because the transaction is a purchase and not a loan.       US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

**WHEREAS**, you own all right, title and interest in the Award;

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award to RD; and

NOW, THEREFORE, you and we agree as follows:

1.    **Assignments and Consideration**

(a)    You hereby sell and assign to RD your interest in $625,000.00 (Six Hundred Twenty Five Thousand Dollars and No Cents) of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests").

(b)    In return for the Property, RD will pay to you the sum of $250,000.00 (Two Hundred Fifty Thousand Dollars and No Cents) (the "Purchase Price"). ~~You consent to have withheld from the Purchase Price the amount of $22,194.58 to cover the current outstanding lien/judgment(s) along with any penalties and interest that may have accrued with reference to NY State Tax Liens dated December 31, 2003 and March 27, 2007. The withheld amount will be refunded to you, along with accrued interest at the rate of .04932% per diem, upon receipt by RD of the Purchased Amount or receipt of supporting documentation that the lien/judgment has been satisfied in full~~.

> No Holdback
> Mr. Santiago
> sent in proof
> of satisfaction
> with his
> signed A&S

(c)    This transaction is a true sale and assignment of the Property to RD and provides RD with the full risks and benefits of ownership of the Property. However, you retain all obligations, liabilities and expenses under or in respect of the Award.

(d)    Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

You grant to RD a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

- 2 -

EXHIBIT A-11

193293v2 9/19/13(01/06/14)

## 2.    Procedure for Paying Property Amount to RD

The entire Property Amount will be paid to RD from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

## 4.    Representations, Warranties and Assignments:  You represent and warrant to RD that:

(a)    Barasch & McGarry, P.C. are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any offset or defense.

(b)    You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RD. You have not previously sold or assigned the Property, in whole or in part, to any other party. Upon RD's payment to you of the Purchase Price, RD will own the Property free and clear of any Adverse Interests.

(c)    You have the legal capacity to execute and perform this Agreement.

(d)    You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e)    The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)    There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets. You are not the subject of any legal proceeding. The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)    All of the information that you have provided to RD is true and complete in all respects. You understand that RD has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)    You have not engaged in any acts or conduct or made any omissions that will potentially result in RD receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)    You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment. There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-11

193293v2 9/19/13(01/06/14)

(j)     This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(k)     You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

5.     **Covenants.**  You covenant to RD that:

(a)     If before payment of the full Purchase Price RD discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), RD may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse RD for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to RD the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

(b)     When requested, you will promptly execute any additional documents and take whatever further actions RD reasonably determines are necessary or desirable to perfect the assignment of the Property to RD or to carry out the terms of this Agreement.

(c)     You will immediately advise RD if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to RD in accordance with RD's instructions.  If you fail to do so, you will be in breach of the Agreement.

(d)     At RD's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and RD may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to RD instead of (and not to) you.

(e)     You understand that you are giving up all of your interest in the Property.

(f)     You will notify RD in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

I.      A Breach occurs;

II.     You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-11

193293v2 9/19/13(01/06/14)

III.    Any other event which could potentially encumber the Property; or

IV.    A change in the information that RD may use to contact you (including, but not limited to a change of address, telephone number, etc.).

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

**(PLEASE DO NOT SEND CONTRACT PAPERWORK TO THE CALIFORNIA OFFICE)**

With a copy to **General Counsel:**
RD LEGAL COMPANIES
7344 Magnolia Avenue, Suite 110
Riverside, CA  92504
Attn:  Irena Leigh Norton, Esq.
Phone:  (951) 359-3205
Fax:  (951) 637-0627
Email:  inorton@legalfunding.com

or to such other address or addresses that RD may otherwise provide.  The notice required by this provision shall be considered to have been given by you when it is received by RD.

6.    **Other Agreements**

(a)    <u>Excess Payment to RD</u>.  If RD receives payment with respect to the Case in an amount that exceeds the Property Amount, RD will promptly pay the excess amount to you.

(b)    <u>Best Evidence</u>.  In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

(c)    <u>Equitable Relief</u>.  Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

- 5 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-11

193293v2 9/19/13(01/06/14)

(d)     Entire Agreement. This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

(e)     Enforcement. The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party. Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

(f)     Assignment. RD may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person.  RD may also pledge or grant a security interest in the Property. This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

(g)     Third-Party Beneficiary. This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of RD.

(h)     No Recourse. RD is purchasing all of your interest in the Property without recourse against you (other than for a Breach). This means that, in the event RD for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay RD any portion of the Purchase Price that RD paid to you.

(i)     Severability. If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

**7.     Governing Law; Exclusive Jurisdiction:** This Agreement is governed by and construed in accordance with the laws of the State of New Jersey. If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey. The Parties waive any objection that they may have, now or later, to the venue of any lawsuit or proceeding or that any such lawsuit or proceeding is brought in an inconvenient court.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-11

193293v2 9/19/13(01/06/14)

WAIVER OF TRIAL BY JURY.

EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.

### NEW YORK CONSUMER'S RIGHT TO CANCELLATION

YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.

For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation. All checks intended to cancel the transaction should be mailed to: RD Legal Funding Partners, LP, PO Box 12428, Newark, NJ 07101-3528.

#### IMPORTANT NOTICE

This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.

DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACE. BEFORE YOU SIGNTHIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF YOUR ATTORNEY. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT.

**10.     Date of Execution:** This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to RD at its offices (all containing original signatures), (ii) RD receives from Barasch & McGarry, P.C. or "you" the Notice of Assignment to Barasch & McGarry, P.C. and the letter addressed to RD from Barasch & McGarry, P.C. acknowledging

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-11

193293v2 9/19/13(01/06/14)

RD's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RD.

**11.** **Wire Instructions:** *Please send or transmit payment subject to this Agreement to RD Legal Funding Partners, LP at:*

> Bank:  BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL  60603
> Account Title:  RD Legal Funding Partners, LP
> Account Number:  REDACTED
> ABA Number:  071000288

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-11

193293v2 9/19/13(01/06/14)

## IMPORTANT NOTICE

**This is a complex financial transaction.  By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case.  In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning.  You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The Parties have executed this Agreement as of the date first written above.

Signature of Individual

Elmer Santiago

Printed Name of Individual

RD LEGAL FUNDING PARTNERS, LP

By:

Leo J. Zanno

Printed Name

CFO

Title

US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

## Limited Irrevocable Power of Attorney

I, Elmer G. Santiago, appoint Roni Dersovitz or any other managers, members or officers of RD Legal Funding Partners, LP ("RD"), whose principal place of business is located at 45 Legion Drive, 2nd Floor, Cresskill, NJ  07626, as my true and lawful attorney for the following purposes:

(A) To endorse and deposit any and all checks payable to me with respect to my Award in the matter entitled September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0001227 (the "Checks"), a portion of which I assigned to RD as evidenced by the attached Agreement.

I understand that by executing this Power of Attorney, I am giving up the right to endorse and deposit the Checks, except as otherwise authorized by RD.  This Power of Attorney may not be revoked or changed except upon written agreement of RD.

BY: _____          Date: ___8/22/14_____
Elmer G. Santiago

- 10 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-11

193293v2 9/19/13(01/06/14)

ACKNOWLEDGMENT


STATE OF NEW YORK}

SS:

COUNTY OF BRONX   }


**BE IT REMEMBERED** that on date before me personally appeared Elmer G. Santiago, who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.

NOTARY PUBLIC

**ALICE M. DELACRUZ**
**Notary Public, State of New York**
**No. 01DE6136816**
**Qualified in Bronx County**
**Commission Expires Nov. 14, 20 /7**

- 11 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-11

193293v2 9/19/13(01/06/14)

## CERTIFICATION OF TRUTHFULNESS

I, Elmer G. Santiago, hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Funding Partners, LP, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit-Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.

By: _____
    Elmer G. Santiago

_8/22/14_____
Date

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-11

193293v2 9/19/13(01/06/14)

**NOTICE OF ASSIGNMENT**

TO:    September 11 Victim Compensation Fund
        Claims Processing Center
        1100 L. Street, N.W. – Suite 3000
        Washington, DC  20005

RE:    September 11th Victim Compensation Fund - Zadroga Act
        Elmer G. Santiago – Claim No. VCF0001227

       You are hereby notified that on , Elmer G. Santiago ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0001227 that is assigned to RD is the amount of $625,000.00 (Six Hundred Twenty Five Thousand Dollars and No Cents) (the "Property Amount"). You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Funding Partners, LP *(Payment address only)*        Tax I.D. No. REDACTED
      PO Box 12428
      Newark, NJ 07101-3528

By: _____
       Authorized Representative        Date: ___8/27/14___


Assignor: _____

By: ___Elmer Santiago___        Date: ___8/22/14___
   *[Printed name of individual signing]*

- 13 -               US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:    Barasch & McGarry, P.C.
        111 Broadway
        11th Floor
        New York, New York 10006

        Attn:  Edward L.C. Marcowitz, Esq.

RE:    September 11th Victim Compensation Fund - Zadroga Act
        Elmer G. Santiago – Claim No. VCF0001227

      You are hereby notified that on , Elmer G. Santiago ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0001227 that is assigned to RD is the amount of $625,000.00 (Six Hundred Twenty Five Thousand Dollars and No Cents) (the "Property Amount").  You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties.  You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Funding Partners, LP *(Payment address only)*        Tax I.D. No. REDACTED
      PO Box 12428
      Newark, NJ 07101-3528

By:  _____        Date:  _____
        Authorized Representative

Assignor: _____

By:  Elmer Santiago             Date:  8/22/14
    *[Printed name of individual signing]*

- 14 -

EXHIBIT A-11

193293v2 9/19/13(01/06/14)

**Barasch & McGarry, P.C.**
**111 Broadway, 11th Floor**
**New York, New York 10006**

August 22, 2014

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:     September 11th Victim Compensation Fund - Zadroga Act
        Elmer G. Santiago – Claim No. VCF0001227

Dear Mr. Dersovitz:

        This will acknowledge that our client, Elmer G. Santiago, (Assignor), has assigned
$625,000.00 (Six Hundred Twenty Five Thousand Dollars and No Cents) of his interest in the
judgment proceeds of the referenced case to RD Legal Funding Partners, LP ("RD") pursuant to
the Assignment and Sale Agreement(s) dated August 22, 2014, a copy of which is attached to
and made a part of this communication. We acknowledge receipt of the Notice of assignment
duly executed by our client, Elmer G. Santiago.

        Barasch & McGarry, P.C., by the signature below of Edward L.C. Marcowitz, advises
you that as of the above date, it is not in written receipt of any past lien upon the judgment
proceeds which may be received by the Assignor.

        We further acknowledge RD's lien on Assignor's interest in the subject judgment
proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment
received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at
P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale
Agreement(s) dated August 22, 2014.

        This letter may be executed in counterparts and a copy delivered via electronic mail or
facsimile. Each such executed copy shall be deemed an original for all purposes.

Edward L.C. Marcowitz, Individually and for Barasch & McGarry, P.C..

_____

- 15 -                                    US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-11



RECEIVED
AUG 2 9 2014



*smarter money for growth*

**August 28, 2014**

Dear Mr. Santiago,

Please review the amended first two pages of your Assignment and Sale Agreement.  We have removed the holdback provision for the NY Tax Liens since you have provided us proof of satisfaction.  Please initial where indicated and sign below to indicate your acknowledgment and agreement with this change.

Please return the initialed pages and this cover letter via fax (1-201-568-9307) and US Mail.

Sincerely,

RD Legal Funding, LLC

Signature of Individual

*August 28, 2014*
Date

**THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE
SUPERVISION OF AN ATTORNEY**

## ASSIGNMENT AND SALE AGREEMENT

This Assignment and Sale Agreement (the "Agreement") is amended and restated on August 28, 2014 replacing pages one and two of the previous Assignment and Sale Agreement dated August 22, 2014, between Elmer G. Santiago ("you"), with a residence address located at REDACTED Bronx, NY 10451 and RD Legal Funding Partners, LP ("RD", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626 (each a "Party", and together the "Parties"). If more than one individual is named above, "you" shall mean each and every such individual.

## DISCLOSURE STATEMENT

| | | | |
|---|---|---|---|
| 1. | **Total amount to be advanced to consumer under this contract:** | | **$250,000.00** |
| 2. | **Itemized Fees:** | | |
| | Application | $ -0- | |
| | Processing | $ -0- | |
| | Attorney Review | $ -0- | |
| | Broker | $ -0- | |
| | Other (_____) | $ -0- | |
| | **Total Fees:** | $ -0- | |
| 3. | **Annual percentage fee (rate of return) on advance, compounded monthly:** | | **Not Applicable\*** |
| 4. | **Total amount to be repaid by consumer:** | | |

| | |
|---|---|
| if at 6 months: | **Not Applicable** |
| if at 12 months: | **Not Applicable** |
| if at 18 months: | **Not Applicable** |
| if at 24 months: | **Not Applicable** |
| if at 30 months: | **Not Applicable** |
| if at 36 months: | **Not Applicable** |

**WHEREAS**, you are the client of Barasch & McGarry, P.C., the law firm that represented you and other plaintiff(s), with reference to the September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0001227 (the "Case"), and you have an interest in the Case;

**WHEREAS**, as of January 02, 2011, the September 11th Victim Compensation Fund, overseen by Special Master Sheila Birnbaum, has been set-up for claimants who are deemed to have proved eligible loss based on the requirements of the Zadroga Act in the total amount of $2,775,000,000.00 (the "Judgment"), including an Award to you in the amount of $3,920,351.48 (the "Award") as determined by a claims evaluator per the Award letter dated June 17, 2014.

\*This section is not applicable because the transaction is a purchase and not a loan.        US_ACTIVE-110091304-RMJAWORS
Initial _E.S._

193293v2 9/19/13(01/06/14)

**WHEREAS**, you own all right, title and interest in the Award;

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award to RD; and

NOW, THEREFORE, you and we agree as follows:

1.     **Assignments and Consideration**

     (a)    You hereby sell and assign to RD your interest in $625,000.00 (Six Hundred Twenty Five Thousand Dollars and No Cents) of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests").

     (b)    In return for the Property, RD will pay to you the sum of $250,000.00 (Two Hundred Fifty Thousand Dollars and No Cents) (the "Purchase Price").

     (c)    This transaction is a true sale and assignment of the Property to RD and provides RD with the full risks and benefits of ownership of the Property. However, you retain all obligations, liabilities and expenses under or in respect of the Award.

     (d)    Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

          You grant to RD a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

2.     **Procedure for Paying Property Amount to RD**

     The entire Property Amount will be paid to RD from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

4.     **Representations, Warranties and Assignments:** You represent and warrant to RD that:

     (a)    Barasch & McGarry, P.C. are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any offset or defense.

- 2 -

US_ACTIVE-110091304-RMJAWORS
Initial *E·S·*

EXHIBIT A-11

193293v2 9/19/13(01/06/14)

**Barasch & McGarry, P.C.**
**111 Broadway, 11th Floor**
**New York, New York  10006**

August 26, 2014

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:   September 11th Victim Compensation Fund - Zadroga Act
        Elmer G. Santiago – Claim No. VCF0001227

Dear Mr. Dersovitz:

        This will acknowledge that our client, Elmer G. Santiago, (Assignor), has assigned
$625,000.00 (Six Hundred Twenty Five Thousand Dollars and No Cents) of his interest in the
judgment proceeds of the referenced case to RD Legal Funding Partners, LP ("RD") pursuant to
the Assignment and Sale Agreement(s) dated August 22, 2014, a copy of which is attached to
and made a part of this communication.  We acknowledge receipt of the Notice of assignment
duly executed by our client, Elmer G. Santiago.

        Barasch & McGarry, P.C., by the signature below of Edward L.C. Marcowitz, advises
you that as of the above date, it is not in written receipt of any past lien upon the judgment
proceeds which may be received by the Assignor.

        We further acknowledge RD's lien on Assignor's interest in the subject judgment
proceeds.  By signing below, we agree to hold any funds constituting proceeds of the judgment
received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at
P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale
Agreement(s) dated August 22, 2014.

        This letter may be executed in counterparts and a copy delivered via electronic mail or
facsimile.   Each such executed copy shall be deemed an original for all purposes.

Barasch & McGarry, P.C.

By: Edward L.C. Marcowitz, Esq.

- 15 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-11

RECEIVED

MAR 2 0 2015

**THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE
SUPERVISION OF AN ATTORNEY**

### ASSIGNMENT AND SALE AGREEMENT No. 2

This Assignment and Sale Agreement (the "Agreement") is made on March 18, 2015, between Elmer G. Santiago ("you"), with a residence address located at      REDACTED Kissimmee, FL  34746 and RD Legal Funding Partners, LP ("RD", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ  07626 (each a "Party", and together the "Parties"). If more than one individual is named above, "you" shall mean each and every such individual.

**YOUR ATTENTION IS DRAWN TO THE DISPUTE RESOLUTION
PROVISION IN SECTION 8. IF A DISPUTE ARISES BETWEEN US, YOU OR WE
MAY REQUIRE THAT IT BE RESOLVED THROUGH BINDING ARBITRATION,
RATHER THAN BY JURY TRIAL.**

**WHEREAS**, you are the client of Barasch McGarry Salzman & Penson, PC, the law firm that represented you and other plaintiff(s), with reference to the September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0001227 (the "Case"), and you have an interest in the Case;

**WHEREAS**, as of January 02, 2011, the September 11th Victim Compensation Fund, overseen by Special Master Sheila Birnbaum, has been set-up for claimants who are deemed to have proved eligible loss based on the requirements of the Zadroga Act in the total amount of $2,775,000,000.00 (the "Judgment"), including an Award to you in the amount of $3,920,351.48 (the "Award") as determined by a claims evaluator per the Award letter dated June 17, 2014.

**WHEREAS**, you own all right, title and interest in the Award;

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award to RD; and

NOW, THEREFORE, you and we agree as follows:

### 1.    Assignments and Consideration

(a)    You hereby sell and assign to RD your interest in $87,500.00 (Eighty Seven Thousand Five Hundred Dollars and No Cents) of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests"). For the sake of clarity, the earlier Assignment and Sale Agreement(s) dated August 22, 2014 remains in full force and effect and the amount due to the Purchaser shall be the sum total of the Property from this

EXHIBIT A-12

193293v2 9/19/13(01/06/14)

Agreement and each previous Agreement whereby you assigned any portion of your Award (together, the "Property Amount").

(b) In return for the Property, RD will pay to you the sum of $35,000.00 (Thirty Five Thousand Dollars and No Cents) (the "Purchase Price").

(c) **This transaction is a true sale and assignment of the Property to RD and provides RD with the full risks and benefits of ownership of the Property.** However, you retain all obligations, liabilities and expenses under or in respect of the Award.

(d) Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

You grant to RD a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

2. **Procedure for Paying Property Amount to RD**

The entire Property Amount will be paid to RD from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

4. **Representations, Warranties and Assignments:** You represent and warrant to RD that:

(a) Barasch McGarry Salzman & Penson, PC are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any offset or defense.

(b) You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RD. You have not previously sold or assigned the Property, in whole or in part, to any other party. Upon RD's payment to you of the Purchase Price, RD will own the Property free and clear of any Adverse Interests.

(c) You have the legal capacity to execute and perform this Agreement.

- 2 -

EXHIBIT A-12

193293v2 9/19/13(01/06/14)

(d)     You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e)     The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)     There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets. You are not the subject of any legal proceeding. The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)     All of the information that you have provided to RD is true and complete in all respects. You understand that RD has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)     You have not engaged in any acts or conduct or made any omissions that will potentially result in RD receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)     You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment. There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)     This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(k)     You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

5.     **Covenants.** You covenant to RD that:

(a)     If before payment of the full Purchase Price RD discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), RD may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse RD for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to RD the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

     US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-12

193293v2 9/19/13(01/06/14)

(b)     When requested, you will promptly execute any additional documents and take whatever further actions RD reasonably determines are necessary or desirable to perfect the assignment of the Property to RD or to carry out the terms of this Agreement.

(c)     You will immediately advise RD if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to RD in accordance with RD's instructions.  If you fail to do so, you will be in breach of the Agreement.

(d)     At RD's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and RD may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to RD instead of (and not to) you.

(e)     You understand that you are giving up all of your interest in the Property.

(f)     You will notify RD in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

I.      A Breach occurs;

II.     You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

III.    Any other event which could potentially encumber the Property; or

IV.     A change in the information that RD may use to contact you (including, but not limited to a change of address, telephone number, etc.).

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

**(PLEASE DO NOT SEND CONTRACT PAPERWORK TO THE CALIFORNIA OFFICE)**

With a copy to **General Counsel:**

- 4 -                    US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-12

193293v2 9/19/13(01/06/14)

RD LEGAL COMPANIES
7344 Magnolia Avenue, Suite 110
Riverside, CA 92504
Attn: Irena Leigh Norton, Esq.
Phone: (951) 359-3205
Fax: (951) 637-0627
Email: inorton@legalfunding.com

or to such other address or addresses that RD may otherwise provide. The notice required by this provision shall be considered to have been given by you when it is received by RD.

## 6.    Other Agreements

(a)    Excess Payment to RD.  If RD receives payment with respect to the Case in an amount that exceeds the Property Amount, RD will promptly pay the excess amount to you.

(b)    Best Evidence.  In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

(c)    Equitable Relief.  Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

(d)    Entire Agreement.  This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

(e)    Enforcement.  The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party. Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

(f)    Assignment.  RD may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person.  RD may also pledge or grant a security interest in the Property.  This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-12

193293v2 9/19/13(01/06/14)

(g)     <u>Third-Party Beneficiary.</u> This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of RD.

(h)     <u>No Recourse.</u> RD is purchasing all of your interest in the Property without recourse against you (other than for a Breach). This means that, in the event RD for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay RD any portion of the Purchase Price that RD paid to you.

(i)     <u>Severability.</u> If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

**7.**     **Governing Law; Exclusive Jurisdiction:** This Agreement is governed by and construed in accordance with the laws of the State of New Jersey. If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey. The Parties waive any objection that they may have, now or later, to the venue of any lawsuit or proceeding or that any such lawsuit or proceeding is brought in an inconvenient court.

**8.**     **DISPUTE RESOLUTION**

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY. THIS SECTION CONTAINS IMPORTANT INFORMATION REGARDING HOW DISPUTES UNDER THIS AGREEMENT WILL BE RESOLVED. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY DISPUTES BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, THE DISPUTE IS SUBMITTED TO A NEUTRAL PARTY, AN ARBITRATOR, INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT.**

**Agreement to Arbitrate Disputes.** Either you or we may elect, without the other's consent, to require that any dispute between us relating to this Agreement be resolved by binding arbitration.

**Disputes Covered by Arbitration.** Any claim or dispute relating to or arising out of this Agreement, or our relationship will be subject to arbitration. All disputes are subject to arbitration, no matter on what legal theory they are based or what remedy (damages, or injunctive or declaratory relief) they seek. Disputes include any unresolved claims concerning payments made or due under the terms of this Agreement, any Breach of this Agreement or of any of the representations, warranties or covenants agreed to under this Agreement.

       US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-12

193293v2 9/19/13(01/06/14)

Disputes include not only claims made directly by you, but also made by anyone connected with you or claiming through you, such as a parent, child, guardian, representative, agent, heir, or trustee in bankruptcy. Disputes also include not only claims that relate directly to RD, but also its parent, affiliates, successors, assignees, employees, and agents and claims for which we may be directly or indirectly liable, even if we are not properly named at the time the claim is made. Disputes include claims based on any theory of law, contract, statute, regulation, tort (including fraud or any intentional tort), or any other legal or equitable ground, and include claims made as counterclaims, cross-claims, third party claims, interpleaders or otherwise.

A Party who initiates a proceeding in court may elect arbitration with respect to any dispute advanced in that proceeding by any other party. Disputes include claims made as part of a class action or other representative action, it being expressly understood and agreed to that the arbitration of such claims must proceed on an individual (non-class, non-representative) basis. Disputes also include claims relating to the enforceability or interpretation of any of these arbitration provisions. Any questions about whether disputes are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

**Commencing an Arbitration.**   The Party filing an arbitration must choose one of the following neutral arbitration forums and follow its rules and procedures for initiating and pursuing an arbitration: American Arbitration Association or JAMS.   If you initiate the arbitration, you must notify us in writing at RD Legal Funding Partners, LP, 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, Attn: Roni Dersovitz.   If we initiate the arbitration, we will notify you in writing at your last known address on file. You may obtain a copy of the arbitration rules for these forums, as well as additional information about initiating an arbitration by contacting these arbitration forums:

| American Arbitration Association | JAMS |
|---|---|
| 1-800-778-7879 (toll-free) | 1-800-352-5267 (toll-free) |
| Website: www.adr.org | Website: www.jamsadr.com. |

The arbitration shall be conducted in the same city as the U.S. District Court closest to your home address, unless the parties agree to a different location in writing.

**Administration of Arbitration.**   The arbitration will be decided by a single, neutral arbitrator. The arbitrator will be either a lawyer with at least ten years experience or a retired or former judge, selected in accordance with the rules of the arbitration forum. The arbitrator shall follow procedures and rules of the arbitration forum in effect on the date the arbitration is filed unless those rules and procedures are inconsistent with this arbitration provision, in which case this arbitration provision will prevail. Those procedures and rules may limit the discovery available to you or us. The arbitrator will take reasonable steps to protect personal information and other confidential information if requested to do so by you or us. The arbitrator shall decide the dispute in accordance with applicable substantive law consistent with the Federal Arbitration Act and applicable statutes of limitations, will honor claims of privilege recognized at law, and will be empowered to award any damages or other relief provided for under applicable law. The

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-12

193293v2 9/19/13(01/06/14)

arbitrator will not have the power to award relief to, or against, any person who is not a party to the arbitration.

An award in arbitration shall determine the rights and obligations between the named parties only, and only in respect of the claims in arbitration, and shall not have any bearing on the rights and obligations of any other person, or on the resolution of any other dispute. You or we may choose to have a hearing and be represented by counsel. The decision rendered by the arbitrator shall be in writing; however, the arbitrator need not provide a statement of his reasons unless one is requested by you or us.

**Costs.**  The Party initiating the arbitration shall pay the initial filing fee. If you file the arbitration and an award is rendered in your favor, we will reimburse you for your filing fee. If there is a hearing, we will pay the fees and costs for the first day of that hearing. All other fees and costs will be allocated in accordance with the rules of the arbitration forum. However, we will advance or reimburse filing and other fees if the arbitrator rules that you cannot afford to pay them or finds other good cause for requiring us to do so, or if you ask us and we determine there is good reason for doing so. Each party shall bear the expense of their respective attorneys, experts, and witnesses and other expenses, regardless of who prevails, but a party may recover any or all expenses from another party if the arbitrator, applying applicable law, so determines.

**No Class Action or Joinder of Parties.**  You and we agree that no class action, private attorney general or other representative claims may be pursued in arbitration, nor may such action be pursued in court if either you or we elect arbitration.  Unless mutually agreed to by you and us, claims of two or more persons may not be joined, consolidated, or otherwise brought together in the same arbitration (unless those persons are parties to a single transaction or related transaction); this is so whether or not the claim may have been assigned.

**Right to Resort to Provisional Remedies Preserved.**  Nothing in this section shall be deemed to limit or constrain our right to resort to self-help remedies, such as the right of setoff or the right to exercise any security interest or lien we may hold on property, or to comply with legal process, or to obtain provisional remedies such as injunctive relief, attachment, or garnishment by a court having appropriate jurisdiction; provided, however, that you or we may elect to arbitrate any dispute related to such provisional remedies.

**Arbitration Award.**  The arbitrator's award shall be final and binding unless a party appeals it in writing to the arbitration forum within fifteen days of notice of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators selected in accordance with the rules of the same arbitration forum. The panel will consider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Costs will be allocated in the same way they are allocated before a single arbitrator. An award by a panel is final and binding on the parties after fifteen (15) days have passed. A final and binding award is subject to judicial intervention or review only to the extent allowed under the Federal Arbitration Act. A Party may seek to have a final and binding award entered as a judgment in any court having jurisdiction.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-12

193293v2 9/19/13(01/06/14)

**Governing Law.** You and we agree that our relationship includes transactions involving interstate commerce and that these arbitration provisions are governed by, and enforceable under, the Federal Arbitration Act.

**Severability, Survival.** These arbitration provisions shall survive: (i) termination of this Agreement; (ii) the bankruptcy of any Party; and (iii) the transfer or assignment of this Agreement. If any portion of this arbitration provision is deemed invalid or unenforceable, the entire arbitration provision shall not remain in force. No provision of this arbitration provision may be amended, severed or waived absent a written agreement between you and us.

WAIVER OF TRIAL BY JURY.

EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.

## RIGHT TO CANCEL

**CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.**

**For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation. All checks intended to cancel the transaction should be mailed to: RD Legal Funding Partners, LP, PO Box 12428, Newark, NJ 07101-3528.**

### IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETELY**

      US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-12

193293v2 9/19/13(01/06/14)

**FILLED IN COPY OF THIS CONTRACT. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY. DEPENDING ON THE CIRCUMSTANCES, YOU MAY WANT TO CONSULT A TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL PROFESSIONAL. YOU ACKNOWLEDGE THAT YOUR ATTORNEY IN THE CIVIL ACTION OR CLAIM HAS PROVIDED NO TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL ADVICE REGARDING THIS TRANSACTION.**

**10.     Date of Execution:**  This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to RD at its offices (all containing original signatures), (ii) RD receives from Barasch McGarry Salzman & Penson, PC or "you" the Notice of Assignment to Barasch McGarry Salzman & Penson, PC and the letter addressed to RD from Barasch McGarry Salzman & Penson, PC acknowledging RD's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RD.

**11.     Wire Instructions:**  *Please send or transmit payment subject to this Agreement to RD Legal Funding Partners, LP at:*

> Bank:  BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL  60603
> Account Title:  RD Legal Funding Partners, LP
> Account Number:  REDACTED
> ABA Number:  071000288

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-12

193293v2 9/19/13(01/06/14)

## IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The Parties have executed this Agreement as of the date first written above.

_____
Signature of Individual

ELMER SANTIAGO
_____
Printed Name of Individual

RD LEGAL FUNDING PARTNERS, LP

By: _____

LEO J. ZAMA
_____
Printed Name

CFO
_____
Title

- 11 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-12

193293v2 9/19/13(01/06/14)

**Limited Irrevocable Power of Attorney**

I, Elmer G. Santiago, appoint Roni Dersovitz or any other managers, members or officers of RD Legal Funding Partners, LP ("RD"), whose principal place of business is located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, as my true and lawful attorney for the following purposes:

(A) To endorse and deposit any and all checks payable to me with respect to my Award in the matter entitled September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0001227 (the "Checks"), a portion of which I assigned to RD as evidenced by the attached Agreement.

I understand that by executing this Power of Attorney, I am giving up the right to endorse and deposit the Checks, except as otherwise authorized by RD. This Power of Attorney may not be revoked or changed except upon written agreement of RD.

BY: Elmer G. Santiago

Date: 3/19/15

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-12

193293v2 9/19/13(01/06/14)

## ACKNOWLEDGMENT

STATE OF FLORIDIA     }

                          SS:

COUNTY OF OSCEOLA}


       **BE IT REMEMBERED** that on date before me personally appeared Elmer G. Santiago, who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.



ESPERANZA D. NOBOA
Notary Public - State of Florida
My Comm. Expires Nov 18, 2016
Commission # EE 836594
Bonded Through National Notary Assn.

3/19/2015 .

NOTARY PUBLIC

Produced ID: Florida Drivers License

Exp: 8/5/2023

- 13 -

193293v2 9/19/13(01/06/14)

## CERTIFICATION OF TRUTHFULNESS

I, Elmer G. Santiago, hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Funding Partners, LP, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit-Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.

By: _____
    Elmer G. Santiago

_3/19/15_____
Date

- 14 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-12

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:     September 11 Victim Compensation Fund
           Claims Processing Center
           1100 L. Street, N.W. – Suite 3000
           Washington, DC  20005

RE:     September 11th Victim Compensation Fund - Zadroga Act
           Elmer G. Santiago – Claim No. VCF0001227

     You are hereby notified that on March 18, 2015, Elmer G. Santiago ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0001227 that is assigned to RD is the amount of $87,500.00 (Eighty Seven Thousand Five Hundred Dollars and No Cents) (the "Property Amount"). For the sake of clarity, the earlier Assignment and Sale Agreement(s) dated August 22, 2014 remains in full force and effect and the dollar amount due to the Purchaser shall be the sum total of the Property Amount from this Agreement and each previous Agreement, equaling $712,500.00.

     You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties.  You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD:  RD Legal Funding Partners, LP *(Payment address only)*        Tax I.D. No. REDACTED
          PO Box 12428
          Newark, NJ 07101-3528

By:  _____
       Authorized Representative         Date: **3/20/15**

Assignor: _____

By:  **ELMER SANTIAGO**          Date: **3/19/15**
    *[Printed name of individual signing]*

- 15 -

EXHIBIT A-12

193293v2 9/19/13(01/06/14)

### NOTICE OF ASSIGNMENT

TO:    Barasch McGarry Salzman & Penson, PC
       111 Park Place, Suite 1801
       New York, NY 10007

       Attn: Edward L.C. Marcowitz, Esq.

RE:    September 11th Victim Compensation Fund - Zadroga Act
       Elmer G. Santiago – Claim No. VCF0001227

       You are hereby notified that on March 18, 2015, Elmer G. Santiago ("Assignor"), transferred
and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the
September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September
11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's
interest in Claim No. VCF0001227 that is assigned to RD is the amount of $87,500.00 (Eighty Seven
Thousand Five Hundred Dollars and No Cents) (the "Property Amount"). For the sake of clarity, the
earlier Assignment and Sale Agreement(s) dated August 22, 2014 remains in full force and effect and the
dollar amount due to the Purchaser shall be the sum total of the Property Amount from this Agreement
and each previous Agreement, equaling $712,500.00**.**

       You are hereby instructed that, promptly following receipt of funds representing Assignor's
interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of
the Property Amount pursuant to the Agreement between the parties. You are further instructed that any
distribution of the Property Amount to any person other than RD shall be in violation of the Agreement
and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss
suffered by RD hereunder.

RD: RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No REDACTED
    PO Box 12428
    Newark, NJ, 07101-3528

By: _____
       Authorized Representative                                    Date: _3/20/15_

Assignor: _____
By: _Elmer Santiago_                                                Date: _3/19/15_
    *[Printed name of individual signing]*

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-12

193293v2 9/19/13(01/06/14)

**Barasch McGarry Salzman & Penson, PC**
**111 Park Place, Suite 1801**
**New York, NY 10007**

March 18, 2015

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:     September 11th Victim Compensation Fund - Zadroga Act
        Elmer G. Santiago – Claim No. VCF0001227

Dear Mr. Dersovitz:

This will acknowledge that our client, Elmer G. Santiago, (Assignor), has assigned an additional
$87,500.00 (Eighty Seven Thousand Five Hundred Dollars and No Cents) of his interest in the
judgment proceeds of the referenced case to RD Legal Funding Partners, LP ("RD") pursuant to the
Assignment and Sale Agreement(s) dated March 18, 2015, a copy of which is attached to and made a
part of this communication. We acknowledge receipt of the Notice of assignment duly executed by
our client, Elmer G. Santiago. For the sake of clarity, the earlier Assignment and Sale Agreement(s)
dated August 22, 2014 remains in full force and effect and the dollar amount due to the Purchaser
shall be the sum total of the Property Amount from this Agreement and each previous Agreement,
equaling $712,500.00.

        Barasch McGarry Salzman & Penson, PC, advises you that as of the above date, it is not in
written receipt of any past lien upon the judgment proceeds which may be received by the Assignor.

        We further acknowledge RD's lien on Assignor's interest in the subject judgment proceeds.
By signing below, we agree to hold any funds constituting proceeds of the judgment received on
behalf of the Assignor in an appropriate escrow account for disbursement to RD at P.O. Box 12428,
Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s) dated March 18,
2015.

        This letter may be executed in counterparts and a copy delivered via electronic mail or
facsimile. Each such executed copy shall be deemed an original for all purposes.

Acknowledged and agreed to:

NAME OF FIRM: Barasch McGarry Salzman & Penson, PC.

By: _____

_____
(Printed name and title of person signing)

- 17 -                                    US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-12

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:   Barasch McGarry Salzman & Penson, PC
      111 Park Place, Suite 1801
      New York, NY 10007

      Attn: Edward L.C. Marcowitz, Esq.

RE:   September 11th Victim Compensation Fund - Zadroga Act
      Elmer G. Santiago – Claim No. VCF0001227

    You are hereby notified that on March 18, 2015, Elmer G. Santiago ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0001227 that is assigned to RD is the amount of $87,500.00 (Eighty Seven Thousand Five Hundred Dollars and No Cents) (the "Property Amount"). For the sake of clarity, the earlier Assignment and Sale Agreement(s) dated August 22, 2014 remains in full force and effect and the dollar amount due to the Purchaser shall be the sum total of the Property Amount from this Agreement and each previous Agreement, equaling $712,500.00.

    You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD:  RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No. REDACTED
     PO Box 12428
     Newark, NJ 07101-3528

By: _____
         Authorized Representative                              Date: 3/20/15

Assignor: _____

By: ELMER SANTIAGO                                              Date: 3/19/15
    *[Printed name of individual signing]*

- 16 -                                                          US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-12

193293v2 9/19/13(01/06/14)

**Barasch McGarry Salzman & Penson, PC**
**111 Park Place, Suite 1801**
**New York, NY 10007**

March 18, 2015

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:     September 11th Victim Compensation Fund - Zadroga Act
        Elmer G. Santiago – Claim No. VCF0001227

Dear Mr. Dersovitz:

This will acknowledge that our client, Elmer G. Santiago, (Assignor), has assigned an additional
$87,500.00 (Eighty Seven Thousand Five Hundred Dollars and No Cents) of his interest in the
judgment proceeds of the referenced case to RD Legal Funding Partners, LP ("RD") pursuant to the
Assignment and Sale Agreement(s) dated March 18, 2015, a copy of which is attached to and made a
part of this communication.  We acknowledge receipt of the Notice of assignment duly executed by
our client, Elmer G. Santiago. For the sake of clarity, the earlier Assignment and Sale Agreement(s)
dated August 22, 2014 remains in full force and effect and the dollar amount due to the Purchaser
shall be the sum total of the Property Amount from this Agreement and each previous Agreement,
equaling $712,500.00.

        Barasch McGarry Salzman & Penson, PC, advises you that as of the above date, it is not in
written receipt of any past lien upon the judgment proceeds which may be received by the Assignor.

        We further acknowledge RD's lien on Assignor's interest in the subject judgment proceeds.
By signing below, we agree to hold any funds constituting proceeds of the judgment received on
behalf of the Assignor in an appropriate escrow account for disbursement to RD at P.O. Box 12428,
Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s) dated March 18,
2015.

        This letter may be executed in counterparts and a copy delivered via electronic mail or
facsimile.   Each such executed copy shall be deemed an original for all purposes.

Acknowledged and agreed to:

NAME OF FIRM: Barasch McGarry Salzman & Penson, PC.

By: _____

_____
(Printed name and title of person signing)

- 17 -

US_ACTIVE-110091304-RMJAWORS

**EXHIBIT A-12**



**THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE**
**SUPERVISION OF AN ATTORNEY**

**ASSIGNMENT AND SALE AGREEMENT No. 3**

This Assignment and Sale Agreement (the "Agreement") is made on July 22, 2015, between Elmer G. Santiago ("you"), with a residence address located at     REDACTED
Kissimmee, FL  34746 and RD Legal Funding Partners, LP ("RD", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ  07626 (each a "Party", and together the "Parties").  If more than one individual is named above, "you" shall mean each and every such individual.

**YOUR ATTENTION IS DRAWN TO THE DISPUTE RESOLUTION**
**PROVISION IN SECTION 8.  IF A DISPUTE ARISES BETWEEN US, YOU OR WE**
**MAY REQUIRE THAT IT BE RESOLVED THROUGH BINDING ARBITRATION,**
**RATHER THAN BY JURY TRIAL.**

**WHEREAS**, you are the client of Barasch McGarry Salzman & Penson, PC, the law firm that represented you and other plaintiff(s), with reference to the September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0001227 (the "Case"), and you have an interest in the Case;

**WHEREAS**, as of January 02, 2011, the September 11th Victim Compensation Fund, overseen by Special Master Sheila Birnbaum, has been set-up for claimants who are deemed to have proved eligible loss based on the requirements of the Zadroga Act in the total amount of $2,775,000,000.00 (the "Judgment"), including an Award to you in the amount of $3,920,351.48, which may be subject to increase upon appeal (the "Award") as determined by a claims evaluator per the Award letter dated June 17, 2014.

**WHEREAS**, you own all right, title and interest in the Award;

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award, which may be subject to increase upon appeal, to RD; and

NOW, THEREFORE, you and we agree as follows:

1.    **Assignments and Consideration**

(a)    You hereby sell and assign to RD your interest in $87,500.00 (Eighty Seven Thousand Five Hundred Dollars and No Cents) of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests").  For the sake of clarity, the earlier Assignment and Sale Agreement(s) dated August 22, 2014 and March 18, 2015 remains in full

**EXHIBIT A-13**

193293v2 9/19/13(01/06/14)

force and effect and the amount due to the Purchaser shall be the sum total of the Property from this Agreement and each previous Agreement whereby you assigned a portion of your Award (together, the "Property Amount").

(b)     In return for the Property, RD will pay to you the sum of $35,000.00 (Thirty Five Thousand Dollars and No Cents) (the "Purchase Price").

(c)     **This transaction is a true sale and assignment of the Property to RD and provides RD with the full risks and benefits of ownership of the Property.** However, you retain all obligations, liabilities and expenses under or in respect of the Award.

(d)     Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

You grant to RD a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

**2.**     **Procedure for Paying Property Amount to RD**

The entire Property Amount will be paid to RD from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

**4.**     **Representations, Warranties and Assignments:** You represent and warrant to RD that:

(a)     Barasch McGarry Salzman & Penson, PC are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any offset or defense.

(b)     You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RD. You have not previously sold or assigned the Property, in whole or in part, to any other party. Upon RD's payment to you of the Purchase Price, RD will own the Property free and clear of any Adverse Interests.

(c)     You have the legal capacity to execute and perform this Agreement.

- 2 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-13

193293v2 9/19/13(01/06/14)

(d)  You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e)  The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)  There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets. You are not the subject of any legal proceeding. The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)  All of the information that you have provided to RD is true and complete in all respects. You understand that RD has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)  You have not engaged in any acts or conduct or made any omissions that will potentially result in RD receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)  You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment. There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)  This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(k)  You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

5.  **Covenants.** You covenant to RD that:

(a)  If before payment of the full Purchase Price RD discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), RD may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse RD for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to RD the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

- 3 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-13

193293v2 9/19/13(01/06/14)

(b)    When requested, you will promptly execute any additional documents and take whatever further actions RD reasonably determines are necessary or desirable to perfect the assignment of the Property to RD or to carry out the terms of this Agreement.

(c)    You will immediately advise RD if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to RD in accordance with RD's instructions.  If you fail to do so, you will be in breach of the Agreement.

(d)    At RD's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and RD may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to RD instead of (and not to) you.

(e)    You understand that you are giving up all of your interest in the Property.

(f)    You will notify RD in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

   I.     A Breach occurs;

   II.    You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

   III.   Any other event which could potentially encumber the Property; or

   IV.   A change in the information that RD may use to contact you (including, but not limited to a change of address, telephone number, etc.).

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

- 4 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-13

193293v2 9/19/13(01/06/14)

**(PLEASE DO NOT SEND CONTRACT PAPERWORK TO THE CALIFORNIA OFFICE)**

With a copy to **General Counsel:**
RD LEGAL COMPANIES
7344 Magnolia Avenue, Suite 110
Riverside, CA  92504
Attn:  Irena Leigh Norton, Esq.
Phone:  (951) 359-3205
Fax:  (951) 637-0627
Email:  inorton@legalfunding.com

or to such other address or addresses that RD may otherwise provide.  The notice required by this provision shall be considered to have been given by you when it is received by RD.

**6.     Other Agreements**

     (a)     <u>Excess Payment to RD</u>.  If RD receives payment with respect to the Case in an amount that exceeds the Property Amount, RD will promptly pay the excess amount to you.

     (b)     <u>Best Evidence</u>.  In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

     (c)     <u>Equitable Relief</u>.  Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

     (d)     <u>Entire Agreement</u>.  This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

     (e)     <u>Enforcement</u>.  The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party. Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

     (f)     <u>Assignment</u>.  RD may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person.  RD

- 5 -                                     US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-13

193293v2 9/19/13(01/06/14)

may also pledge or grant a security interest in the Property. This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

(g)    <u>Third-Party Beneficiary.</u> This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of RD.

(h)    <u>No Recourse.</u> RD is purchasing all of your interest in the Property without recourse against you (other than for a Breach). This means that, in the event RD for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay RD any portion of the Purchase Price that RD paid to you.

(i)    <u>Severability.</u> If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

**7.**    **Governing Law; Exclusive Jurisdiction:** This Agreement is governed by and construed in accordance with the laws of the State of New Jersey. If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey. The Parties waive any objection that they may have, now or later, to the venue of any lawsuit or proceeding or that any such lawsuit or proceeding is brought in an inconvenient court.

**8.**    **DISPUTE RESOLUTION**

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY. THIS SECTION CONTAINS IMPORTANT INFORMATION REGARDING HOW DISPUTES UNDER THIS AGREEMENT WILL BE RESOLVED. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY DISPUTES BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, THE DISPUTE IS SUBMITTED TO A NEUTRAL PARTY, AN ARBITRATOR, INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT.**

**Agreement to Arbitrate Disputes.** Either you or we may elect, without the other's consent, to require that any dispute between us relating to this Agreement be resolved by binding arbitration.

**Disputes Covered by Arbitration.** Any claim or dispute relating to or arising out of this Agreement, or our relationship will be subject to arbitration. All disputes are subject to arbitration, no matter on what legal theory they are based or what remedy (damages, or injunctive or declaratory relief) they seek. Disputes include any unresolved claims concerning

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-13

193293v2 9/19/13(01/06/14)

payments made or due under the terms of this Agreement, any Breach of this Agreement or of any of the representations, warranties or covenants agreed to under this Agreement.

Disputes include not only claims made directly by you, but also made by anyone connected with you or claiming through you, such as a parent, child, guardian, representative, agent, heir, or trustee in bankruptcy. Disputes also include not only claims that relate directly to RD, but also its parent, affiliates, successors, assignees, employees, and agents and claims for which we may be directly or indirectly liable, even if we are not properly named at the time the claim is made. Disputes include claims based on any theory of law, contract, statute, regulation, tort (including fraud or any intentional tort), or any other legal or equitable ground, and include claims made as counterclaims, cross-claims, third party claims, interpleaders or otherwise.

A Party who initiates a proceeding in court may elect arbitration with respect to any dispute advanced in that proceeding by any other party. Disputes include claims made as part of a class action or other representative action, it being expressly understood and agreed to that the arbitration of such claims must proceed on an individual (non-class, non-representative) basis. Disputes also include claims relating to the enforceability or interpretation of any of these arbitration provisions. Any questions about whether disputes are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

**Commencing an Arbitration.** The Party filing an arbitration must choose one of the following neutral arbitration forums and follow its rules and procedures for initiating and pursuing an arbitration: American Arbitration Association or JAMS. If you initiate the arbitration, you must notify us in writing at RD Legal Funding Partners, LP, 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, Attn: Roni Dersovitz. If we initiate the arbitration, we will notify you in writing at your last known address on file. You may obtain a copy of the arbitration rules for these forums, as well as additional information about initiating an arbitration by contacting these arbitration forums:

| American Arbitration Association | JAMS |
|---|---|
| 1-800-778-7879 (toll-free) | 1-800-352-5267 (toll-free) |
| Website: www.adr.org | Website: www.jamsadr.com. |

The arbitration shall be conducted in the same city as the U.S. District Court closest to your home address, unless the parties agree to a different location in writing.

**Administration of Arbitration.** The arbitration will be decided by a single, neutral arbitrator. The arbitrator will be either a lawyer with at least ten years experience or a retired or former judge, selected in accordance with the rules of the arbitration forum. The arbitrator shall follow procedures and rules of the arbitration forum in effect on the date the arbitration is filed unless those rules and procedures are inconsistent with this arbitration provision, in which case this arbitration provision will prevail. Those procedures and rules may limit the discovery available to you or us. The arbitrator will take reasonable steps to protect personal information and other confidential information if requested to do so by you or us. The arbitrator shall decide the dispute in accordance with applicable substantive law consistent with the Federal Arbitration

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-13

193293v2 9/19/13(01/06/14)

Act and applicable statutes of limitations, will honor claims of privilege recognized at law, and will be empowered to award any damages or other relief provided for under applicable law. The arbitrator will not have the power to award relief to, or against, any person who is not a party to the arbitration.

An award in arbitration shall determine the rights and obligations between the named parties only, and only in respect of the claims in arbitration, and shall not have any bearing on the rights and obligations of any other person, or on the resolution of any other dispute. You or we may choose to have a hearing and be represented by counsel. The decision rendered by the arbitrator shall be in writing; however, the arbitrator need not provide a statement of his reasons unless one is requested by you or us.

**Costs.** The Party initiating the arbitration shall pay the initial filing fee. If you file the arbitration and an award is rendered in your favor, we will reimburse you for your filing fee. If there is a hearing, we will pay the fees and costs for the first day of that hearing. All other fees and costs will be allocated in accordance with the rules of the arbitration forum. However, we will advance or reimburse filing and other fees if the arbitrator rules that you cannot afford to pay them or finds other good cause for requiring us to do so, or if you ask us and we determine there is good reason for doing so. Each party shall bear the expense of their respective attorneys, experts, and witnesses and other expenses, regardless of who prevails, but a party may recover any or all expenses from another party if the arbitrator, applying applicable law, so determines.

**No Class Action or Joinder of Parties.** You and we agree that no class action, private attorney general or other representative claims may be pursued in arbitration, nor may such action be pursued in court if either you or we elect arbitration. Unless mutually agreed to by you and us, claims of two or more persons may not be joined, consolidated, or otherwise brought together in the same arbitration (unless those persons are parties to a single transaction or related transaction); this is so whether or not the claim may have been assigned.

**Right to Resort to Provisional Remedies Preserved.** Nothing in this section shall be deemed to limit or constrain our right to resort to self-help remedies, such as the right of setoff or the right to exercise any security interest or lien we may hold on property, or to comply with legal process, or to obtain provisional remedies such as injunctive relief, attachment, or garnishment by a court having appropriate jurisdiction; provided, however, that you or we may elect to arbitrate any dispute related to such provisional remedies.

**Arbitration Award.** The arbitrator's award shall be final and binding unless a party appeals it in writing to the arbitration forum within fifteen days of notice of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators selected in accordance with the rules of the same arbitration forum. The panel will consider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Costs will be allocated in the same way they are allocated before a single arbitrator. An award by a panel is final and binding on the parties after fifteen (15) days have passed. A final and binding award is subject to judicial intervention or review only to the extent allowed under the Federal Arbitration Act. A Party may seek to have a final and binding award entered as a judgment in any court having jurisdiction.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-13

193293v2 9/19/13(01/06/14)

**Governing Law.** You and we agree that our relationship includes transactions involving interstate commerce and that these arbitration provisions are governed by, and enforceable under, the Federal Arbitration Act.

**Severability, Survival.** These arbitration provisions shall survive: (i) termination of this Agreement; (ii) the bankruptcy of any Party; and (iii) the transfer or assignment of this Agreement. If any portion of this arbitration provision is deemed invalid or unenforceable, the entire arbitration provision shall not remain in force. No provision of this arbitration provision may be amended, severed or waived absent a written agreement between you and us.

WAIVER OF TRIAL BY JURY.

EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.

## RIGHT TO CANCEL

## CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.

**For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation. All checks intended to cancel the transaction should be mailed to: RD Legal Funding Partners, LP, PO Box 12428, Newark, NJ 07101-3528.**

### IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-13

193293v2 9/19/13(01/06/14)

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY. DEPENDING ON THE CIRCUMSTANCES, YOU MAY WANT TO CONSULT A TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL PROFESSIONAL. YOU ACKNOWLEDGE THAT YOUR ATTORNEY IN THE CIVIL ACTION OR CLAIM HAS PROVIDED NO TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL ADVICE REGARDING THIS TRANSACTION.**

**10.     Date of Execution:**  This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to RD at its offices (all containing original signatures), (ii) RD receives from Barasch McGarry Salzman & Penson, PC or "you" the Notice of Assignment to Barasch McGarry Salzman & Penson, PC and the letter addressed to RD from Barasch McGarry Salzman & Penson, PC acknowledging RD's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RD.

**11.     Wire Instructions:**  *Please send or transmit payment subject to this Agreement to RD Legal Funding Partners, LP at:*

Bank:  BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL  60603
Account Title:  RD Legal Funding Partners, LP
Account Number:  REDACTED
ABA Number:  071000288

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-13

193293v2 9/19/13(01/06/14)

## IMPORTANT NOTICE

**This is a complex financial transaction.  By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case.  In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning.  You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The Parties have executed this Agreement as of the date first written above.

_____
Signature of Individual

ElMER SanTIAGO
_____
Printed Name of Individual

RD LEGAL FUNDING PARTNERS, LP

By: _____

_____
Printed Name

_____
Title

- 11 -

**EXHIBIT A-13**

193293v2 9/19/13(01/06/14)

### Limited Irrevocable Power of Attorney

I, Elmer G. Santiago, appoint Roni Dersovitz or any other managers, members or officers of RD Legal Funding Partners, LP ("RD"), whose principal place of business is located at 45 Legion Drive, 2nd Floor, Cresskill, NJ  07626, as my true and lawful attorney for the following purposes:

(A) To endorse and deposit any and all checks payable to me with respect to my Award in the matter entitled September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0001227 (the "Checks"), a portion of which I assigned to RD as evidenced by the attached Agreement.

I understand that by executing this Power of Attorney, I am giving up the right to endorse and deposit the Checks, except as otherwise authorized by RD.  This Power of Attorney may not be revoked or changed except upon written agreement of RD.

BY: _____          Date: ___7/23/15___
Elmer G. Santiago

- 12 -                                          US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

ACKNOWLEDGMENT

STATE OF ~~NEW YORK~~ FLORIDA }

SS:

COUNTY OF OSCEOLA}

    **BE IT REMEMBERED** that on date before me personally appeared Elmer G. Santiago, who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.

GISELLE ALLEN
Notary Public - State of Florida
My Comm. Expires Aug 1, 2016
Commission # EE 221476

NOTARY PUBLIC

- 13 -

193293v2 9/19/13(01/06/14)

## CERTIFICATION OF TRUTHFULNESS

I, Elmer G. Santiago, hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Funding Partners, LP, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit-Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.

By: _____          _7/23/15_____
Elmer G. Santiago                            Date

- 14 -

US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:    September 11 Victim Compensation Fund
          Claims Processing Center
          1100 L. Street, N.W. – Suite 3000
          Washington, DC  20005

RE:    September 11th Victim Compensation Fund - Zadroga Act
          Elmer G. Santiago – Claim No. VCF0001227

       You are hereby notified that on July 22, 2015, Elmer G. Santiago ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0001227 that is assigned to RD is the amount of $87,500.00 (Eighty Seven Thousand Five Hundred Dollars and No Cents) (the "Property Amount").  For the sake of clarify, the earlier Assignment and Sale Agreement(s) dated August 22, 2014 and March 18, 2015 remains in full force and effect and the dollar amount due to the Purchaser shall be the sum total of the Property Amount from this Agreement and each previous Agreement, equaling $800,000.00.

       You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties.  You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD:  RD Legal Funding Partners, LP *(Payment address only)*
             PO Box 12428
             Newark, NJ  07101-3528

By: _____
          Authorized Representative

Assignor _____

By: _Elmer Santiago_____
      *[Printed name of individual signing]*

Tax I.D. No. REDACTED

Date: ___7/24/15___

Date: ___7/23/15___

- 15 -

EXHIBIT A-13

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:    Barasch McGarry Salzman & Penson, PC
       111 Park Place
       Suite 1801
       New York, NY 10007

       Attn: Edward L.C. Marcowitz, Esq.

RE:    September 11th Victim Compensation Fund - Zadroga Act
       Elmer G. Santiago – Claim No. VCF0001227

You are hereby notified that on July 22, 2015, Elmer G. Santiago ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0001227 that is assigned to RD is the amount of $87,500.00 (Eighty Seven Thousand Five Hundred Dollars and No Cents) (the "Property Amount").  For the sake of clarify, the earlier Assignment and Sale Agreement(s) dated August 22, 2014 and March 18, 2015 remains in full force and effect and the dollar amount due to the Purchaser shall be the sum total of the Property Amount from this Agreement and each previous Agreement, equaling $800,000.00.

You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties.  You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD:  RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No.REDACTED
     PO Box 124287
     Newark, NJ 07101-3528

By: _____                              Date: ___7/24/15___
       *Authorized Representative*

Assignor: _____                        Date: ___7/23/15___
By: _____Elmer Santiago_____
       *[Printed name of individual signing]*

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-13

193293v2 9/19/13(01/06/14)

**Barasch McGarry Salzman & Penson, PC**
**111 Park Place, Suite 1801**
**New York, NY 10007**

July 22, 2015

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:     September 11th Victim Compensation Fund - Zadroga Act
        Elmer G. Santiago – Claim No. VCF0001227

Dear Mr. Dersovitz:

This will acknowledge that our client, Elmer G. Santiago, (Assignor), has assigned
$87,500.00 (Eighty Seven Thousand Five Hundred Dollars and No Cents) of his interest in the
judgment proceeds of the referenced case to RD Legal Funding Partners, LP ("RD") pursuant to
the Assignment and Sale Agreement(s) dated July 22, 2015, a copy of which is attached to and
made a part of this communication. We acknowledge receipt of the Notice of assignment duly
executed by our client, Elmer G. Santiago. For the sake of clarify, the earlier Assignment and
Sale Agreement(s) dated August 22, 2014 and March 18, 2015 remains in full force and effect
and the dollar amount due to the Purchaser shall be the sum total of the Property Amount from
this Agreement and each previous Agreement, equaling $800,000.00.

Barasch McGarry Salzman & Penson, PC, by the signature below of Edward L.C.
Marcowitz, Esq. advises you that as of the above date, it is not in written receipt of any past lien
upon the judgment proceeds which may be received by the Assignor.

We further acknowledge RD's lien on Assignor's interest in the subject judgment
proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment
received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at
P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale
Agreement(s) dated July 22, 2015.

This letter may be executed in counterparts and a copy delivered via electronic mail or
facsimile. Each such executed copy shall be deemed an original for all purposes.

Edward L.C. Marcowitz, Esq. on behalf of Barasch McGarry Salzman & Penson, PC.

---

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-13

193293v2 9/19/13(01/06/14)

**Barasch McGarry Salzman & Penson, PC**
**111 Park Place, Suite 1801**
**New York, NY 10007**

July 22, 2015

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:     September 11th Victim Compensation Fund - Zadroga Act
        Elmer G. Santiago – Claim No. VCF0001227

Dear Mr. Dersovitz:

This will acknowledge that our client, Elmer G. Santiago, (Assignor), has assigned
$87,500.00 (Eighty Seven Thousand Five Hundred Dollars and No Cents) of his interest in the
judgment proceeds of the referenced case to RD Legal Funding Partners, LP ("RD") pursuant to
the Assignment and Sale Agreement(s) dated July 22, 2015, a copy of which is attached to and
made a part of this communication.  We acknowledge receipt of the Notice of assignment duly
executed by our client, Elmer G. Santiago.  For the sake of clarify, the earlier Assignment and
Sale Agreement(s) dated August 22, 2014 and March 18, 2015 remains in full force and effect
and the dollar amount due to the Purchaser shall be the sum total of the Property Amount from
this Agreement and each previous Agreement, equaling $800,000.00.

Barasch McGarry Salzman & Penson, PC, by the signature below of Edward L.C.
Marcowitz, Esq. advises you that as of the above date, it is not in written receipt of any past lien
upon the judgment proceeds which may be received by the Assignor.

We further acknowledge RD's lien on Assignor's interest in the subject judgment
proceeds.  By signing below, we agree to hold any funds constituting proceeds of the judgment
received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at
P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale
Agreement(s) dated July 22, 2015.

This letter may be executed in counterparts and a copy delivered via electronic mail or
facsimile.  Each such executed copy shall be deemed an original for all purposes.

Edward L.C. Marcowitz, Esq. on behalf of Barasch McGarry Salzman & Penson, PC.

- 17 -

US_ACTIVE-110091304-RMJAWORS

**EXHIBIT A-13**

RECEIVED
NOV 1 2 2015

**THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE SUPERVISION OF AN ATTORNEY**

### ASSIGNMENT AND SALE AGREEMENT No. 4

This Assignment and Sale Agreement (the "Agreement") is made on November 10, 2015, between Elmer G. Santiago ("you"), with a residence address located at        REDACTED Kissimmee, FL  34746 and RD Legal Finance, LLC ("RD", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ  07626 (each a "Party", and together the "Parties"). If more than one individual is named above, "you" shall mean each and every such individual.

**YOUR ATTENTION IS DRAWN TO THE DISPUTE RESOLUTION PROVISION IN SECTION 8. IF A DISPUTE ARISES BETWEEN US, YOU OR WE MAY REQUIRE THAT IT BE RESOLVED THROUGH BINDING ARBITRATION, RATHER THAN BY JURY TRIAL.**

**WHEREAS**, you are the client of Barasch & McGarry, P.C., the law firm that represented you and other plaintiff(s), with reference to the September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0001227 (the "Case"), and you have an interest in the Case;

**WHEREAS**, as of January 02, 2011, the September 11th Victim Compensation Fund, overseen by Special Master Sheila Birnbaum, has been set-up for claimants who are deemed to have proved eligible loss based on the requirements of the Zadroga Act in the total amount of $2,775,000,000.00 (the "Judgment"), including an Award to you in the amount of $3,920,351.48, which may be subject to increase upon appeal (the "Award") as determined by a claims evaluator per the Award letter dated June 17, 2014.

**WHEREAS**, you own all right, title and interest in the Award;

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award, which may be subject to increase upon appeal, to RD; and

NOW, THEREFORE, you and we agree as follows:

### I.    Assignments and Consideration

(a)    You hereby sell and assign to RD your interest in $63,636.36 (Sixty Three Thousand Six Hundred Thirty Six Dollars and 36 Cents) of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests"). For the sake of clarity, the earlier Assignment and Sale Agreement(s) (dated August 22, 2014, March 18, 2015 and July 22, 2015 with RD Legal Funding Partners, LP) remains in full force and effect and the amount due to the Purchaser shall be the sum total of the Property from this

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

Agreement and each previous Agreement whereby you assigned a portion of your Award (together, the "Property Amount").

(b) In return for the Property, RD will pay to you the sum of $35,000.00 (Thirty Five Thousand Dollars and No Cents) (the "Purchase Price").

(c) **This transaction is a true sale and assignment of the Property to RD and provides RD with the full risks and benefits of ownership of the Property.** However, you retain all obligations, liabilities and expenses under or in respect of the Award.

(d) Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

You grant to RD a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

## 2. Procedure for Paying Property Amount to RD

The entire Property Amount will be paid to RD from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

## 4. Representations, Warranties and Assignments: You represent and warrant to RD that:

(a) Barasch & McGarry, P.C. are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any offset or defense.

(b) You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RD. You have not previously sold or assigned the Property, in whole or in part, to any other party. Upon RD's payment to you of the Purchase Price, RD will own the Property free and clear of any Adverse Interests.

(c) You have the legal capacity to execute and perform this Agreement.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-14

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

(d)     You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e)     The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)     There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets.  You are not the subject of any legal proceeding.  The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)     All of the information that you have provided to RD is true and complete in all respects.  You understand that RD has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)     You have not engaged in any acts or conduct or made any omissions that will potentially result in RD receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)     You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment.  There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)     This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(k)     You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

5.     **Covenants.**  You covenant to RD that:

(a)     If before payment of the full Purchase Price RD discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), RD may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse RD for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to RD the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

- 3 -

EXHIBIT A-14

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

(b)     When requested, you will promptly execute any additional documents and take whatever further actions RD reasonably determines are necessary or desirable to perfect the assignment of the Property to RD or to carry out the terms of this Agreement.

(c)     You will immediately advise RD if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to RD in accordance with RD's instructions.  If you fail to do so, you will be in breach of the Agreement.

(d)     At RD's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and RD may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to RD instead of (and not to) you.

(e)     You understand that you are giving up all of your interest in the Property.

(f)     You will notify RD in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

    I.      A Breach occurs;

    II.     You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

    III.    Any other event which could potentially encumber the Property; or

    IV.     A change in the information that RD may use to contact you (including, but not limited to a change of address, telephone number, etc.).

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

With a copy to **General Counsel:**
RD LEGAL COMPANIES
45 Legion Drive
Cresskill, NJ 07626
Attn: Bruce Glassberg, Esq.
Phone: (201) 568-9007
Fax: (201) 568-9307

or to such other address or addresses that RD may otherwise provide. The notice required by this provision shall be considered to have been given by you when it is received by RD.

**6.     Other Agreements**

(a)     Excess Payment to RD. If RD receives payment with respect to the Case in an amount that exceeds the Property Amount, RD will promptly pay the excess amount to you.

(b)     Best Evidence. In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

(c)     Equitable Relief. Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

(d)     Entire Agreement. This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

(e)     Enforcement. The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party. Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

(f)     Assignment. RD may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person. RD may also pledge or grant a security interest in the Property. This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

- 5 -

EXHIBIT A-14

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

(g)    <u>Third-Party Beneficiary.</u>  This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of RD.

(h)    <u>No Recourse.</u>  RD is purchasing all of your interest in the Property without recourse against you (other than for a Breach).  This means that, in the event RD for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay RD any portion of the Purchase Price that RD paid to you.

(i)    <u>Severability.</u>  If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

**7.**    **Governing Law; Exclusive Jurisdiction:**  This Agreement is governed by and construed in accordance with the laws of the State of New Jersey. If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey. The Parties waive any objection that they may have, now or later, to the venue of any lawsuit or proceeding or that any such lawsuit or proceeding is brought in an inconvenient court.

**8.**    **DISPUTE RESOLUTION**

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.  THIS SECTION CONTAINS IMPORTANT INFORMATION REGARDING HOW DISPUTES UNDER THIS AGREEMENT WILL BE RESOLVED.  IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY DISPUTES BE RESOLVED BY BINDING ARBITRATION.  ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING.  IN ARBITRATION, THE DISPUTE IS SUBMITTED TO A NEUTRAL PARTY, AN ARBITRATOR, INSTEAD OF A JUDGE OR JURY.  ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT.**

**Agreement to Arbitrate Disputes.**  Either you or we may elect, without the other's consent, to require that any dispute between us relating to this Agreement be resolved by binding arbitration.

**Disputes Covered by Arbitration.**  Any claim or dispute relating to or arising out of this Agreement, or our relationship will be subject to arbitration.  All disputes are subject to arbitration, no matter on what legal theory they are based or what remedy (damages, or injunctive or declaratory relief) they seek. Disputes include any unresolved claims concerning payments made or due under the terms of this Agreement, any Breach of this Agreement or of any of the representations, warranties or covenants agreed to under this Agreement.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-14

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

Disputes include not only claims made directly by you, but also made by anyone connected with you or claiming through you, such as a parent, child, guardian, representative, agent, heir, or trustee in bankruptcy. Disputes also include not only claims that relate directly to RD, but also its parent, affiliates, successors, assignees, employees, and agents and claims for which we may be directly or indirectly liable, even if we are not properly named at the time the claim is made. Disputes include claims based on any theory of law, contract, statute, regulation, tort (including fraud or any intentional tort), or any other legal or equitable ground, and include claims made as counterclaims, cross-claims, third party claims, interpleaders or otherwise.

A Party who initiates a proceeding in court may elect arbitration with respect to any dispute advanced in that proceeding by any other party. Disputes include claims made as part of a class action or other representative action, it being expressly understood and agreed to that the arbitration of such claims must proceed on an individual (non-class, non-representative) basis. Disputes also include claims relating to the enforceability or interpretation of any of these arbitration provisions. Any questions about whether disputes are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

**Commencing an Arbitration.** The Party filing an arbitration must choose one of the following neutral arbitration forums and follow its rules and procedures for initiating and pursuing an arbitration: American Arbitration Association or JAMS. If you initiate the arbitration, you must notify us in writing at RD Legal Finance, LLC, 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, Attn: Roni Dersovitz. If we initiate the arbitration, we will notify you in writing at your last known address on file. You may obtain a copy of the arbitration rules for these forums, as well as additional information about initiating an arbitration by contacting these arbitration forums:

American Arbitration Association
1-800-778-7879 (toll-free)
Website: www.adr.org

JAMS
1-800-352-5267 (toll-free)
Website: www.jamsadr.com.

The arbitration shall be conducted in the same city as the U.S. District Court closest to your home address, unless the parties agree to a different location in writing.

**Administration of Arbitration.** The arbitration will be decided by a single, neutral arbitrator. The arbitrator will be either a lawyer with at least ten years experience or a retired or former judge, selected in accordance with the rules of the arbitration forum. The arbitrator shall follow procedures and rules of the arbitration forum in effect on the date the arbitration is filed unless those rules and procedures are inconsistent with this arbitration provision, in which case this arbitration provision will prevail. Those procedures and rules may limit the discovery available to you or us. The arbitrator will take reasonable steps to protect personal information and other confidential information if requested to do so by you or us. The arbitrator shall decide the dispute in accordance with applicable substantive law consistent with the Federal Arbitration Act and applicable statutes of limitations, will honor claims of privilege recognized at law, and will be empowered to award any damages or other relief provided for under applicable law. The

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-14

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

arbitrator will not have the power to award relief to, or against, any person who is not a party to the arbitration.

An award in arbitration shall determine the rights and obligations between the named parties only, and only in respect of the claims in arbitration, and shall not have any bearing on the rights and obligations of any other person, or on the resolution of any other dispute. You or we may choose to have a hearing and be represented by counsel. The decision rendered by the arbitrator shall be in writing; however, the arbitrator need not provide a statement of his reasons unless one is requested by you or us.

**Costs.** The Party initiating the arbitration shall pay the initial filing fee. If you file the arbitration and an award is rendered in your favor, we will reimburse you for your filing fee. If there is a hearing, we will pay the fees and costs for the first day of that hearing. All other fees and costs will be allocated in accordance with the rules of the arbitration forum. However, we will advance or reimburse filing and other fees if the arbitrator rules that you cannot afford to pay them or finds other good cause for requiring us to do so, or if you ask us and we determine there is good reason for doing so. Each party shall bear the expense of their respective attorneys, experts, and witnesses and other expenses, regardless of who prevails, but a party may recover any or all expenses from another party if the arbitrator, applying applicable law, so determines.

**No Class Action or Joinder of Parties.**  You and we agree that no class action, private attorney general or other representative claims may be pursued in arbitration, nor may such action be pursued in court if either you or we elect arbitration.  Unless mutually agreed to by you and us, claims of two or more persons may not be joined, consolidated, or otherwise brought together in the same arbitration (unless those persons are parties to a single transaction or related transaction); this is so whether or not the claim may have been assigned.

**Right to Resort to Provisional Remedies Preserved.**  Nothing in this section shall be deemed to limit or constrain our right to resort to self-help remedies, such as the right of setoff or the right to exercise any security interest or lien we may hold on property, or to comply with legal process, or to obtain provisional remedies such as injunctive relief, attachment, or garnishment by a court having appropriate jurisdiction; provided, however, that you or we may elect to arbitrate any dispute related to such provisional remedies.

**Arbitration Award.**  The arbitrator's award shall be final and binding unless a party appeals it in writing to the arbitration forum within fifteen days of notice of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators selected in accordance with the rules of the same arbitration forum. The panel will consider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Costs will be allocated in the same way they are allocated before a single arbitrator. An award by a panel is final and binding on the parties after fifteen (15) days have passed. A final and binding award is subject to judicial intervention or review only to the extent allowed under the Federal Arbitration Act. A Party may seek to have a final and binding award entered as a judgment in any court having jurisdiction.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-14

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

**Governing Law.**  You and we agree that our relationship includes transactions involving interstate commerce and that these arbitration provisions are governed by, and enforceable under, the Federal Arbitration Act.

**Severability, Survival.**  These arbitration provisions shall survive:  (i) termination of this Agreement; (ii) the bankruptcy of any Party; and (iii) the transfer or assignment of this Agreement.  If any portion of this arbitration provision is deemed invalid or unenforceable, the entire arbitration provision shall not remain in force. No provision of this arbitration provision may be amended, severed or waived absent a written agreement between you and us.

WAIVER OF TRIAL BY JURY.

EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.

## RIGHT TO CANCEL

**CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.**

**For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation.  All checks intended to cancel the transaction should be mailed to:  RD Legal Finance, LLC, PO Box 12428, Newark, NJ  07101-3528.**

IMPORTANT NOTICE

**This is a complex financial transaction.  By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning.  You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-14

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY. DEPENDING ON THE CIRCUMSTANCES, YOU MAY WANT TO CONSULT A TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL PROFESSIONAL. YOU ACKNOWLEDGE THAT YOUR ATTORNEY IN THE CIVIL ACTION OR CLAIM HAS PROVIDED NO TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL ADVICE REGARDING THIS TRANSACTION.**

**9.     Date of Execution:** This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness and Notice of Assignment) are signed by you before a Notary Public and returned to RD at its offices (all containing original signatures), (ii) RD receives from Barasch & McGarry, P.C. or "you" the Notice of Assignment to Barasch & McGarry, P.C. and the letter addressed to RD from Barasch & McGarry, P.C. acknowledging RD's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RD.

**10.     Wire Instructions:** *Please send or transmit payment subject to this Agreement to RD Legal Finance, LLC at:*

> Bank: BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL 60603
> Account Title: RD Legal Finance, LLC
> Account Number: REDACTED
> ABA Number: 071000288

          US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-14

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

## IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The Parties have executed this Agreement as of the date first written above.

_____
Signature of Individual

_Elmer Santiago_
Printed Name of Individual


RD LEGAL FINANCE, LLC

By: _____

_Leo J. Zatta_
Printed Name

_CFO_
Title

- 11 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-14

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

## Limited Irrevocable Power of Attorney

I, Elmer G. Santiago, appoint Roni Dersovitz or any other managers, members or officers of RD Legal Finance, LLC ("RD"), whose principal place of business is located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, as my true and lawful attorney for the following purposes:

(A) To endorse and deposit any and all checks payable to me with respect to my Award in the matter entitled September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0001227 (the "Checks"), a portion of which I assigned to RD as evidenced by the attached Agreement.

I understand that by executing this Power of Attorney, I am giving up the right to endorse and deposit the Checks, except as otherwise authorized by RD. This Power of Attorney may not be revoked or changed except upon written agreement of RD.

BY: _____     Date: __11 / 10 / 15__
Elmer G. Santiago

     US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-14

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

## ACKNOWLEDGMENT

STATE OF FLORIDA     }

SS:

COUNTY OF OSCEOLA}

**BE IT REMEMBERED** that on date before me personally appeared Elmer G. Santiago, who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.

NOTARY PUBLIC

GISELLE ALLEN
Notary Public - State of Florida
My Comm. Expires Aug 1, 2016
Commission # EE 221476

- 13 -

EXHIBIT A-14

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

# CERTIFICATION OF TRUTHFULNESS

I, Elmer G. Santiago, hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Finance, LLC, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit- Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.

By: _____        ___11___/_10_/_15_____
Elmer G. Santiago                          Date

- 14 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-14

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

## NOTICE OF ASSIGNMENT

TO:    September 11 Victim Compensation Fund
       Claims Processing Center
       1100 L. Street, N.W. – Suite 3000
       Washington, DC 20005

RE:    September 11th Victim Compensation Fund - Zadroga Act
       Elmer G. Santiago – Claim No. VCF0001227

You are hereby notified that on November 10, 2015, Elmer G. Santiago ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0001227 that is assigned to RD is the amount of $63,636.36 (Sixty Three Thousand Six Hundred Thirty Six Dollars and 36 Cents) (the "Property Amount").

For the sake of clarity, the earlier Assignment and Sale Agreement(s) (dated August 22, 2014, March 18, 2015 and July 22, 2015 with RD Legal Funding Partners, LP) remains in full force and effect and the dollar amount due to the Purchaser (RD) shall be the sum total of the property Amount from this Agreement and each previous Agreement, equaling $863,636.36 (the "Combined Property Amount").

You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Finance, LLC) in the sum of $863,636.36 the Combined Property Amount pursuant to the Agreement(s) between the parties. You are further instructed that any distribution of the Combined Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Finance, LLC *(Payment address only)*          Tax I.D. No. REDACTED
    PO Box 12428
    Newark, NJ 07101-3528

By: _____                              Date: __11/12/15__
    Authorized Representative

Assignor: Elmer Santiago
By: _____                              Date: __11/10/15__
    *[Printed name of individual signing]*

- 15 -                                                     US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-14

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

## NOTICE OF ASSIGNMENT

TO:   Barasch & McGarry, P.C.
      11 Park Place
      Suite 1801
      New York, New York 10007

      Attn: Lee M. London, Esq.

RE:   September 11th Victim Compensation Fund - Zadroga Act
      Elmer G. Santiago – Claim No. VCF0001227

        You are hereby notified that on November 10, 2015, Elmer G. Santiago ("Assignor"), transferred
and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the
September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September
11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's
interest in Claim No. VCF0001227 that is assigned to RD is the amount of $63,636.36 (Sixty Three
Thousand Six Hundred Thirty Six Dollars and 36 Cents) (the "Property Amount").

        For the sake of clarity, the earlier Assignment and Sale Agreement(s) (dated August 22, 2014,
March 18, 2015 and July 22, 2015 with RD Legal Funding Partners, LP) remains in full force and effect
and the dollar amount due to the Purchaser (RD) shall be the sum total of the property Amount from this
Agreement and each previous Agreement, equaling $863,636.36 (the "Combined Property Amount").

        You are hereby instructed that, promptly following receipt of funds representing Assignor's
interest in the Judgment, you are to issue a check to RD (RD Legal Finance, LLC) in the sum of
$863,636.36 the Combined Property Amount pursuant to the Agreement(s) between the parties.  You are
further instructed that any distribution of the Combined Property Amount to any person other than RD
shall be in violation of the Agreement and shall result in Fund Administrator being held liable for
damages and attorneys' fees for any loss suffered by RD hereunder.

RD:  RD Legal Finance, LLC *(Payment address only)*          Tax I.D. No. REDACTED
     PO Box 12428
     Newark, NJ 07101-3528

By: _____                              Date:  _11/12/15_
        Authorized Representative

Assignor:  Elmer Santiago

By: _____                              Date:  11/10/15
        *[Printed name of individual signing]*

                              US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-14

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

## Barasch & McGarry, P.C.
## 11 Park Place, Suite 1801
## New York, New York 10007

November 10, 2015

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:     September 11th Victim Compensation Fund - Zadroga Act
        Elmer G. Santiago – Claim No. VCF0001227

Dear Mr. Dersovitz:

This will acknowledge that our client, Elmer G. Santiago, (Assignor), has assigned $63,636.36 (Sixty Three Thousand Six Hundred Thirty Six Dollars and 36 Cents) of his interest in the judgment proceeds of the referenced case to RD Legal Finance, LLC ("RD") pursuant to the Assignment and Sale Agreement(s) dated November 10, 2015, a copy of which is attached to and made a part of this communication. We acknowledge receipt of the Notice of assignment duly executed by our client, Elmer G. Santiago.

For the sake of clarity, the earlier Assignment and Sale Agreement(s) (dated August 22, 2014, March 18, 2015 and July 22, 2015 with RD Legal Funding Partners, LP) remains in full force and effect and the dollar amount due to the Purchaser (RD) shall be the sum total of the Property Amount from this Agreement and each previous Agreement, equaling $863,636.36 (the "Combined Property Amount").

Barasch & McGarry, P.C., by the signature below of Lee M. London, advises you that as of the above date, it is not in written receipt of any past lien upon the judgment proceeds which may be received by the Assignor.

We further acknowledge RD's lien on Assignor's interest in the subject judgment proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s) dated November 10, 2015.

This letter may be executed in counterparts and a copy delivered via electronic mail or facsimile. Each such executed copy shall be deemed an original for all purposes.

Lee M. London, Esq. for Barasch & McGarry, P.C.

_____

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-14

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

**Barasch & McGarry, P.C.**
**11 Park Place, Suite 1801**
**New York, New York 10007**

November 10, 2015

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:     September 11th Victim Compensation Fund - Zadroga Act
        Elmer G. Santiago – Claim No. VCF0001227

Dear Mr. Dersovitz:

This will acknowledge that our client, Elmer G. Santiago, (Assignor), has assigned $63,636.36 (Sixty Three Thousand Six Hundred Thirty Six Dollars and 36 Cents) of his interest in the judgment proceeds of the referenced case to RD Legal Finance, LLC ("RD") pursuant to the Assignment and Sale Agreement(s) dated November 10, 2015, a copy of which is attached to and made a part of this communication. We acknowledge receipt of the Notice of assignment duly executed by our client, Elmer G. Santiago.

For the sake of clarity, the earlier Assignment and Sale Agreement(s) (dated August 22, 2014, March 18, 2015 and July 22, 2015 with RD Legal Funding Partners, LP) remains in full force and effect and the dollar amount due to the Purchaser (RD) shall be the sum total of the Property Amount from this Agreement and each previous Agreement, equaling $863,636.36 (the "Combined Property Amount").

Barasch & McGarry, P.C., by the signature below of Lee M. London, advises you that as of the above date, it is not in written receipt of any past lien upon the judgment proceeds which may be received by the Assignor.

We further acknowledge RD's lien on Assignor's interest in the subject judgment proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s) dated November 10, 2015.

This letter may be executed in counterparts and a copy delivered via electronic mail or facsimile. Each such executed copy shall be deemed an original for all purposes.

Lee M. London, Esq. for Barasch & McGarry, P.C.

- 17 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-14

RECEIVED

DEC 2 2 2014

## THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE SUPERVISION OF AN ATTORNEY

## ASSIGNMENT AND SALE AGREEMENT

This Assignment and Sale Agreement (the "Agreement") is made on December 17, 2014, between Tyrone R. Bertrand ("you"), with a residence address located at     REDACTED Mapleshade, NJ  08052 and RD Legal Funding Partners, LP ("RD", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ  07626 (each a "Party", and together the "Parties"). If more than one individual is named above, "you" shall mean each and every such individual.

**YOUR ATTENTION IS DRAWN TO THE DISPUTE RESOLUTION PROVISION IN SECTION 8. IF A DISPUTE ARISES BETWEEN US, YOU OR WE MAY REQUIRE THAT IT BE RESOLVED THROUGH BINDING ARBITRATION, RATHER THAN BY JURY TRIAL.**

**WHEREAS**, you are the client of Andrea & Towsky,  Esqs., the law firm that represented you and other plaintiff(s), with reference to the September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0016182 (the "Case"), and you have an interest in the Case;

**WHEREAS**, as of January 02, 2011, the September 11th Victim Compensation Fund, overseen by Special Master Sheila Birnbaum, has been set-up for claimants who are deemed to have proved eligible loss based on the requirements of the Zadroga Act in the total amount of $2,775,000,000.00 (the "Judgment"), including an Award to you in the amount of $65,000.00 (the "Award") as determined by a claims evaluator per the Award letter dated September 22, 2014.

**WHEREAS**, you own all right, title and interest in the Award;

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award to RD; and

NOW, THEREFORE, you and we agree as follows:

## 1.     Assignments and Consideration

(a)     You hereby sell and assign to RD your interest in $46,800.00 (Forty Six Thousand Eight Hundred Dollars and No Cents) of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests").

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-15

(b) In return for the Property, RD will pay to you the sum of $18,720.00 (Eighteen Thousand Seven Hundred Twenty Dollars and No Cents) (the "Purchase Price"). You consent to have withheld from the Purchase Price the amount of $8,451.97 plus any penalties and interest that may have accrued after December 25, 2014 as per the latest invoice dated November 25, 2014, to cover the current outstanding lien(s)/judgment(s) with reference to PS Finance, LLC.

(c) This transaction is a true sale and assignment of the Property to RD and provides RD with the full risks and benefits of ownership of the Property. However, you retain all obligations, liabilities and expenses under or in respect of the Award.

(d) Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

You grant to RD a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

## 2.   Procedure for Paying Property Amount to RD

The entire Property Amount will be paid to RD from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

## 4.   Representations, Warranties and Assignments:  You represent and warrant to RD that:

(a) Andrea & Towsky, Esqs. are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any offset or defense.

(b) You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RD. You have not previously sold or assigned the Property, in whole or in part, to any other party. Upon RD's payment to you of the Purchase Price, RD will own the Property free and clear of any Adverse Interests.

(c) You have the legal capacity to execute and perform this Agreement.

- 2 -                                        US_ACTIVE-110091304-RMJAWORS

(d)    You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e)    The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)    There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets. You are not the subject of any legal proceeding. The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)    All of the information that you have provided to RD is true and complete in all respects. You understand that RD has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)    You have not engaged in any acts or conduct or made any omissions that will potentially result in RD receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)    You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment. There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)    This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(k)    You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

5.    **Covenants.** You covenant to RD that:

(a)    If before payment of the full Purchase Price RD discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), RD may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse RD for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to RD the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

                    US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

(b)     When requested, you will promptly execute any additional documents and take whatever further actions RD reasonably determines are necessary or desirable to perfect the assignment of the Property to RD or to carry out the terms of this Agreement.

(c)     You will immediately advise RD if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to RD in accordance with RD's instructions. If you fail to do so, you will be in breach of the Agreement.

(d)     At RD's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and RD may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to RD instead of (and not to) you.

(e)     You understand that you are giving up all of your interest in the Property.

(f)     You will notify RD in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

    I.      A Breach occurs;

    II.     You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

    III.    Any other event which could potentially encumber the Property; or

    IV.     A change in the information that RD may use to contact you (including, but not limited to a change of address, telephone number, etc.).

        The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

**(PLEASE DO NOT SEND CONTRACT PAPERWORK TO THE CALIFORNIA OFFICE)**

With a copy to **General Counsel:**

- 4 -                                          US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-15

193293v2 9/19/13(01/06/14)

RD LEGAL COMPANIES
7344 Magnolia Avenue, Suite 110
Riverside, CA  92504
Attn:  Irena Leigh Norton, Esq.
Phone:  (951) 359-3205
Fax:  (951) 637-0627
Email:  inorton@legalfunding.com

or to such other address or addresses that RD may otherwise provide.  The notice required by this provision shall be considered to have been given by you when it is received by RD.

## 6.    Other Agreements

    (a)    Excess Payment to RD.  If RD receives payment with respect to the Case in an amount that exceeds the Property Amount, RD will promptly pay the excess amount to you.

    (b)    Best Evidence.  In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

    (c)    Equitable Relief.  Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

    (d)    Entire Agreement.  This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

    (e)    Enforcement.  The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party.  Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

    (f)    Assignment.  RD may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person.  RD may also pledge or grant a security interest in the Property.  This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-15

(g)  Third-Party Beneficiary.  This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of RD.

(h)  No Recourse.  RD is purchasing all of your interest in the Property without recourse against you (other than for a Breach).  This means that, in the event RD for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay RD any portion of the Purchase Price that RD paid to you.

(i)  Severability.  If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

**7.  Governing Law; Exclusive Jurisdiction:**  This Agreement is governed by and construed in accordance with the laws of the State of New Jersey.  If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey.  The Parties waive any objection that they may have, now or later, to the venue of any lawsuit or proceeding or that any such lawsuit or proceeding is brought in an inconvenient court.

**8.  DISPUTE RESOLUTION**

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.  THIS SECTION CONTAINS IMPORTANT INFORMATION REGARDING HOW DISPUTES UNDER THIS AGREEMENT WILL BE RESOLVED.  IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY DISPUTES BE RESOLVED BY BINDING ARBITRATION.  ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING.  IN ARBITRATION, THE DISPUTE IS SUBMITTED TO A NEUTRAL PARTY, AN ARBITRATOR, INSTEAD OF A JUDGE OR JURY.  ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT.**

**Agreement to Arbitrate Disputes.**  Either you or we may elect, without the other's consent, to require that any dispute between us relating to this Agreement be resolved by binding arbitration.

**Disputes Covered by Arbitration.**  Any claim or dispute relating to or arising out of this Agreement, or our relationship will be subject to arbitration.  All disputes are subject to arbitration, no matter on what legal theory they are based or what remedy (damages, or injunctive or declaratory relief) they seek.  Disputes include any unresolved claims concerning payments made or due under the terms of this Agreement, any Breach of this Agreement or of any of the representations, warranties or covenants agreed to under this Agreement.

EXHIBIT A-15

193293v2 9/19/13(01/06/14)

Disputes include not only claims made directly by you, but also made by anyone connected with you or claiming through you, such as a parent, child, guardian, representative, agent, heir, or trustee in bankruptcy. Disputes also include not only claims that relate directly to RD, but also its parent, affiliates, successors, assignees, employees, and agents and claims for which we may be directly or indirectly liable, even if we are not properly named at the time the claim is made. Disputes include claims based on any theory of law, contract, statute, regulation, tort (including fraud or any intentional tort), or any other legal or equitable ground, and include claims made as counterclaims, cross-claims, third party claims, interpleaders or otherwise.

A Party who initiates a proceeding in court may elect arbitration with respect to any dispute advanced in that proceeding by any other party. Disputes include claims made as part of a class action or other representative action, it being expressly understood and agreed to that the arbitration of such claims must proceed on an individual (non-class, non-representative) basis. Disputes also include claims relating to the enforceability or interpretation of any of these arbitration provisions. Any questions about whether disputes are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

**Commencing an Arbitration.** The Party filing an arbitration must choose one of the following neutral arbitration forums and follow its rules and procedures for initiating and pursuing an arbitration: American Arbitration Association or JAMS. If you initiate the arbitration, you must notify us in writing at RD Legal Funding Partners, LP, 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, Attn: Roni Dersovitz. If we initiate the arbitration, we will notify you in writing at your last known address on file. You may obtain a copy of the arbitration rules for these forums, as well as additional information about initiating an arbitration by contacting these arbitration forums:

| American Arbitration Association | JAMS |
|---|---|
| 1-800-778-7879 (toll-free) | 1-800-352-5267 (toll-free) |
| Website: www.adr.org | Website: www.jamsadr.com. |

The arbitration shall be conducted in the same city as the U.S. District Court closest to your home address, unless the parties agree to a different location in writing.

**Administration of Arbitration.** The arbitration will be decided by a single, neutral arbitrator. The arbitrator will be either a lawyer with at least ten years experience or a retired or former judge, selected in accordance with the rules of the arbitration forum. The arbitrator shall follow procedures and rules of the arbitration forum in effect on the date the arbitration is filed unless those rules and procedures are inconsistent with this arbitration provision, in which case this arbitration provision will prevail. Those procedures and rules may limit the discovery available to you or us. The arbitrator will take reasonable steps to protect personal information and other confidential information if requested to do so by you or us. The arbitrator shall decide the dispute in accordance with applicable substantive law consistent with the Federal Arbitration Act and applicable statutes of limitations, will honor claims of privilege recognized at law, and will be empowered to award any damages or other relief provided for under applicable law. The

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-15

193293v2 9/19/13(01/06/14)

arbitrator will not have the power to award relief to, or against, any person who is not a party to the arbitration.

An award in arbitration shall determine the rights and obligations between the named parties only, and only in respect of the claims in arbitration, and shall not have any bearing on the rights and obligations of any other person, or on the resolution of any other dispute. You or we may choose to have a hearing and be represented by counsel. The decision rendered by the arbitrator shall be in writing; however, the arbitrator need not provide a statement of his reasons unless one is requested by you or us.

**Costs.** The Party initiating the arbitration shall pay the initial filing fee. If you file the arbitration and an award is rendered in your favor, we will reimburse you for your filing fee. If there is a hearing, we will pay the fees and costs for the first day of that hearing. All other fees and costs will be allocated in accordance with the rules of the arbitration forum. However, we will advance or reimburse filing and other fees if the arbitrator rules that you cannot afford to pay them or finds other good cause for requiring us to do so, or if you ask us and we determine there is good reason for doing so. Each party shall bear the expense of their respective attorneys, experts, and witnesses and other expenses, regardless of who prevails, but a party may recover any or all expenses from another party if the arbitrator, applying applicable law, so determines.

**No Class Action or Joinder of Parties.** You and we agree that no class action, private attorney general or other representative claims may be pursued in arbitration, nor may such action be pursued in court if either you or we elect arbitration. Unless mutually agreed to by you and us, claims of two or more persons may not be joined, consolidated, or otherwise brought together in the same arbitration (unless those persons are parties to a single transaction or related transaction); this is so whether or not the claim may have been assigned.

**Right to Resort to Provisional Remedies Preserved.** Nothing in this section shall be deemed to limit or constrain our right to resort to self-help remedies, such as the right of setoff or the right to exercise any security interest or lien we may hold on property, or to comply with legal process, or to obtain provisional remedies such as injunctive relief, attachment, or garnishment by a court having appropriate jurisdiction; provided, however, that you or we may elect to arbitrate any dispute related to such provisional remedies.

**Arbitration Award.** The arbitrator's award shall be final and binding unless a party appeals it in writing to the arbitration forum within fifteen days of notice of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators selected in accordance with the rules of the same arbitration forum. The panel will consider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Costs will be allocated in the same way they are allocated before a single arbitrator. An award by a panel is final and binding on the parties after fifteen (15) days have passed. A final and binding award is subject to judicial intervention or review only to the extent allowed under the Federal Arbitration Act. A Party may seek to have a final and binding award entered as a judgment in any court having jurisdiction.

US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

**Governing Law.** You and we agree that our relationship includes transactions involving interstate commerce and that these arbitration provisions are governed by, and enforceable under, the Federal Arbitration Act.

**Severability, Survival.** These arbitration provisions shall survive: (i) termination of this Agreement; (ii) the bankruptcy of any Party; and (iii) the transfer or assignment of this Agreement. If any portion of this arbitration provision is deemed invalid or unenforceable, the entire arbitration provision shall not remain in force. No provision of this arbitration provision may be amended, severed or waived absent a written agreement between you and us.

WAIVER OF TRIAL BY JURY.

EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.

## RIGHT TO CANCEL

**CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.**

**For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation. All checks intended to cancel the transaction should be mailed to RD Legal Funding Partners, LP, PO Box 12428, Newark, NJ 07101-3528.**

### IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETELY**

US_ACTIVE-110091304-RMJAWORS

**FILLED IN COPY OF THIS CONTRACT. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY. DEPENDING ON THE CIRCUMSTANCES, YOU MAY WANT TO CONSULT A TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL PROFESSIONAL. YOU ACKNOWLEDGE THAT YOUR ATTORNEY IN THE CIVIL ACTION OR CLAIM HAS PROVIDED NO TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL ADVICE REGARDING THIS TRANSACTION.**

**10.** **Date of Execution:** This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to RD at its offices (all containing original signatures), (ii) RD receives from Andrea & Towsky, Esqs. or "you" the Notice of Assignment to Andrea & Towsky, Esqs. and the letter addressed to RD from Andrea & Towsky, Esqs. acknowledging RD's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RD.

**11.** **Wire Instructions:** *Please send or transmit payment subject to this Agreement to RD Legal Funding Partners, LP at:*

> Bank: BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL 60603
> Account Title: RD Legal Funding Partners, LP
> Account Number: REDACTED
> ABA Number: 071000288

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-15

193293v2 9/19/13(01/06/14)

## IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The Parties have executed this Agreement as of the date first written above.

_Tyrone R. Bertrand_
Signature of Individual

_Tyrone R. Bertrand_
Printed Name of Individual

RD LEGAL FUNDING PARTNERS, LP

By: _____

_____
Printed Name

_____
Title

- 11 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-15

193293v2 9/19/13(01/06/14)

## Limited Irrevocable Power of Attorney

I, Tyrone R. Bertrand, appoint Roni Dersovitz or any other managers, members or officers of RD Legal Funding Partners, LP ("RD"), whose principal place of business is located at 45 Legion Drive, 2nd Floor, Cresskill, NJ  07626, as my true and lawful attorney for the following purposes:

(A) To endorse and deposit any and all checks payable to me with respect to my Award in the matter entitled September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0016182 (the "Checks"), a portion of which I assigned to RD as evidenced by the attached Agreement.

I understand that by executing this Power of Attorney, I am giving up the right to endorse and deposit the Checks, except as otherwise authorized by RD.  This Power of Attorney may not be revoked or changed except upon written agreement of RD.

BY: _Tyrone R. Bertrand_          Date: _12-18-14_
    Tyrone R. Bertrand

- 12 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-15

193293v2 9/19/13(01/06/14)

## ACKNOWLEDGMENT

STATE OF NEW JERSEY　　}

　　　　　　　　　　　SS:

COUNTY OF BURLINGTON}

　　**BE IT REMEMBERED** that on date before me personally appeared Tyrone R. Bertrand, who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.

NOTARY PUBLIC

**NINA VICTORIA VANWRIGHT**
**Notary Public**
**State of New Jersey**
**My Commission Expires Aug 6, 2019**

- 13 -

EXHIBIT A-15

193293v2 9/19/13(01/06/14)

## CERTIFICATION OF TRUTHFULNESS

I, Tyrone R. Bertrand, hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Funding Partners, LP, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit-Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.

By: Tyrone R. Bertrand
Tyrone R. Bertrand

12-18-14
Date

- 14 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-15

193293v2 9/19/13(01/06/14)

## Spousal Acknowledgment

I, Georgette R. Bertrand hereby acknowledge the following:

(1) I am the spouse of Tyrone R. Bertrand, who is a Party to this Agreement;

(2) I have read and understood the terms of, and been provided with, a copy of the Agreement;

(3) By virtue of this Agreement, my spouse has assigned $46,800.00 (Forty Six Thousand Eight Hundred Dollars and No Cents) of his interest in the case regarding September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0016182 (the "Property") to RD Legal Funding Partners, LP ("RD"); and

(4) To the best of my knowledge, my spouse (a) is not involved in any bankruptcy, insolvency or other legal proceedings that could affect his/her assets, (b) has paid or made adequate provision for payment of all federal, state and local taxes that are due, (c) has no tax or other governmental liens against him/her or his/her interest in the judgment, (d) is not indebted to me or any former spouse for support, maintenance or similar obligations, or to any child or the child's guardian for any child support or similar payments, and (e) has not transferred or assigned, and has no plans to transfer or assign, any portion of his/her interest in the judgment to any other party or person.

The undersigned has executed this Acknowledgment as of ___ 12 - 18 ___, 20 14

_____
Signature

Georgette Bertrand
Printed Name

ACKNOWLEDGMENT


STATE OF NEW JERSEY     }

                        SS:

COUNTY OF BURLINGTON}


    **I certify that on this** 18th **day of** December**, 20**14**,** Tyrone Bertrand.
**personally came before me and acknowledged under oath, to my satisfaction, that this person is the person named in and who personally signed this Acknowledgment and signed, sealed and delivered such Acknowledgment as his or her own act and deed.**

- 15 -

US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

NOTARY PUBLIC

NINA VICTORIA VANWRIGHT
Notary Public
State of New Jersey
My Commission Expires Aug 6, 2019

EXHIBIT A-15

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:   September 11 Victim Compensation Fund
      Claims Processing Center
      1100 L. Street, N.W. – Suite 3000
      Washington, DC 20005

RE:   September 11th Victim Compensation Fund - Zadroga Act
      Tyrone R. Bertrand – Claim No. VCF0016182

        You are hereby notified that on December 17, 2014, Tyrone R. Bertrand ("Assignor"),
transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest
regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding
the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of
Assignor's interest in Claim No. VCF0016182 that is assigned to RD is the amount of $46,800.00 (Forty
Six Thousand Eight Hundred Dollars and No Cents) (the "Property Amount"). You are hereby instructed
that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to
issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the
Agreement between the parties. You are further instructed that any distribution of the Property Amount
to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator
being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No. REDACTED
          PO Box 12428
          Newark, NJ 07101-3528

By:
          Authorized Representative                                Date:  12/22/2014

Assignor: Tyrone R. Bertrand

By: Tyrone R. Bertrand                                            Date: 12-18-14
     *[Printed name of individual signing]*

- 17 -                                         US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-15

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:     Andrea & Towsky, Esqs.
        320 Old Country Road
        Suite 202
        Garden City, NY 11530

        Attn: Frank A. Andrea, Esq.

RE:     September 11th Victim Compensation Fund - Zadroga Act
        Tyrone R. Bertrand – Claim No. VCF0016182

        You are hereby notified that on December 17, 2014, Tyrone R. Bertrand ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0016182 that is assigned to RD is the amount of $46,800.00 (Forty Six Thousand Eight Hundred Dollars and No Cents) (the "Property Amount"). You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD:  RD Legal Funding Partners, LP *(Payment address only)*                Tax I.D. No. REDACTED
     PO Box 12428
     Newark, NJ 07101-3528

By: _____
        Authorized Representative                                          Date: _____

Assignor: Tyrone R, Bertrand

By: Tyrone R. Bertrand                                                      Date: 12-18-14
     *[Printed name of individual signing]*

- 18 -                                                         US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-15

193293v2 9/19/13(01/06/14)

**Andrea & Towsky, Esqs.**
**320 Old Country Road, Suite 202**
**Garden City, NY 11530**

December 17, 2014

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:     September 11th Victim Compensation Fund - Zadroga Act
        Tyrone R. Bertrand – Claim No. VCF0016182

Dear Mr. Dersovitz:

        This will acknowledge that our client, Tyrone R. Bertrand, (Assignor), has assigned
$46,800.00 (Forty Six Thousand Eight Hundred Dollars and No Cents) of his interest in the
judgment proceeds of the referenced case to RD Legal Funding Partners, LP ("RD") pursuant to
the Assignment and Sale Agreement(s) dated December 17, 2014, a copy of which is attached to
and made a part of this communication. We acknowledge receipt of the Notice of assignment
*duly* executed by our client, Tyrone R. Bertrand.

        Andrea & Towsky, Esqs., by the signature below of Frank A. Andrea, advises you that
as of the above date, it is not in written receipt of any past lien upon the judgment proceeds
which may be received by the Assignor.

        We further acknowledge RD's lien on Assignor's interest in the subject judgment
proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment
received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at
P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale
Agreement(s) dated December 17, 2014.

        This letter may be executed in counterparts and a copy delivered via electronic mail or
facsimile. Each such executed copy shall be deemed an original for all purposes.

Frank A. Andrea, Individually and for Andrea & Towsky, Esqs..

_____

- 19 -                                                US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-15

193293v2 9/19/13(01/06/14)

**Andrea & Towsky, Esqs.**
**320 Old Country Road, Suite 202**
**Garden City, NY 11530**

December 17, 2014

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:    September 11th Victim Compensation Fund - Zadroga Act
        Tyrone R. Bertrand – Claim No. VCF0016182

Dear Mr. Dersovitz:

        This will acknowledge that our client, Tyrone R. Bertrand, (Assignor), has assigned
$46,800.00 (Forty Six Thousand Eight Hundred Dollars and No Cents) of his interest in the
judgment proceeds of the referenced case to RD Legal Funding Partners, LP ("RD") pursuant to
the Assignment and Sale Agreement(s) dated December 17, 2014, a copy of which is attached to
and made a part of this communication. We acknowledge receipt of the Notice of assignment
duly executed by our client, Tyrone R. Bertrand.

        Andrea & Towsky, Esqs., by the signature below of Frank A. Andrea, advises you that
as of the above date, it is not in written receipt of any past lien upon the judgment proceeds
which may be received by the Assignor.

        We further acknowledge RD's lien on Assignor's interest in the subject judgment
proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment
received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at
P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale
Agreement(s) dated December 17, 2014.

        This letter may be executed in counterparts and a copy delivered via electronic mail or
facsimile. Each such executed copy shall be deemed an original for all purposes.

Frank A. Andrea, ~~Esq~~ for Andrea & Towsky, Esqs..

*[signature]*

*[handwritten: funding]*

*[handwritten: * except Balance of P.S. finance (prior funding of #10,250.00) which was paid down when assignor received 1st VCF payment. Current balance due P.S. Finance is $8,451.97.]*

November 25, 2014

**VIA FACSIMILE**
**(516) 739-0088**

Andrea & Towsky
320 Old Country Road
Garden City, NY 11530

Attn: Frank A. Andrea, III, Esq.

      Re:    Your Client: Tyrone Bertrand
              BERTRAND v. 911 VICTIMS COMPENSATION FUND for the
              accident dated September 11, 2001

Dear Mr. Andrea:

      As per your request, the payoff amount for the above client is:

        **\*$8,451.97** if received by December 25, 2014

      \*This amount includes a $25.00 fee for the wire transfer that your client requested at the time of the funding and a $35.00 fee for the federal express sent to Case Cash for the buyout of your client's file.

      Should a check be sent after December 25, 2014, contact our office immediately for an updated payoff amount as this lien continues to accrue on a monthly basis.

                Very truly yours,

                VERONICA MORMANDO

VM/ap
cc: Tyrone Bertrand





183 New Dorp Lane
Staten Island, New York 10306
P: 866-FUNDS-NOW  866-386-3766
F: (718) 351-4931
EXHIBIT A-15