APR 0 9 2015

## THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE SUPERVISION OF AN ATTORNEY

### ASSIGNMENT AND SALE AGREEMENT

This Assignment and Sale Agreement (the "Agreement") is amended and restated on April 06, 2015 and replaces all previous Assignment and Sale Agreements, between Raymond A Cascio ("you"), with a residence address located at  REDACTED , West Babylon, NY 11704 and RD Legal Funding Partners, LP ("RD", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626 (each a "Party", and together the "Parties"). If more than one individual is named above, "you" shall mean each and every such individual.

### DISCLOSURE STATEMENT

| 1. | **Total amount to be advanced to consumer under this contract:** | | $70,000.00 |
|---|---|---|---|
| 2. | **Itemized Fees:** | | |
| | **Application** | **$ -0-** | |
| | **Processing** | **$ -0-** | |
| | **Attorney Review** | **$ -0-** | |
| | **Broker** | **$ -0-** | |
| | **Other (_____)** | **$ -0-** | |
| | **Total Fees:** | **$ -0-** | |

| 3. | **Annual percentage fee (rate of return) on advance, compounded monthly:** | **Not Applicable\*** |
|---|---|---|

4. **Total amount to be repaid by consumer:**

| | |
|---|---|
| **if at 6 months:** | **Not Applicable** |
| **if at 12 months:** | **Not Applicable** |
| **if at 18 months:** | **Not Applicable** |
| **if at 24 months:** | **Not Applicable** |
| **if at 30 months:** | **Not Applicable** |
| **if at 36 months:** | **Not Applicable** |

WHEREAS, you are the client of Barasch McGarry Salzman & Penson, PC, the law firm that represented you and other plaintiff(s), with reference to the September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0005044 (the "Case"), and you have an interest in the Case;

WHEREAS, as of January 02, 2011, the September 11th Victim Compensation Fund, overseen by Special Master Sheila Birnbaum, has been set-up for claimants who are deemed to have proved eligible loss based on the requirements of the Zadroga Act in the total amount of $2,775,000,000.00 (the "Judgment"), including an Award to you in the amount of $767,676.48 (the "Award") as determined by a claims evaluator per the Award letter dated March 26, 2014.

WHEREAS, you own all right, title and interest in the Award;

*This section is not applicable because the transaction is a purchase and not a loan.

US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

**WHEREAS,** you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award to RD; and

NOW, THEREFORE, you and we agree as follows:

1. **Assignments and Consideration**

   (a)  You hereby sell and assign to RD your interest in $171,025.38 (One Hundred Seventy One Thousand Twenty Five Dollars and 38 Cents) of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests").

   (b)  In return for the Property, RD will pay to you the sum of $70,000.00 (Seventy Thousand Dollars and No Cents) (the "Purchase Price).

   (c)  This transaction is a true sale and assignment of the Property to RD and provides RD with the full risks and benefits of ownership of the Property. However, you retain all obligations, liabilities and expenses under or in respect of the Award.

   (d)  Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement.  This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

   You grant to RD a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

2. **Procedure for Paying Property Amount to RD**

   The entire Property Amount will be paid to RD from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

4. **Representations, Warranties and Assignments:**  You represent and warrant to RD that:

   (a)  Barasch McGarry Salzman & Penson, PC are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any offset or defense.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-16

193293v2 9/19/13(01/06/14)

(b)    You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RD.  You have not previously sold or assigned the Property, in whole or in part, to any other party.  Upon RD's payment to you of the Purchase Price, RD will own the Property free and clear of any Adverse Interests.

(c)    You have the legal capacity to execute and perform this Agreement.

(d)    You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e)    The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)    There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets.  You are not the subject of any legal proceeding.  The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)    All of the information that you have provided to RD is true and complete in all respects.  You understand that RD has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)    You have not engaged in any acts or conduct or made any omissions that will potentially result in RD receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)    You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment.  There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)    This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(k)    You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

5.    **Covenants.**  You covenant to RD that:

(a)    If before payment of the full Purchase Price RD discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-16

193293v2 9/19/13(01/06/14)

"Breach"), RD may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse RD for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to RD the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

(b)   When requested, you will promptly execute any additional documents and take whatever further actions RD reasonably determines are necessary or desirable to perfect the assignment of the Property to RD or to carry out the terms of this Agreement.

(c)   You will immediately advise RD if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to RD in accordance with RD's instructions.  If you fail to do so, you will be in breach of the Agreement.

(d)   At RD's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and RD may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to RD instead of (and not to) you.

(e)   You understand that you are giving up all of your interest in the Property.

(f)   You will notify RD in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

I.    A Breach occurs;

II.   You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

III.  Any other event which could potentially encumber the Property; or

IV.   A change in the information that RD may use to contact you (including, but not limited to a change of address, telephone number, etc.).

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

EXHIBIT A-16

193293v2 9/19/13(01/06/14)

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

(PLEASE DO NOT SEND CONTRACT PAPERWORK TO THE CALIFORNIA OFFICE)

With a copy to General Counsel:
RD LEGAL COMPANIES
7344 Magnolia Avenue, Suite 110
Riverside, CA  92504
Attn:  Irena Leigh Norton, Esq.
Phone:  (951) 359-3205
Fax:  (951) 637-0627
Email:  inorton@legalfunding.com

or to such other address or addresses that RD may otherwise provide.  The notice required by this provision shall be considered to have been given by you when it is received by RD.

6.    Other Agreements

(a)    Excess Payment to RD.  If RD receives payment with respect to the Case in an amount that exceeds the Property Amount, RD will promptly pay the excess amount to you.

(b)    Best Evidence.  In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

(c)    Equitable Relief.  Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

(d)    Entire Agreement.  This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

(e)    Enforcement.  The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party. Reasonable attorney's fees and expenses will be presumed to be the product of the

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-16

193293v2 9/19/13(01/06/14)

number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

(f)   Assignment. RD may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person. RD may also pledge or grant a security interest in the Property. This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

(g)   Third-Party Beneficiary. This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of RD.

(h)   No Recourse. RD is purchasing all of your interest in the Property without recourse against you (other than for a Breach). This means that, in the event RD for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay RD any portion of the Purchase Price that RD paid to you.

(i)   Severability. If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

7.   **Governing Law; Exclusive Jurisdiction:** This Agreement is governed by and construed in accordance with the laws of the State of New Jersey. If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey.

9.   **Additional Purchase Price:** If no Breach has occurred and RD receives payment of the full Property Amount by any of the following dates, RD will pay to you the following additional consideration in the form of an increase in the Purchase Price:

(A)   If Assignee receives a wire transfer on or before April 30, 2015,
Assignor shall be entitled to an Additional Purchase Price of $100,186.64

(B)   If Assignee receives a wire transfer between May 01, 2015 and May 31, 2015
Assignor shall be entitled to an Additional Purchase Price of $99,124.06

(C)   If Assignee receives a wire transfer between June 01, 2015 and June 30, 2015
Assignor shall be entitled to an Additional Purchase Price of $98,045.54

(D)   If Assignee receives a wire transfer between July 01, 2015 and July 31, 2015
Assignor shall be entitled to an Additional Purchase Price of $96,950.84

(E)   If Assignee receives a wire transfer between August 01, 2015 and August 31, 2015
Assignor shall be entitled to an Additional Purchase Price of $95,839.72

(F)   If Assignee receives a wire transfer between September 01, 2015 and September 30, 2015

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-16

193293v2 9/19/13(01/06/14)

Assignor shall be entitled to an Additional Purchase Price of $94,711.93

(G) If Assignee receives a wire transfer between October 01, 2015 and October 31, 2015 Assignor shall be entitled to an Additional Purchase Price of $93,567.23

(H) If Assignee receives a wire transfer between November 01, 2015 and November 30, 2015 Assignor shall be entitled to an Additional Purchase Price of $92,405.36

(I) If Assignee receives a wire transfer between December 01, 2015 and December 31, 2015 Assignor shall be entitled to an Additional Purchase Price of $91,226.06

(J) If Assignee receives a wire transfer between January 01, 2016 and January 31, 2016 Assignor shall be entitled to an Additional Purchase Price of $90,029.07

(K) If Assignee receives a wire transfer between February 01, 2016 and February 29, 2016 Assignor shall be entitled to an Additional Purchase Price of $88,814.13

(L) If Assignee receives a wire transfer between March 01, 2016 and March 31, 2016 Assignor shall be entitled to an Additional Purchase Price of $87,580.96

(M) If Assignee receives a wire transfer between April 01, 2016 and April 30, 2016 Assignor shall be entitled to an Additional Purchase Price of $86,329.29

(N) If Assignee receives a wire transfer between May 01, 2016 and May 31, 2016 Assignor shall be entitled to an Additional Purchase Price of $85,058.85

(O) If Assignee receives a wire transfer between June 01, 2016 and June 30, 2016 Assignor shall be entitled to an Additional Purchase Price of $83,769.35

(P) If Assignee receives a wire transfer between July 01, 2016 and July 31, 2016 Assignor shall be entitled to an Additional Purchase Price of $82,460.51

(Q) If Assignee receives a wire transfer between August 01, 2016 and August 31, 2016 Assignor shall be entitled to an Additional Purchase Price of $81,132.04

(R) If Assignee receives a wire transfer between September 01, 2016 and September 30, 2016 Assignor shall be entitled to an Additional Purchase Price of $79,783.64

(S) If Assignee receives a wire transfer between October 01, 2016 and October 31, 2016 Assignor shall be entitled to an Additional Purchase Price of $78,415.01

(T) If Assignee receives a wire transfer between November 01, 2016 and November 30, 2016 Assignor shall be entitled to an Additional Purchase Price of $77,025.86

(U) If Assignee receives a wire transfer between December 01, 2016 and December 31, 2016 Assignor shall be entitled to an Additional Purchase Price of $75,615.86

(V) If Assignee receives a wire transfer between January 01, 2017 and January 31, 2017 Assignor shall be entitled to an Additional Purchase Price of $74,184.72

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-16

193293v2 9/19/13(01/06/14)

(W) If Assignee receives a wire transfer between February 01, 2017 and February 28, 2017 Assignor shall be entitled to an Additional Purchase Price of $72,732.11

(X) If Assignee receives a wire transfer between March 01, 2017 and March 31, 2017 Assignor shall be entitled to an Additional Purchase Price of $71,257.71

(Y) If Assignee receives a wire transfer between April 01, 2017 and April 30, 2017 Assignor shall be entitled to an Additional Purchase Price of $69,761.20

(Z) If Assignee receives a wire transfer between May 01, 2017 and May 31, 2017 Assignor shall be entitled to an Additional Purchase Price of $68,242.23

(AA) If Assignee receives a wire transfer between June 01, 2017 and June 30, 2017 Assignor shall be entitled to an Additional Purchase Price of $66,700.49

(BB) If Assignee receives a wire transfer between July 01, 2017 and July 31, 2017 Assignor shall be entitled to an Additional Purchase Price of $65,135.61

(CC) If Assignee receives a wire transfer between August 01, 2017 and August 31, 2017 Assignor shall be entitled to an Additional Purchase Price of $63,547.27

(DD) If Assignee receives a wire transfer between September 01, 2017 and September 30, 2017 Assignor shall be entitled to an Additional Purchase Price of $61,935.09

(EE) If Assignee receives a wire transfer between October 01, 2017 and October 31, 2017 Assignor shall be entitled to an Additional Purchase Price of $60,298.74

(FF) If Assignee receives a wire transfer between November 01, 2017 and November 30, 2017 Assignor shall be entitled to an Additional Purchase Price of $58,637.84

(GG) If Assignee receives a wire transfer between December 01, 2017 and December 31, 2017 Assignor shall be entitled to an Additional Purchase Price of $56,952.03

(HH) If Assignee receives a wire transfer between January 01, 2018 and January 31, 2018 Assignor shall be entitled to an Additional Purchase Price of $55,240.93

(II) If Assignee receives a wire transfer between February 01, 2018 and February 28, 2018 Assignor shall be entitled to an Additional Purchase Price of $53,504.16

(JJ) If Assignee receives a wire transfer between March 01, 2018 and March 31, 2018 Assignor shall be entitled to an Additional Purchase Price of $51,741.34

(KK) If Assignee receives a wire transfer between April 01, 2018 and April 30, 2018 Assignor shall be entitled to an Additional Purchase Price of $49,952.08

(LL) If Assignee receives a wire transfer between May 01, 2018 and May 31, 2018 Assignor shall be entitled to an Additional Purchase Price of $48,135.98

(MM) If Assignee receives a wire transfer between June 01, 2018 and June 30, 2018

US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

Assignor shall be entitled to an Additional Purchase Price of $46,292.64

(NN)    If Assignee receives a wire transfer between July 01, 2018 and July 31, 2018
Assignor shall be entitled to an Additional Purchase Price of $44,421.65

(OO)    If Assignee receives a wire transfer between August 01, 2018 and August 31, 2018
Assignor shall be entitled to an Additional Purchase Price of $42,522.59

(PP)    If Assignee receives a wire transfer between September 01, 2018 and September 30, 2018
Assignor shall be entitled to an Additional Purchase Price of $40,595.05

(QQ)    If Assignee receives a wire transfer between October 01, 2018 and October 31, 2018
Assignor shall be entitled to an Additional Purchase Price of $38,638.60

(RR)    If Assignee receives a wire transfer between November 01, 2018 and November 30, 2018
Assignor shall be entitled to an Additional Purchase Price of $36,652.79

(SS)    If Assignee receives a wire transfer between December 01, 2018 and December 31, 2018
Assignor shall be entitled to an Additional Purchase Price of $34,637.20

(TT)    If Assignee receives a wire transfer between January 01, 2019 and January 31, 2019
Assignor shall be entitled to an Additional Purchase Price of $32,591.38

(UU)    If Assignee receives a wire transfer between February 01, 2019 and February 28, 2019
Assignor shall be entitled to an Additional Purchase Price of $30,514.87

(VV)    If Assignee receives a wire transfer between March 01, 2019 and March 31, 2019
Assignor shall be entitled to an Additional Purchase Price of $28,407.21

(WW)   If Assignee receives a wire transfer between April 01, 2019 and April 30, 2019
Assignor shall be entitled to an Additional Purchase Price of $26,267.94

(XX)    If Assignee receives a wire transfer between May 01, 2019 and May 31, 2019
Assignor shall be entitled to an Additional Purchase Price of $24,096.58

(YY)    If Assignee receives a wire transfer between June 01, 2019 and June 30, 2019
Assignor shall be entitled to an Additional Purchase Price of $21,892.65

(ZZ)    If Assignee receives a wire transfer between July 01, 2019 and July 31, 2019
Assignor shall be entitled to an Additional Purchase Price of $19,655.66

(AAA)   If Assignee receives a wire transfer between August 01, 2019 and August 31, 2019
Assignor shall be entitled to an Additional Purchase Price of $17,385.11

(BBB)   If Assignee receives a wire transfer between September 01, 2019 and September 30, 2019
Assignor shall be entitled to an Additional Purchase Price of $15,080.51

(CCC)   If Assignee receives a wire transfer between October 01, 2019 and October 31, 2019
Assignor shall be entitled to an Additional Purchase Price of $12,741.33

- 9 -

EXHIBIT A-16

193293v2 9/19/13(01/06/14)

    (DDD)   If Assignee receives a wire transfer between November 01, 2019 and November 30, 2019 Assignor shall be entitled to an Additional Purchase Price of $10,367.07

    (EEE)   If Assignee receives a wire transfer between December 01, 2019 and December 31, 2019 Assignor shall be entitled to an Additional Purchase Price of $7,957.20

    (FFF)   If Assignee receives a wire transfer between January 01, 2020 and January 31, 2020 Assignor shall be entitled to an Additional Purchase Price of $5,511.18

    (GGG)   If Assignee receives a wire transfer between February 01, 2020 and February 29, 2020 Assignor shall be entitled to an Additional Purchase Price of $3,028.46

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-16

193293v2 9/19/13(01/06/14)

WAIVER OF TRIAL BY JURY.

EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.

## NEW YORK CONSUMER'S RIGHT TO CANCELLATION

YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.

For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation. All checks intended to cancel the transaction should be mailed to: RD Legal Funding Partners, LP, PO Box 12428, Newark, NJ 07101-3528.

### IMPORTANT NOTICE

This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.

DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACE. BEFORE YOU SIGNTHIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF YOUR ATTORNEY. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT.

10.    Date of Execution: This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to RD at its offices (all containing original signatures), (ii) RD receives from Barasch McGarry Salzman & Penson, PC or "you" the Notice of Assignment to

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-16

193293v2 9/19/13(01/06/14)

Barasch McGarry Salzman & Penson, PC and the letter addressed to RD from Barasch McGarry Salzman & Penson, PC acknowledging RD's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RD.

11.    Wire Instructions: *Please send or transmit payment subject to this Agreement to RD Legal Funding Partners, LP at:*

Bank:  BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL  60603
Account Title:  RD Legal Funding Partners, LP
Account Number:REDACTED
ABA Number:  071000288

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-16

193293v2 9/19/13(01/06/14)

## IMPORTANT NOTICE

This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.

The Parties have executed this Agreement as of the date first written above.

_____
Signature of Individual

Raymond Cascio
_____
Printed Name of Individual

RD LEGAL FUNDING PARTNERS, LP

By: _____

Leo J. Zatta
_____
Printed Name

CFO
_____
Title

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-16

193293v2 9/19/13(01/06/14)

## Limited Irrevocable Power of Attorney

I, Raymond A Cascio, appoint Roni Dersovitz or any other managers, members or officers of RD Legal Funding Partners, LP ("RD"), whose principal place of business is located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, as my true and lawful attorney for the following purposes:

(A) To endorse and deposit any and all checks payable to me with respect to my Award in the matter entitled September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0005044 (the "Checks"), a portion of which I assigned to RD as evidenced by the attached Agreement.

I understand that by executing this Power of Attorney, I am giving up the right to endorse and deposit the Checks, except as otherwise authorized by RD. This Power of Attorney may not be revoked or changed except upon written agreement of RD.

BY: _____          Date: __4/8/15__

Raymond A Cascio

- 14 -

EXHIBIT A-16

193293v2 9/19/13(01/06/14)

## ACKNOWLEDGMENT

STATE OF NEW YORK}

                                          SS:

COUNTY OF SUFFOLK}

       BE IT REMEMBERED that on date before me personally appeared Raymond A Cascio, who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.

                                            _Ritu Pawa_   4/8/15

        RITU PAWA
  Notary Public - State of New York
       NO. 01PA6180535
    Qualified in Suffolk County
My Commission Expires _Jan 14, 2016_      NOTARY PUBLIC

- 15 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-16

193293v2 9/19/13(01/06/14)

## CERTIFICATION OF TRUTHFULNESS

I, Raymond A Cascio, hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Funding Partners, LP, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit-Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.

By: _____

Raymond A Cascio

$\frac{4/8/15}{\text{Date}}$

- 16 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-16

193293v2 9/19/13(01/06/14)

## Spousal Acknowledgment

I, Margaret L. Cascio hereby acknowledge the following:

(1) I am the spouse of Raymond A Cascio, who is a Party to this Agreement;

(2) I have read and understood the terms of, and been provided with, a copy of the Agreement;

(3) By virtue of this Agreement, my spouse has assigned $171,025.38 (One Hundred Seventy One Thousand Twenty Five Dollars and 38 Cents) of his interest in the case regarding September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0005044 (the "Property") to RD Legal Funding Partners, LP ("RD"); and

(4) To the best of my knowledge, my spouse (a) is not involved in any bankruptcy, insolvency or other legal proceedings that could affect his/her assets, (b) has paid or made adequate provision for payment of all federal, state and local taxes that are due, (c) has no tax or other governmental liens against him/her or his/her interest in the judgment, (d) is not indebted to me or any former spouse for support, maintenance or similar obligations, or to any child or the child's guardian for any child support or similar payments, and (e) has not transferred or assigned, and has no plans to transfer or assign, any portion of his/her interest in the judgment to any other party or person.

The undersigned has executed this Acknowledgment as of _____April   8_____, 20_15_.

_Margaret Cascio_
Signature

_MARGARET   CASCIO_
Printed Name

### ACKNOWLEDGMENT

STATE OF NEW YORK}

                                        SS:

COUNTY OF SUFFOLK}

    I certify that on this _8th_ day of _April_, 20_15_, _Margaret L Cascio_ personally came before me and acknowledged under oath, to my satisfaction, that this person is the person named in and who personally signed this Acknowledgment and signed, sealed and delivered such Acknowledgment as his or her own act and deed.

_Ritu Pawa_
NOTARY PUBLIC

RITU PAWA
Notary Public - State of New York
NO. 01PA6180535
Qualified in Suffolk County
My Commission Expires Jan 14, 2016

- 17 -

EXHIBIT A-16

193293v2 9/19/13(01/06/14)

# NOTICE OF ASSIGNMENT

TO:   September 11 Victim Compensation Fund
      Claims Processing Center
      1100 L. Street, N.W. – Suite 3000
      Washington, DC  20005

RE:   September 11th Victim Compensation Fund - Zadroga Act
      Raymond A Cascio – Claim No. VCF0005044

You are hereby notified that on April 06, 2015, Raymond A Cascio ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0005044 that is assigned to RD is the amount of $171,025.38 (One Hundred Seventy One Thousand Twenty Five Dollars and 38 Cents) (the "Property Amount").  You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties.  You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD:  RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No. REDACTED
     PO Box 12428
     Newark, NJ 07101-3528

By: _____                    Date: ___4/9/15_____
        Authorized Representative

Assignor: _____

By: _____                    Date: _4/8/15_____
        *[Printed name of individual signing]*
        Raymond A Cascio

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-16

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:     Barasch McGarry Salzman & Penson, PC
        11Park Place, Suite 1801
        New York, New York 10007

        Attn:  Christopher T. Carozza, Esq.

RE:     September 11th Victim Compensation Fund - Zadroga Act
        Raymond A Cascio – Claim No. VCF0005044

        You are hereby notified that on April 06, 2015, Raymond A Cascio ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0005044 that is assigned to RD is the amount of $171,025.38 (One Hundred Seventy One Thousand Twenty Five Dollars and 38 Cents) (the "Property Amount"). You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No. REDACTED
    PO Box 12428
    Newark, NJ 07101-3528

By:  _____                                       Date:  _4/9/15___
        Authorized Representative

Assignor: _____

By: _____                                        Date: _4/8/15___
        *[Printed name of individual signing]*

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-16

193293v2 9/19/13(01/06/14)

Barasch McGarry Salzman & Penson, PC
11 Park Place, Suite 1801
New York, New York 10007

April 06, 2015

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:     September 11th Victim Compensation Fund - Zadroga Act
        Raymond A Cascio – Claim No. VCF0005044

Dear Mr. Dersovitz:

        This will acknowledge that our client, Raymond A Cascio, (Assignor), has assigned
$171,025.38 (One Hundred Seventy One Thousand Twenty Five Dollars and 38 Cents) of his
interest in the judgment proceeds of the referenced case to RD Legal Funding Partners, LP
("RD") pursuant to the Assignment and Sale Agreement(s) dated April 06, 2015, a copy of
which is attached to and made a part of this communication. We acknowledge receipt of the
Notice of assignment duly executed by our client, Raymond A Cascio.

        Barasch McGarry Salzman & Penson, PC, by the signature below of Christopher T.
Carozza, advises you that as of the above date, it is not in written receipt of any past lien upon
the judgment proceeds which may be received by the Assignor.

        We further acknowledge RD's lien on Assignor's interest in the subject judgment
proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment
received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at
P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale
Agreement(s) dated April 06, 2015.

        This letter may be executed in counterparts and a copy delivered via electronic mail or
facsimile. Each such executed copy shall be deemed an original for all purposes.

Christopher T. Carozza, Esq.,
for Barasch McGarry Salzman & Penson, PC.

_____

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-16

# BARASCH McGARRY SALZMAN & PENSON

ATTORNEYS AT LAW

11 PARK PLACE
SUITE 1801
NEW YORK, N.Y. 10007

MICHAEL A. BARASCH
BARRY A. SALZMAN*
DOMINIQUE A. PENSON
BRUCE KAYE
EDWARD MARCOWITZ

(212) 385-8000
1-800-562-9190
FAX NO. (212) 385-7845
www.baraschmcgarry.com
www.firelaw.com

SARA DIRECTOR
DANA CUTTING
CHRISTOPHER CAROZZA
NICOLE RANG**
LEE LONDON

*Admitted in NY & CT
** Admitted in NY & NJ

April 8, 2015

Arielle Winters
Analyst, Operations
RD Legal Funding, LLC
45 Legion Drive
Peekskill, NJ 07626

>  Re: Raymond Cascio
>  VCF ID- VCF0005044

Dear Ms. Walters:

Please find enclosed with this letter the signed Lien Acknowledgment letter dated April 6, 2015, acknowledging your lien interest in Mr. Cascio's Victim Compensation Fund claim in the amount of $171,025.38.

Please contact my office with any additional questions or concerns.

Very truly yours,

Christopher Todd Carozza
Attorney

CTC
Encl.

EXHIBIT A-16

193293v2 9/19/13(01/06/14)



APR 1 3 2015

Barasch McGarry Salzman & Penson, PC
11 Park Place, Suite 1801
New York, New York 10007

April 06, 2015

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:    September 11th Victim Compensation Fund - Zadroga Act
       Raymond A Cascio - Claim No. VCF0005044

Dear Mr. Dersovitz:

        This will acknowledge that our client, Raymond A Cascio, (Assignor), has assigned
$171,025.38 (One Hundred Seventy One Thousand Twenty Five Dollars and 38 Cents) of his
interest in the judgment proceeds of the referenced case to RD Legal Funding Partners, LP
("RD") pursuant to the Assignment and Sale Agreement(s) dated April 06, 2015, a copy of
which is attached to and made a part of this communication. We acknowledge receipt of the
Notice of assignment duly executed by our client, Raymond A Cascio.

        Barasch McGarry Salzman & Penson, PC, by the signature below of Christopher T.
Carozza, advises you that as of the above date, it is not in written receipt of any past lien upon
the judgment proceeds which may be received by the Assignor.

        We further acknowledge RD's lien on Assignor's interest in the subject judgment
proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment
received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at
P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale
Agreement(s) dated April 06, 2015.

        This letter may be executed in counterparts and a copy delivered via electronic mail or
facsimile. Each such executed copy shall be deemed an original for all purposes.

Christopher T. Carozza, Esq.,
for Barasch McGarry Salzman & Penson, PC.

- 20 -

US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO: Barasch McGarry Salzman & Penson, PC
11Park Place, Suite 1801
New York, New York 10007

Attn: Christopher T. Carozza, Esq.

RE: September 11th Victim Compensation Fund - Zadroga Act
Raymond A Cascio – Claim No. VCF0005044

You are hereby notified that on April 06, 2015, Raymond A Cascio ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0005044 that is assigned to RD is the amount of $171,025.38 (One Hundred Seventy One Thousand Twenty Five Dollars and 38 Cents) (the "Property Amount"). You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Funding Partners, LP *(Payment address only)*
PO Box 12428
Newark, NJ 07101-3528

By: _____
Authorized Representative

Tax I.D. No. REDACTED

Date: _____ 4/8/15

Assignor: _____

By: _____
*[Printed name of individual signing]*

Date: _____ 4/8/15

- 19 -

US_ACTIVE-110091304-RM/AWORS



## THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE SUPERVISION OF AN ATTORNEY

### ASSIGNMENT AND SALE AGREEMENT

This Assignment and Sale Agreement (the "Agreement") is made on March 02, 2015, between Donald E. Sefcik ("you"), with a residence address located at     REDACTED Dickson City, PA  18519 and RD Legal Funding Partners, LP ("RD", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ  07626 (each a "Party", and together the "Parties"). If more than one individual is named above, "you" shall mean each and every such individual.

## YOUR ATTENTION IS DRAWN TO THE DISPUTE RESOLUTION PROVISION IN SECTION 8.  IF A DISPUTE ARISES BETWEEN US, YOU OR WE MAY REQUIRE THAT IT BE RESOLVED THROUGH BINDING ARBITRATION, RATHER THAN BY JURY TRIAL.

**WHEREAS**, you are the client of Barasch McGarry Salzman & Penson, PC, the law firm that represented you and other plaintiff(s), with reference to the September 11th Victim Compensation Fund - Zadroga Act, Claim No.VCF0006169 (the "Case"), and you have an interest in the Case;

**WHEREAS**, as of January 02, 2011, the September 11th Victim Compensation Fund, overseen by Special Master Sheila Birnbaum, has been set-up for claimants who are deemed to have proved eligible loss based on the requirements of the Zadroga Act in the total amount of $2,775,000,000.00 (the "Judgment"), including an Award to you in the amount of $90,000.00 (the "Award") as determined by a claims evaluator per the Award letter dated October 21, 2014.

**WHEREAS**, you own all right, title and interest in the Award;

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award to RD; and

NOW, THEREFORE, you and we agree as follows:

### 1.    Assignments and Consideration

(a)    You hereby sell and assign to RD your interest in $64,800.00 (Sixty Four Thousand Eight Hundred Dollars and No Cents) of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests").

US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

    (b)    In return for the Property, RD will pay to you the sum of $25,920.00 (Twenty Five Thousand Nine Hundred Twenty Dollars and No Cents) (the "Purchase Price").

    (c)    **This transaction is a true sale and assignment of the Property to RD and provides RD with the full risks and benefits of ownership of the Property.** However, you retain all obligations, liabilities and expenses under or in respect of the Award.

    (d)    Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

        You grant to RD a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

## 2.    Procedure for Paying Property Amount to RD

        The entire Property Amount will be paid to RD from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

## 4.    Representations, Warranties and Assignments: You represent and warrant to RD that:

    (a)    Barasch McGarry Salzman & Penson, PC are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any offset or defense.

    (b)    You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RD. You have not previously sold or assigned the Property, in whole or in part, to any other party. Upon RD's payment to you of the Purchase Price, RD will own the Property free and clear of any Adverse Interests.

    (c)    You have the legal capacity to execute and perform this Agreement.

    (d)    You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-17

193293v2 9/19/13(01/06/14)

(e)     The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)     There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets. You are not the subject of any legal proceeding. The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)     All of the information that you have provided to RD is true and complete in all respects. You understand that RD has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)     You have not engaged in any acts or conduct or made any omissions that will potentially result in RD receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)     You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment. There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)     This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(k)     You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

5.     **Covenants.** You covenant to RD that:

(a)     If before payment of the full Purchase Price RD discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), RD may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse RD for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to RD the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

(b)     When requested, you will promptly execute any additional documents and take whatever further actions RD reasonably determines are necessary or desirable to

-3-                                                                US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

perfect the assignment of the Property to RD or to carry out the terms of this Agreement.

(c)     You will immediately advise RD if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to RD in accordance with RD's instructions.  If you fail to do so, you will be in breach of the Agreement.

(d)     At RD's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and RD may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to RD instead of (and not to) you.

(e)     You understand that you are giving up all of your interest in the Property.

(f)     You will notify RD in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

I.      A Breach occurs;

II.     You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

III.    Any other event which could potentially encumber the Property; or

IV.     A change in the information that RD may use to contact you (including, but not limited to a change of address, telephone number, etc.).

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

**(PLEASE DO NOT SEND CONTRACT PAPERWORK TO THE CALIFORNIA OFFICE)**

With a copy to **General Counsel:**
RD LEGAL COMPANIES
7344 Magnolia Avenue, Suite 110

- 4 -

193293v2 9/19/13(01/06/14)

Riverside, CA  92504
Attn:  Irena Leigh Norton, Esq.
Phone:  (951) 359-3205
Fax:  (951) 637-0627
Email:  inorton@legalfunding.com

or to such other address or addresses that RD may otherwise provide.  The notice required by this
provision shall be considered to have been given by you when it is received by RD.

## 6.     Other Agreements

(a)     Excess Payment to RD.  If RD receives payment with respect to the Case in an
amount that exceeds the Property Amount, RD will promptly pay the excess
amount to you.

(b)     Best Evidence.  In any proceeding involving this Agreement or any other
document related to this Agreement, a photocopy or digital copy of this
Agreement will be irrefutable proof and constitute the best evidence of the
Agreement and neither you nor we will object to it.

(c)     Equitable Relief.  Each of the Parties will be irreparably harmed if any of the
provisions of this Agreement is not performed in accordance with its terms or is
breached, and will thereby be entitled to the remedy of specific performance or
injunctive or similar equitable relief, in addition to any other remedy available at
law or in equity.

(d)     Entire Agreement.  This Agreement contains the entire agreement between the
Parties, supersedes all previous oral or written agreements with regard to the same
subject matter, and may be modified only by a written instrument duly executed
by both Parties.

(e)     Enforcement.  The prevailing Party in any action or other proceeding involving
the interpretation, defense, or enforcement of this Agreement will be entitled to
recover its reasonable attorney's fees and expenses from the unsuccessful Party.
Reasonable attorney's fees and expenses will be presumed to be the product of the
number of hours spent on the matter by the prevailing Party's attorney and the
hourly billing rate charged to the prevailing Party by its attorney in similar
matters (subject to rebuttal only by the introduction of competent evidence to the
contrary).

(f)     Assignment.  RD may, and you may not, assign this Agreement or any of the
rights, interests or obligations under this Agreement to any other person.  RD
may also pledge or grant a security interest in the Property.  This Agreement is
binding on the Parties' successors [heirs] and permitted assignees.

                                           US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-17

193293v2 9/19/13(01/06/14)

(g)     Third-Party Beneficiary.  This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of RD.

(h)     No Recourse.  RD is purchasing all of your interest in the Property without recourse against you (other than for a Breach).  This means that, in the event RD for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay RD any portion of the Purchase Price that RD paid to you.

(i)     Severability.  If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

**7.     Governing Law; Exclusive Jurisdiction:**  This Agreement is governed by and construed in accordance with the laws of the State of New Jersey .  If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey.  The Parties waive any objection that they may have, now or later, to the venue of any lawsuit or proceeding or that any such lawsuit or proceeding is brought in an inconvenient court.

**8.     DISPUTE RESOLUTION**

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.  THIS SECTION CONTAINS IMPORTANT INFORMATION REGARDING HOW DISPUTES UNDER THIS AGREEMENT WILL BE RESOLVED.  IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY DISPUTES BE RESOLVED BY BINDING ARBITRATION.  ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING.  IN ARBITRATION, THE DISPUTE IS SUBMITTED TO A NEUTRAL PARTY, AN ARBITRATOR, INSTEAD OF A JUDGE OR JURY.  ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT.**

**Agreement to Arbitrate Disputes.**  Either you or we may elect, without the other's consent, to require that any dispute between us relating to this Agreement be resolved by binding arbitration.

**Disputes Covered by Arbitration.**  Any claim or dispute relating to or arising out of this Agreement, or our relationship will be subject to arbitration.  All disputes are subject to arbitration, no matter on what legal theory they are based or what remedy (damages, or injunctive or declaratory relief) they seek. Disputes include any unresolved claims concerning payments made or due under the terms of this Agreement, any Breach of this Agreement or of any of the representations, warranties or covenants agreed to under this Agreement.

- 6 -                                                  US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

Disputes include not only claims made directly by you, but also made by anyone connected with you or claiming through you, such as a parent, child, guardian, representative, agent, heir, or trustee in bankruptcy. Disputes also include not only claims that relate directly to RD, but also its parent, affiliates, successors, assignees, employees, and agents and claims for which we may be directly or indirectly liable, even if we are not properly named at the time the claim is made. Disputes include claims based on any theory of law, contract, statute, regulation, tort (including fraud or any intentional tort), or any other legal or equitable ground, and include claims made as counterclaims, cross-claims, third party claims, interpleaders or otherwise.

A Party who initiates a proceeding in court may elect arbitration with respect to any dispute advanced in that proceeding by any other party. Disputes include claims made as part of a class action or other representative action, it being expressly understood and agreed to that the arbitration of such claims must proceed on an individual (non-class, non-representative) basis. Disputes also include claims relating to the enforceability or interpretation of any of these arbitration provisions. Any questions about whether disputes are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

**Commencing an Arbitration.** The Party filing an arbitration must choose one of the following neutral arbitration forums and follow its rules and procedures for initiating and pursuing an arbitration: American Arbitration Association or JAMS. If you initiate the arbitration, you must notify us in writing at RD Legal Funding Partners, LP, 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, Attn: Roni Dersovitz. If we initiate the arbitration, we will notify you in writing at your last known address on file. You may obtain a copy of the arbitration rules for these forums, as well as additional information about initiating an arbitration by contacting these arbitration forums:

| American Arbitration Association | JAMS |
|---|---|
| 1-800-778-7879 (toll-free) | 1-800-352-5267 (toll-free) |
| Website: www.adr.org | Website: www.jamsadr.com. |

The arbitration shall be conducted in the same city as the U.S. District Court closest to your home address, unless the parties agree to a different location in writing.

**Administration of Arbitration.** The arbitration will be decided by a single, neutral arbitrator. The arbitrator will be either a lawyer with at least ten years experience or a retired or former judge, selected in accordance with the rules of the arbitration forum. The arbitrator shall follow procedures and rules of the arbitration forum in effect on the date the arbitration is filed unless those rules and procedures are inconsistent with this arbitration provision, in which case this arbitration provision will prevail. Those procedures and rules may limit the discovery available to you or us. The arbitrator will take reasonable steps to protect personal information and other confidential information if requested to do so by you or us. The arbitrator shall decide the dispute in accordance with applicable substantive law consistent with the Federal Arbitration Act and applicable statutes of limitations, will honor claims of privilege recognized at law, and will be empowered to award any damages or other relief provided for under applicable law. The

- 7 -

EXHIBIT A-17

193293v2 9/19/13(01/06/14)

arbitrator will not have the power to award relief to, or against, any person who is not a party to the arbitration.

An award in arbitration shall determine the rights and obligations between the named parties only, and only in respect of the claims in arbitration, and shall not have any bearing on the rights and obligations of any other person, or on the resolution of any other dispute. You or we may choose to have a hearing and be represented by counsel. The decision rendered by the arbitrator shall be in writing; however, the arbitrator need not provide a statement of his reasons unless one is requested by you or us.

**Costs.** The Party initiating the arbitration shall pay the initial filing fee. If you file the arbitration and an award is rendered in your favor, we will reimburse you for your filing fee. If there is a hearing, we will pay the fees and costs for the first day of that hearing. All other fees and costs will be allocated in accordance with the rules of the arbitration forum. However, we will advance or reimburse filing and other fees if the arbitrator rules that you cannot afford to pay them or finds other good cause for requiring us to do so, or if you ask us and we determine there is good reason for doing so. Each party shall bear the expense of their respective attorneys, experts, and witnesses and other expenses, regardless of who prevails, but a party may recover any or all expenses from another party if the arbitrator, applying applicable law, so determines.

**No Class Action or Joinder of Parties.** You and we agree that no class action, private attorney general or other representative claims may be pursued in arbitration, nor may such action be pursued in court if either you or we elect arbitration. Unless mutually agreed to by you and us, claims of two or more persons may not be joined, consolidated, or otherwise brought together in the same arbitration (unless those persons are parties to a single transaction or related transaction); this is so whether or not the claim may have been assigned.

**Right to Resort to Provisional Remedies Preserved.** Nothing in this section shall be deemed to limit or constrain our right to resort to self-help remedies, such as the right of setoff or the right to exercise any security interest or lien we may hold on property, or to comply with legal process, or to obtain provisional remedies such as injunctive relief, attachment, or garnishment by a court having appropriate jurisdiction; provided, however, that you or we may elect to arbitrate any dispute related to such provisional remedies.

**Arbitration Award.** The arbitrator's award shall be final and binding unless a party appeals it in writing to the arbitration forum within fifteen days of notice of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators selected in accordance with the rules of the same arbitration forum. The panel will consider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Costs will be allocated in the same way they are allocated before a single arbitrator. An award by a panel is final and binding on the parties after fifteen (15) days have passed. A final and binding award is subject to judicial intervention or review only to the extent allowed under the Federal Arbitration Act. A Party may seek to have a final and binding award entered as a judgment in any court having jurisdiction.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-17

193293v2 9/19/13(01/06/14)

**Governing Law.** You and we agree that our relationship includes transactions involving interstate commerce and that these arbitration provisions are governed by, and enforceable under, the Federal Arbitration Act.

**Severability, Survival.** These arbitration provisions shall survive: (i) termination of this Agreement; (ii) the bankruptcy of any Party; and (iii) the transfer or assignment of this Agreement. If any portion of this arbitration provision is deemed invalid or unenforceable, the entire arbitration provision shall not remain in force. No provision of this arbitration provision may be amended, severed or waived absent a written agreement between you and us.

WAIVER OF TRIAL BY JURY.

EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.

## RIGHT TO CANCEL

## CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.

For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation. All checks intended to cancel the transaction should be mailed to: RD Legal Funding Partners, LP, PO Box 12428, Newark, NJ 07101-3528.

### IMPORTANT NOTICE

This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-17

193293v2 9/19/13(01/06/14)

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY. DEPENDING ON THE CIRCUMSTANCES, YOU MAY WANT TO CONSULT A TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL PROFESSIONAL. YOU ACKNOWLEDGE THAT YOUR ATTORNEY IN THE CIVIL ACTION OR CLAIM HAS PROVIDED NO TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL ADVICE REGARDING THIS TRANSACTION.**

**10.     Date of Execution:** This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to RD at its offices (all containing original signatures), (ii) RD receives from Barasch McGarry Salzman & Penson, PC or "you" the Notice of Assignment to Barasch McGarry Salzman & Penson, PC and the letter addressed to RD from Barasch McGarry Salzman & Penson, PC acknowledging RD's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RD.

**11.     Wire Instructions:** *Please send or transmit payment subject to this Agreement to RD Legal Funding Partners, LP at:*

Bank: BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL  60603
Account Title: RD Legal Funding Partners, LP
Account Number: REDACTED
ABA Number: 071000288

- 10 -                                                     US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-17

193293v2 9/19/13(01/06/14)

## IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The Parties have executed this Agreement as of the date first written above.

_____
Signature of Individual

_____
Printed Name of Individual

RD LEGAL FUNDING PARTNERS, LP

By: _____

_____
Printed Name

_____
Title

- 11 -

EXHIBIT A-17

193293v2 9/19/13(01/06/14)

## Limited Irrevocable Power of Attorney

I, Donald E. Sefcik, appoint Roni Dersovitz or any other managers, members or officers of RD Legal Funding Partners, LP ("RD"), whose principal place of business is located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, as my true and lawful attorney for the following purposes:

(A) To endorse and deposit any and all checks payable to me with respect to my Award in the matter entitled September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0006169 (the "Checks"), a portion of which I assigned to RD as evidenced by the attached Agreement.

I understand that by executing this Power of Attorney, I am giving up the right to endorse and deposit the Checks, except as otherwise authorized by RD. This Power of Attorney may not be revoked or changed except upon written agreement of RD.

BY: _____       Date: 3-12- 2015 .
Donald E. Sefcik

- 12 -                                                    US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-17

193293v2 9/19/13(01/06/14)

## ACKNOWLEDGMENT

STATE OF PENNSYLVANIA   }

SS:

COUNTY OF LACKAWANNA}

**BE IT REMEMBERED** that on date before me personally appeared Donald E. Sefcik, who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MATTHEW WILLIAMS, Notary Public
Boro of Dickson City, Lackawanna County
My Commission Expires March 13, 2018

NOTARY PUBLIC

- 13 -

193293v2 9/19/13(01/06/14)

## CERTIFICATION OF TRUTHFULNESS

I, Donald E. Sefcik, hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Funding Partners, LP, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit-Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.

By: _____
     Donald E. Sefcik

*March 12, 2015*
Date

- 14 -                                    US_ACTIVE-110091304-RMJAWORS

Case 1:17-cv-00890-LAP   Document 41-3   Filed 06/29/17   Page 38 of 105

193293v2 9/19/13(01/06/14)

## Spousal Acknowledgment

I, Maryann B.Sefcik  hereby acknowledge the following:

(1) I am the spouse of Donald E. Sefcik, who is a Party to this Agreement;

(2) I have read and understood the terms of, and been provided with, a copy of the Agreement;

(3) By virtue of this Agreement, my spouse has assigned $64,800.00 of his interest in the case regarding September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0006169 (the "Property") to RD Legal Funding Partners, LP ("RD"); and

(4) To the best of my knowledge, my spouse (a) is not involved in any bankruptcy, insolvency or other legal proceedings that could affect his/her assets, (b) has paid or made adequate provision for payment of all federal, state and local taxes that are due, (c) has no tax or other governmental liens against him/her or his/her interest in the judgment, (d) is not indebted to me or any former spouse for support, maintenance or similar obligations, or to any child or the child's guardian for any child support or similar payments, and (e) has not transferred or assigned, and has no plans to transfer or assign, any portion of his/her interest in the judgment to any other party or person.

The undersigned has executed this Acknowledgment as of ___March   12___, 20_15_.

___Maryann P. Sefcik___
Signature

___Maryann B. Sefcik___
Printed Name

### ACKNOWLEDGMENT

STATE OF PENNSYLVANIA  }

SS:

COUNTY OF LACKAWANNA}

I certify that on this _12th_ day of __March__, 20_15_, _Maryann B Sefcik_ personally came before me and acknowledged under oath, to my satisfaction, that this person is the person named in and who personally signed this Acknowledgment and signed, sealed and delivered such Acknowledgment as his or her own act and deed.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MATTHEW WILLIAMS, Notary Public
Boro of Dickson City, Lackawanna County
My Commission Expires March 13, 2018

_____
NOTARY PUBLIC

- 15 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-17

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:     September 11 Victim Compensation Fund
        Claims Processing Center
        1100 L. Street, N.W. – Suite 3000
        Washington, DC  20005

RE:     September 11th Victim Compensation Fund - Zadroga Act
        Donald E. Sefcik – Claim No. VCF0006169

        You are hereby notified that on March 02, 2015, Donald E. Sefcik ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0006169 that is assigned to RD is the amount of $64,800.00 (Sixty Four Thousand Eight Hundred Dollars and No Cents) (the "Property Amount"). You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD:  RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. NoREDACTED
        PO Box 12428
        Newark, NJ 07101-3528
                                                                          3/19/15
By: _____                               Date: 3/12/15.
        Authorized Representative

Assignor: PONPUL E SeFcik

By: DONPUL E. SEFcik                                       Date: 3-12-15
        *[Printed name of individual signing]*

- 16 -                                                    US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:     Barasch McGarry Salzman & Penson, PC
        111 Park Place
        Suite 1801
        New York, NY  10007

        Attn: Edward L.C. Marcowitz, Esq.

RE:     September 11th Victim Compensation Fund - Zadroga Act
        Donald E. Sefcik – Claim No. VCF0006169

        You are hereby notified that on March 02, 2015, Donald E. Sefcik ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0006169 that is assigned to RD is the amount of $64,800.00 (Sixty Four Thousand Eight Hundred Dollars and No Cents) (the "Property Amount"). You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No. REDACTED
    PO Box 12428
    Newark, NJ 07101-3528

By: _____                                Date: _3/19/15_
        Authorized Representative

Assignor: _____

By: DONALD E. SEFCIK                                        Date: 3-12-2015
    *[Printed name of individual signing]*

US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

## Barasch McGarry Salzman & Penson, PC
### 111 Park Place, Suite 1801
### New York, NY 10007

March 02, 2015

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:    September 11th Victim Compensation Fund - Zadroga Act
       Donald E. Sefcik – Claim No. VCF0006169

Dear Mr. Dersovitz:

This will acknowledge that our client, Donald E. Sefcik, (Assignor), has assigned $64,800.00 (Sixty Four Thousand Eight Hundred Dollars and No Cents) of his interest in the judgment proceeds of the referenced case to RD Legal Funding Partners, LP ("RD") pursuant to the Assignment and Sale Agreement(s) dated March 02, 2015, a copy of which is attached to and made a part of this communication. We acknowledge receipt of the Notice of assignment duly executed by our client, Donald E. Sefcik.

Barasch McGarry Salzman & Penson, PC, by the signature below of Edward L.C. Marcowitz, advises you that as of the above date, it is not in written receipt of any past lien upon the judgment proceeds which may be received by the Assignor.

We further acknowledge RD's lien on Assignor's interest in the subject judgment proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s) dated March 02, 2015.

This letter may be executed in counterparts and a copy delivered via electronic mail or facsimile. Each such executed copy shall be deemed an original for all purposes.

Edward L.C. Marcowitz, Esq.,
for Barasch McGarry Salzman & Penson, PC.

_____

- 18 -                                                    US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-17

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:     Barasch McGarry Salzman & Penson, PC
        111 Park Place
        Suite 1801
        New York, NY  10007

        Attn:  Edward L.C. Marcowitz, Esq.

RE:     September 11th Victim Compensation Fund - Zadroga Act
        Donald E. Sefcik – Claim No. VCF0006169

        You are hereby notified that on March 02, 2015, Donald E. Sefcik ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0006169 that is assigned to RD is the amount of $64,800.00 (Sixty Four Thousand Eight Hundred Dollars and No Cents) (the "Property Amount").  You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties.  You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD:  RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No. REDACTED
     PO Box 12428
     Newark, NJ 07101-3528

By: _____
        Authorized Representative                    Date: _3/19/15_

Assignor: _____

By: DONALD E. SEFCIK                                 Date: 3-12-2015
    *[Printed name of individual signing]*

- 17 -                              US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-17

193293v2 9/19/13(01/06/14)

**Barasch McGarry Salzman & Penson, PC**
**111 Park Place, Suite 1801**
**New York, NY 10007**

March 02, 2015

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:   September 11th Victim Compensation Fund - Zadroga Act
      Donald E. Sefcik – Claim No. VCF0006169

Dear Mr. Dersovitz:

      This will acknowledge that our client, Donald E. Sefcik, (Assignor), has assigned $64,800.00 (Sixty Four Thousand Eight Hundred Dollars and No Cents) of his interest in the judgment proceeds of the referenced case to RD Legal Funding Partners, LP ("RD") pursuant to the Assignment and Sale Agreement(s) dated March 02, 2015, a copy of which is attached to and made a part of this communication.  We acknowledge receipt of the Notice of assignment duly executed by our client, Donald E. Sefcik.

      Barasch McGarry Salzman & Penson, PC, by the signature below, advises you that as of the above date, it is not in written receipt of any past lien upon the judgment proceeds which may be received by the Assignor.

      We further acknowledge RD's lien on Assignor's interest in the subject judgment proceeds.  By signing below, we agree to hold any funds constituting proceeds of the judgment received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s) dated March 02, 2015.

      This letter may be executed in counterparts and a copy delivered via electronic mail or facsimile.  Each such executed copy shall be deemed an original for all purposes.

Acknowledged and agreed to:

NAME OF FIRM: Barasch McGarry Salzman & Penson, PC.

By: 

(Printed name and title of person signing)

- 18 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-17

RECEIVED

JUN 2 2 2015

**THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE SUPERVISION OF AN ATTORNEY**

### ASSIGNMENT AND SALE AGREEMENT

This Assignment and Sale Agreement (the "Agreement") is made on June 17, 2015, between Philip B Kirschner ("you"), with a residence address located at   REDACTED   Naperville, IL  60563 and RD Legal Funding Partners, LP ("RD", "we" or "us"), with offices located at 45 Legion Drive, 2ⁿᵈ Floor, Cresskill, NJ  07626 (each a "Party", and together the "Parties"). If more than one individual is named above, "you" shall mean each and every such individual.

**YOUR ATTENTION IS DRAWN TO THE DISPUTE RESOLUTION PROVISION IN SECTION 8.  IF A DISPUTE ARISES BETWEEN US, YOU OR WE MAY REQUIRE THAT IT BE RESOLVED THROUGH BINDING ARBITRATION, RATHER THAN BY JURY TRIAL.**

**WHEREAS**, you are the client of Parker Waichman LLP, the law firm that represented you and other plaintiff(s), with reference to the September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0000063 (the "Case"), and you have an interest in the Case;

**WHEREAS**, as of January 02, 2011, the September 11th Victim Compensation Fund, overseen by Special Master Sheila Birnbaum, has been set-up for claimants who are deemed to have proved eligible loss based on the requirements of the Zadroga Act in the total amount of $2,775,000,000.00 (the "Judgment"), including an Award to you in the amount of $90,000.00, which may be subject to increase upon appeal (the "Award"), as determined by a claims evaluator per the Award letter dated October 06, 2014.

**WHEREAS**, you own all right, title and interest in the Award;

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award, which may be subject to increase upon appeal, to RD; and

NOW, THEREFORE, you and we agree as follows:

### 1. Assignments and Consideration

(a) You hereby sell and assign to RD your interest in $64,800.00 (Sixty Four Thousand Eight Hundred Dollars and No Cents) of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests").

(b) In return for the Property, RD will pay to you the sum of $25,920.00 (Twenty Five Thousand Nine Hundred Twenty Dollars and No Cents) (the "Purchase

US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

Price"). You consent to have withheld from the Purchase Price the following amounts, reflecting a combined total of $12,702.81: $5,571.34, to cover the current outstanding debt with reference to Lawsuit Funding Solutions; plus $7,131.47 to be applied to pay-off the current outstanding judgments with reference to creditor, Starrett City Inc. as listed below:

- NY Civil New Filing-Eviction – Filing Date: 05/16/2007 – Filing Number: 20070072086– Amount: $733
- NY Forcible Entry/Detainer-Eviction – Filing Date: 03/07/2010 – Filing Number: 2010K051517 – Amount: $789
- NY Civil New Filing-Eviction –Filing Date: 09/14/2010 – Filing Number: 2010K090501 – Amount: $815
- NY Civil New Filing-Eviction –Filing Date: 02/09/2011 – Filing Number: 2011K057644 – Amount: $542
- NY Civil New Filing-Eviction –Filing Date: 06/10/2011 – Filing Number: 2011K076022 – Amount: $732
- NY Civil New Filing-Eviction –Filing Date: 11/15/2011– Filing Number: 2011K103879 – Amount: $1,011
- NY Civil New Filing-Eviction –Filing Date: 10/11/2012 – Filing Number: 2012K097016 – Amount: $1,035
- NY Civil New Filing-Eviction –Filing Date: 02/22/2013– Filing Number: 2013K059416 – Amount: $1,390
- NY Civil New Filing-Eviction –Filing Date: 06/07/2013– Filing Number: 2013K075285 – Amount: $6,248
- NY Civil New Filing-Eviction –Filing Date: 10/24/2013 – Filing Number: 2013K098879 – Amount: $1,192
- NY Civil New Filing-Eviction –Filing Date: 01/16/2014 – Filing Number: 2014K052584 – Amount: $782
- NY Forcible Entry/Detainer-Eviction – Filing Date: 05/29/20 14– Filing Number: 2014K067013

(c)   **This transaction is a true sale and assignment of the Property to RD and provides RD with the full risks and benefits of ownership of the Property.** However, you retain all obligations, liabilities and expenses under or in respect of the Award.

(d)   Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

- 2 -

EXHIBIT A-18

193293v2 9/19/13(01/06/14)

You grant to RD a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

**2.    Procedure for Paying Property Amount to RD**

The entire Property Amount will be paid to RD from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

**4.    Representations, Warranties and Assignments:** You represent and warrant to RD that:

(a)    Parker Waichman LLP are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any offset or defense.

(b)    You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RD. You have not previously sold or assigned the Property, in whole or in part, to any other party. Upon RD's payment to you of the Purchase Price, RD will own the Property free and clear of any Adverse Interests.

(c)    You have the legal capacity to execute and perform this Agreement.

(d)    You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e)    The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)    There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets. You are not the subject of any legal proceeding. The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)    All of the information that you have provided to RD is true and complete in all respects. You understand that RD has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)    You have not engaged in any acts or conduct or made any omissions that will potentially result in RD receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-18

193293v2 9/19/13(01/06/14)

(i)     You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment. There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)     This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(k)     You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

5.      **Covenants.** You covenant to RD that:

(a)     If before payment of the full Purchase Price RD discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), RD may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse RD for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to RD the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

(b)     When requested, you will promptly execute any additional documents and take whatever further actions RD reasonably determines are necessary or desirable to perfect the assignment of the Property to RD or to carry out the terms of this Agreement.

(c)     You will immediately advise RD if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to RD in accordance with RD's instructions. If you fail to do so, you will be in breach of the Agreement.

(d)     At RD's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and RD may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to RD instead of (and not to) you.

(e)     You understand that you are giving up all of your interest in the Property.

(f)     You will notify RD in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

-4-                                              US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

I.    A Breach occurs;

II.   You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

III.  Any other event which could potentially encumber the Property; or

IV.   A change in the information that RD may use to contact you (including, but not limited to a change of address, telephone number, etc.).

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

**(PLEASE DO NOT SEND CONTRACT PAPERWORK TO THE CALIFORNIA OFFICE)**

With a copy to **General Counsel:**
RD LEGAL COMPANIES
7344 Magnolia Avenue, Suite 110
Riverside, CA  92504
Attn:  Irena Leigh Norton, Esq.
Phone:  (951) 359-3205
Fax:  (951) 637-0627
Email:  inorton@legalfunding.com

or to such other address or addresses that RD may otherwise provide.  The notice required by this provision shall be considered to have been given by you when it is received by RD.

## 6.    Other Agreements

(a)   Excess Payment to RD.  If RD receives payment with respect to the Case in an amount that exceeds the Property Amount, RD will promptly pay the excess amount to you.

(b)   Best Evidence.  In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

- 5 -                              US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-18

193293v2 9/19/13(01/06/14)

(c)     Equitable Relief. Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

(d)     Entire Agreement. This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

(e)     Enforcement. The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party. Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

(f)     Assignment. RD may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person. RD may also pledge or grant a security interest in the Property. This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

(g)     Third-Party Beneficiary. This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of RD.

(h)     No Recourse. RD is purchasing all of your interest in the Property without recourse against you (other than for a Breach). This means that, in the event RD for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay RD any portion of the Purchase Price that RD paid to you.

(i)     Severability. If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

**7.     Governing Law; Exclusive Jurisdiction:** This Agreement is governed by and construed in accordance with the laws of the State of New Jersey. If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey. The Parties waive any objection that they may have, now or later, to the venue of any lawsuit or proceeding or that any such lawsuit or proceeding is brought in an inconvenient court.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-18

193293v2 9/19/13(01/06/14)

## 8.    DISPUTE RESOLUTION

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY. THIS SECTION CONTAINS IMPORTANT INFORMATION REGARDING HOW DISPUTES UNDER THIS AGREEMENT WILL BE RESOLVED. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY DISPUTES BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, THE DISPUTE IS SUBMITTED TO A NEUTRAL PARTY, AN ARBITRATOR, INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT.**

**Agreement to Arbitrate Disputes.** Either you or we may elect, without the other's consent, to require that any dispute between us relating to this Agreement be resolved by binding arbitration.

**Disputes Covered by Arbitration.** Any claim or dispute relating to or arising out of this Agreement, or our relationship will be subject to arbitration. All disputes are subject to arbitration, no matter on what legal theory they are based or what remedy (damages, or injunctive or declaratory relief) they seek. Disputes include any unresolved claims concerning payments made or due under the terms of this Agreement, any Breach of this Agreement or of any of the representations, warranties or covenants agreed to under this Agreement.

Disputes include not only claims made directly by you, but also made by anyone connected with you or claiming through you, such as a parent, child, guardian, representative, agent, heir, or trustee in bankruptcy. Disputes also include not only claims that relate directly to RD, but also its parent, affiliates, successors, assignees, employees, and agents and claims for which we may be directly or indirectly liable, even if we are not properly named at the time the claim is made. Disputes include claims based on any theory of law, contract, statute, regulation, tort (including fraud or any intentional tort), or any other legal or equitable ground, and include claims made as counterclaims, cross-claims, third party claims, interpleaders or otherwise.

A Party who initiates a proceeding in court may elect arbitration with respect to any dispute advanced in that proceeding by any other party. Disputes include claims made as part of a class action or other representative action, it being expressly understood and agreed to that the arbitration of such claims must proceed on an individual (non-class, non-representative) basis. Disputes also include claims relating to the enforceability or interpretation of any of these arbitration provisions. Any questions about whether disputes are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

**Commencing an Arbitration.** The Party filing an arbitration must choose one of the following neutral arbitration forums and follow its rules and procedures for initiating and pursuing an arbitration: American Arbitration Association or JAMS. If you initiate the arbitration, you must notify us in writing at RD Legal Funding Partners, LP, 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, Attn: Roni Dersovitz. If we initiate the arbitration, we will notify

- 7 -

193293v2 9/19/13(01/06/14)

you in writing at your last known address on file. You may obtain a copy of the arbitration rules for these forums, as well as additional information about initiating an arbitration by contacting these arbitration forums:

| American Arbitration Association | JAMS |
| 1-800-778-7879 (toll-free) | 1-800-352-5267 (toll-free) |
| Website: www.adr.org | Website: www.jamsadr.com. |

The arbitration shall be conducted in the same city as the U.S. District Court closest to your home address, unless the parties agree to a different location in writing.

**Administration of Arbitration.** The arbitration will be decided by a single, neutral arbitrator. The arbitrator will be either a lawyer with at least ten years experience or a retired or former judge, selected in accordance with the rules of the arbitration forum. The arbitrator shall follow procedures and rules of the arbitration forum in effect on the date the arbitration is filed unless those rules and procedures are inconsistent with this arbitration provision, in which case this arbitration provision will prevail. Those procedures and rules may limit the discovery available to you or us. The arbitrator will take reasonable steps to protect personal information and other confidential information if requested to do so by you or us. The arbitrator shall decide the dispute in accordance with applicable substantive law consistent with the Federal Arbitration Act and applicable statutes of limitations, will honor claims of privilege recognized at law, and will be empowered to award any damages or other relief provided for under applicable law. The arbitrator will not have the power to award relief to, or against, any person who is not a party to the arbitration.

An award in arbitration shall determine the rights and obligations between the named parties only, and only in respect of the claims in arbitration, and shall not have any bearing on the rights and obligations of any other person, or on the resolution of any other dispute. You or we may choose to have a hearing and be represented by counsel. The decision rendered by the arbitrator shall be in writing; however, the arbitrator need not provide a statement of his reasons unless one is requested by you or us.

**Costs.** The Party initiating the arbitration shall pay the initial filing fee. If you file the arbitration and an award is rendered in your favor, we will reimburse you for your filing fee. If there is a hearing, we will pay the fees and costs for the first day of that hearing. All other fees and costs will be allocated in accordance with the rules of the arbitration forum. However, we will advance or reimburse filing and other fees if the arbitrator rules that you cannot afford to pay them or finds other good cause for requiring us to do so, or if you ask us and we determine there is good reason for doing so. Each party shall bear the expense of their respective attorneys, experts, and witnesses and other expenses, regardless of who prevails, but a party may recover any or all expenses from another party if the arbitrator, applying applicable law, so determines.

**No Class Action or Joinder of Parties.** You and we agree that no class action, private attorney general or other representative claims may be pursued in arbitration, nor may such action be pursued in court if either you or we elect arbitration. Unless mutually agreed to by you and us, claims of two or more persons may not be joined, consolidated, or otherwise brought

- 8 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-18

193293v2 9/19/13(01/06/14)

together in the same arbitration (unless those persons are parties to a single transaction or related transaction); this is so whether or not the claim may have been assigned.

**Right to Resort to Provisional Remedies Preserved.** Nothing in this section shall be deemed to limit or constrain our right to resort to self-help remedies, such as the right of setoff or the right to exercise any security interest or lien we may hold on property, or to comply with legal process, or to obtain provisional remedies such as injunctive relief, attachment, or garnishment by a court having appropriate jurisdiction; provided, however, that you or we may elect to arbitrate any dispute related to such provisional remedies.

**Arbitration Award.** The arbitrator's award shall be final and binding unless a party appeals it in writing to the arbitration forum within fifteen days of notice of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators selected in accordance with the rules of the same arbitration forum. The panel will consider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Costs will be allocated in the same way they are allocated before a single arbitrator. An award by a panel is final and binding on the parties after fifteen (15) days have passed. A final and binding award is subject to judicial intervention or review only to the extent allowed under the Federal Arbitration Act. A Party may seek to have a final and binding award entered as a judgment in any court having jurisdiction.

**Governing Law.** You and we agree that our relationship includes transactions involving interstate commerce and that these arbitration provisions are governed by, and enforceable under, the Federal Arbitration Act.

**Severability, Survival.** These arbitration provisions shall survive: (i) termination of this Agreement; (ii) the bankruptcy of any Party; and (iii) the transfer or assignment of this Agreement. If any portion of this arbitration provision is deemed invalid or unenforceable, the entire arbitration provision shall not remain in force. No provision of this arbitration provision may be amended, severed or waived absent a written agreement between you and us.

WAIVER OF TRIAL BY JURY.

EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.

## RIGHT TO CANCEL

**CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.**

**For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five**

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-18

193293v2 9/19/13(01/06/14)

business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation. All checks intended to cancel the transaction should be mailed to: RD Legal Funding Partners, LP, PO Box 12428, Newark, NJ 07101-3528.

### IMPORTANT NOTICE

This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.

DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY. DEPENDING ON THE CIRCUMSTANCES, YOU MAY WANT TO CONSULT A TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL PROFESSIONAL. YOU ACKNOWLEDGE THAT YOUR ATTORNEY IN THE CIVIL ACTION OR CLAIM HAS PROVIDED NO TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL ADVICE REGARDING THIS TRANSACTION.

**10.** **Date of Execution:** This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to RD at its offices (all containing original signatures), (ii) RD receives from Parker Waichman LLP or "you" the Notice of Assignment to Parker Waichman LLP and the letter addressed to RD from Parker Waichman LLP acknowledging RD's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RD.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-18

193293v2 9/19/13(01/06/14)

**11.     Wire Instructions:** *Please send or transmit payment subject to this Agreement to RD Legal Funding Partners, LP at:*

> Bank:  BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL  60603
> Account Title:  RD Legal Funding Partners, LP
> Account Number: REDACTED
> ABA Number:  071000288

- 11 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-18

193293v2 9/19/13(01/06/14)

## IMPORTANT NOTICE

**This is a complex financial transaction.  By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case.  In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning.  You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The Parties have executed this Agreement as of the date first written above.


Signature of Individual

Printed Name of Individual


RD LEGAL FUNDING PARTNERS, LP

By:

Printed Name

Title

-12-

US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

## Limited Irrevocable Power of Attorney

I, Philip B Kirschner, appoint Roni Dersovitz or any other managers, members or officers of RD Legal Funding Partners, LP ("RD"), whose principal place of business is located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, as my true and lawful attorney for the following purposes:

(A) To endorse and deposit any and all checks payable to me with respect to my Award in the matter entitled September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0000063 (the "Checks"), a portion of which I assigned to RD as evidenced by the attached Agreement.

I understand that by executing this Power of Attorney, I am giving up the right to endorse and deposit the Checks, except as otherwise authorized by RD. This Power of Attorney may not be revoked or changed except upon written agreement of RD.

BY: _____    Date: _____
Philip B Kirschner

- 13 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-18

193293v2 9/19/13(01/06/14)

## ACKNOWLEDGMENT

STATE OF ILLINOIS   }

                              SS:

COUNTY OF DUPAGE}


**BE IT REMEMBERED** that on date before me personally appeared Philip B Kirschner, who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.

_Sarah Volk_ 6/19/15
NOTARY PUBLIC

OFFICIAL SEAL
**SARAH VOLK**
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES OCTOBER 29, 2017

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-18

193293v2 9/19/13(01/06/14)

## CERTIFICATION OF TRUTHFULNESS

I, Philip B Kirschner, hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Funding Partners, LP, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit-Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.

By: _____
Philip B Kirschner

Date _____

- 15 -

US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:     September 11 Victim Compensation Fund
        Claims Processing Center
        1100 L. Street, N.W. – Suite 3000
        Washington, DC  20005

RE:     September 11th Victim Compensation Fund - Zadroga Act
        Philip B Kirschner – Claim No. VCF0000063

        You are hereby notified that on June 17, 2015, Philip B Kirschner ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0000063 that is assigned to RD is the amount of $64,800.00 (Sixty Four Thousand Eight Hundred Dollars and No Cents) (the "Property Amount"). You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD:  RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No. REDACTED
        PO Box 12428
        Newark, NJ 07101-3528

By: _____                    Date:  6/23/2015
        Authorized Representative

Assignor: _____

By: _____                    Date: _____
        *[Printed name of individual signing]*

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-18

193293v2 9/19/13(01/06/14)

## NOTICE OF ASSIGNMENT

TO:     Parker Waichman LLP
        6 Harbor Park Drive
        Port Washington, NY 11050
        Attn: Matthew McCauley, Esq.

RE:     September 11th Victim Compensation Fund - Zadroga Act
        Philip B Kirschner – Claim No. VCF0000063

        You are hereby notified that on June 17, 2015, Philip B Kirschner ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0000063 that is assigned to RD is the amount of $64,800.00 (Sixty Four Thousand Eight Hundred Dollars and No Cents) (the "Property Amount"). You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Funding Partners, LP *(Payment address only)*          Tax I.D. No. REDACTED
    PO Box 12428
    Newark, NJ 07101-3528

By: _____
    Authorized Representative                                       Date: __6|23|2015__

Assignor: _____

By: _____                                      Date: _____ 19, 2015
    *[Printed name of individual signing]*

- 17 -                                                             US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(01/06/14)

**Parker Waichman LLP**
**6 Harbor Park Drive,**
**Port Washington, NY 11050**

June 17, 2015

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:    September 11th Victim Compensation Fund - Zadroga Act
       Philip B Kirschner – Claim No. VCF0000063

Dear Mr. Dersovitz:

        This will acknowledge that our client, Philip B Kirschner, (Assignor), has assigned
$64,800.00 (Sixty Four Thousand Eight Hundred Dollars and No Cents) of his interest in the
judgment proceeds of the referenced case to RD Legal Funding Partners, LP ("RD") pursuant to
the Assignment and Sale Agreement(s) dated June 17, 2015, a copy of which is attached to and
made a part of this communication. We acknowledge receipt of the Notice of assignment duly
executed by our client, Philip B Kirschner.

        Parker Waichman LLP, by the signature below of Matthew McCauley, advises you that
as of the above date, it is not in written receipt of any past lien upon the judgment proceeds
which may be received by the Assignor.

        We further acknowledge RD's lien on Assignor's interest in the subject judgment
proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment
received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at
P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale
Agreement(s) dated June 17, 2015.

        This letter may be executed in counterparts and a copy delivered via electronic mail or
facsimile. Each such executed copy shall be deemed an original for all purposes.

Matthew McCauley, Individually and for Parker Waichman LLP.

_____

- 18 -                                               US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-18

**Parker Waichman LLP**
**6 Harbor Park Drive**
**Port Washington, NY  11050**

June 29, 2015

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:     September 11th Victim Compensation Fund - Zadroga Act
        Philip B Kirschner – Claim No. VCF0000063

Dear Mr. Dersovitz:

        This will acknowledge that our client, Philip B Kirschner, (Assignor), has assigned $64,800.00 (Sixty Four Thousand Eight Hundred Dollars and No Cents) of his interest in the judgment proceeds of the referenced case to RD Legal Funding Partners, LP ("RD") pursuant to the Assignment and Sale Agreement(s) dated June 17, 2015, a copy of which is attached to and made a part of this communication.  We acknowledge receipt of the Notice of Assignment duly executed by our client, Philip B Kirschner.

        Parker Waichman LLP, by the signature below, advises you that as of the above date, it is not in written receipt of any past lien upon the judgment proceeds which may be received by the Assignor, other than the following outstanding obligations to be paid off with a portion of the Assignment's Purchase Price:

        • $5,571.34 to Lawsuit Funding Solutions, LLC
        • $7,131.47 to Starrett City Inc.

        We further acknowledge RD's lien on Assignor's interest in the subject judgment proceeds.  By signing below, we agree to hold any funds constituting proceeds of the judgment received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s) dated June 17, 2015.

        This letter may be executed in counterparts and a copy delivered via electronic mail or facsimile.  Each such executed copy shall be deemed an original for all purposes.

NAME OF FIRM: Parker Waichman LLP

By: _____

_____
(Printed name and title of person signing)

*against the advice of counsel)*

EXHIBIT A-18



RECEIVED
NOV 1 9 2015

**THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE SUPERVISION OF AN ATTORNEY**

## ASSIGNMENT AND SALE AGREEMENT

This Assignment and Sale Agreement (the "Agreement") is amended and restated on November 05, 2015, between Jason R. Voss ("you"), with a residence address located at REDACTED   Holtsville, NY  11742 and RD Legal Finance, LLC ("RD", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ  07626 (each a "Party", and together the "Parties").  If more than one individual is named above, "you" shall mean each and every such individual.

### DISCLOSURE STATEMENT

| | | | |
|---|---|---|---|
| 1. | Total amount to be advanced to consumer under this contract: | | $75,000.00 |
| 2. | Itemized Fees: | | |
| | Application | $ -0- | |
| | Processing | $ -0- | |
| | Attorney Review | $ -0- | |
| | Broker | $ -0- | |
| | Other (_____) | $ -0- | |
| | **Total Fees:** | **$ -0-** | |
| 3. | Annual percentage fee (rate of return) on advance, compounded monthly: | | Not Applicable* |
| 4. | Total amount to be repaid by consumer: | | |

| | |
|---|---|
| if at 6 months: | $81,805.00 |
| if at 12 months: | $89,449.13 |
| if at 18 months: | $97,807.54 |
| if at 24 months: | $106,947.00 |
| if at 30 months: | $116,940.48 |
| if at 36 months: | $125,978.10 |

**WHEREAS,** you are the client of Barasch & McGarry, P.C., the law firm that represented you and other plaintiff(s), with reference to the September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0009736 (the "Case"), and you have an interest in the Case;

**WHEREAS,** as of January 02, 2011, the September 11th Victim Compensation Fund, overseen by Special Master Sheila Birnbaum, has been set-up for claimants who are deemed to have proved eligible loss based on the requirements of the Zadroga Act in the total amount of $2,775,000,000.00 (the "Judgment"), including an Award to you in the amount of $1,907,283.19 which may be subject to increase upon appeal (the "Award") as determined by a claims evaluator per the Award letter dated May 05, 2015.

*This section is not applicable because the transaction is a purchase and not a loan.   US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-19

193293v2 9/19/13(08/04/15.iel)

**WHEREAS**, you own all right, title and interest in the Award;

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award, which may be subject to increase upon appeal, to RD; and

NOW, THEREFORE, you and we agree as follows:

1.    **Assignments and Consideration**

(a)    You hereby sell and assign to RD your interest in $183,241.48 (One Hundred Eighty Three Thousand Two Hundred Forty One Dollars and 48 Cents) of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests").

(b)    In return for the Property, RD will pay to you the sum of $75,000.00 (Seventy Five Thousand Dollars and No Cents) (the "Purchase Price").

(c)    **This transaction is a true sale and assignment of the Property to RD and provides RD with the full risks and benefits of ownership of the Property.** However, you retain all obligations, liabilities and expenses under or in respect of the Award.

(d)    Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

You grant to RD a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

2.    **Procedure for Paying Property Amount to RD**

The entire Property Amount will be paid to RD from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-19

193293v2 9/19/13(08/04/15.iel)

4.   **Representations, Warranties and Assignments:**  You represent and warrant to RD that:

(a)   Barasch & McGarry, P.C. are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any offset or defense.

(b)   You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RD.  You have not previously sold or assigned the Property, in whole or in part, to any other party.  Upon RD's payment to you of the Purchase Price, RD will own the Property free and clear of any Adverse Interests.

(c)   You have the legal capacity to execute and perform this Agreement.

(d)   You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e)   The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)   There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets.  You are not the subject of any legal proceeding.  The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)   All of the information that you have provided to RD is true and complete in all respects.  You understand that RD has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)   You have not engaged in any acts or conduct or made any omissions that will potentially result in RD receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)   You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment.  There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)   This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

- 3 -

US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(08/04/15.iel)

(k)     You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

5.      **Covenants.**  You covenant to RD that:

(a)     If before payment of the full Purchase Price RD discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), RD may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse RD for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to RD the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

(b)     When requested, you will promptly execute any additional documents and take whatever further actions RD reasonably determines are necessary or desirable to perfect the assignment of the Property to RD or to carry out the terms of this Agreement.

(c)     You will immediately advise RD if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to RD in accordance with RD's instructions.  If you fail to do so, you will be in breach of the Agreement.

(d)     At RD's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and RD may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to RD instead of (and not to) you.

(e)     You understand that you are giving up all of your interest in the Property.

(f)     You will notify RD in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

I.      A Breach occurs;

II.     You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

- 4 -

EXHIBIT A-19

193293v2 9/19/13(08/04/15.iel)

III.     Any other event which could potentially encumber the Property; or

IV.     A change in the information that RD may use to contact you (including, but not limited to a change of address, telephone number, etc.).

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

With a copy to **General Counsel:**
RD LEGAL COMPANIES
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn:  Bruce Glassberg, Esq.
Phone: (201) 568-9007
Fax: (201) 568-9307
Email:  bglassberg@legalfunding.com

or to such other address or addresses that RD may otherwise provide.  The notice required by this provision shall be considered to have been given by you when it is received by RD.

**6.     Other Agreements**

(a)     <u>Excess Payment to RD</u>.  If RD receives payment with respect to the Case in an amount that exceeds the Property Amount, RD will promptly pay the excess amount to you.

(b)     <u>Best Evidence</u>.  In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

(c)     <u>Equitable Relief</u>.  Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

(d)     <u>Entire Agreement</u>.  This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-19

193293v2 9/19/13(08/04/15.icl)

subject matter, and may be modified only by a written instrument duly executed by both Parties.

(e) <u>Enforcement</u>. The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party. Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

(f) <u>Assignment</u>. RD may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person. RD may also pledge or grant a security interest in the Property. This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

(g) <u>Third-Party Beneficiary.</u> This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of RD.

(h) <u>No Recourse</u>. RD is purchasing all of your interest in the Property without recourse against you (other than for a Breach). This means that, in the event RD for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay RD any portion of the Purchase Price that RD paid to you.

(i) <u>Severability</u>. If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

**7.     Governing Law; Exclusive Jurisdiction:** This Agreement is governed by and construed in accordance with the laws of the State of New Jersey. If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey.

**8.     Additional Purchase Price:** If no Breach has occurred and RD receives payment of the full Property Amount by any of the following dates, RD will pay to you the following additional consideration in the form of an increase in the Purchase Price:

(A)   If RD receives the Property Amount on or before November 30, 2015, it will pay you an Additional Purchase Price of $107,305.15

(B)   If RD receives the Property Amount between December 01, 2015 and December 31, 2015 it will pay you an Additional Purchase Price of $106,166.10

(C)   If RD receives the Property Amount between January 01, 2016 and January 31, 2016 it will pay you an Additional Purchase Price of $129,648.63

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-19

193293v2 9/19/13(08/04/15.iel)

(D)   If RD receives the Property Amount between February 01, 2016 and February 29, 2016
it will pay you an Additional Purchase Price of $103,836.50

(E)   If RD receives the Property Amount between March 01, 2016 and March 31, 2016
it will pay you an Additional Purchase Price of $102,645.43

(F)   If RD receives the Property Amount between April 01, 2016 and April 30, 2016
it will pay you an Additional Purchase Price of $101,436.48

(G)   If RD receives the Property Amount between May 01, 2016 and May 31, 2016
it will pay you an Additional Purchase Price of $100,209.41

(H)   If RD receives the Property Amount between June 01, 2016 and June 30, 2016
it will pay you an Additional Purchase Price of $98,963.93

(I)   If RD receives the Property Amount between July 01, 2016 and July 31, 2016
it will pay you an Additional Purchase Price of $97,699.76

(J)   If RD receives the Property Amount between August 01, 2016 and August 31, 2016
it will pay you an Additional Purchase Price of $96,416.64

(K)   If RD receives the Property Amount between September 01, 2016 and September 30, 2016
it will pay you an Additional Purchase Price of $95,114.27

(L)   If RD receives the Property Amount between October 01, 2016 and October 31, 2016
it will pay you an Additional Purchase Price of $93,792.36

(M)   If RD receives the Property Amount between November 01, 2016 and November 30, 2016
it will pay you an Additional Purchase Price of $92,450.62

(N)   If RD receives the Property Amount between December 01, 2016 and December 31, 2016
it will pay you an Additional Purchase Price of $91,088.76

(O)   If RD receives the Property Amount between January 01, 2017 and January 31, 2017
it will pay you an Additional Purchase Price of $89,706.47

(P)   If RD receives the Property Amount between February 01, 2017 and February 28, 2017
it will pay you an Additional Purchase Price of $88,303.44

(Q)   If RD receives the Property Amount between March 01, 2017 and March 31, 2017
it will pay you an Additional Purchase Price of $86,879.37

(R)   If RD receives the Property Amount between April 01, 2017 and April 30, 2017
it will pay you an Additional Purchase Price of $85,433.94

(S)   If RD receives the Property Amount between May 01, 2017 and May 31, 2017
it will pay you an Additional Purchase Price of $83,966.83

(T)   If RD receives the Property Amount between June 01, 2017 and June 30, 2017

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-19

193293v2 9/19/13(08/04/15.iel)

it will pay you an Additional Purchase Price of $82,477.71

(U)   If RD receives the Property Amount between July 01, 2017 and July 31, 2017
it will pay you an Additional Purchase Price of $80,966.25

(V)   If RD receives the Property Amount between August 01, 2017 and August 31, 2017
it will pay you an Additional Purchase Price of $79,432.12

(W)   If RD receives the Property Amount between September 01, 2017 and September 30, 2017
it will pay you an Additional Purchase Price of $77,874.98

(X)   If RD receives the Property Amount between October 01, 2017 and October 31, 2017
it will pay you an Additional Purchase Price of $76,294.48

(Y)   If RD receives the Property Amount between November 01, 2017 and November 30, 2017
it will pay you an Additional Purchase Price of $74,690.28

(Z)   If RD receives the Property Amount between December 01, 2017 and December 31, 2017
it will pay you an Additional Purchase Price of $73,062.01

(AA)   If RD receives the Property Amount between January 01, 2018 and January 31, 2018
it will pay you an Additional Purchase Price of $71,409.32

(BB)   If RD receives the Property Amount between February 01, 2018 and February 28, 2018
it will pay you an Additional Purchase Price of $69,731.84

(CC)   If RD receives the Property Amount between March 01, 2018 and March 31, 2018
it will pay you an Additional Purchase Price of $68,029.19

(DD)   If RD receives the Property Amount between April 01, 2018 and April 30, 2018
it will pay you an Additional Purchase Price of $66,301.01

(EE)   If RD receives the Property Amount between May 01, 2018 and May 31, 2018
it will pay you an Additional Purchase Price of $64,546.90

(FF)   If RD receives the Property Amount between June 01, 2018 and June 30, 2018
it will pay you an Additional Purchase Price of $62,766.48

(GG)   If RD receives the Property Amount between July 01, 2018 and July 31, 2018
it will pay you an Additional Purchase Price of $60,959.36

(HH)   If RD receives the Property Amount between August 01, 2018 and August 31, 2018
it will pay you an Additional Purchase Price of $59,125.12

(II)   If RD receives the Property Amount between September 01, 2018 and September 30, 2018
it will pay you an Additional Purchase Price of $57,263.38

(JJ)   If RD receives the Property Amount between October 01, 2018 and October 31, 2018
it will pay you an Additional Purchase Price of $55,373.71

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-19

193293v2 9/19/13(08/04/15.iel)

(KK)   If RD receives the Property Amount between November 01, 2018 and November 30, 2018 it will pay you an Additional Purchase Price of $53,455.69

(LL)   If RD receives the Property Amount between December 01, 2018 and December 31, 2018 it will pay you an Additional Purchase Price of $51,508.90

(MM)   If RD receives the Property Amount between January 01, 2019 and January 31, 2019 it will pay you an Additional Purchase Price of $49,532.92

(NN)   If RD receives the Property Amount between February 01, 2019 and February 28, 2019 it will pay you an Additional Purchase Price of $47,527.29

(OO)   If RD receives the Property Amount between March 01, 2019 and March 31, 2019 it will pay you an Additional Purchase Price of $45,491.57

(PP)   If RD receives the Property Amount between April 01, 2019 and April 30, 2019 it will pay you an Additional Purchase Price of $43,425.33

(QQ)   If RD receives the Property Amount between May 01, 2019 and May 31, 2019 it will pay you an Additional Purchase Price of $41,328.08

(RR)   If RD receives the Property Amount between June 01, 2019 and June 30, 2019 it will pay you an Additional Purchase Price of $39,199.38

(SS)   If RD receives the Property Amount between July 01, 2019 and July 31, 2019 it will pay you an Additional Purchase Price of $37,038.75

(TT)   If RD receives the Property Amount between August 01, 2019 and August 31, 2019 it will pay you an Additional Purchase Price of $34,845.71

(UU)   If RD receives the Property Amount between September 01, 2019 and September 30, 2019 it will pay you an Additional Purchase Price of $32,619.77

(VV)   If RD receives the Property Amount between October 01, 2019 and October 31, 2019 it will pay you an Additional Purchase Price of $30,360.45

(WW)   If RD receives the Property Amount between November 01, 2019 and November 30, 2019 it will pay you an Additional Purchase Price of $28,067.23

(XX)   If RD receives the Property Amount between December 01, 2019 and December 31, 2019 it will pay you an Additional Purchase Price of $25,739.62

(YY)   If RD receives the Property Amount between January 01, 2020 and January 31, 2020 it will pay you an Additional Purchase Price of $23,377.09

(ZZ)   If RD receives the Property Amount between February 01, 2020 and February 29, 2020 it will pay you an Additional Purchase Price of $20,979.12

(AAA)   If RD receives the Property Amount between March 01, 2020 and March 31, 2020

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-19

193293v2 9/19/13(08/04/15.iel)

it will pay you an Additional Purchase Price of $18,545.19

(BBB) If RD receives the Property Amount between April 01, 2020 and April 30, 2020 it will pay you an Additional Purchase Price of $16,074.74

(CCC) If RD receives the Property Amount between May 01, 2020 and May 31, 2020 it will pay you an Additional Purchase Price of $13,567.24

(DDD) If RD receives the Property Amount between June 01, 2020 and June 30, 2020 it will pay you an Additional Purchase Price of $11,022.13

(EEE) If RD receives the Property Amount between July 01, 2020 and July 31, 2020 it will pay you an Additional Purchase Price of $8,438.84

(FFF) If RD receives the Property Amount between August 01, 2020 and August 31, 2020 it will pay you an Additional Purchase Price of $5,816.80

(GGG) If RD receives the Property Amount between September 01, 2020 and September 30, 2020 it will pay you an Additional Purchase Price of $3,155.43

**WAIVER OF TRIAL BY JURY.**

**EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.**

## NEW YORK CONSUMER'S RIGHT TO CANCELLATION

**YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.**

**For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation. All checks intended to cancel the transaction should be mailed to: RD Legal Finance, LLC, PO Box 12428, Newark, NJ 07101-3528**

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-19

193293v2 9/19/13(08/04/15.iel)

### IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACE. BEFORE YOU SIGNTHIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF YOUR ATTORNEY. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT.**

**09.    Date of Execution:** This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to RD at its offices (all containing original signatures), (ii) RD receives from Barasch & McGarry, P.C. or "you" the Notice of Assignment to Barasch & McGarry, P.C. and the letter addressed to RD from Barasch & McGarry, P.C. acknowledging RD's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RD.

**10.    Wire Instructions:** *Please send or transmit payment subject to this Agreement to RD Legal Finance, LLC at:*

Bank:  BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL  60603
Account Title:  RD Legal Finance, LLC
Account Number: REDACTED
ABA Number:  071000288

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-19

193293v2 9/19/13(08/04/15.iel)

## IMPORTANT NOTICE

**This is a complex financial transaction.  By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case.  In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning.  You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The Parties have executed this Agreement as of the date first written above.


_____
Signature of Individual

JASON VOSS
_____
Printed Name of Individual



RD LEGAL FINANCE, LLC

By: _____

_____
Printed Name

_____
Title

- 12 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-19

193293v2 9/19/13(08/04/15.iel)

## Limited Irrevocable Power of Attorney

I, Jason R. Voss, appoint Roni Dersovitz or any other managers, members or officers of RD Legal Finance, LLC ("RD"), whose principal place of business is located at 45 Legion Drive, 2nd Floor, Cresskill, NJ  07626, as my true and lawful attorney for the following purposes:

(A) To endorse and deposit any and all checks payable to me with respect to my Award in the matter entitled September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0009736 (the "Checks"), a portion of which I assigned to RD as evidenced by the attached Agreement.

I understand that by executing this Power of Attorney, I am giving up the right to endorse and deposit the Checks, except as otherwise authorized by RD.  This Power of Attorney may not be revoked or changed except upon written agreement of RD.

BY: _____
Jason R. Voss

Date: __11/16/15__

- 13 -

EXHIBIT A-19

193293v2 9/19/13(08/04/15.iel)

## ACKNOWLEDGMENT

STATE OF NEW YORK }

SS:

COUNTY OF SUFFOLK}

**BE IT REMEMBERED** that on date before me personally appeared Jason R. Voss, who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.

_____
NOTARY PUBLIC

GINA T VILLAFANE
NOTARY PUBLIC STATE OF NEW YORK
SUFFOLK COUNTY
LIC. #01VI6261191
COMM. EXP. 5-7-2016

- 14 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-19

193293v2 9/19/13(08/04/15.iel)

## CERTIFICATION OF TRUTHFULNESS

I, Jason R. Voss, hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Finance, LLC, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit- Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.

By: _____

Jason R. Voss

_____ 11 /16/15 _____

Date

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-19

193293v2 9/19/13(08/04/15.iel)

## Spousal Acknowledgment

I, Charissa S. Voss hereby acknowledge the following:

(1) I am the spouse of Jason R. Voss, who is a Party to this Agreement;

(2) I have read and understood the terms of, and been provided with, a copy of the Agreement;

(3) By virtue of this Agreement, my spouse has assigned $183,241.48 of his interest in the case regarding September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0009736 (the "Property") to RD Legal Finance, LLC ("RD"); and

(4) To the best of my knowledge, my spouse (a) is not involved in any bankruptcy, insolvency or other legal proceedings that could affect his/her assets, (b) has paid or made adequate provision for payment of all federal, state and local taxes that are due, (c) has no tax or other governmental liens against him/her or his/her interest in the judgment, (d) is not indebted to me or any former spouse for support, maintenance or similar obligations, or to any child or the child's guardian for any child support or similar payments, and (e) has not transferred or assigned, and has no plans to transfer or assign, any portion of his/her interest in the judgment to any other party or person.

The undersigned has executed this Acknowledgment as of _November 16_, 20_15_.

_Charissa Voss_
Signature

_Charissa Voss_
Printed Name

### ACKNOWLEDGMENT

STATE OF NEW YORK}

SS:

COUNTY OF SUFFOLK}

**I certify that on this _16_ day of _November_, 20_16_, _Charissa S Voss_ personally came before me and acknowledged under oath, to my satisfaction, that this person is the person named in and who personally signed this Acknowledgment and signed, sealed and delivered such Acknowledgment as his or her own act and deed.**

_[signature]_
NOTARY PUBLIC

GINA T VILLAFANE
NOTARY PUBLIC STATE OF NEW YORK
SUFFOLK COUNTY
LIC. #01VI6261191
COMM. EXP. _5-7-2016_

- 16 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-19

193293v2 9/19/13(08/04/15.iel)

# NOTICE OF ASSIGNMENT

TO:     September 11 Victim Compensation Fund
        Claims Processing Center
        1100 L. Street, N.W. – Suite 3000
        Washington, DC 20005

RE:     September 11th Victim Compensation Fund - Zadroga Act
        Jason R. Voss – Claim No. VCF0009736

        You are hereby notified that on November 05, 2015, Jason R. Voss ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0009736 that is assigned to RD is the amount of $183,241.48 (One Hundred Eighty Three Thousand Two Hundred Forty One Dollars and 48 Cents) (the "Property Amount"). You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Finance, LLC) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD:  RD Legal Finance, LLC *(Payment address only)*                  Tax I.D. No. REDACTED
     PO Box 12428
     Newark, NJ 07101-3528

By: _____                                Date: __11/19/15__
    Authorized Representative

Assignor: _____

By: __JASON Voss__                                         Date: __11/16/15__
    *[Printed name of individual signing]*

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-19

193293v2 9/19/13(08/04/15.iel)

# NOTICE OF ASSIGNMENT

TO:     Barasch & McGarry, P.C.
        11 Park Place
        Suite 1801
        New York, New York  10007

        Attn:  Michael A. Barasch, Esq.

RE:     September 11th Victim Compensation Fund - Zadroga Act
        Jason R. Voss – Claim No. VCF0009736

        You are hereby notified that on November 05, 2015, Jason R. Voss ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0009736 that is assigned to RD is the amount of $183,241.48 (One Hundred Eighty Three Thousand Two Hundred Forty One Dollars and 48 Cents) (the "Property Amount").  You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Finance, LLC) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD:  RD Legal Finance, LLC *(Payment address only)*          Tax I.D. No. REDACTED
     PO Box 12428
     Newark, NJ 07101-3528

By: _____
        Authorized Representative                       Date: __11/19/15_____

Assignor:_____

By: ___JASON VOSS_____         Date: __11/16/15_____
        *[Printed name of individual signing]*

US_ACTIVE-110091304-RMJAWORS

                                                        EXHIBIT A-19

193293v2 9/19/13(08/04/15.iel)

**Barasch & McGarry, P.C.**
**11 Park Place, Suite 1801**
**New York, New York  10007**

November 05, 2015

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:     September 11th Victim Compensation Fund - Zadroga Act
         Jason R. Voss – Claim No. VCF0009736

Dear Mr. Dersovitz:

This will acknowledge that our client, Jason R. Voss, (Assignor), has assigned
$183,241.48 (One Hundred Eighty Three Thousand Two Hundred Forty One Dollars and 48
Cents) of his interest in the judgment proceeds of the referenced case to RD Legal Finance, LLC
("RD") pursuant to the Assignment and Sale Agreement(s) dated November 05, 2015, a copy of
which is attached to and made a part of this communication.  We acknowledge receipt of the
Notice of assignment duly executed by our client, Jason R. Voss.

Barasch & McGarry, P.C., by the signature below of Michael A. Barasch, Esq., advises
you that as of the above date, it is not in written receipt of any past lien upon the judgment
proceeds which may be received by the Assignor.

We further acknowledge RD's lien on Assignor's interest in the subject judgment
proceeds.  By signing below, we agree to hold any funds constituting proceeds of the judgment
received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at
P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale
Agreement(s) dated November 05, 2015.

This letter may be executed in counterparts and a copy delivered via electronic mail or
facsimile.   Each such executed copy shall be deemed an original for all purposes.

Michael A. Barasch, Esq. for Barasch & McGarry, P.C.

_____

- 19 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-19

TO FAX #: 201-568-9307

FAX TO: JESSICA ROBINSON

FROM: JASON VOSS

CONTACT# 516-642-2539

FAX DATE: 11/16/15

PAGES SENT: COVER PLUS 20

EXHIBIT A-19

193293v2 9/19/13(08/04/15.iel)

**Barasch & McGarry, P.C.**
**11 Park Place, Suite 1801**
**New York, New York 10007**

November 05, 2015

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:    September 11th Victim Compensation Fund - Zadroga Act
       Jason R. Voss – Claim No. VCF0009736

Dear Mr. Dersovitz:

This will acknowledge that our client, Jason R. Voss, (Assignor), has assigned $183,241.48 (One Hundred Eighty Three Thousand Two Hundred Forty One Dollars and 48 Cents) of his interest in the judgment proceeds of the referenced case to RD Legal Finance, LLC ("RD") pursuant to the Assignment and Sale Agreement(s) dated November 05, 2015, a copy of which is attached to and made a part of this communication. We acknowledge receipt of the Notice of assignment duly executed by our client, Jason R. Voss.

Barasch & McGarry, P.C., by the signature below of Michael A. Barasch, Esq., advises you that as of the above date, it is not in written receipt of any past lien upon the judgment proceeds which may be received by the Assignor.

We further acknowledge RD's lien on Assignor's interest in the subject judgment proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s) dated November 05, 2015.

This letter may be executed in counterparts and a copy delivered via electronic mail or facsimile. Each such executed copy shall be deemed an original for all purposes.

Michael A. Barasch, Esq. for Barasch & McGarry, P.C.

- 19 -

US_ACTIVE-110091304-RMJAWORS

p.21

193293v2 9/19/13(08/04/15.iel)

## NOTICE OF ASSIGNMENT

TO:   Barasch & McGarry, P.C.
       11 Park Place
       Suite 1801
       New York, New York  10007

       Attn:  Michael A. Barasch, Esq.

RE:   September 11th Victim Compensation Fund - Zadroga Act
       Jason R. Voss – Claim No. VCF0009736

     You are hereby notified that on November 05, 2015, Jason R. Voss ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0009736 that is assigned to RD is the amount of $183,241.48 (One Hundred Eighty Three Thousand Two Hundred Forty One Dollars and 48 Cents) (the "Property Amount"). You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Finance, LLC) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Finance, LLC *(Payment address only)*
    ~~PO Box~~ 12428
    Newark, NJ 07101-3528

By: _____
      *Authorized Representative*

Assignor: _____

By: _____
    JASON VOSS
    *(Printed name of individual signing)*

Tax I.D. No. REDACTED

Date: 11/18/2015

Date: 11/16/15

- 18 -

US_ACTIVE-110091304-RMJAIVORS

EXHIBIT A-19


DEC 0 2 2015

**THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE SUPERVISION OF AN ATTORNEY**

### ASSIGNMENT AND SALE AGREEMENT

This Assignment and Sale Agreement (the "Agreement") is made on December 01, 2015, between Hazel P. McCray ("you"), with a residence address located at      REDACTED
, Brooklyn, NY 11210 and RD Legal Finance, LLC ("RD", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626 (each a "Party", and together the "Parties"). If more than one individual is named above, "you" shall mean each and every such individual.

### DISCLOSURE STATEMENT

1. **Total amount to be advanced to consumer under this contract:**          $18,590.00
2. **Itemized Fees:**

|  |  |
|---|---|
| **Application** | **$ -0-** |
| **Processing** | **$ -0-** |
| **Attorney Review** | **$ -0-** |
| **Broker** | **$ -0-** |
| **Other (_____)** | **$ -0-** |
| **Total Fees:** | **$ -0-** |

3. **Annual percentage fee (rate of return) on advance, compounded monthly:**          **Not Applicable\***
4. **Total amount to be repaid by consumer:**

|  |  |
|---|---|
| **if at 6 months:** | **Not Applicable** |
| **if at 12 months:** | **Not Applicable** |
| **if at 18 months:** | **Not Applicable** |
| **if at 24 months:** | **Not Applicable** |
| **if at 30 months:** | **Not Applicable** |
| **if at 36 months:** | **Not Applicable** |

**WHEREAS**, you are the client of Barasch & McGarry, P.C., the law firm that represented you and other plaintiff(s), with reference to the September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0034774 (the "Case"), and you have an interest in the Case;

**WHEREAS**, as of January 02, 2011, the September 11th Victim Compensation Fund, overseen by Special Master Sheila Birnbaum, has been set-up for claimants who are deemed to have proved eligible loss based on the requirements of the Zadroga Act in the total amount of $2,775,000,000.00 (the "Judgment"), including an Award to you in the amount of $65,000.00, which may be subject to increase upon appeal (the "Award") as determined by a claims evaluator per the Award letter dated July 14, 2015.

EXHIBIT A-20

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

**WHEREAS**, you own all right, title and interest in the Award;

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award, which may be subject to increase upon appeal, to RD; and

NOW, THEREFORE, you and we agree as follows:

1.    **Assignments and Consideration**

    (a)    You hereby sell and assign to RD your interest in $33,800.00 of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests").

    (b)    In return for the Property, RD will pay to you the sum of $18,590.00 (Eighteen Thousand Five Hundred Ninety Dollars and No Cents) (the "Purchase Price"). You consent to have withheld from the Purchase Price the amount of $13,121.33 with a due date of December 01, 2015 and accruing at an additional $4.33 per diem for each day after December 01, 2015 to cover the current outstanding lien(s)/judgment(s) along with any penalties and interest that may have accrued with reference to Esquire Bank Loan Number 1150000523.

    (c)    **This transaction is a true sale and assignment of the Property to RD and provides RD with the full risks and benefits of ownership of the Property.** However, you retain all obligations, liabilities and expenses under or in respect of the Award.

    (d)    Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

        You grant to RD a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

2.    **Procedure for Paying Property Amount to RD**

The entire Property Amount will be paid to RD from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-20

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

4.   **Representations, Warranties and Assignments:** You represent and warrant to RD that:

(a)   Barasch & McGarry, P.C. are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any offset or defense.

(b)   You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RD.  You have not previously sold or assigned the Property, in whole or in part, to any other party.  Upon RD's payment to you of the Purchase Price, RD will own the Property free and clear of any Adverse Interests.

(c)   You have the legal capacity to execute and perform this Agreement.

(d)   You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e)   The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)   There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets.  You are not the subject of any legal proceeding.  The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)   All of the information that you have provided to RD is true and complete in all respects.  You understand that RD has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)   You have not engaged in any acts or conduct or made any omissions that will potentially result in RD receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)   You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment.  There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)   This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-20

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

(k)     You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

5.     **Covenants.**  You covenant to RD that:

(a)     If before payment of the full Purchase Price RD discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), RD may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse RD for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to RD the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

(b)     When requested, you will promptly execute any additional documents and take whatever further actions RD reasonably determines are necessary or desirable to perfect the assignment of the Property to RD or to carry out the terms of this Agreement.

(c)     You will immediately advise RD if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to RD in accordance with RD's instructions.  If you fail to do so, you will be in breach of the Agreement.

(d)     At RD's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and RD may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to RD instead of (and not to) you.

(e)     You understand that you are giving up all of your interest in the Property.

(f)     You will notify RD in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

I.     A Breach occurs;

II.     You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

III.     Any other event which could potentially encumber the Property; or

- 4 -

EXHIBIT A-20

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

IV.   A change in the information that RD may use to contact you (including, but not limited to a change of address, telephone number, etc.).

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

or to such other address or addresses that RD may otherwise provide.  The notice required by this provision shall be considered to have been given by you when it is received by RD.

**6.     Other Agreements**

(a)     <u>Excess Payment to RD</u>.  If RD receives payment with respect to the Case in an amount that exceeds the Property Amount, RD will promptly pay the excess amount to you.

(b)     <u>Best Evidence</u>.  In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

(c)     <u>Equitable Relief</u>.  Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

(d)     <u>Entire Agreement</u>.  This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

(e)     <u>Enforcement</u>.  The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party. Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-20

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

(f)    <u>Assignment</u>. RD may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person.  RD may also pledge or grant a security interest in the Property.  This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

(g)    <u>Third-Party Beneficiary</u>.  This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of RD.

(h)    <u>No Recourse</u>.  RD is purchasing all of your interest in the Property without recourse against you (other than for a Breach).  This means that, in the event RD for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay RD any portion of the Purchase Price that RD paid to you.

(i)    <u>Severability</u>.  If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

**7.**    **Governing Law; Exclusive Jurisdiction:** This Agreement is governed by and construed in accordance with the laws of the State of New Jersey.  If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey.  The Parties waive any objection that they may have, now or later, to the venue of any lawsuit or proceeding or that any such lawsuit or proceeding is brought in an inconvenient court.

**WAIVER OF TRIAL BY JURY.**

**EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.**

## NEW YORK CONSUMER'S RIGHT TO CANCELLATION

**YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.**

**For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified**

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-20

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation.  All checks intended to cancel the transaction should be mailed to:  RD Legal Finance, LLC, PO Box 12428, Newark, NJ  07101-3528.

IMPORTANT NOTICE

This is a complex financial transaction.  By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning.  You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.

DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACE. BEFORE YOU SIGNTHIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF YOUR ATTORNEY.  YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT.

**8.**     **Date of Execution:**  This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to RD at its offices (all containing original signatures), (ii) RD receives from Barasch & McGarry, P.C. or "you" the Notice of Assignment to Barasch & McGarry, P.C. and the letter addressed to RD from Barasch & McGarry, P.C. acknowledging RD's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RD.

**9.**     **Wire Instructions:**  *Please send or transmit payment subject to this Agreement to RD Legal Finance, LLC at:*

Bank: BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL  60603<br>Account Title: RD Legal Finance, LLC<br>Account Number:  REDACTED<br>ABA Number:  071000288

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-20

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

## IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The Parties have executed this Agreement as of the date first written above.

_Hazel P. M'Cray_
Signature of Individual

_Hazel P. M'Cray_
Printed Name of Individual

RD LEGAL FINANCE LLC

By: _____

_____
Printed Name

_____
Title

- 8 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-20

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

## Limited Irrevocable Power of Attorney

I, Hazel P. McCray, appoint Roni Dersovitz or any other managers, members or officers of RD Legal Finance, LLC ("RD"), whose principal place of business is located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, as my true and lawful attorney for the following purposes:

(A) To endorse and deposit any and all checks payable to me with respect to my Award in the matter entitled <u>September 11th Victim Compensation Fund - Zadroga Act</u>, Claim No. VCF0034774 (the "Checks"), a portion of which I assigned to RD as evidenced by the attached Agreement.

I understand that by executing this Power of Attorney, I am giving up the right to endorse and deposit the Checks, except as otherwise authorized by RD. This Power of Attorney may not be revoked or changed except upon written agreement of RD.

BY: _Hazel P. McCray_
     Hazel P. McCray

Date: _12/1/2015_
     _12/1/2015_

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-20

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

ACKNOWLEDGMENT

STATE OF NEW YORK}

SS:

COUNTY OF KINGS   }

**BE IT REMEMBERED** that on date before me personally appeared Hazel P. McCray, who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.

NOTARY PUBLIC

MICHELLE LYNCH MELBOURNE
Notary Public - State of New York
NO. 01ME6077439
Qualified in Kings County
My Commission Expires Apr 26, 2018

- 10 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-20

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

# CERTIFICATION OF TRUTHFULNESS

I, Hazel P. McCray, hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Finance, LLC, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit- Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.

By: _Hazel P. McCray_____          _12/1/2015_____
     Hazel P. McCray                                    Date

- 11 -                          US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-20

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

## Spousal Acknowledgment

I, Joseph McCray hereby acknowledge the following:

(1) I am the spouse of Hazel P. McCray, who is a Party to this Agreement;

(2) I have read and understood the terms of, and been provided with, a copy of the Agreement;

(3) By virtue of this Agreement, my spouse has assigned $33,800.00 of his interest in the case regarding September 11th Victim Compensation Fund - Zadroga Act, Claim No. VCF0034774 (the "Property") to RD Legal Finance, LLC ("RD"); and

(4) To the best of my knowledge, my spouse (a) is not involved in any bankruptcy, insolvency or other legal proceedings that could affect his/her assets, (b) has paid or made adequate provision for payment of all federal, state and local taxes that are due, (c) has no tax or other governmental liens against him/her or his/her interest in the judgment, (d) is not indebted to me or any former spouse for support, maintenance or similar obligations, or to any child or the child's guardian for any child support or similar payments, and (e) has not transferred or assigned, and has no plans to transfer or assign, any portion of his/her interest in the judgment to any other party or person.

The undersigned has executed this Acknowledgment as of _Dec 1_____, 20_15_

_____
Signature

_____
Printed Name

### ACKNOWLEDGMENT

STATE OF NEW YORK}

SS:

COUNTY OF KINGS    }

**I certify that on this** _1st_ **day of** _Dec_____, 20_15_, _Mr Joseph McCray_ **personally came before me and acknowledged under oath, to my satisfaction, that this person is the person named in and who personally signed this Acknowledgment and signed, sealed and delivered such Acknowledgment as his or her own act and deed.**

MICHELLE LYNCH MELBOURNE
Notary Public - State of New York
NO. 01ME6077439
Qualified in Kings County
My Commission Expires Apr 26, 2019

_____
NOTARY PUBLIC

- 12 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-20

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

## NOTICE OF ASSIGNMENT

TO:   September 11 Victim Compensation Fund
      Claims Processing Center
      1100 L. Street, N.W. – Suite 3000
      Washington, DC  20005

RE:   September 11th Victim Compensation Fund - Zadroga Act
      Hazel P. McCray -- Claim No. VCF0034774

You are hereby notified that on December 01, 2015, Hazel P. McCray ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0034774 that is assigned to RD is the amount of $33,800.00 (the "Property Amount").

You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Finance, LLC) in the sum of $33,800.00 the Property Amount pursuant to the Agreement(s) between the parties.  You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Finance, LLC *(Payment address only)*          Tax I.D. No. REDACTED
    PO Box 12428
    Newark, NJ  07101-3528

By: _____
       **Authorized Representative**                         Date: _____


Assignor: _____

By: _____                             Date: _____
      *[Printed name of individual signing]*


- 13 -                                                      US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-20

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

## NOTICE OF ASSIGNMENT

TO:    Barasch & McGarry, P.C.
        11 Park Place
        Suite 1801
        New York, New York  10007

        Attn:  Michael A. Barasch, Esq.

RE:    September 11th Victim Compensation Fund - Zadroga Act
        Hazel P. McCray – Claim No. VCF0034774

You are hereby notified that on December 01, 2015, Hazel P. McCray ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0034774 that is assigned to RD is the amount of $33,800.00 (the "Property Amount").

You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Finance, LLC) in the sum of $33,800.00 the Property Amount pursuant to the Agreement(s) between the parties.  You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Finance, LLC *(Payment address only)*        Tax I.D. No. REDACTED
      PO Box 12428
      Newark, NJ  07101-3528

By: _____
        **Authorized Representative**               Date: _____


Assignor: _____

By: _____
        *[Printed name of individual signing]*      Date: _____

- 14 -

EXHIBIT A-20

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

**Barasch & McGarry, P.C.**
**11 Park Place, Suite 1801**
**New York, New York 10007**

December 01, 2015

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:     September 11th Victim Compensation Fund - Zadroga Act
        Hazel P. McCray – Claim No. VCF0034774

Dear Mr. Dersovitz:

This will acknowledge that our client, Hazel P. McCray, (Assignor), has assigned $33,800.00 of his interest in the judgment proceeds of the referenced case to RD Legal Finance, LLC ("RD") pursuant to the Assignment and Sale Agreement(s) dated December 01, 2015, a copy of which is attached to and made a part of this communication. We acknowledge receipt of the Notice of assignment duly executed by our client, Hazel P. McCray.

Barasch & McGarry, P.C., by the signature below of Michael A. Barasch, advises you that as of the above date, it is not in written receipt of any past lien upon the judgment proceeds which may be received by the Assignor.

We further acknowledge RD's lien on Assignor's interest in the subject judgment proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s) dated December 01, 2015.

This letter may be executed in counterparts and a copy delivered via electronic mail or facsimile. Each such executed copy shall be deemed an original for all purposes.

Michael A. Barasch, on behalf of Barasch & McGarry, P.C.

_____

US_ACTIVE-110091304-RMJAWORS

EXHIBIT A-20

193293v2 9/19/13(08/04/15.lel+JH R.2015.11.04)

## NOTICE OF ASSIGNMENT

TO:     September 11 Victim Compensation Fund
        Claims Processing Center
        1100 L. Street, N.W. – Suite 3000
        Washington, DC  20005

RE:     September 11th Victim Compensation Fund – Zadroga Act
        Hazel P. McCray – Claim No. VCF0034774

     You are hereby notified that on December 01, 2015, Hazel P. McCray ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0034774 that is assigned to RD is the amount of $33,800.00 (the "Property Amount").

     You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Finance, LLC) in the sum of $33,800.00 the Property Amount pursuant to the Agreement(s) between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Finance, LLC *(Payment address only)*          Tax I.D. No. REDACTED
    PO Box 12428
    Newark, NJ  07101-3528

By: _____                          Date: _12/2/15_
    Authorized Representative

Assignor: *Hazel P McCray*

By: _HAZEL P M°CRAY_                                  Date: _12/1/2015_
    *[Printed name of individual signing]*

- 13 -                              US_ACTIVE-110091804-RMJAWORS

EXHIBIT A-20

193293v2 9/19/13(08/04/15.ieI+JH R.2015.11.04)

## NOTICE OF ASSIGNMENT

TO:     Barasch & McGarry, P.C.
        11 Park Place
        Suite 1801
        New York, New York 10007

        Attn: Michael A. Barasch, Esq.

RE:     September 11th Victim Compensation Fund - Zadroga Act
        Hazel P. McCray – Claim No. VCF0034774

   You are hereby notified that on December 01, 2015, Hazel P. McCray ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0034774 that is assigned to RD is the amount of $33,800.00 (the "Property Amount").

   You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Finance, LLC) in the sum of $33,800.00 the Property Amount pursuant to the Agreement(s) between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Finance, LLC *(Payment address only)*   Tax I.D. No. REDACTED
   PO Box 12428
   Newark, NJ 07101-3528

By: _____    Date: _12/2/15_
   Authorized Representative

Assignor: _____

By: _Hazel P McCray_     Date: _12/1/2015_
   *[Printed name of individual signing]*

- 14 -

**EXHIBIT A-20**

# BARASCH MCGARRY SALZMAN & PENSON

## ATTORNEYS AT LAW

**11 PARK PLACE**
**SUITE 1801**
**NEW YORK, N.Y. 10007**

(212) 385-8000
1-800-562-9190
FAX NO. (212) 385-7845
www.baraschmcgarry.com
www.firelaw.com

MICHAEL A. BARASCH
BARRY A. SALZMAN*
DOMINIQUE A. PENSON
BRUCE KAYE

*Admitted in NY & CT*

SARA DIRECTOR
DANA CUTTING
LEE LONDON
NANCY TANG
MARIYA ATANASOVA

### FAX COVER SHEET

DATE: 12/21/15                    FAX # 201-568-9307

TO: Jessica Robinson   PAGES INCLUDING
                        COVER SHEET - 4

FROM: M. Barasch

RE: Hazel McCray

MESSAGE:

### CONFIDENTIALITY NOTICE

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original message to us at the above address at our expense via the United States Postal Service. Receipt by an unintended recipient is not a waiver of our attorney client privilege. Thank you.

**Michael Barasch**

| | |
|---|---|
| **From:** | Jessica Robinson <jrobinson@legalfunding.com> |
| **Sent:** | Friday, December 18, 2015 3:33 PM |
| **To:** | Michael Barasch |
| **Cc:** | Barbara Laraia; Jehanara Haider; mccrey112@aol.com |
| **Subject:** | Zadroga Claimant: Hazel P. McCray |
| **Attachments:** | 2015.12.02 Fully Executed A&S #1 (McCray, Hazel P.).pdf; 2015.12.02 Lien Notification to be signed by Barasch (McCray - A&S #1).pdf |

| | |
|---|---|
| **Importance:** | High |

Dear Mr. Barasch,

Per Hazel McCray's request, I am resending the attached Notice of Assignment and Lien Acknowledgment Letter. Please return the fully executed letter via email/facsimile transmission to us as soon as possible.

Thank you.

**Jessica Robinson**
*Paralegal, Operations*
RD Legal Funding, LLC
45 Legion Drive
Cresskill, NJ 07626
P 201-568-9007 Ext. 110
F 201-568-9307
jrobinson@legalfunding.com
www.legalfunding.com
Video Conference SIP: 108.58.138.20



LEGAL FUNDING®

1

EXHIBIT A-20

193293v2 9/19/13(08/04/15.iel+JH R.2015.11.04)

**Barasch & McGarry, P.C.**
**11 Park Place, Suite 1801**
**New York, New York  10007**

December 01, 2015

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:    September 11th Victim Compensation Fund - Zadroga Act
       Hazel P. McCray – Claim No. VCF0034774

Dear Mr. Dersovitz:

This will acknowledge that our client, Hazel P. McCray, (Assignor), has assigned $33,800.00 of his interest in the judgment proceeds of the referenced case to RD Legal Finance, LLC ("RD") pursuant to the Assignment and Sale Agreement(s) dated December 01, 2015, a copy of which is attached to and made a part of this communication.  We acknowledge receipt of the Notice of assignment duly executed by our client, Hazel P. McCray.

Barasch & McGarry, P.C., by the signature below of Michael A. Barasch, advises you that as of the above date, it is not in written receipt of any past lien upon the judgment proceeds which may be received by the Assignor.

We further acknowledge RD's lien on Assignor's interest in the subject judgment proceeds.  By signing below, we agree to hold any funds constituting proceeds of the judgment received on behalf of the Assignor in an appropriate escrow account for disbursement to RD at P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s) dated December 01, 2015.

This letter may be executed in counterparts and a copy delivered via electronic mail or facsimile.  Each such executed copy shall be deemed an original for all purposes.

Michael A. Barasch, on behalf of Barasch & McGarry, P.C.

- 15 -

US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(08/04/15.ie)+JH_R.2015.11.04)

## NOTICE OF ASSIGNMENT

TO:    Barasch & McGarry, P.C.
        11 Park Place
        Suite 1801
        New York, New York 10007

        Attn: Michael A. Barasch, Esq.

RE:    September 11th Victim Compensation Fund - Zadroga Act
        Hazel P. McCray – Claim No. VCF0034774

You are hereby notified that on December 01, 2015, Hazel P. McCray ("Assignor"), transferred and assigned to the undersigned ("RD"), a portion of the Assignor's right, title and interest regarding the September 11th Victim Compensation Fund in the amount of $2,755,000,000.00 regarding the September 11th Victim Compensation Fund - Zadroga Act, (the "Judgment"), and that the portion of Assignor's interest in Claim No. VCF0034774 that is assigned to RD is the amount of $33,800.00 (the "Property Amount").

You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD (RD Legal Finance, LLC) in the sum of $33,800.00 the Property Amount pursuant to the Agreement(s) between the parties. You are further instructed that any distribution of the Property Amount to any person other than RD shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by RD hereunder.

RD: RD Legal Finance, LLC *(Payment address only)*        Tax I.D. No. REDACTED
    PO Box 12423
    Newark, NJ 07101-3523

By: _____        Date: 12/2/15
    Authorized Representative

Assignor: *Hazel P McCray*

By: *Hazel P McCray*        Date: 12/1/2015
    [Printed name of individual signing]

- 14 -

US_ACTIVE-1100#1304-RMJAWORB

EXHIBIT A-20