

December 8, 2017

**VIA ECF**
Honorable Loretta A. Preska
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2220
New York, NY  10007

Re:   *CFPB v. RD Legal Funding, LLC*, **No. 17-cv-890 (LAP)**

Dear Judge Preska:

  Enclosed is a copy of the Order issued today by Judge Brody in *In re NFL Players' Concussion Injury Litigation*, MDL No. 2323 (E.D. Pa.), in connection with this Court's Order of September 8, 2017 [ECF No. 59] in the above-referenced case.

            Respectfully,

               */s/ Christopher A. Seeger*
            Christopher A. Seeger

(Encl.)

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Hon. Anita B. Brody |

## EXPLANATION AND ORDER

It has come to the Court's attention that members of the class or their representatives have assigned or attempted to assign monetary claims to third parties. Under the unambiguous language of the Settlement Agreement, Settlement Class Members[1] are prohibited from assigning or attempting to assign their monetary claims to third parties, and any agreement making such an assignment or attempt to assign is void, invalid and of no force and effect. Additionally, under the Settlement Agreement, the Claims Administrator is prohibited from paying a Class Member's monetary award to any third party that holds an assignment or an attempted assignment ("Third-Party Funder").[2]

The purpose of the anti-assignment provision is to protect the interests of Class Members by recognizing that Class Members receiving monetary awards are by definition cognitively

---

[1] Reference to Class Members includes any Class or Subclass Representative. *See* Settlement Agreement § 30.1.

[2] The Claims Administrator, BrownGreer, has already made an official statement that it will not recognize the assignment of any monetary claims. *See* NFL Concussion Settlement Website, Frequently Asked Questions 5.31, available at https://www.nflconcussionsettlement.com/Un-Secure/FAQDetails.aspx?q=67#67.

1

impaired. As the fiduciary of the Class, it is the Court's obligation to enforce this provision of the Settlement Agreement.

**BACKGROUND**

The administration of large settlements can provide unique challenges to the legal system as a whole, and the administration of the NFL Concussion Settlement has certainly been no exception. The issue before the Court was first raised by litigation before Judge Loretta A. Preska in the Southern District of New York. In that litigation, the Consumer Financial Protection Bureau ("CFPB") and the People of the State of New York ("NYAG") brought suit against RD Legal Funding, RD Legal Finance, LCC, RD Legal Funding Partners, LP, and Roni Dersovitz (collectively, "RD Legal"). As part of that suit, RD Legal[3] asserted that assignments of Class Member's monetary claims are permitted under the NFL Concussion Settlement Agreement. Upon learning of that assertion, Co-Lead Class Counsel, Chris Seeger, filed an amicus memorandum before Judge Preska disputing RD Legal's claims. *See CFPB, et al. v. RD Legal Funding, LCC, et al.*, No. 17-cv-890 (S.D.N.Y. Sept. 8, 2017), ECF No. 45.

Judge Preska was presented with the question of whether "the *NFL Concussion Litigation* settlement agreement forbids assignments of settlement benefits." Order at 4, *RD Legal Funding*, No. 17-cv-890 (S.D.N.Y. Sept. 8, 2017), ECF No. 59. Judge Preska referred that question to this Court because it implicates the administration of the settlement and the interpretation of the Settlement Agreement—over which this Court has continuing jurisdiction. *See* Settlement Agreement § 27.1, ECF No. 6481-1 ("Any disputes or controversies arising out of, or related to, the interpretation, implementation, administration, and enforcement of this Settlement Agreement will be made by motion to the Court."); *see also In re Nat. Football League Players'*

---

[3] RD Legal is a Third-Party Funder purports to have purchased assignments of Class Member's monetary claims.

2

*Concussion Injury Litig.*, 307 F.R.D. 351, 426 (E.D. Pa. 2015) ("The Court retains continuing and exclusive jurisdiction over this action including jurisdiction over . . . all Settlement Class Members . . . .").[4]

**DISCUSSION**

The Settlement Agreement is interpreted under New York Law, Settlement Agreement § 27.1(a), ECF 6481-1, and New York law allows parties to void assignments of contractual rights so long as the anti-assignment language is unambiguous, *Neuroaxis Neurosurgical Associates, PC v. Costco Wholesale Co.*, 919 F. Supp. 2d 345, 352 (S.D.N.Y. 2013) (collecting cases).

In order to protect Class Members, the Settlement Agreement unambiguously prohibits Class Members from assigning claims or attempting to assign claims and renders any such assignment void, invalid and of no force and effect.

> Section 30.1 <u>No Assignment of Claims</u>. Neither the Settlement Class nor any Class or Subclass Representative or Settlement Class Member has assigned, will assign, or will attempt to assign, to any person or entity other than the NFL Parties any rights or claims relating to the subject matter of the Class Action Complaint. Any such assignment, or attempt to assign, to any person or entity other than the NFL Parties any rights or claims relating to the subject matter of the Class Action Complaint will be void, invalid, and of no force and effect and the Claims Administrator shall not recognize any such action.

Settlement Agreement, ECF No. 6481-1.

The above section bars the assignment of a Class Member's monetary claims—as can be shown by a simple syllogism. Section 30.1 prevents a Settlement Class Member from assigning "any rights or claims relating to the subject matter of the Class Action Complaint." *Id*. The subject matter of the Class Action Complaint includes the allegations that directly produced the Settlement Agreement and its monetary claim structure. Thus, any monetary claims under the

---

[4] To address the question, Co-lead Class Counsel, the CFPB, NYAG, and RD Legal submitted briefs to this Court. *See* ECF No. 8380.

3

Settlement Agreement are "relat[ed] to"[5] the Class Action Complaint, and assignment of those claims is prohibited.[6]

Therefore, under the Settlement Agreement, Class Members are prohibited from assigning or attempting to assign any monetary claims, and any such purported assignment is void, invalid and of no force and effect. Furthermore, the Settlement Agreement instructs that the Claims Administrator shall not recognize any such action taken by a Settlement Class Member. Thus, Class Members simply cannot enter into a binding agreement that assigns or attempts to assign their claims. A Third-Party Funder that failed to perform proper due diligence before deciding to enter such an agreement is prohibited from now reaping the benefit of the contract.

---

[5] Under New York state law, the phrase "relating to" is commonly given broad scope. *See, e.g.*, *Coregis Ins. Co. v. Am. Health Found., Inc.*, 241 F.3d 123, 128 (2d Cir. 2001) (defining "related to" broadly—and more broadly than "arising out of").

[6] RD Legal argues that the assignment of a Class Member's monetary claim is permissible under the Settlement Agreement. Two main arguments are given, but neither is persuasive.

RD Legal performs linguistic backflips trying to demonstrate that the phrase "rights or claims relating to the subject matter of the Class Action Complaint" does not include Class Members' *monetary claims* and is instead limited to Class Members' *tort claims*. RD Legal's argument fails because its entire analysis is predicated on excising the phrase "relating to" from its interpretation of the Settlement Agreement's text. *See* RD Legal Mem. 10-12, ECF No. 8435 (repeating the phrase "subject matter of the Class Action Complaint" without discussing, at all, the meaning or existence of the preceding words "relating to"). The phrase "relating to" expands the definition of "subject matter of the Class Action Complaint" to include monetary claims under the settlement agreement. RD Legal evades discussing this important phrase, and therefore, its definition of the "plain meaning" of the Settlement Agreement is incorrect.

Also, RD Legal argues that Article 9 of the Uniform Commercial Code invalidates any attempts to restrict the assignment of payments stemming from a legal settlement. RD Legal argues that under Article 9, parties cannot restrict assignment of "a general intangible," which includes settlement proceeds. RD Legal Mem. 8-9, ECF No. 8435. Even if Article 9 covers the Settlement Agreement, the monetary claims under the agreement would be excluded by New York's version of the UCC.

The invalidation of anti-assignment provisions does not apply to "a claim or right to receive compensation for injuries." N.Y. U.C.C. Law § 9-408(d)(1). Clearly, an award that pays money for suffering head concussions is "compensation for injuries." Therefore, New York's UCC provisions allow for parties to create terms that prevent assignment of settlement claims, and RD Legal's argument that the Settlement Agreement cannot restrict assignment under the UCC fails.

4

Thus, based on the above reasoning, the answer to Judge Preska's question is: yes, the *NFL Concussion Litigation* Settlement Agreement forbids assignments of settlement benefits.

**CONCLUSION**

The Claims Administrator is instructed to inquire of every Class Member, who is eligible for an award, as to whether that Class Member has made an assignment or attempt to assign. Every such class member must provide a verified response to the Claims Administrator. If an assignment or attempt to assign has been made, the Class Member must also submit to the Claims Administrator any documents related to the transaction, including any documents signed by the Class Member's attorney.

To the extent that any Class Member has entered into an agreement that assigned or attempted to assign any monetary claims, that agreement is void, invalid and of no force and effect. Class Members receiving awards are, by definition, cognitively impaired. A Third-Party funder entering an agreement with a Class Member would obviously know that simple fact. Additionally, the anti-assignment language in the Settlement Agreement clearly states the intent that Class Members are unable to make assignments. Thus, the Court has little sympathy for a Third-Party Funder that will not receive a return on its "investment." Nevertheless, under the principle of rescission, Class Members should return to the Third-Party Funder the amount already paid to them. Accordingly, if the Third-Party Funder is willing to accept rescission and execute a valid waiver relinquishing any claims or rights under the entire agreement creating the assignment or attempted assignment, then the Claims Administrator will be authorized to withhold—from the Class Member's monetary award—the amount already paid to the Class Member under the agreement and return it to the Third-Party Funder.

Further instructions to the Claims Administrator will follow. So **ORDERED**.

Case 2:12-md-02323-AB Document 9517 Filed 12/08/17 Page 6 of 7

s/Anita B. Brody

---

ANITA B. BRODY, J.
      12/8/2017

---

DATE

Copies **VIA ECF** on _____ to:      Copies **MAILED** on _____ to:

6