# EXHIBIT 5

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | Case No. 2:12-MD-02323-AB |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*, | MDL No. 2323 |
| Plaintiffs, | Hon. Anita B. Brody |
| v. | |
| National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc., | |
| Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**CONSUMER FINANCIAL PROTECTION BUREAU AND THE PEOPLE OF THE STATE OF NEW YORK'S REPLY TO RD LEGAL FUNDING, LLC, ET AL.'S MEMORANDUM ON ASSIGNMENTS OF SETTLEMENT BENEFITS**

# **TABLE OF AUTHORITIES**

**Cases**

*Coregis Ins. Co. v. Amer. Health Found., Inc.*, 241 F.3d 123 (2d. Cir. 2001) ............................... 2
*In re Lehman Brothers Holdings, Inc.*, 530 B.R. 601 (Bankr. S.D.N.Y. 2015) ............................. 1
*New York Marine & Gen. Ins. Co. v. Lafarge North America, Inc.*, 599 F.3d 102 (2d Cir. 2010)  1

**Statutes**

26 U.S.C. § 104 ................................................................................................................................ 2

**State Statutes**

N.Y. U.C.C. Law § 9-109 ................................................................................................................ 3
N.Y. U.C.C. Law § 9-408 ................................................................................................................ 2

The Consumer Financial Protection Bureau and the People of the State of New York respectfully submit this reply to the memorandum of RD Legal, LLC, RD Legal Finance, LLC, RD Legal Funding Partners, LP, and Roni Dersovitz ("RD Legal").[1] The Court should conclude that the settlement agreement forbids assignments. As explained below, RD Legal's flawed argument in favor of assignability misreads the plain language of the settlement agreement and improperly applies Article 9 of the New York Uniform Commercial Code ("UCC").

## I. Unassignable rights or claims *relating to* the subject matter of the complaint include settlement benefits.

The ordinary meaning of the phrase "rights or claims relating to the subject matter of the Class Action Complaint" plainly includes a class member's right or claim to settlement benefits because they are related to the subject matter of the complaint. RD Legal's interpretation limiting the effect of the anti-assignment provision only to allegations in the complaint[2] places undue emphasis on the phrase "subject matter of the Class Action Complaint"[3] and ignores the phrase "relating to," thus failing to give meaning to every word in the anti-assignment provision.[4] The term "related to" is defined as "connected by reason of an established or discoverable relation,"

---

[1] Mem. of RD Legal Funding, LLC, RD Legal Finance, LLC, RD Legal Funding Partners, LP, and Roni Dersovitz re: the Assignment of Settlement Proceeds, ECF No. 8435 ("RD Legal's Mem.").

[2] *Id.* at 10–12. Citations refer to pages of the original document, not the ECF pagination.

[3] *See In re Lehman Brothers Holdings, Inc.*, 530 B.R. 601, 608 (Bankr. S.D.N.Y. 2015) ("Courts should, where possible, interpret a contract in a way that does not place undue emphasis upon particular words or phrases and gives effect to all words chosen by the parties.").

[4] *See New York Marine & Gen. Ins. Co. v. Lafarge North Am., Inc.*, 599 F.3d 102, 116 (2d Cir. 2010) (holding that a fundamental rule of contract interpretation is "a court must strive to give meaning to every sentence, clause, and word").

1

"associated with," "with respect to," and "with reference to."[5] The settlement benefits are unquestionably "connected to," "associated with," and exist "with reference to" the subject matter of the complaint and thus the rights or claims to those benefits are "related to" the subject matter of the complaint and must be covered under the anti-assignment provision.

## II.     Article 9 does not invalidate the anti-assignment provision of the settlement agreement.

RD Legal's attempt to invoke Article 9 of the UCC to invalidate the anti-assignment provision in the settlement agreement[6] fails for multiple reasons. First, the prohibition in Article 9 that restricts assignments explicitly carves out the circumstances of the settlement agreement at issue. Second, Article 9 does not even apply to the settlement agreement.

RD Legal claims that § 9-408(a) makes ineffective the settlement agreement's anti-assignment provision,[7] but RD Legal ignores § 9-408(d)(1), which expressly excludes from this restriction "a claim or right to receive compensation for injuries or sickness as described in 26 U.S.C. § 104(a)(1) and (2)."[8] Class members' settlement payments for personal physical injuries are undoubtedly "damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness."[9] Therefore, § 9-408 is inapplicable to the settlement agreement.

Even if the exclusion in § 9-408(d)(1) did not exist, Article 9 still would not invalidate the anti-assignment provision because Article 9 does not apply to the settlement agreement at all.

---

[5] *Coregis Ins. Co. v. Amer. Health Found., Inc.*, 241 F.3d 123, 128–29 (2d. Cir. 2001).

[6] *See* RD Legal's Mem. at 8–9, ECF No. 8435.

[7] RD Legal's Mem. at 9, ECF No. 8435.

[8] *See* N.Y. U.C.C. Law § 9-408(d)(1).

[9] *See* 26 U.S.C. § 104(a)(2).

2

RD Legal's flawed analysis is as follows: Article 9 applies to "payment intangibles," settlement proceeds are payment intangibles, so Article 9 applies to the settlement agreement.[10] But RD Legal misreads the law; the *sale of* payment intangibles triggers Article 9's applicability, not payment intangibles alone. Article 9 applies to "a sale of accounts, chattel paper, payment intangibles, or promissory notes."[11] As the comments to § 9-109 make clear, the scope of Article 9 covers the sale of payment intangibles.[12] Because the settlement agreement itself is not a contract to sell settlement benefits, Article 9 does not apply to the settlement agreement.

\*   \*   \*

In conclusion, the Court should find that the settlement agreement prohibits assignments of settlement proceeds.

---

[10] RD Legal's Mem. at 8, ECF No. 8435.

[11] *See* N.Y. U.C.C. Law § 9-109(a)(3).

[12] *See* N.Y. U.C.C. Law § 9-109, cmt. 4 ("Subsection (a)(3) expands the scope of this Article by including the *sale of* a 'payment intangible' (defined in Section 9-102 as 'a general intangible under which the account debtor's principal obligation is a monetary obligation') and a 'promissory note' (also defined in Section 9-102).") (emphasis added).

3

Dated: October 13, 2017

ANTHONY ALEXIS
*Enforcement Director*
JEFFREY PAUL EHRLICH
*Deputy Enforcement Director*
JOHN C. WELLS
*Assistant Litigation Deputy*

*/s/Benjamin Z. Konop*
BENJAMIN Z. KONOP (OH 0073458)
HAI BINH T. NGUYEN (CA 313503)
*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, D.C. 20552
Telephone (Konop): 202-435-7261
Telephone (Nguyen): 202-435-7251
Facsimile: 202-435-7722
E-mail: Benjamin.Konop@cfpb.gov
E-mail: HaiBinh.Nguyen@cfpb.gov
Attorneys for
Consumer Financial Protection Bureau

Respectfully submitted,

ERIC T. SCHNEIDERMAN
*Attorney General of the State of New York*

JANE M. AZIA (NY 1539600)
*Bureau Chief, Consumer Frauds and
Protection Bureau*
MELVIN L. GOLDBERG (NY 1828284)
*Assistant Attorney General*
120 Broadway
New York, N.Y. 10271
Telephone (Azia): 212-416-8727
Telephone (Goldberg): 212-416-8296
Facsimile: 212-416-6003
E-mail: Jane.Azia@ag.ny.gov
E-mail: Melvin.Goldberg@ag.ny.gov
Attorneys for the State of New York

4

## **CERTIFICATE OF SERVICE**

I certify that on October 13, 2017, I filed the foregoing document with the Court's ECF system.

> */s/ Benjamin Z. Konop*
> BENJAMIN Z. KONOP (OH 0073458)
> 1700 G Street, NW
> Washington, D.C. 20552
> Telephone: 202-435-7261
> Facsimile: 202-435-7722
> E-mail: Benjamin.konop@cfpb.gov
>
> Attorney for
> Consumer Financial Protection Bureau