# EXHIBIT 7

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON   (1946-1991)
RANDOLPH E. PAUL   (1946-1956)
SIMON H. RIFKIND   (1950-1995)
LOUIS S. WEISS   (1927-1950)
JOHN F. WHARTON   (1927-1977)

WRITER'S DIRECT DIAL NUMBER
(212) 373-3165

WRITER'S DIRECT FACSIMILE
(212) 492-0165

WRITER'S DIRECT E-MAIL ADDRESS
bbirenboim@paulweiss.com

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

November 9, 2017

<u>VIA ECF</u>

Hon. Anita B. Brody
Senior United States District Judge
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA 19106

*Consumer Financial Protection Bureau* v. *RD Legal Funding, LLC*, No. 1:17-CV-00890 (LAP) (S.D.N.Y.)

Dear Judge Brody:

The National Football League and NFL Properties LLC (together, the "NFL Parties") respectfully submit this letter to provide the Court with their position on the issue referred to Your Honor by the Honorable Loretta A. Preska in connection with the above-referenced action. (*See* Joint Letter, ECF No. 8380; Order, *Consumer Fin. Prot. Bureau* v. *RD Legal Funding, LLC*, No. 1:17-CV-00890 (LAP) (S.D.N.Y. Sept. 8, 2017), ECF No. 59.) Specifically, the NFL Parties assert that the "No Assignment of Claims" clause in Section 30.1 of the NFL Concussion Settlement Agreement prohibits the assignment of settlement benefits.

As an initial matter, the NFL Parties fully agree with Co-Lead Class Counsel and the Consumer Financial Protection Bureau and the People of the State of New York (together, the "Government") that the "No Assignment of Claims" provision is clear and unambiguous in prohibiting the assignment of settlement benefits under the

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Anita B. Brody                                                                    2

Settlement Agreement. (*See* Co-Lead Class Counsel's Mem. 4–10, ECF No. 8434; Co-Lead Class Counsel's Reply Mem. 4–6, ECF No. 8457; *see also* Government Mem. 3–4, ECF No. 8438; Government Reply Mem. 1–2, ECF No. 8458.) The NFL Parties thus submit that this Court should reject RD Legal's[1] arguments on that basis alone.

Should this Court find the provision to be ambiguous, it should be construed to give effect to the parties' intent, which may be determined by reference to extrinsic evidence "to ascertain the meaning intended by the parties during the formation of the contract." *New York Marine & Gen. Ins. Co.* v. *Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010) (citation omitted); *see also* Richard A. Rosen, Settlement Agreements in Com. Disputes §§ 17.03(A), (C). Moreover, when the extrinsic evidence as to the parties intent is undisputed, the proper interpretation is determined by the court as a matter of law. Rosen § 17.03(C); *see also New York Marine & Gen. Ins. Co.*, 599 F.3d at 121 (affirming summary judgment as a matter of law where contract term was ambiguous and extrinsic evidence offered to interpret ambiguous term was strong and undisputed).

Here, the NFL Parties and Co-Lead Class Counsel—the parties to the Settlement Agreement—are in agreement as to the intent of the "No Assignment of Claims" provision. The intent of the NFL Parties in agreeing to the "No Assignment of Claims" provision was to prohibit the assignment not only of legal claims that a Settlement Class Member might have, but also of settlement proceeds that a Settlement Class Member might receive, or have the right to receive, as a result of the settlement of such legal claims. Accordingly, there is no dispute as to the intent of that provision, and thus there is no dispute as to its meaning.

Thus, the interpretation proffered by RD Legal—which, as a non-party to the Settlement Agreement, has no basis to challenge the contracting parties' own statements as to the intent of the "No Assignment of Claims" provision—is irrelevant and should be disregarded so as to give effect to the intent of the parties who agreed to the "No Assignment of Claims" provision.[2]

Respectfully submitted,

*/s/ Bruce Birenboim*

Bruce Birenboim

---

[1]   As used herein, "RD Legal" refers to RD Legal Funding, LLC, RD Legal Finance, LLC, RD Legal Funding Partners, LP, and Roni Dersovitz.

[2]   RD Legal further argues that this Court lacks jurisdiction over this issue (RD Legal Mem. 14–15, ECF No. 8435), but that position is directly refuted by Section 27.1 of the Settlement Agreement, which states that "[a]ny disputes or controversies arising out of, or related to, the interpretation, implementation, administration, and enforcement of this Settlement Agreement will be made by motion to [this] Court." (Settlement Agreement § 27.1, ECF No. 6481-1.)

Hon. Anita B. Brody                                                                              3

cc:     Co-Lead Class Counsel
        Counsel for Consumer Financial Protection Bureau and the People of the State of
            New York
        Counsel for RD Legal

## CERTIFICATE OF SERVICE

        I hereby certify that a true copy of the above document was served electronically via the Court's electronic filing system on the 9th day of November, 2017, upon all counsel of record.

Dated: November 9, 2017                                    _____/s/ Bruce Birenboim_____
                                                                        Bruce Birenboim