# EXHIBIT 8



MICHAEL D. ROTH
mroth@bsfllp.com

**VIA ECF**

November 10, 2017

Hon. Anita B. Brody
Senior United States District Judge
James A. Byrne United States Courthouse
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

Re: *Consumer Financial Protection Bureau et al. v. RD Legal Funding, LLC et al.*
Case No. 1:17-CV-00890 (LAP) (S.D.N.Y.)

Dear Judge Brody:

RD Legal Funding Partners, LP, RD Legal Finance ("FINCO"), LLC, RD Legal Funding, LLC, and Roni Dersovitz (collectively, "RD Legal") write in response to the November 9, 2017 submission of the NFL Parties (ECF No. 8913) regarding the discrete issue referred to Your Honor by the Honorable Loretta A. Preska in connection with the above-referenced action. The Court should strike and disregard the NFL Parties' submission for several reasons.

*First*, the NFL Parties offer no analysis of either the actual language of the Settlement Agreement or New York's law of assignments, and their letter accordingly provides no assistance in resolving the issue referred by Judge Preska—*i.e.*, "whether the NFL Concussion Litigation settlement agreement forbids assignments of settlement benefits." Rather, the only analysis offered by the NFL Parties concerns how to resolve ambiguities in the Settlement Agreement. Under New York law, to prohibit the assignment of money due under a contract, an anti-assignment clause must contain "clear, definite and appropriate language" declaring an assignment invalid. *Allhusen v. Caristo Constr. Corp.*, 303 N.Y. 446, 452 (1952). By definition, a settlement agreement that uses *ambiguous* language is not "clear" or "definite" and thus cannot prohibit assignments. Thus, if anything, the acknowledgment in the NFL Parties' letter of ambiguities in the contract *proves* that the Settlement Agreement does *not* prohibit the assignment of settlement proceeds.

*Second*, the NFL Parties' discussion of the unexpressed intent of the parties has no bearing on the proper interpretation of the Settlement Agreement. *See Tom Doherty*



Hon. Anita B. Brody
November 10, 2017
Page 2

*Assocs. Inc. v. Saban Entm't Inc.*, 869 F. Supp. 1130, 1137 (S.D.N.Y. 1994), *aff'd*, 60 F.3d 27 (2d Cir. 1995). Indeed, courts must "construe [a] settlement agreement in accordance with the intent of the parties as reflected within the 'four corners' of the document." Richard A. Rosen, *et al.*, *Settlement Agreements in Com. Disputes*, § 17.02 (Aspen Publisher 2018). Even where a contract is ambiguous, a party's "subjective but unexpressed intentions about what it intended the language to mean will not be considered." 28 N.Y. Prac., Contract Law § 9:35; *Tom Doherty Assocs.*, 869 F. Supp. at 1137 (explaining the "*unexpressed intent*" of the parties is irrelevant to contract interpretation) (emphasis added); *Marine Transp. Lines, Inc. v. Int'l Org. of Masters, Mates & Pilots*, 696 F. Supp. 1, 18 (S.D.N.Y. 1988), *aff'd*, 878 F.2d 31 (2d Cir. 1989) ("[A]ny such intent was not expressed, it is irrelevant.").

The primacy of contractual language is critical to the protection of non-contracting third parties who have no window into the parties' unexpressed intent. Here, dozens of firms relied upon the language of the Settlement Agreement to enter into over a thousand assignment transactions worth millions of dollars with former NFL players who, in many cases along with their personal legal counsel, acknowledged the assignability of the settlement proceeds. The NFL Parties' after-the-fact and self-serving assertion of what they may have intended the language of the Settlement Agreement to mean is *irrelevant*. (*See* ECF No. 8913 at 2 (attempting to resolve contractual ambiguities by discussing the unexpressed intent of the contracting parties).)

*Third*, conspicuously absent from the NFL Parties' submission is any discussion of the New York Uniform Commercial Code (the "UCC"). Article 9 of the UCC renders ineffective any attempt to bar the assignment of settlement proceeds, and, as RD Legal previously explained, the parties to the Settlement Agreement expressly declined to apportion the settlement proceeds as non-taxable income under the Internal Revenue Code and therefore are unable to categorically remove those proceeds from Article 9's scope. Thus, regardless of the subjectively intended meaning of the anti-assignment clause, as a matter of law, it is not effective to invalidate the assignment of settlement proceeds.

*Fourth*, the claim by the NFL Parties that the Settlement Agreement provides this Court with subject matter jurisdiction is incorrect: there is neither federal question nor diversity jurisdiction, and no rule permits one district court to refer to a second district an issue pending in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which is what happened here. The NFL Parties assert incorrectly in a



Hon. Anita B. Brody
November 10, 2017
Page 3

footnote that this Court has subject matter jurisdiction over the issue referred to it by Judge Preska because of the terms of the Settlement Agreement itself. (ECF No. 8913 at 2 n.2.) "[N]o action of the parties, however, can confer subject matter jurisdiction upon a federal court." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("Subject-matter jurisdiction . . . is an Article III as well as a statutory requirement."); *see also* Hon. Beverly Reid O'Connell and Hon. Karen L. Stevenson*, Rutter Group Prac. Guide: Fed. Civ. Proc. Before Trial Nat'l Ed*., ¶ 2:15 (Rutter Group 2017) ("The parties to a federal civil action *cannot*" ignore those limitations and "*create* subject matter jurisdiction (*e.g.*, by stipulation, consent or inaction) where jurisdiction does not exist.").

*Finally*, the issue referred by Judge Preska has already been fully briefed, and the NFL Parties' submission is inappropriate and untimely. Pursuant to this Court's scheduling order, the NFL Parties were not granted leave to brief this issue and, even if they were, briefing closed on October 13, 2017, almost a full month ago. More importantly, the NFL Parties' unsolicited submission provides no new analysis that undermines the inevitable conclusion that the plain language of the Settlement Agreement: (1) does not contain a "clear" and "definite" prohibition on the assignment of settlement proceeds; (2) contemplates assignments and is binding on assignees; and (3) would run afoul of the UCC if it attempted to prohibit assignments.

For all the foregoing reasons, RD Legal respectfully requests that the Court strike the untimely submission of the NFL Parties, and rely on the briefs filed by the parties pursuant to the briefing schedule set by this Court. (ECF No. 8409.) As stated in the properly filed briefs, this Court should conclude either that (a) the Settlement Agreement does not prohibit the assignment of settlement proceeds, or (b) this Court lacks subject matter jurisdiction to adjudicate the issue referred to it by Judge Preska.

Respectfully submitted,

/s/ Michael D. Roth

MICHAEL D. ROTH