UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Consumer Financial Protection Bureau and the People of the State of New York, by Eric T. Schneiderman, Attorney General for the State of New York,<br><br>        Plaintiffs,<br><br>        v.<br><br>RD Legal Funding, LLC ,<br>RD Legal Finance, LLC,<br>RD Legal Funding Partners, LP, and<br>Roni Dersovitz,<br><br>        Defendants. | Civil Action No. 1:17-cv-00890-LAP<br><br>Notice of Ratification |

**NOTICE**

      The Bureau of Consumer Financial Protection hereby notifies the Court and Defendants of recent events relevant to Defendants' claim that this case must be dismissed because the Consumer Financial Protection Act unconstitutionally permits the President to remove the Bureau Director only for cause.  *See* 12 U.S.C. § 5491(c)(3).  A recent ratification has cured any such constitutional defect (even if one even existed—which it does not, as the Bureau explained in its opposition to Defendants' motion to dismiss).  The Court therefore need not reach this argument.

      On November 24, 2017, the Bureau's former Director, Richard Cordray, resigned, and President Trump designated Office of Management and Budget Director Mick Mulvaney to serve as the Bureau's Acting Director pursuant to the Federal Vacancies Reform Act, 5 U.S.C. §§ 3345-3349d.  *See* The White House, Office of the Press Secretary, *Statement on President Donald J. Trump's Designation of OMB Director*

1

*Mick Mulvaney as Acting Director of the Consumer Financial Protection Bureau* (Nov. 24, 2017), https://www.whitehouse.gov/the-press-office/2017/11/24/statement-president-donald-j-trumps-designation-omb-director-mick.  In his capacity as Acting Director, Mr. Mulvaney is removable by the President at will.  The CFPA's removal provision by its terms applies only to "the Director," not to an Acting Director.  12 U.S.C. § 5491(c)(3).  As the Department of Justice's Office of Legal Counsel explained, "Congress does not, by purporting to give tenure protection to a Senate-confirmed officer, afford similar protection to an individual who temporarily performs the functions and duties of that office when it is vacant."  *Designating an Acting Director of the Bureau of Consumer Financial Protection*, 41 Op. O.L.C. \_\_\_, 2017 WL 6419154, Slip Op. at 10 (Nov. 25, 2017) (citing *Swan v. Clinton*, 100 F.3d 973 (D.C. Cir. 1996), which holds that an officer who may be removed only for cause is removable at will if that officer holds over beyond the officer's designated term).  And the Vacancies Reform Act does not limit the President's ability to designate a different person as Acting Director, and thereby remove Mr. Mulvaney from that role.

Under Acting Director Mulvaney's leadership, the Bureau has ratified the decision to bring this lawsuit.  *See* Ex. 1, Declaration of Eric Blankenstein ¶ 5.  In particular, Acting Director Mulvaney delegated to Eric Blankenstein, the Policy Associate Director for the Division of Supervision, Enforcement, and Fair Lending, the authority to ratify enforcement actions that had been filed before November 25, 2017.  *Id.* ¶ 3.  Pursuant to that delegation, Mr. Blankenstein ratified the Bureau's earlier decision to file this enforcement action.[1]  *Id.* ¶ 5.

---

[1]   Mr. Blankenstein acted as an agent of the Bureau (the principal) in ratifying the decision to pursue this case.  *Cf. CFPB v. Gordon*, 819 F.3d 1179, 1191 (9th Cir. 2016)

In light of these events, Defendants' constitutional challenge to the for-cause removal provision in the Bureau's organic statute—which does not apply to the Bureau's current leader—is no longer relevant. Because Acting Director Mulvaney is removable at will, and because the Bureau under his leadership has ratified the decision to bring this case, Defendants cannot obtain dismissal on the ground that this case was *initially* filed by an agency led by a Director removable only for cause. The ratification under Acting Director Mulvaney's leadership cured the constitutional problem that Defendants claim infected this case's initiation. Courts have consistently held that a properly constituted government agency may cure a constitutional problem with previous agency actions by ratifying prior actions that the agency took when its structure or composition was constitutionally flawed. *See Wilkes-Barre Hosp. Co, LLC v. NLRB*, 857 F.3d 364, 371 (D.C. Cir. 2017) ("Ratification can remedy defects arising from the decisions of improperly appointed officials."); *Advanced Disposal Servs. East, Inc. v. NLRB*, 820 F.3d 592, 602 (3d Cir. 2016) (concluding that ratifications by properly appointed officials were "sufficient to cure" problem with board appointments that previously left agency without authority to act); *Gordon*, 819 F.3d at 1192 (holding that Bureau Director's "ratification, done after he was properly appointed as Director, resolves any Appointments Clause deficiencies" present at the time enforcement action was filed); *FEC v. Legi-Tech, Inc.*, 75 F.3d 704 (D.C. Cir. 1996) (holding that "FEC's post-reconstitution ratification of its prior decisions" was "an adequate remedy for" an earlier constitutional defect in the agency's structure at time enforcement action was initiated).

---

(identifying the Bureau as the relevant principal with authority to bring enforcement actions). It is well established that an agent can ratify acts on behalf of a principal. *See* Restatement (Second) of Agency § 93, cmt. c (1958); Restatement (Third) of Agency § 4.01, cmt. e (2006).

3

That is precisely what has happened here.  The Bureau, while led by an officer removable at will by the President, has ratified the decision to pursue this enforcement action.  Even if the for-cause removal provision that applied to the Bureau's former Director rendered the initiation of this case constitutionally problematic (which it did not), the ratification remedied that problem.  Defendants' motion to dismiss on that basis therefore must be denied.

Should the Court request it, the Bureau stands ready to provide supplemental briefing on this additional ground for denying Defendants' motion to dismiss.

Respectfully Submitted,

Kristen Donoghue
*Enforcement Director*

Jeffrey Paul Ehrlich
*Deputy Enforcement Director*

John C. Wells
*Assistant Litigation Deputy*

<u>/s/Benjamin Z. Konop</u>
BENJAMIN Z. KONOP (OH 0073458)
HAI BINH T. NGUYEN (CA 313503)
*Enforcement Attorneys*
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552
Telephone (Konop): 202-435-7265
Telephone (Nguyen): 202-435-7251
Facsimile: 202-435-5477
e-mail: Benjamin.konop@cfpb.gov
e-mail: Haibinh.nguyen@cfpb.gov
Attorneys for Plaintiff
Bureau of Consumer Financial Protection