UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU and THE PEOPLE OF THE STATE OF NEW YORK, BY ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL FOR THE STATE OF NEW YORK,<br><br>   Plaintiffs,<br><br>  v.<br><br>RD LEGAL FUNDING, LLC; RD LEGAL FINANCE, LLC; RD LEGAL FUNDING PARTNERS, LP; and RONI DERSOVITZ,<br><br>   Defendants. | CASE NO. 1:17-cv-00890 (LAP)<br><br>**RD LEGAL'S RESPONSE TO THE CONSUMER FINANCIAL PROTECTION BUREAU'S NOTICE OF RATIFICATION** |

CALCAGNI & KANEFSKY LLP
ERIC KANEFSKY
 *Eric@ck-litigation.com*
One Newark Center
1085 Raymond Blvd., 14th Floor
Newark, NJ 07102

BOIES SCHILLER FLEXNER LLP
DAVID K. WILLINGHAM (*pro hac vice*)
 *dwillingham@bsfllp.com*
MICHAEL D. ROTH (*pro hac vice*)
 *mroth@bsfllp.com*
JEFFREY M. HAMMER (*pro hac vice*)
 *jhammer@bsfllp.com*
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Phone: (213) 629-9040 / Fax (213) 629-9022

Attorneys for Defendants RD LEGAL FUNDING, LLC; RD LEGAL FINANCE, LLC; RD LEGAL FUNDING PARTNERS, LP; and RONI DERSOVITZ

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. THE RATIFICATION DOCTRINE IS IRRELEVANT TO RD LEGAL'S CHALLENGE TO THE CFPB'S STRUCTURE...............................................................2

III. THE CFPB CANNOT SATISFY THE REQUIREMENTS FOR RATIFICATION..........3

IV. "RATIFICATION" BY A TEMPORARY ACTING DIRECTOR DOES NOT RESOLVE THE CONSTITUTIONAL PROBLEMS .........................................................5

V. CONCLUSION....................................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Disposal Servs. East, Inc. v. NLRB*,
   820 F.3d 592 (3d Cir. 2016)...................................................................................................3

*CFPB v. Gordon*,
   819 F.3d 1179 (9th Cir. 2016) ............................................................................................2, 3

*FEC v. Legi-Tech, Inc.*,
   75 F.3d 704 (D.C. Cir. 1996)..................................................................................................4

*FEC v. NRA Political Victory Fund*,
   513 U.S. 88 (1994)...............................................................................................................3, 4

*FEC v. NRA Political Victory Fund*,
   6 F.3d 821 (D.C. Cir. 1993)...................................................................................................3

*GDG Acquisitions LLC v. Gov't of Belize*,
   849 F.3d 1299 (11th Cir. 2017) .............................................................................................2

*Lerman v. Bd. of Elections in City of New York*,
   232 F.3d 135 (2d Cir. 2000)...................................................................................................5

*Mhany Mgmt., Inc. v. Cty. of Nassau*,
   819 F.3d 581 (2d Cir. 2016)...................................................................................................6

*Newman v. Schiff*,
   778 F.2d 460 (8th Cir. 1985) .................................................................................................4

*PHH Corp. v. CFPB*,
   881 F.3d 75 (D.C. Cir. 2018) (en banc) (Henderson, J., dissenting) .........................................4

*Wilkes-Barre Hosp. Co. v. NLRB*,
   857 F.3d 364 (D.C. Cir. 2017) ............................................................................................2, 3

**Statutes**

5 U.S.C. § 3346(a)(1)......................................................................................................................5

5 U.S.C. § 3346(a)(2)......................................................................................................................5

**Other Authorities**

156 Cong. Rec. H5239 (June 30, 2010)......................................................................................4

**I.      INTRODUCTION**

Defendants RD Legal Funding, LLC, RD Legal Finance, LLC, RD Legal Funding Partners, LP, and Roni Dersovitz (collectively, "RD Legal") hereby respond to the Notice of Ratification (ECF No. 78) filed by the Consumer Financial Protection Bureau ("CFPB"), in which the agency claims that its temporary Acting Director's "ratification" of the decision to file this enforcement action makes RD Legal's constitutional challenge "no longer relevant." (Notice of Ratification ("Notice") at 3.)  The CFPB is mistaken—the "at will" nature of the Acting Director's interim status cannot cure the CFPB's permanent unconstitutional structure.  Indeed, if anything, the CFPB's Notice of Ratification proves the constitutional point, as there would be no need for the agency to attempt any "ratification" unless it agreed with RD Legal that the CFPB's actions through its prior Director were unconstitutional and invalid.

The CFPB's attempt to avoid the constitutional challenge to its structure should be rejected for at least three independent reasons:  (1) the ratification doctrine, which deals with an agent's authority to act on behalf of its principal, has no relevance here because RD Legal is challenging the structure and authority of the principal (the CFPB) itself, not the authority of its agent (the Director); (2) even if the ratification doctrine were relevant, it does not apply because the CFPB did not have authority to do the act ratified at the time the act was done or at the time ratification was made; and (3) at most, the attempted ratification provides a temporary fix for a permanent problem—the unconstitutional structure of the CFPB—that will resume as soon as a permanent

Director is appointed. The Court should thus reject this last-ditch attempt by the CFPB to avoid the constitutional defects with its structure.[1]

## II. THE RATIFICATION DOCTRINE IS IRRELEVANT TO RD LEGAL'S CHALLENGE TO THE CFPB'S STRUCTURE

Although the CFPB attempts to reframe the constitutional issue as a challenge to the Director's "for cause" removal protection, RD Legal has challenged the structure and authority of the CFPB itself, not the authority of any agent to make decisions on behalf of the CFPB. The doctrine of ratification accordingly has no relevance here.

Ratification is a principle of agency law. "[R]atification starts with the assumption that the agent did not have actual authority at the time he acted," *GDG Acquisitions LLC v. Government of Belize*, 849 F.3d 1299, 1310 (11th Cir. 2017), and addresses the effect of a principal's subsequent approval of that action. *See also Wilkes-Barre Hosp. Co. v. NLRB*, 857 F.3d 364, 371 (D.C. Cir. 2017) ("[R]atification occurs when a principal sanctions the prior actions of its purported agent.") (citation omitted). Thus, the cases cited by the CFPB that discuss the propriety of an attempted ratification (Notice at 3) all involve a properly appointed director or commission ratifying a prior decision by an official or commission who *lacked* authority to make the original decision—none involved a challenge to an agency's permanent structure, let alone an attempted temporary fix to a permanent constitutional problem. *See CFPB v. Gordon*, 819 F.3d 1179, 1192 (9th Cir. 2016) (holding, after invalidation of CFPB Director's recess appointment, that the Director's "ratification, done after he was properly appointed as

---

[1] The Fifth Circuit has agreed to consider the constitutionality of the CFPB's structure on an interlocutory basis despite the CFPB's attempt to "cure" the constitutional challenge through ratification. *See CFPB v. All American Cash Checking, Inc., et al.*, No. 18-90015 (5th Cir.). The same issue is also pending in the Ninth Circuit. *See CFPB v. Seila Law, LLC*, No. 17-56324 (9th Cir.).

2

Director, resolves any Appointments Clause deficiencies"); *Wilkes-Barre*, 857 F.3d at 371 (holding, after invalidation of Board members' recess appointments, that NLRB properly ratified the appointment of its Regional Director who, in turn, ratified his prior unauthorized actions); *Advanced Disposal Servs. East, Inc. v. NLRB*, 820 F.3d 592, 605-06 (3d Cir. 2016) (same).

Unlike the cases above, RD Legal does not challenge the authority of Director Cordray to initiate this enforcement action or of the Acting Director to continue to press forward as agents of the CFPB, but rather challenges the constitutionality of the agency's structure, and thus the authority of the CFPB itself to bring this action.  RD Legal's constitutional challenge does not implicate agency or ratification principles at all.

### III.   THE CFPB CANNOT SATISFY THE REQUIREMENTS FOR RATIFICATION

Even if the ratification doctrine were relevant, it does not apply here.  The CFPB maintains "that a properly constituted government agency may cure a constitutional problem with previous agency actions" through ratification.  (Notice at 3.)  But that is an overly simplistic and misleading statement of the law, which focuses on cases where there was a violation of the Appointments Clause in Article II of the Constitution and ignores the agency-law principles underpinning the ratification doctrine.  *See, e.g.*, *Gordon*, 819 F.3d at 1190-91 (addressing CFPB Director's invalid recess appointment and effect of subsequent valid appointment).  For a ratification to be effective "it is essential that the party ratifying [*i.e.*, the principal] should be able" (1) "to do the act ratified at the time the act was done," and (2) "also at the time the ratification was made."  *FEC v. NRA Political Victory Fund*, 513 U.S. 88, 98 (1994) (citation and emphasis omitted).  The CFPB cannot satisfy either requirement.

*First*, the CFPB lacked authority to bring this suit at the time it was filed.  An unconstitutionally structured agency "lacks authority to bring [an] enforcement action."  *FEC v. NRA Political Victory Fund*, 6 F.3d 821, 822 (D.C. Cir. 1993).  Because the CFPB could not "do

3

the act ratified at the time the act was done," the Acting Director may not ratify it now.  *NRA Political Victory Fund*, 513 U.S. at 98; *see also Newman v. Schiff*, 778 F.2d 460, 467 (8th Cir. 1985) ("Ratification serves to authorize that which was unauthorized.  Ratification cannot, however, give legal significance to an act which was a nullity from the start.").[2]

*Second*, the CFPB still lacks authority to initiate the enforcement action.  The appointment of an interim Acting Director under the Vacancies Reform Act in no way cures the constitutional defects that permeate the agency's structure.[3]  None of the provisions in the Dodd-Frank Act that render the CFPB unconstitutional have been amended.  The appointment of an Acting Director who could be removed at will is not—as the CFPB apparently contends—tantamount to severing the "for cause" removal requirement.  Even if it were, the proper remedy is not to remove the for-cause removal restriction (even temporarily), but to dismiss this action taken by an unconstitutionally structured agency.  Congress intended to create an agency that was "completely independent, with an independently appointed director, an independent budget, and an autonomous rulemaking authority."  156 Cong. Rec. H5239 (June 30, 2010) (Rep. Maloney).  Eliminating only the for-cause removal provision would transform the CFPB into an entity that Congress never intended by granting the President power over the agency while continuing to insulate it from congressional oversight.  *See PHH Corp. v. CFPB*, 881 F.3d 75,

---

[2]  The non-binding decision in *FEC v. Legi-Tech, Inc.*, 75 F.3d 704 (D.C. Cir. 1996) does not change this conclusion.  *Legi-Tech* did not mention, let alone address, the agency principles from *NRA Political Victory Fund*, 513 U.S. at 98.  Indeed, in *Legi-Tech* the defendant does not appear to have challenged the act of ratification at all; rather, the case discusses whether "reconstitution [of an agency's membership] and ratification is . . . an effective remedy" for a separation of powers violation.  *Legi-Tech*, 75 F.3d at 708.  Of course, in *Legi-Tech* the FEC also *actually cured* the constitutional violation, whereas here, the CFPB is attempting to use a temporary circumstance to mask its permanent constitutional infirmities.

[3] Although the CFPB discusses only the for-cause removal provision, the agency's structure is unconstitutional in numerous respects.  (*See* Motion to Dismiss, ECF No. 40 at 19-26 (discussing unconstitutional features).)

4

161 (D.C. Cir. 2018) (Dodd-Frank "ties the CFPB's very existence to its freedom from the President") (en banc) (Henderson, J., dissenting).

## IV. "RATIFICATION" BY A TEMPORARY ACTING DIRECTOR DOES NOT RESOLVE THE CONSTITUTIONAL PROBLEMS

The CFPB claims that the Court "need not reach" RD Legal's constitutional challenge because, in light of the Acting Director's ratification, it "is no longer relevant" and therefore moot. (Notice at 1, 3.) Even if the Acting Director could ratify the prior decision to file the enforcement action, the CFPB's mootness argument fails for two independent reasons.

*First*, the dispute is "capable of repetition, yet evading review," and therefore is not moot. *Lerman v. Bd. of Elections in City of New York*, 232 F.3d 135, 141 (2d Cir. 2000). The two preconditions for invoking this doctrine—(1) that "the challenged action was too short to be fully litigated prior to its expiration," and (2) "a reasonable expectation that the same complaining parties would be subject to that same action in the future," *id.* at 141—are easily met here. There is no question that the "challenged action was too short to be fully litigated": RD Legal is still awaiting a ruling on its Motion to Dismiss. It is also a virtual certainty that, if the case proceeds, RD Legal will continue to be subject to the same unlawful conduct. The Acting Director cannot serve past June 22, 2018 (210 days after the vacancy arose), unless the President nominates a new Director, and then only until the new Director is appointed.[4] Thus, there will likely be a new Director appointed in the coming months who will be subject to the for-cause removal provision that the CFPB claims is no longer relevant.

---

[4] *See* 5 U.S.C. § 3346(a)(1) (limited term of temporary appointment to "no longer than 210 days beginning on the date the vacancy occurs"); *see id.* at § 3346(a)(2) (permitting temporary appointee to continue "for the period that the nomination is pending in the Senate").

5

*Second*, the "voluntary cessation" of an unlawful practice—*i.e.*, the temporary suspension of the for-cause removal provision—"does not deprive a federal court of its power to determine the legality of the practice." *Mhany Mgmt., Inc. v. Cty. of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016) (citation omitted). To avoid this doctrine, the *CFPB* (not RD Legal) bears the "formidable burden" of establishing "that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Id.* (citation omitted). The CFPB has not even attempted to meet this burden, nor could it: the CFPB clearly is intent on continuing this lawsuit even after a permanent Director is appointed.

It is especially critical to reach the constitutional challenge in light of the CFPB's overreaching attempt to regulate conduct beyond its statutory authority, which is a natural consequence of its unconstitutional structure and unchecked power. The CFPB's absence of regulatory authority over RD Legal is evident from its shifting and inconsistent grounds for contending that the two groups of assignment agreements at issue—the NFL Assignments and Zadroga Fund Assignments—are "extensions of credit" under the Consumer Financial Protection Act. Indeed, each theory advanced by the CFPB has been legally and factually incorrect (*see* ECF Nos. 30, 37, 62, 65 and 74), and neither an Acting Director nor a permanent Director should be permitted to authorize the CFPB's overreach under any of its ever-changing and erroneous theories.

## V. CONCLUSION

The CFPB has exploited its unconstitutional and unaccountable structure to pursue untenable claims against RD Legal, and should not be permitted to use an eleventh-hour and ineffective "ratification" to avoid judicial scrutiny. The Court should reach the constitutional

6

issue, find the CFPB's structure unconstitutional, and grant RD Legal's Motion to Dismiss without leave to amend.

Dated this 18th day of May, 2018.

Respectfully submitted,

/s/ Michael D. Roth

| CALCAGNI & KANEFSKY LLP | BOIES SCHILLER FLEXNER LLP |
|---|---|
| ERIC KANEFSKY | DAVID K. WILLINGHAM (*pro hac vice*) |
| *Eric@ck-litigation.com* | *dwillingham@bsfllp.com* |
| One Newark Center | MICHAEL D. ROTH (*pro hac vice*) |
| 1085 Raymond Blvd., 14th Floor | *mroth@bsfllp.com* |
| Newark, NJ 07102 | JEFFREY M. HAMMER (*pro hac vice*) |
| | *jhammer@bsfllp.com* |
| | 725 South Figueroa Street, 31st Floor |
| | Los Angeles, California 90017-5524 |
| | Telephone: (213) 629-9040 |
| | Facsimile: (213) 629-9022 |

Attorneys for Defendants RD LEGAL FUNDING, LLC; RD LEGAL FINANCE, LLC; RD LEGAL FUNDING PARTNERS, LP; and RONI DERSOVITZ

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing RD LEGAL'S RESPONSE TO THE CONSUMER FINANCIAL PROTECTION BUREAU'S NOTICE RE: RATIFICATION was served electronically via the Court's electronic filing system on the date below upon all counsel of record in this matter.

Dated:  May 18, 2018                                           Respectfully submitted,

|  |  |
|---|---|
|  | s/Michael D. Roth |
| CALCAGNI & KANEFSKY LLP | BOIES SCHILLER FLEXNER LLP |
| ERIC KANEFSKY | MICHAEL D. ROTH (*pro hac vice*) |
| *Eric@ck-litigation.com* | *mroth@bsfllp.com* |
| One Newark Center | 725 South Figueroa Street, 31st Floor |
| 1085 Raymond Blvd., 14th Floor | Los Angeles, California 90017-5524 |
| Newark, NJ 07102 | Telephone: (213) 629-9040 |
|  | Facsimile: (213) 629-9022 |
|  |  |
|  | Attorneys for Defendants RD LEGAL FUNDING, LLC; RD LEGAL FINANCE, LLC; RD LEGAL FUNDING PARTNERS, LP; and RONI DERSOVITZ |