

VIA ECF

July 9, 2018

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007

Re:   *CFPB, et al. v. RD Legal Funding, LLC, et al.*, Case No. 17-cv-890

Dear Judge Preska:

This joint submission by (1) RD Legal Funding Partners, LP, RD Legal Finance, LLC, RD Legal Funding, LLC, and Roni Dersovitz (collectively, the "RD Legal Parties"); and (2) the Attorney General for the State of New York ("NYAG") (collectively, the "Parties"), is made pursuant to your June 21, 2018 Order regarding how the Parties propose to proceed in this matter.

The Parties jointly request that the Court set a scheduling conference in September 2018, in anticipation of which the Parties will comply with their obligations pursuant to the Federal Rules of Civil Procedure.

**The NYAG's Position:**   The NYAG would like the case to proceed as expeditiously as possible. Therefore the NYAG would oppose any request for delay by the RD Legal Parties.

As described below, the RD Legal Parties intend to address purported jurisdictional issues in a "separate filing." The NYAG believes that the Court is clear as to jurisdiction in its June 21, 2018 Order, stating that the NYAG has "independent authority to bring claims in federal district court under the CFPA, without regard to the constitutionality of the CFPB's structure" and that "federal question subject matter jurisdiction over the CFPA claims exists regardless of the constitutionality of the CFPB's structure." (Order at 86-87.) The Court exercised supplemental jurisdiction over the NYAG's state law claims because they "arise out of the same common nucleus of operative fact" as the CFPA claims." (*Id.* at 87-88.) The direction by the Court for "Counsel [to] confer and inform the Court by letter no later than July 9 how they propose to proceed" indicates that the case is to proceed in this forum. (*Id.* at 104.)



The Honorable Loretta A. Preska
July 3, 2018
Page 2

Similarly, the NYAG would oppose a request by the RD Legal Parties for interlocutory appeal and a stay of this proceeding. Proceeding in this Court without delay would serve both the interests of justice and judicial economy.

**The RD Legal Parties' Position:** The RD Legal Parties believe the case should proceed on a single track. The Consumer Financial Protection Bureau (the "CFPB") was "terminate[d]" from this proceeding by the June 21, 2018 Order. The CFPB has indicated to the Parties that it has not yet made a decision as to how it will proceed.

The RD Legal Parties contend that the Court's June 21, 2018 Order finding the structure of the CFPB unconstitutional and striking Title X of Dodd-Frank (Order, at 100), struck each substantive provision of the Consumer Financial Protection Act ("CFPA") that forms the basis of federal jurisdiction, which RD Legal will address in a separate filing. To resolve the immediate ambiguity in the CFPB's position and to prevent potential duplicative proceedings, the RD Legal Parties request that consistent with the termination of the CFPB from this proceeding, the Court make an express finding that there is "no just reason for delay" and enter judgment against the CFPB only under Federal Rule of Civil Procedure 54(b). If the CFPB seeks immediate review of the June 21, 2018 Order from the Second Circuit Court of Appeals (pursuant to a Rule 54(b) judgment or otherwise), to facilitate the case proceeding on a single track, the RD Legal Parties also respectfully request that the Court certify the June 21, 2018 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stay this proceeding during the pendency of the appeal. If the CFPB elects not to seek immediate review and the Court permits the NYAG to proceed with claims under the stricken Title X, the RD Legal Parties are prepared to litigate in this forum, although the RD Legal Parties do not believe that would serve the interests of judicial economy.

Following this Court's referral of certain issues to Judge Brody in the Eastern District of Pennsylvania, the RD Legal Parties are continuing to litigate certain issues relevant to this matter before Judge Brody and before the Third Circuit Court of Appeals. Thus, the request of the RD Legal Parties to limit the number of related proceedings would promote judicial efficiency, save the Parties' resources, and avoid having issues pending in a fourth federal court relating to this matter.

Respectfully submitted,

/s/ Michael D. Roth
MICHAEL D. ROTH
BOIES SCHILLER FLEXNER, LLP
Attorneys for RD Legal Funding Partners, LP,
RD Legal Finance, LLC, RD Legal Funding,
LLC, and Roni Dersovitz

/s/ Melvin Goldberg
MELVIN GOLDBERG
Attorney for the
State of New York

cc: All Counsel and registered recipients on ECF Service List