

**VIA ECF**

**MICHAEL D. ROTH**
mroth@bsfllp.com

August 3, 2018

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007

Re: *CFPB, et al. v. RD Legal Funding, LLC, et al.*, Case No. 17-cv-890

Dear Judge Preska:

We submit this letter motion under Rule 12(h)(3) of the Federal Rules of Civil Procedure on behalf of Defendants RD Legal Funding, LLC, RD Legal Finance, LLC, RD Legal Funding Partners, LP, and Roni Dersovitz (collectively, "RD Legal").

Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (discussing Rule 12(h)(3) and explaining "[t]he objection that a federal court lacks subject-matter jurisdiction, . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment").

As we indicated in the Joint Letter submitted by RD Legal and the Attorney General for the State of New York ("NYAG") on July 9, 2018 (the "Joint Letter"), the Court's June 21, 2018 Order finding the structure of the Consumer Financial Protection Bureau (the





"CFPB") unconstitutional, holding that the for-cause removal provision is not severable, and striking Title X of Dodd-Frank "in its entirety" (Order, at 100), struck each substantive provision of the Consumer Financial Protection Act (the "CFPA") that forms the basis of the NYAG's federal claims (*see* Complaint, Counts I-V, 12 U.S.C. §§ 5531, 5536), as well as the statutory provisions of Title X (12 U.S.C. § 5552(a)(1)) granting the NYAG enforcement authority over the CFPA.

Specifically, the NYAG's enforcement authority under the CFPA is based on Section 1042 of Title X (12 U.S.C. § 5552(a)(1)). Each federal cause of action under the CFPA is also based on Title X:

- **Count I** is based on Sections 1031 and 1036 of Title X (12 U.S.C. § 5531(a); 12 U.S.C. § 5536(a)(1)(B), (a)(3)). *See* Compl. ¶¶ 62 – 69.
- **Count II** is based on Sections 1031 and 1036 of Title X (12 U.S.C. § 5531(d)(1), (2)(B); 12 U.S.C. § 5536(a)(1)(B), (a)(3)). *See* Compl. ¶¶ 71 – 77.
- **Count III** is based on Sections 1031 and 1036 of Title X 12 U.S.C. § 5531(a); 12 U.S.C. § 5536(a)(1)(B), (a)(3)). *See* Compl. ¶¶ 79 – 84.
- **Count IV** is based on Sections 1031 and 1036 of Title X 12 U.S.C. § 5531(a); 12 U.S.C. § 5536(a)(1)(B), (a)(3)). *See* Compl. ¶¶ 86 – 91.
- **Count V** is based on Sections 1031 and 1036 of Title X 12 U.S.C. § 5531(a); 12 U.S.C. § 5536(a)(1)(B), (a)(3)). *See* Compl. ¶¶ 93 – 98.

As the plaintiff, the NYAG has the burden to establish subject matter jurisdiction. *See, e.g.*, *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012). Here, however, the entire basis for the NYAG invoking federal jurisdiction is Title X of the CFPA, which has been stricken. *See* Compl., ¶¶ 9, 62-98. Accordingly, RD Legal requests that the federal claims in this case—*i.e.*, Counts I-V—be dismissed with prejudice under Rule 12(h)(3), and that the Court dismiss the state law claims without prejudice to being refiled in state court. *See*





*Forman v. City of N.Y.*, No. 14-CV-6282-LTS, 2017 WL 1167334, at *7 (S.D.N.Y. Mar. 27, 2017) ("The strong preference in this Circuit is for district courts to decline to exercise supplemental jurisdiction under § 1367(c)(3) when all of the federal claims are dismissed from the suit prior to trial.") (citing *Schiffman v. Epstein*, No. 04 Civ. 2661, 2009 WL 1787760, at *7 (S.D.N.Y. Jun. 23, 2009)). Judgment should then be entered against the CFPB and NYAG allowing the Court's June 21, 2018 Order to be appealed, if appropriate, in its entirety.[1]

Respectfully submitted,

/s/ Michael D. Roth
MICHAEL D. ROTH
BOIES SCHILLER FLEXNER, LLP
Attorneys for RD Legal Funding Partners, LP, RD Legal Finance, LLC, RD Legal Funding, LLC, and Roni Dersovitz

cc: All Counsel and registered recipients on ECF Service List

[1] Given the Court's July 25, 2018 Order and the NYAG's response thereto (ECF Nos. 89 & 90), unless the Court is inclined to certify the entire June 21, 2018 Order for interlocutory appeal and stay the proceeding during the pendency of that appeal, RD Legal hereby withdraws its prior request that the Court enter judgment only against the CFPB under Federal Rule of Civil Procedure 54(b). RD Legal continues to maintain that the case should proceed on a single track in one court, and as described above, requests that judgment be entered against both the CFPB and NYAG.