1700 G Street NW,
Washington, DC 20552



August 10, 2018

**VIA ECF**

Hon. Loretta A. Preska
United States District Court Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007

    Re: *CFPB, et al. v. RD Legal Funding, LLC, et al.*, Case No. 1:17-cv-00890

Dear Judge Preska:

    The Bureau of Consumer Financial Protection (Bureau) respectfully requests a pre-motion conference with the Court for approval to file a motion under Rule 54(b) for entry of a final judgment with respect to the Bureau in the above captioned case.

    Rule 54(b) permits a district court to certify a final judgment where "(1) there are multiple claims or parties, (2) at least one of the claims or the rights and liability of at least one party has been finally determined, and (3) 'there is no just reason for delay.'" *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 164-65 (2d Cir. 2005) (quoting Fed. R. Civ. P. 54(b)). All three of these requirements are satisfied here. This action involved two plaintiffs (the Bureau and the Attorney General of the State of New York), and the Court's Opinion and Order of June 21, 2018 finally resolved the Bureau's claims, Doc. 80 at 103 ("the CFPB's claims are dismissed"). And there is no just reason for delay—both the equities to the parties and the court's interest in sound judicial administration and efficiency weigh heavily in favor of entering a final judgment. *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) ("[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments . . ., a district court must take into account judicial administrative interests as well as the equities involved.").

    The Court's June 21 Order held that the for-cause removal provision applicable to the Bureau's Director is unconstitutional and that the provision is not severable from the rest of the Consumer Financial Protection Act (CFPA). Doc. 80 at 104. The Court accordingly dismissed the Bureau from the case, but the Court allowed the New York Attorney General to proceed with its claims under the CFPA. This deprives the Bureau

of its statutorily-assigned right to participate in the litigation of CFPA claims brought by state regulators. *See* 12 U.S.C. § 5552(b) (requiring state regulators to provide the Bureau with prior notice before initiating a CFPA claim and authorizing the Bureau to intervene in any action asserting such a claim). This is a unique situation—Congress by statute ensured that a Federal agency could play a role in actions brought by state regulators under the Federal agency's organic statute, but that agency is now unable to play that role. And an appeal after there is a final judgment in New York's case would not remedy this harm: At that point, New York's CFPA claims will have been decided, and the Bureau will have lost its opportunity to participate in the litigation of those claims. This is accordingly an "infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal," *Grand River Enters.*, 425 F.3d at 165.

Requiring the Bureau to wait to appeal would also be inequitable to the defendants who would face a greater risk of suffering the expense of defending two overlapping trials. S*ee Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir. 1987) (danger of hardship or injustice "may be presented where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims").

And duplicative trials would, of course, be contrary to judicial administrative interests, which is why the avoidance of duplicative trials is a classic reason for granting Rule 54(b) certification. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 17 (2d Cir. 1997) ("If the selling shareholders' claims are to be reinstated, it plainly will be more efficient for that reinstatement to occur in time for trial of AMI's and the selling shareholders' claims together, for then only one jury, rather than two, will be required to become familiar with the terms of and the events surrounding the offering and defendants' short sale. In addition, there may well be other similar . . . issues to be tried with respect to affirmative defenses asserted by defendants . . . . It would be more efficient for such issues to be tried together rather than piecemeal."); *Grand River Enters.*, 425 F.3d at 165 (where all but one defendant was dismissed, certification was appropriate to avoid multiple trials on overlapping issues).

Furthermore, the issues of the constitutionality of the for-cause removal provision in the Bureau's organic statute and whether that provision is severable are "separable" from the issues that remain to be decided. *See Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1096 (2d Cir. 1992) ("Only those claims 'inherently inseparable' from or 'inextricably interrelated' to each other are inappropriate for rule 54(b) certification."). This Court's resolution of New York's claims will not render the court of appeals' decision advisory or moot, and the appeals court would not have to reach the merits of New York's claims in resolving the Bureau's appeal. *See id.* at 1095. No appellate court will have to decide whether the Bureau is constitutional twice because of Rule 54(b) certification. *See Transport Workers Union of America, Local 100*, 505 F.3d 226, 230 (2d Cir. 2007) ("[I]f it appears that a claim already determined could again be subject to review in a subsequent appeal, then Rule 54(b) certification is improper.").

In short, all of the relevant considerations favor entering a final judgment under Rule 54(b).

The Bureau appreciates the Court's consideration of this request. Please inform us if there is anything else that it should address. The non-moving parties are hereby notified that they should respond to this letter within three business days.

Very truly yours,

Benjamin Konop
Enforcement Attorney
Bureau of Consumer Financial Protection