

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

BARBARA D. UNDERWOOD
ATTORNEY GENERAL

DIVISION OF ECONOMIC JUSTICE
CONSUMER FRAUDS & PROTECTION BUREAU

August 13, 2018

**VIA ECF**

The Honorable Loretta A. Preska
United States District Court Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007

Re: *CFPB, et al. v. RD Legal Funding, LLC, et al.*, Case No. 1:17-cv-890 (LAP)

**NYAG's Response to:
RD Legal's August 3, 2018 Letter Brief and
CFPB's August 10, 2018 Letter**

Dear Judge Preska,

The New York Attorney General (the "NYAG") writes in response to RD Legal's August 3, 2018 letter brief regarding jurisdiction as well as the CFPB's August 10, 2018 letter regarding the potential entry of a judgment pursuant to Rule 54(b).

Contrary to the assertions made by RD Legal, this Court has subject matter jurisdiction over the claims brought by the NYAG. The Court has explicitly found that it has subject matter jurisdiction over the Consumer Financial Protection Act (the "CFPA") causes of action. In addition, the Court has independent original jurisdiction over the NYAG's non-CFPA causes of action as well.

Whether or not the Court issues a final judgment with respect to the CFPB pursuant to Rule 54(b) would not impact the Court's jurisdiction over this matter. Given the Court's jurisdiction and the fact that RD Legal's victims include consumers in poor and deteriorating health, the NYAG reiterates its position laid out in its letter dated July 27, 2018, opposing any stay in these proceedings. A stay in this matter would exacerbate the harm that has already been inflicted upon the consumers, a result which would be contrary to the goals of both the NYAG and CFPB.

I.     **The Court Has Jurisdiction Over NYAG's CFPA Claims**

RD Legal ignores the well-reasoned and thorough analysis in the Court's June 21, 2018 Opinion & Order (the "Order"), which holds that the NYAG's CFPA claims may go forward before this Court, and instead seeks to use one sentence quoted from another decision to remove the case from this Court. Simply, RD Legal hopes to avoid what they deem to be an unfavorable Order and to try their luck in front of another Judge.

The Court denied RD Legal's motion to dismiss, including for the NYAG's CFPA claims. (Order at 2, 104.) RD Legal now tries to reimagine that the Court actually intended to dismiss all CFPA causes of action. The Court stated definitively that "[t]he NYAG . . . has independent authority to bring claims under the CFPA[,]" and the "NYAG has alleged plausibly claims under the CFPA . . . ." (Order at 2.)[1] The Order devotes nearly 40 pages to its analysis explaining why there is federal jurisdiction (Order at 17-56), another five pages explaining why

---

[1] Other courts have likewise upheld the authority of State attorneys general to enforce the CFPA. *See, e.g., Mayall v. Randall Firm, PLLC*, 1:13-CV-00166-TC, 2017 WL 3432033, at *2 (D. Utah Aug. 9, 2017); *Commonwealth of Pennsylvania v. Think Fin., Inc.*, 14-CV-7139, 2016 WL 183289, at *1 (E.D. Pa. Jan. 14, 2016); *Illinois v. Alta Colleges, Inc.*, No. 14 C 3786, 2014 WL 4377579, at *3 (N.D. Ill. Sept. 4, 2014). The NYAG has found no cases rejecting the authority of State attorneys general under 12 U.S.C. § 5552(a)(1).

Rule 9(b)'s heightened pleading standard does not apply to deceptive or abusive acts or practices claims under the CFPA (Order at 57-59, 62-63), and another nearly 20 pages analyzing the CFPA claims themselves (Order at 67-86). At no point does the Order state that these efforts were merely academic, which they would be if the Court lacked jurisdiction over the CFPA claims.

The Court has unambiguously determined that "because the CFPB's structure is unconstitutional, it lacks the authority to bring claims under the CFPA and is hereby terminated as a party to this action." (Order at 2; *see also* Order at 103, 104.) But termination of the CFPB does not necessitate the invalidity of the prohibited conduct provisions of the CFPA or the NYAG's enforcement authority, as RD argues. Instead, the Order states that

> the NYAG[ has] independent authority to bring claims in federal district court under the CFPA, without regard to the constitutionality of the CFPB's structure. 12 U.S.C. § 5552(a)(1) (authorizing state attorneys general to bring claims under the CFPA)[.] The Government has alleged adequately claims for deceptive and abusive acts or practices under the CFPA, and therefore federal question subject matter jurisdiction over the CFPA claims exists regardless of the constitutionality of the CFPB's structure.

(Order at 86-87 (internal citations omitted).)

RD Legal's argument rests upon the Order's use of a quotation from Section II of Judge Henderson's dissent in *PHH Corp. v. CFPB*, in which Judge Henderson reasoned that the for-cause removal provision of 12 U.S.C. § 5491(c)(3) could not be severed to remedy the unconstitutional structure of the CFPB and said that she "would strike Title X in its entirety." 881 F.3d 75, 163-64 (D.C. Cir. 2018). (Order at 100.) The entirety of Judge Henderson's dissent, however, addresses why the CFPB violates Article II of the United States Constitution and why severing the offending for-cause removal provision would not be an appropriate means of salvaging the CFPB. She explains that changing the structure of the CFPB through severing

§ 5491(c)(3) would result in a non-independent version of the CFPB "entirely at odds with the legislative design" that Congress would not have approved because of the lack of independence. *PHH*, 881 F.3d at 160-163.  Nowhere does Judge Henderson address the substantive provisions of the CFPA or the right of the attorney general of any State to bring claims under the CFPA, which was not an issue in *PHH*.  In fact, Judge Henderson's logic about Congressional intent suggests that preserving these elements of the CFPA while striking down the CFPB, thereby maintaining authority independent of the federal executive to enforce the law, would remedy any constitutional problems in a way that is consistent with Congressional intent.  Judge Henderson's ultimate conclusion is that "the <u>CFPB</u> violates Article II and should be invalidated top to bottom."  *PHH*, 881 F.3d at 164 (emphasis added).

The Court appears to have reached that same conclusion in adopting Section II of Judge Henderson's dissent – that severing the for-cause removal provision of the CFPB's structure would be inappropriate because it would undermine one of Congress's core purposes in creating the CFPB, and as a result, because the unconstitutional structure of the CFPB cannot be remedied, the CFPB is invalid in its entirety.  That conclusion, however, does not impact "the NYAG's independent authority to bring claims in federal district court under the CFPA, without regard to the constitutionality of the CFPB's structure."  (Order at 86; *see also* Order at 2, 87, 104.)

## II.     The Court Has Original Jurisdiction Over NYAG's Non-CFPA Claims

Even if the Court were to now reverse itself and hold that this Court does not have subject matter jurisdiction over the NYAG's CFPA claims and that the NYAG cannot bring claims pursuant to the CFPA, this Court still has original subject matter jurisdiction based upon the embedded federal questions in the NYAG's state law claims.

Federal courts have original jurisdiction where federal questions are embedded in state law claims. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). State law claims may give rise to federal question jurisdiction as long as "the right to relief depends upon the construction or application of [federal law]." *See Smith v. Kanas City Title & Tr. Co.*, 255 U.S. 180, 199 (1921) (The exercise of federal jurisdiction was warranted despite the fact that Missouri law provided the cause of action, because the central question was whether the issuance of certain federal government bonds was unconstitutional.); *see generally, Grable*, 545 U.S. 308 (Federal question jurisdiction was warranted for a quiet title action based on an IRS seizure and sale of property because the meaning of the notice provision was "an important issue of federal law that sensibly belongs in a federal court.").

In *Gunn v. Minton*, 568 U.S. 251, 258 (2013), the Supreme Court, citing *Grable,* adopted a four-part test to determine if a state law claim is embedded in a federal issue. The Court held that "federal jurisdiction over a state law claim will lie if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *See also Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1570 (2016) (stating that the federal embedded issue exception is typically for a case "brought to enforce a duty created by [federal law] because the claim's very success depends on giving effect to a federal requirement" (internal quotation marks omitted)); *State ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 317 (2016) (finding that "in order to establish a false statement or record within the meaning of the [New York False Claims Act], [the plaintiff] must prove at least that the trusts did not qualify under federal law[,]" and thus federal jurisdiction was proper because proving a violation of federal law was a necessary component of plaintiff's right to relief).

Here, a federal question is integral to state law claims. (Order at 89-91.) In denying RD Legal's motion to dismiss, the Court interpreted and applied the provisions of the federal Anti-Assignment Act, 31 U.S.C § 3727, and concluded that "federal law prohibits the assignment of compensation that the VCF awards to an Eligible Claimant." (Order at 29-41.) The NYAG's state law claims with respect to the VCF awards meet the four-part test enunciated in *Gunn*: (1) the case necessarily deals with the federal issue of whether the Anti-Assignment Act voided the purported assignments, thereby making the purported assignments loans subject to New York's usury laws; (2) the meaning and applicability of the Anti-Assignment Act was vigorously disputed; (3) the issue is substantial because the federal government has an interest in the uniform meaning and applicability of the Anti-Assignment Act; and (4) the federal forum can hear the case without disrupting the federal-state balance approved by Congress because federal courts routinely interpret and apply New York's civil and criminal usury laws and Congress has passed no law that would restrict such federal jurisdiction over such claims. *See, e.g., Madden v. Midland Funding, LLC,* 237 F. Supp. 3d 130, 140-47 (S.D.N.Y. 2017)*; Sabella v. Scantek Med., Inc.*, No. 08-CV-453, 2009 WL 3233703, at *16-*29 (S.D.N.Y. Sept. 25, 2009); *Am. Equities Grp., Inc. v. Ahava Dairy Prods. Corp.*, No. 01-CV-5207, 2004 WL 870260, at *7-*9, *15-*17 (S.D.N.Y. Apr. 23, 2004); *Urban Communicators PCS Ltd. P'ship v. Gabriel Capital, L.P.*, 394 B.R. 325, 341-42 (S.D.N.Y. 2008)*.*

The Court should also exercise supplemental jurisdiction over NYAG's other state law claims for the same reasons that the Court has previously explained. (Order at 87-88.)

### III. The Court Should Exercise Supplemental Jurisdiction Even Without Original Jurisdiction

Finally, even if this Court were to find no basis for original jurisdiction, dismissing the CFPA claims and determining that there are no embedded federal questions in the NYAG's state

law claims, it should still use its discretion to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to decide the NYAG's state law claims.

When considering whether to keep the state law claims, "district courts should balance values of judicial economy, convenience, fairness, and comity . . . ." *Klein & Co. Futures, Inc. v. Bd. Of Trade,* 464 F.3d 255, 263 (2d Cir. 2006) (citing *Carnegie Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988)). The decision of whether to exercise supplemental jurisdiction thus "accommodates a range of concerns and values" and allows for "flexibility." *Cohill,* 484 U.S. at 350.

Balancing judicial economy, convenience, fairness, and comity argues for retaining jurisdiction of the state law claims. As the Court is aware, the NYAG wants to proceed expeditiously with this case. Dismissal of the state law claims would require the NYAG to refile in state court and would unnecessarily delay the proceedings, to the detriment of the consumers harmed by RD Legal, particularly those in poor health. Further, the Court is familiar with the facts of the case and has already carefully considered and addressed the numerous and complex issues presented in RD Legal's motion to dismiss. These factors speak to both judicial economy and convenience and weigh in favor of retaining jurisdiction. It would also be more convenient for the parties to remain in this Court, which is familiar with the issues, rather than beginning litigation anew in state court. In addition, the state laws at issue are not novel and thus concerns of comity are not implicated.

While, as RD Legal points out in its August 3, 2018 letter brief, federal courts sometimes choose not to exercise their supplemental jurisdiction when federal claims have been dismissed, in this case, exercising supplemental jurisdiction *would* be appropriate given the balance of the factors, and in particular the inevitable considerable delay that that would result from dismissal.

## IV. The Court Should Not Issue a Stay in These Proceedings

Regardless of whether the Court enters a final judgment with respect to the CFPB pursuant to Rule 54(b), the Court should move towards resolution of both the NYAG's CFPA claims and non-CFPA claims, and should not issue a stay. As noted above, those wronged by RD Legal include consumers who are ill and in deteriorating health, and further delay will exacerbate the harm.

Very truly yours,

/s/   Jason L. Meizlish
JASON L. MEIZLISH
*Assistant Attorney General*
MELVIN L. GOLDBERG
*Assistant Attorney General*

Bureau of Consumer Frauds and Protection
Office of the New York State Attorney General
28 Liberty St., New York, NY 10005
Telephone (Meizlish): 212-416-8455
Telephone (Goldberg): 212-416-8296
Email: Jason.Meizlish@ag.ny.gov
E-mail: Melvin.Goldberg@ag.ny.gov

cc: All Counsel and registered recipients on ECF Service List