

**MICHAEL D. ROTH**
mroth@bsfllp.com

**VIA ECF**

August 15, 2018

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007

Re:   *CFPB, et al. v. RD Legal Funding, LLC, et al.*, Case No. 17-cv-00890

Dear Judge Preska:

    We submit this letter on behalf of Defendants RD Legal Funding, LLC, RD Legal Finance, LLC, RD Legal Funding Partners, LP, and Roni Dersovitz (collectively, "RD Legal"), pursuant to the Court's Individual Practices Rule 2.A, in response to the letter dated August 10, 2018, submitted by the Consumer Financial Protection Bureau (the "CFPB") requesting a pre-motion conference with the Court for approval to file a motion under Rule 54(b) for entry of a final judgment against the CFPB.

    As the Court is aware, in its June 21, 2018 Order, it found the structure of the CFPB unconstitutional (ECF No. 80, at 104), struck Title X of Dodd-Frank "in its entirety" (*id.*), and dismissed the CFPB from the case (*id.*, at 107-108), but allowed the claims of the Attorney General of the State of New York ("NYAG") under Title X and state law to proceed.  We have previously proposed procedures to allow for the immediate appeal of the June 21, 2018 Order in a manner that would avoid piecemeal and duplicative litigation and promote the efficient judicial administration of the case. (*See* ECF No. 86, at 2 (requesting entry of partial judgment against CFPB under Rule 54(b); ECF No. 91 (requesting judgment against CFPB and NYAG based on stricken claims under Title X).)

    Consistent with those prior requests, RD Legal does *not* oppose the CFPB's request for partial judgment under Rule 54(b).  Implicit in the CFPB's request, however, is the understanding that the NYAG's claims should be stayed during the pendency of the appeal. (*See* ECF No. 92, at 2 (stating if "New York's CFPA claims" proceed the CFPB "will have



The Honorable Loretta A. Preska
August 15, 2018
Page 2

lost its opportunity to participate in the litigation of those claims"); *id.* (arguing RD Legal should not have to "face . . . the expense of defending two overlapping trials"). RD Legal agrees and hereby renews its request that the proceeding be stayed during the pendency of any appeal to the Second Circuit to avoid the potential for duplicative proceedings, inconsistent rulings, and the requirement to litigate this matter in overlapping proceedings, as it is already pending in the Eastern District of Pennsylvania, the Third Circuit Court of Appeals, and in this Court.

RD Legal also again requests that in the event a partial judgment is entered against the CFPB, the remainder of the June 21, 2018 Order be certified for interlocutory appeal under 28 U.S.C. § 1292(b). All aspects of the Court's constitutionality ruling, including its ruling permitting the NYAG to proceed under the stricken provisions of Title X, should be addressed in one proceeding.[1]

Respectfully submitted,

/s/ Michael D. Roth
MICHAEL D. ROTH
BOIES SCHILLER FLEXNER, LLP
Attorneys for RD Legal Funding Partners, LP,
RD Legal Finance, LLC, RD Legal Funding,
LLC, and Roni Dersovitz

cc: All Counsel and registered recipients on ECF Service List

---

[1] The CFPB's pre-motion letter also sets forth why—contrary to the position taken by the NYAG (ECF No. 93)—Title X of Dodd-Frank is somehow severable to permit the NYAG to independently pursue claims under Title X, which has been stricken in its entirety. (See ECF No. 92, at 1-2) (arguing that allowing the NYAG to proceed independently under the stricken Title X is contrary to the statutory intent).