cfpb
Consumer Financial
Protection Bureau

1700 G Street NW, Washington, D.C. 20552

April 15, 2021

**VIA ECF**

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007

Re: *CFPB*, *et al. v. RD Legal Funding,* , *et al.*, Case No. 1:17-cv-00890

Dear Judge Preska:

Defendants' letter of April 14 calls the Court's attention to a different party's brief in a different case and to a 19th-century Supreme Court decision that says the opposite of what Defendants claim it does. These "supplemental authorities" offer Defendants no help in their efforts to contort the now-resolved *Seila Law* issue into a grant of immunity for themselves—at least for those violations that the Bureau, but not the NYAG, is pursuing in this case.

Defendants, who just two weeks ago filed their reply brief on ratification, append to their letter another party's 3,400-word brief on ratification from a different case. The Court should discount this document as an improper attempt by Defendants to circumvent the Court's page limitations and to, in effect, file an uninvited third brief on this issue. *Cf. Pacenza v. IBM Corp.*, No. 04-cv-5831-SCR, 2007 WL 9817926, at *1 (S.D.N.Y. July 26, 2007) (striking extraneous pages of argument appended to motion in order to evade page limits), *aff'd*, 363 F. App'x 128 (2d Cir. 2010). Nor does it lessen the persuasive force of the decision in that case that one judge of the Ninth Circuit sought a vote on rehearing. The decision remains the law of that Circuit, *see In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017), and its analysis was entirely correct.

Defendants badly misread *Norton v. Shelby County*, 118 U.S. 425 (1886), which they say held that the actions of an "unauthorized body" cannot be ratified. Not so. As an initial matter, the entity (a board of commissioners) that took the action in that case (issuing municipal bonds) was wholly unlike the Bureau in that the entity itself lacked any authority—and in fact never "had a lawful existence" at all. *Id.* at 441. This is exactly the argument the Supreme Court rejected with respect to the Bureau when it held in *Seila Law* that the removal restriction is severable. *See* 140 S. Ct. 2183, 2208-09 (2020) (plurality op.) (rejecting Seila Law's argument that "the offending removal provision means the entire agency is unconstitutional and powerless to act").

Moreover, the Supreme Court in *Norton* held that the board's unauthorized action *could* be ratified. 118 U.S. at 451. But it explained that the ratifying party (a county court) lacked authority to do so at the time of ratification because bonds could not be issued "without the previous assent of three-fourths of the voters of the county," and no such referendum had been held. *Id.* at 451-52. "Without this sanction [of a referendum] the county court could, in no manner, ratify the unauthorized act." *Id.* at 452. Here, in contrast, the Bureau at all relevant times had authority to initiate and to continue pursuing this enforcement action for the protection of the public. *See, e.g.*, *CFPB v. Seila Law LLC*, 984 F.3d 715, 718-19 (9th Cir. 2020).

Respectfully submitted,

/s/ Kevin E. Friedl
Kevin E. Friedl
Consumer Financial Protection Bureau

cc: Counsel of Record (via ECF)