# KING & SPALDING

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Tel:  +1 213 443 4355
Fax:  +1 213 443 4310
www.kslaw.com

Michael D. Roth
Partner
Direct Dial:  +1 213 218 4014
Direct Fax:  +1 213 443 4310
mroth@kslaw.com

July 30, 2021

**VIA ECF**

The Honorable Loretta A. Preska
United States District Court Judge
United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007

   Re: *CFPB, et al. v. RD Legal Funding, LLC, et al.*, Case No. 17-cv-890

Dear Judge Preska,

   The July 23, 2021 letter submitted by the Consumer Financial Protection Bureau relies on an out-of-context portion of *Collins v. Yellen*, 141 S. Ct. 1761 (2021), and the partial concurrence by Justice Kagan, to argue that RD Legal must show that but-for the separation-of-powers violation that infected the Bureau's structure when this action was filed, the Bureau would have acted differently.  (*See* ECF No. 155 at 2.)  Not so.

   As RD Legal previously explained, *Collins* confronted a very different situation than the one here, in which (a) the challenged action was not taken by unconstitutionally insulated directors, but simply overseen by them; and (b) the challenge was brought not by private party defendants subject to an unconstitutional enforcement action, but by plaintiff shareholders in government-sponsored entities seeking to unwind government contracts and disgorge hundreds of millions of dollars.  (*See* ECF No. 154 at 1-3.)  In the context of that very different suit, *Collins* expressly laid out two non-exclusive examples where an unconstitutional removal provision, like the one here, "would clearly cause harm":

> Suppose, for example, that the President had attempted to remove a Director but was prevented from doing so by a lower court decision holding that he did not have "cause" for removal. Or suppose that the President had made a public statement expressing displeasure with actions taken by a Director and had asserted that he would remove the Director if the statute did not stand in the way.  *In those situations, the statutory provision would clearly cause harm.*

*Collins*, 141 S. Ct. at 1789 (emphasis added).  *Collins* never mentioned, let alone required, a but-for test.  Instead, *Collins*'s non-exhaustive "example[s]" of "clear[]" constitutional injuries include demonstrating only that the President desired to fire the Director—but could not do so— as a general matter.  *Id.*

July 30, 2021
Page 2

      Indeed, the Supreme Court has made clear that litigants are "*not* required to prove that the Government's course of conduct would have been different in a 'counterfactual world,'" *Seila Law v. CFPB*, 140 S. Ct. 2183, 2196 (2020) (emphasis added) (quoting *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 512 n.12 (2010)), and this Court should reject the Bureau's invitation to disturb that basic separation-of-powers principle by adopting its position that RD Legal is somehow required to show how this *specific case* would have come out had the President been able to remove then-Director Richard Cordray at will.

      In support of its proposed but-for test, the CFPB relies on (a) the Supreme Court's description of a party's argument (ECF No. 155 at 2 (quoting *Collins*, 141 S. Ct. at 1789 (majority op.)), and (b) Justice Kagan's statement in her partial concurrence that "plaintiffs alleging a removal violation are entitled to injunctive relief—a rewinding of agency action—only when the President's inability to fire an agency head affect the complained-of decision." (*Id.* (quoting *Collins*, 141 S. Ct. at 1801 (Kagan, J., concurring in part)).)  But neither of these statements was adopted by the *Collins* majority, which held that the requisite constitutional harm could be established in a case like this one by showing that President Trump desired to fire Director Cordray but was hindered from doing so by the for-cause removal provision.  *Collins*, 141 S. Ct. at 1789.

      RD Legal has done that:  this case was filed on February 7, 2017, under the watch of then-Director Cordray, when President Trump wanted to, but could not fire Cordray because of the for-cause removal provision.  (ECF No. 154 at 4-5.)  Where, as here, a party "raise[s] [a] constitutional challenge as a defense to an enforcement action," there is "no theory that would permit [a court] to declare the [agency's] structure unconstitutional without providing relief to [the regulated party]." *FEC v. NRA Political Victory Fund*, 6 F.3d 821, 828 (D.C. Cir. 1993).  Indeed, *Seila Law* even recognized that "dismiss[al]" is the "straightforward remedy" for the undisputed "constitutional defect" in the filing of the action.  *Seila Law*, 140 S. Ct. at 2208 (plurality op.); *id.* at 2220 (Thomas, J., concurring in part and dissenting in part).  That is why the CFPB has argued for years that even if there was a separation of powers violation—and *Seila Law* conclusively determined there was such a violation—ratification could insulate the CFPB against any actual consequences (and preclude any actual relief for RD Legal and others), even though its ratification efforts here were patently too late and inadequate.[1]

Sincerely,

Michael D. Roth<br>Partner

cc:    Counsel of Record

---

[1] To the extent the CFPB is *now* trying to resurrect the defective attempted ratification that occurred by a subordinate employee during acting-Director Mulvaney's tenure (ECF No. 155 at 2 n.2), that attempted ratification is not before this Court.  But even if it were, the CFPB has not and cannot show that it was a proper ratification of any agency action.  Should the Court be inclined to address any attempt by the CFPB to ratify this enforcement action other than Director Kraninger's (which was the only ratification this Court was directed to address in the Second Circuit's mandate), RD Legal respectfully requests that separate briefing be ordered directed at those issues.