```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, et al.,<br>                    Plaintiffs,<br>-against-<br>RD LEGAL FUNDING LLC, et al.,<br>                    Defendants. | 17 Civ. 890 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

   Before the Court is RD Legal's February 14, 2022 request to compel Plaintiff Consumer Financial Protection Bureau (CFPB) to produce certain documents it believes were improperly withheld or redacted on the basis of the work-product privilege.  (Dkt. no. 164.)  CFPB responded on February 18, 2022, arguing that the materials were properly withheld.  (Dkt. no. 166.)  On February 21, 2022, RD Legal submitted a reply in support of its application.  (Dkt. no. 167.)  On February 23, 2022, the Court ordered the CFPB to produce for in camera inspection the challenged documents.  On April 12, 2022, the CFPB submitted to the Court 38 emails for the Court's inspection.

   The work-product doctrine is embodied in Fed. R. Civ. P. 26(b)(3), which provides that a party may ordinarily not obtain disclosure of "documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative."

1

The purpose of the work product privilege is "to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." United States v. Adlman, 134 F.3d 1194, 1196 (2d Cir. 1999) (quoting Hickman v. Taylor, 329 U.S. 495, 510-11 (1947)).  As interpreted by the Court of Appeals, documents come within the "anticipation of litigation" requirement if they were prepared because of litigation. Id. at 1202.  "This same confidentiality applies to the work product of government."  See New York Times Co. v. United States Dep't of Just., 939 F.3d 479, 489 (2d Cir. 2019).  And the privilege is not vitiated merely because a communication involves a third party, so long as the third-party's interests are closely aligned such that the communication did not create a substantial risk of further dissemination.  See Schoenmann v. Fed. Deposit Ins. Corp., 7 F. Supp. 3d 1009, 1014 (N.D. Cal. 2014); William A. Gross Construction Associates, Inc. v. American Manufacturers Mutual Insurance Co., 262 F.R.D. 354, 361 (S.D.N.Y. 2009) ("[W]here work product is disclosed to a third party, the claim of work product protection may be maintained if the third party is aligned in interest with the author of the work product.").

    Following the Court's individualized review of these materials, the Court concludes that the CFPB properly withheld

2

or redacted the following documents on the basis of the work-product privilege.  The CFPB has met its burden of establishing that these communications, including communications with third parties, were prepared because of litigation:

| | | |
|---|---|---|
| CFPB-COURT0000002 | CFPB-COURT0000049 | CFPB-COURT0000098 |
| CFPB-COURT0000005 | CFPB-COURT0000050 | CFPB-COURT0000099 |
| CFPB-COURT0000006 | CFPB-COURT0000051 | CFPB-COURT0000100 |
| CFPB-COURT0000008 | CFPB-COURT0000052 | CFPB-COURT0000102 |
| CFPB-COURT0000010 | CFPB-COURT0000057 | CFPB-COURT0000105 |
| CFPB-COURT0000012 | CFPB-COURT0000080 | CFPB-COURT0000106 |
| CFPB-COURT0000042 | CFPB-COURT0000081 | CFPB-COURT0000111 |
| CFPB-COURT0000043 | CFPB-COURT0000085 | CFPB-COURT0000112 |
| CFPB-COURT0000044 | CFPB-COURT0000093 | CFPB-COURT0000117 |
| CFPB-COURT0000045 | CFPB-COURT0000095 | CFPB-COURT0000120 |
| CFPB-COURT0000046 | CFPB-COURT0000097 | |

However, the Court concludes that some of the communications do not fall within the protection of the work-product privilege because they merely involve scheduling and logistics.  See, e.g., Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc., No. 14 CV 00006, 2018 WL 739870, at *4 (N.D. Ind. Feb. 6, 2018) ("Another category of documents outside the scope of the work-product doctrine are communications dealing with merely administrative, logistical, or scheduling matters").  Hence, the following documents should be produced in whole or in part:

CFPB-COURT0000001
CFPB-COURT0000041 (unredact top; maintain redaction at bottom)
CFPB-COURT0000082
CFPB-COURT0000083

CFPB-COURT0000084
CFPB-COURT0000087 (unredact top; maintain redaction at bottom)

**SO ORDERED.**

Dated:    May 9, 2022
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge